☐ **ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON,
    Pro se, Plaintiff,
vs.
CORRECTIONAL MEDICAL SERVICES, et al
    Defendants.

Case No.: 06 - 379

**FILED**
JUN - 9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

MOTION FOR LEAVE TO DOCKET AND PROCESS PLAINTIFF'S COMPLAINT THAT NAMES A JANE DOE DEFENDANT (INTER ALIA) AND HAS PRESENTLY INCOMPLETE UNKNOWN ADDRESS INFORMATION FOR SOME SECONDARY DEFENDANTS

COMES NOW David Williamson, Plaintiff, pursuant to the appropriate court rule, local rule, and or case authority and does respectfully request leave from the Court to docket and process Plaintiff's complaint and serve a summons on the known employer defendant CMS, however, permit Williamson to Amend the Jane Doe Defendant and or complete any presently unknown address information for various CMS listed employee Defendants once Williamson obtains initial discovery information. Consequently, Plaintiff will then affect service of process on any remaining un-served Defendants. Plaintiff is pro se and seeks pleading leniency under Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff offers the following in support:

1. Williamson files the instant motion for leave to docket and process Plaintiff's complaint (with its Jane Doe defendant and incomplete address information for some of the employee defendants), and gives notice of the need to consequently amend the complaint when Plaintiff receives initial discovery (correct name for Jane Doe defendant and address information) simultaneously with the complaint for the Court's convenience.

2. Plaintiff's names Correctional Medical Services (CMS) as the primary defendant and current and past CMS employees as secondary defendants in a complaint that alleges, in pertinent

part, the deliberate indifference to His known serious medical needs in violation of His Eighth and Fourteenth Amendment rights.

3. CMS past and present Defendant employees did or do not wear name badges and often refuse or are reluctant to provide their names; however, Plaintiff will request, once service of process has been realized, initial Discovery (Interrogatories) of Defendant CMS for the purpose of determining (i) correct names, titles, and addresses of all the listed individual Defendants, and (ii) whether or not Michelle Robinson and Juanita Clark (thought to be past employees) are still employed by CMS or not and to provide their last known addresses to effect service and summons as appropriate.

4. The information requested from CMS at item #3 is thought to be in the possession of CMS alone and Plaintiff has no other access absent Court's and CMS's cooperation.

5. Therefore, Plaintiff wishes to file and serve His complaint upon CMS -and request initial discovery form CMS- so that Plaintiff may glean the necessary information needed to correct any deficiencies and complete service on other named defendants in a timely fashion. Plaintiff will provide the Court with the Amended complaint and remaining marshal forms as soon as CMS complies with the discovery request.

6. Absent leave from the Court to permit Williamson to file and process His complaint and serve CMS and obtain initial discovery information for the purpose of amending incomplete defendant information (i.e. complete service of process on all named defendants), Plaintiff will suffer acute prejudice. Specifically, he faces a statute of limitations bar if the compliant is not docketed directly, and Plaintiff may not be able identify and or bring His claims against all the defendants who violated Williamson's constitutional rights. Defendants should not be rewarded for hiding their identities and this request is in the interest of justice.

WHEREFORE, Williamson prays that this Court dockets Plaintiff's complaint and permit it to be amended once Plaintiff obtains the initial discovery information.

*David W* _____                                    6-7-06

David Williamson, 183022                                Date
W-1, L-12 1181 Paddock Rd.
Smyrna, DE 19977

-2-