David Williamson
SBI #183022, W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977
July _17_, 2006

Clerk of US District Court for the District of Delaware
Re: Williamson v. Correctional Medical Services, Inc., et al. CA 06-379-SLR

Dear Clerk of the Court:

Enclosed is a true and correct copy of Plaintiff's Settlement Demand letter and its attached "Settlement Agreement and Mutual Release" offer. Plaintiff wishes to record on the Court's docket his good faith effort to settle the matter and or open good faith settlement negotiations in lieu of protracted litigation. Plaintiff offered to settle with CMS on behalf of all other named defendants on or about 6/7/06 and gave CMS 30-days to accept and or make a good faith counter offer; however, CMS refused to engage Plaintiff in any meaningful settlement talks and the offer is subsequently withdrawn.

Plaintiff requests that his settlement offer package be processed and filed on the Court's docket and reflect CMS's rejection also be noted. Thank you for your time and consideration.

Respectfully,

David W.

David Williamson    7-17-06

FILED

JUL 18 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AFFIDAVIT OF MAILING

I, David Williamson, the Plaintiff in Williamson v. Correctional Medical Services, Inc. et al, CA

06-379-SLR do swear that I have caused to be delivered upon following parties:

US District Court for the District of Delaware
Lock box18
844 King St.
Wilmington, De 19801;

Correctional medical Services, Inc.
Delaware Regional Offices
1201 College Park Dr., Suite 101
Dover, DE 19904; and

Kevin J. Connors, Esq. of
Marshall, Dennehey, Warner, Coleman, & Goggin Law Offices
1220 Marker St., 5th Floor
Wilmington, DE 19801

A True and correct copy of Plaintiff's 6/7/06 Settlement Demand Letter and its attached

"Settlement Agreement and Mutual Release" and the July _17_, 2006 notice to the Court of

CMS's  rejection of same.



_David W_____                    _7.17.06_
David Williamson                         Date
SBI #183022
1181 Paddock Rd.
Smyrna, DE 19977

I/M David Williamson
SBI# 183022    UNIT W-1, L-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court for
the District of Delaware
Office of the Clerk
Lock Box 18, 844 King St.
Wilm., DE 19801





UNITED STATES POSTAGE
$ 00.87⁰
000460897S
02.1A
JUL 17 2006
MAILED FROM ZIPCODE 19977

David W. Williamson
SBI #00183022, W-1, L-12
1181 Paddock Rd.
Smyrna, DE 18977



Re: Proposed Settlement and Release in Lieu of Litigation

Marshall, Dennehey, Warner, Coleman, & Goggin Law Offices

Mr. Kevin J. Connors, Esq.:

Greetings, this correspondence are directed to Correctional Medical Services ("CMS"). It is a good faith offer to avoid the costs and risks associated with protracted litigation of which CMS enjoys no tenable defense. Mr. Williamson believes that a mutual settlement/release agreement ("Agreement") is in all the parties' best interest. Moreover, Mr. Williamson's primary concern is to realize the medical and dental treatment that he so desperately requires, and he wishes to avoid having to resort to the courts once again. Mr. Williamson offers the following in support:

i.    Enclosed is a civil complaint ("Action") that names CMS and who are believed to be seven current and two past employees as defendants in a federal civil rights action. It raises claims of deliberate indifference (facts establish perhaps four separate counts) and retaliation. Remedies include injunctive relief, declaratory judgment, compensatory and punitive damages. However, in the event the parties are unable to reach an agreement, Mr. Williamson will also seek court costs, reasonable attorney's fees, expert witness fees, and any additional fines or damages that may apply. (Please review attached Exhibit A).

ii.   Enclosed is a proposed settlement agreement and mutual release, which if agreed to will terminate the filing and commencement of the Action, and it will release all parties in full to any and all known or unknown claims or causes of action that either party has. (Please review attached Exhibit B).

iii.  Mr. Williamson is offering CMS an opportunity to settle fully and on all other named defendants behalf –current and past employees. Failure to resolve this dispute now will imprudently cause CMS named employee defendants (Employee[s]) to face liability and may create a conflict of interest relative to their representation and personal and individual interests. In turn, CMS Employees may be entitled to alternate representation at CMS expense. Moreover, any Employees who are ultimately found liable may have standing to recover from CMS for its failure to resolve this dispute on their behalf.

iv.  Consequently, in the event an agreement is not realized, Mr. Williamson has prepared alternate offers for and to all past and present Employees. In general, upon commencement of the Action, Mr. Williamson will offer a full release/settlement to all defendants, other than CMS, in exchange for their cooperation in providing truthful testimony that supports the elements of Mr. Williamson's claims of CMS's personal involvement by and through a custom/policy that intentionally denies needed treatment. Alternate attorneys are inevitable and failure to disclose Mr. Williamson's good faith offers to CMS Employee defendants will result in a conflict of interest between CMS and said employee defendants.

v.   In addition, Mr. Williamson is prepared and capable to press for punitive damages under several theories. For example, CMS's malfeasance is evinced by its deliberate and malicious employment of a "Cost-avoidance" policy/custom that mandates substantial damage awards to offset and deter CMS's incentive to employ this gruesome policy based on non-medical factors. Indeed, needed to save the suffering. Mr. Williamson will secure full and comprehensive discovery, relative to the damages stage for this purpose, including but not limited to a Bill of Particulars. In short, Mr. Williamson will establish that CMS employs an unconstitutional, morally and ethically repugnant custom/policy of cost-avoidance (i.e. deliberate and malicious denial of needed treatment) rather than provide the needed and contracted medical care to its suffering charges. That CMS's unearned and unreasonable profits both illegally misallocates and captures tax-payers money, money that was allotted to care for the ill and not line the pockets of the health carte elite. Moreover, it compounds the tax payers burden, because those that should have received medical treatment by CMS ultimately reenter the community worse off and stress and already overburdened system. Consequently, it will be established that relative to CMS's exorbitant blood money profits, the threat of litigation and or pittance damage awards is analogous to a slap on the wrist, because it merely equates to little more than an accounting rounding error (i.e. more cost effective to pay the occasional individual fine than to provide the needed medical treatment to a multitude of ill charges).

vi.  Lastly, Mr. Williamson is motivated and has relative experience with litigating these vary claims, because it is not the first time he has been subject to this shocking behavior. In fact, Mr. Williamson successfully litigated a federal suit against the State and Prison Health Services due to their deliberate indifference that also caused him permanent injuries. Williamson pursued the action pro se for over two-and-a-half years after which the Court appointed attorneys; essentially to negotiate a settlement due to PHS's untenable position. The settlement was eventually reached out of court for a dismissal one month shy of the four year mark; however, the terms are kept in strict confidence. Four years of protracted litigation could have been avoided if PHS had availed itself early on instead of wasting valuable judicial resources to defend the indefensible.

vii.    Mr. Williamson wishes to avoid another unnecessary court battle and in consideration of an agreement offers the following terms listed in the "Settlement and Mutual Release" for your client's consideration. Mr. Williamson remains reasonable despite having to needlessly suffer at the hands of CMS and its Employees. The depths of Mr. Williamson's judiciousness are not limitless and he encourages CMS to accept his reasonable offer.

In closing, Mr. Williamson looks forward to CMS's acceptance or good faith counter proposal within thirty days of receipt of this proposal. In the sad event that no agreement is realized, however, he will consider it Rejected by CMS and will proceed to file the Action and alternatively propose settlement offers to the other named defendants in accordance with item (IV) above. Mr. Williamson believes an amicable resolution is attainable and awaits CMS's reply.

Respectfully,

_David W_____        _6-7-06_____

David W. Williamson                     Date

3

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (Agreement), entered into and effective this _____ day of _____ 2006, by, between, and among David W. Williamson (Williamson)[1] and Correctional Medical Services, Inc., (CMS) in its official and individual capacities.

WHEREAS, on or about _____, 2006, Williamson presented a "Proposed Settlement and Release in Lieu of Litigation" letter/offer to CMS that included as exhibits (a) Williamson's Federal Civil Action (Action) and (b) the instant "Agreement."

WHEREAS, the Action comprises all of Williamson's claims and causes of action between Williamson, CMS, and all other named past and current CMS Employee Defendants (Defendants).

WHEREAS, the Parties have negotiated in good faith and are desirous of resolving the Action under the terms and conditions set forth herein, without any admissions of liability.

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein the Parties agree as follows:

1. <u>Compensatory Damages</u>. CMS agrees to draft a certified check in the amount of ten thousand dollars made payable to David W. Williamson and Dorothy Williamson (for counter signature – who has power of attorney); CMS agrees to cause the draft to be hand delivered to Williamson for his endorsement, then CMS agrees to cause the semi-endorsed draft to be hand delivered/certified mailed to Dorothy Williamson for counter signature and final control of said draft and acknowledge receipt (Receipt) of same for the purpose of verification for and by CMS and Williamson. Therefore, within seven days and upon Williamson receiving verification of the signed Receipt, Williamson will sign and date the Agreement. The Agreement will then take full effect (Williamson will voluntarily dismiss the Action with prejudice and all other conditions will equally apply). Other conditions:

2. <u>Medical and Dental Care</u>. Williamson will receive from CMS, its agents and assigns the following timely and competent treatment:

   Dental

   a) Examination, treatment, and recommendation for dental treatment by a Periodontal Specialist (Periodontist) within forty-five days of Agreement's effective date;

   b) Implementation of treatment in accord with Periodontist's recommendations in a timely and good faith effort; however, not to exceed six months from date of Agreement.

   c) Repair damaged tooth with a Crown within forty-five days of Agreement's effective date;

   d) Assessment of irreparable teeth, within forty-five days of Agreement's effective date; their extraction and replacement (see below (e);

---

[1] Williamson, CMS, and Defendants may at times be referred to collectively as "Parties."

FILED
JUL 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

OCcu379SLR

1

   e) Replacement of the Williamson's prior four extracted teeth and any that may be extracted in accord with (d) above –either with implants or dentures- within a reasonable time period not to exceed that which is expected for such procedures;

   f) Williamson's Periodontal disease is to be deemed  a Chronic-care condition because it will never heal but can only be managed, and as such is to receive regularly scheduled semiannual teeth/gum cleanings beginning within forty-five days of Agreement's effective date and continuing perpetually;

Knee.

   g) Williamson will receive an "out-side" medical examination, which will include a MRI on his right knee and any other recommended diagnostic tests by the attending physician within forty-five days of Agreement's effective date, and CMS will provided any recommended treatment on said knee up to and including surgery (with the aim at making Williamson whole again) -within a reasonable time period not to exceed that which is expected for such procedures and not to exceed six months from date of recommendation;

Chronic-care Thyroid Medication & Multivitamins.

   h) Williamson will receive all 120 doses (i.e. self administered four chronic care med cards) of each chronic-care med at the beginning of the med cycle. This is to begin within forty-five days of Agreement's effective date and continue perpetually;

   i) Williamson will be scheduled in for the requisite Chronic-care Clinics (Clinic) within 90 days of the date of receiving chronic-care meds (at (h) above); and in the event that 100-days elapse without conducting the Clinic, then CMS, agents, and or appropriate personnel will perform an Emergency Renewal of said meds and or provide substitute Stock Supplies prior to any interruption in the medication regiment. The Emergency Renewal may be realized either automatically by medical staff or upon notice by Williamson.

   j) In the event of and upon notice of an actual medication interruption by Williamson, CMS, its agents, assigns, or personnel will promptly provide alternate Stock Supplies of same or equivalent chronic-care meds to cover the duration of lapsed meds.

   3. Notice or Grievance of Breach. In the event the terms, conditions, or covenants listed above are breached by the Parties, Notice of and demand for correction of any breach shall be effected by formal "Letter of Breach" (titled same) to the designated on-site CMS administrator and a copy will be delivered to the CMS Dover, Delaware offices; however, shall not be the subject of any Inmate Grievance Procedure (IGP), but said formal Breach Letter will constitute any and all necessary notice, and by stipulation of all Parties, shall represent an exhaustion of any and all required administrative remedies. A breaching party will have ten days to respond in writing of its intended corrective measures and or fifteen days to realize a correction prior to any petition to the courts for breach.

The only exception to a Party's allotted time to correct upon receipt of a Breach Letter is in the event of a chronic-care medication interruption for which must be corrected within 48 hours of receipt of Breach Letter.

4. <u>Gross Misconduct</u>. For the purpose of the Agreement, Gross Misconduct will be deemed as admitted by CMS, its agents, assigns, and or its employees in the following circumstance: a) CMS breaches any specific term, condition, or covenant of this Agreement, and b) Receives in accordance with paragraph (3), above, a Letter of Breach from Williamson that outlines the breach and c) CMS, its agents, assigns, and or employees fail to render specific performance and or correct the breach in accord with the aforementioned terms of the instant Agreement. CMS agrees to voluntarily be assessed a fine of $50.00 dollars per twenty-four hour period of any period of Gross Misconduct, which is payable to Williamson within ninety days of notice of Gross Misconduct.

5. <u>Mutual Release</u>. The Parties agree that this Agreement settles in full any claims, or causes of action, or disputes that either Party has against the other relating to the Action. Each Party on behalf of himself, herself, and itself, and his, her, or its commissioner, employees, administrators, predecessor and successor department or agency, attorneys, agents, and assigns, as the case may be, hereby fully and forever releases, acquits, and discharges the other Party, his, her, or its commissioner, employees, administrators, predecessors and successor department or agency, attorneys, agents, and assigns, as the case may be, of and from any claim, or cause of action relating to matters of any kind, whether presently known or unknown, suspected or unsuspected, that the Releasing Party may have resulting from, or connected in any way with the matters and things set forth and alleged, or which might have been set forth and alleged by either Party in the Action; except that to the extent that this Mutual Release could be read to preclude Williamson from pursuing future claims unrelated to the Action, this Mutual Release shall not include or preclude future unrelated claims to the instant Action.

6. <u>Representations by Parties</u>. Each Party represents and warrants that it has read each and every provision of this Agreement and has consulted with attorneys about its terms and obligations. Williamson understands that in exchange for the Parties fulfilling the items, terms, conditions, covenants, and performance of this Agreement, he is forever dismissing any claim or cause of action that he may have against CMS or others relating to the Action, and nonetheless believes that this is a fair exchange for the dismissal of his claims.

7. <u>Severability.</u> In the event that any provision herein becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Agreement shall continue in full force and effect without said provision.

8. <u>Entire Understanding</u>. This Agreement represents the entire agreement and understanding between the Parties and supersedes and replaces any and all prior agreements and understandings relating to these matters.

9. <u>Amendments.</u> This Agreement may only be amended by a written agreement signed by the Parties.

10. <u>Governing Law and Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware.

11. Counterparts. This Agreement may be executed in counterparts, whereby each Party may execute a duplicate original thereof, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly effective and delivered as of the date and year first above written by their signatures or signatures of their duly authorized representatives.

David Williamson
(SBI # 183022)                                                      CMS Agents/Attorneys