David Williamson
SBI #183022, W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

Clerk of the Court

Re: Williamson v. CMS, et al (CA No. 06-379-SLR)

Dear Sir:

Enclosed are true and correct copies of Plaintiff's "Final Grievance Appeal to the Bureau Chief" (with exhibits and attachments) and an Affidavit of Mailing that attests the relevant parties have also been provided true and correct copies.

Plaintiff requests that this package be processed and docketed with the Court in that it demonstrates that Plaintiff has complied in good faith — exhausted all available administrative remedies of which regard the above civil action.

If you have any questions or concerns please contact me at your convenience.

Respectfully,

David W

David Williamson, Plaintiff

10·23·06

OCT 2 7 2006

BD scanned

## FINAL GRIEVANCE APPEAL TO THE BUREAU CHIEF

Grievant: David Williamson,

Housing Unit: W.1 L.12 ,

Case No. 64863 "Reprisal",

SBI# 183022

Institution: D.C.C.

Date of Receipt of Adverse Action 10·20·06 (Friday)

Authority: The IGP 4.4 provides a grievant, which experiences any "adverse action" (i.e. acts of reprisal), regarding his grievance activity, the opportunity to file a "Direct Appeal" (DA) to the Warden/Warden's Designee (W/WD) who in turn shall provide a written reply within ten calendar days of receipt of the DA . Also, the IGP specifically states that no-one named in any "reprisal" grievance shall take part in "any" aspect of the grievance decision, and finally, it authorizes a final appeal to the Bureau Chief. This is the final appeal to the Bureau Chief due to the W/WD's unsatisfactory resolution of the reprisal grievance (i.e. DA). This form was created in lieu of an Appeal Form due to the fact that Grievant was denied the grievance process, denied any of the requisite grievance hearings, and denied any Appeal Forms as a result, however, grievant makes every effort to comply with the GP.

Facts: Grievant filed "Reprisal Grievance" #64863 (RG) against IGC McCreanor, et al (DOC Staff, hereafter) due to a "continuous and pervasive" obstruction/denial (O/D) of Grievant's access to the Administrative Grievance Process, et cetera (AGP) (See A-1 with attachments).

Grievant sought corrective action for several improperly rejected medical grievances (MG): Specifically listed were five MG(s): (i) MG #21201 ; (ii) MG # _____ (date 11-29-05) for an acute knee injury that resulted in a completely "ruptured" anterior cruciate ligament (ACL) - rejected without assigning a case #; (iii) MG # _____ (date 11-29-05) for the permanent lose of two teeth - also rejected without assigning a case #; (iv) MG # 23193; and (v) MG # 43863. All were unilaterally, summarily, and improperly rejected by McCreanor in violation of IGP 4.4 and in clear violation of Grievant's protected constitutional rights.

(Cont. at p.2)

(1)

OCT 27 2006

Facts: (Cont. from p. 1)

Moreover, the medical treatment/corrective action sought in each of the underlying MG(s) has never been provided. Grievant continues to suffer needlessly; continues to experience increased injury and tangible future injury; and continues to experience repeated and subsequents incidents of denial of treatment by CMS and denial of access to the AGP by DOC Staff.

Subsequently, Grievant made a good faith agreement to resolve this "RG" with the Warden/Warden's Designee, Dep. Warden Pierce (W/WD). Specifically, the W/WD agreed to reopen MG(s): 23193 and 43863, and agreed to accept the "aditional" MG(s) that were listed, but not assigned any case number and or also improperly rejected for review and a "decision" to re-open them. The W/DW agreed that as long as the additional MG(s) had requested something more than only "monetary damages" (e.g. treatment, etc.), then they would be re-opened and processed. (See B-1)

This agreement to resolve the "RG" was contingent on the W/WD's assurance — by his subsequent "decision" — to correct these specifically listed and any additional improperly rejected grievances. Unfortunately, the W/WD's final decision has breached and voided Grievant's good faith offer to resolve the "RG" — breached the agreement — by subsequently refusing to correct the improperly rejected MG(s).

This subsequent breach — which was disclosed to Grievant on 10-20-06 — continues to deny and obstruct Grievant from meaningful access to the AGP, and it continues to deny and obstruct Grievant from receiving the underlying medical treatment he sought and desperately needs; however, without any legitimate penalogical or medical reasons. For example, the two MG(s) specifically listed in the "RG" dated 11-29-05 (ruptured ACL that requires reconstructive surgery, a DON JON brace, and physical therapy; and the permanent lose of two teeth ...) have been and continue to be obstructed

-2-

Facts: (Cont. from p. 2)

for nearly one year! The IGP sets a maximum time limit for final resolution by the Bureau Chief of a grievance at 180-days, and though Grievant had previously complied with IGP 4.4 by first filing a direct appeal to the W/WD and then filing a final appeal to the Bureau Chief; and also filed this RG regarding the continuous O/O of the AGP, Grievant has not even been provided a hearing, a case number, or and final decision for the past eleven months. The O.O.C.s has defaulted and waived its ability to raise procedural default on the part of Grievant, because it is the O.O.C.s that refuses to comply with IGP 4.4 and it is the O.O.C. that impedes Grievant.

Consequently, Grievant specifically provided the "additional" MG(s) in his "9-12-06 "Reprisal Agreement" package, but the W/WD refused to re-open all but MG # 21201. This is despite the fact that all had requested something more than monetary damages, despite the fact that all had been properly filed; and despite the fact that nearly a year has passed and CMS still refuses to provide the needed treatment. (See C.1) Consequently, the denial of treatment and the denial of access to the AGP continues. Moreover, subsequent improper denial has occurred with # 64823. It too was filed as an additional grievance. It too was denied by the W/WD.

Action Requested: (i) Process RG # 64863 with an "Outside Review" because the subsequent W/WD's decision breaches the agreement and does act to continue the obstruction/denial of Grievant's access to the AGP; (ii) provide all relief requested in RG #64863; and (iii) provide final appeal decisions for all six listed grievances that were improperly rejected.

Name N.                                    10-22-06
                                              Date

c.c. O.C.C. W/WD, O.P. Pierce          (3)    A.C.L.U. C/O J. Graff, Esq.
     O.C.C. IGC                                U.S. District Court (RE:
     Commissioner S. Taylor                    C.A. 06-379-SLR)

## AFFIDAVIT OF MAILING

I David Williamson, pro se plaintiff, do swear that I have caused the following documents to be
placed in a U.S. Mail Receptacle on ___24th___ day of _October_ ___ 2006 :

1. _Plaintiff's "Final Grievance Appeal to the Bureau Chief"_
_for Reprisal Grievance 64863 and its exhibits and attachments._

2. _N/A_

3. _N/A_

4. _N/A_

These originals/true copies were addressed to the following parties:

1. _Delaware Correctional Center (DCC)_    2. _D.C.C. Inmate Grievance_
_Warden / Warden's Designee_       _Chairperson, Mac Mercer_
_Deputy Warden Pierce via_        _via "In House Mail"_
_"In House Mail"_

3. _Commissioner Stan Taylor_    4. _Bureau Chief Paul Howard_
_D.O.C. 245 McKee Rd_          _O.O.C. 245 McKee Rd_
_Dover, DE 19901_              _Dover DE 19901_

The above is signed under penalty of perjury.

_David W._

David Williamson



# EXHIBIT A

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: D.C.C.                              DATE:   6-8-06

GRIEVANT'S NAME: David Rush             SBI#:   173418

CASE#:   46403                          TIME OF INCIDENT: On-going ẻ Continuous

HOUSING UNIT: W-1, D-16

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES. The IGC, McCreaner, is intentionally obstructing
ẻ denying Rush meaningful access to the grievance process and access to
the courts by unilaterally ẻ improperly rejecting Rush's grievances, however
in violation of IGP and absent authority of the IGP. Specifically, Rush
filed a grievance against CMS for its Acts of retribution ẻ denial of the
grievance process (# 43843) that referenced a MG # 21535 for Rush's serious
med. needs. The IGC improperly rejected #43843 (an adverse action) and
erroneously stated that MG 21535 had been rejected. However, IGC,
Mrs. Morder, forwarded MG # 21535 to CMS and Rush has never received
any hearings or rejections since his filing on 12-23-06 - Nearly the
188 days. See A-1 Grievance # 43843 ẻ B-1 MG # 21535 Report.

ACTION REQUESTED BY GRIEVANT: Rush has already filed an "Appeal" directly to
the Warden ... and a Final Appeal to the Bureau Chief regarding MG # 21535,
however, the IGC continues to improperly deny Rush the grievance
process. This violation requires correction: namely properly process
Rush's 43843 Retribution grievance against CMS - the contract health
care provider and any other action required to check the IGC's adverse acts.

GRIEVANT'S SIGNATURE: David Rush          DATE: 6-8-06

WAS AN INFORMAL RESOLUTION ACCEPTED?          _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____          DATE:_____

IF UNRESOLVED, YOU ARE  ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

**April '97 REV**

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** RUSH, DAVID R | **SBI#** : 00173418 | **Institution** : DCC | |
| **Grievance #** : 46403 | **Grievance Date** : 06/08/2006 | **Category** : Individual | |
| **Status** : Resolved | **Resolution Status :** Level 1 | **Resol. Date** : 07/13/2006 | |
| **Grievance Type:** Grievance Process | **Incident Date** : 06/08/2006 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier D, Cell 16, Single | | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims: The IGC, McCreanor, is intentionally obstructing and denying Rush meaningful access to the grievance process and access to the courts by unilaterally and improperly rejecting Rush's grievances however, in violation of IGP and absent authority of the IGP. Specifically , Rush filed a grievance against CMS for it's acts of retribution and denial of the grievance process (#43843) that referenced a MG #21535 for Rush's serious med. needs. the I GC improperly rejected #43843 (an adverse action) and erroneously stated the MG 21535 had been rejected. However, IGC, Mrs. Mercer, forwarded MG #21535 to CMS and rush has never received any hearings or rejections since his filing on 12-23-06 - nearly the 180 days. See A-1 grievance #43843 & B-1 MG # 21535 report.

**Remedy Requested** : Rush has already filed an appeal directly to the Warden... and a final appeal to the Bureau Chief regarding MG #21535, however, the IGC continues to improperly deny Rush the grievance process! This violation requires correction: namely properly process Rush's 43843 retribution grievance against CMS - the contract health care provider and any other action required to check the IGC's adverse acts.

## INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Pierce, David E Jr. |
| **Grievance Amount :** | |

DCC **Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

**Date:** 07/13/2006

# INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** RUSH, DAVID R | **SBI#** : 00173418 | **Institution** : DCC |
| **Grievance #** : 46403 | **Grievance Date** : 06/08/2006 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status:** Level 1 | **Inmate Status :** |
| **Grievance Type:** Grievance Process | **Incident Date** : 06/08/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier D, Cell 16, Single | |

| INFORMAL RESOLUTION | |
|---|---|
| **Investigator Name** : Pierce, David E Jr. | **Date of Report** 06/19/2006 |

**Investigation Report :** This grievance reviewed and determined to have merit. Grievance #21535 was found to be improperly rejected and by way of this response I am directing the IGC to accept grievance #21535 and process it accordingly as a medical grievance.

**Reason for Referring:**

| | |
|---|---|
| **Investigator Name** : Burman, Barry M | **Date of Report** 06/26/2006 |

**Investigation Report :** Inmate signed resolution, grievance forwared to IGC

**Reason for Referring:** Please meet with this inmate and see if he is satisfied with the resolution offered. If so, return signed copy to the IGC, and if not, return the grievance to the IGC for a step 2 hearing. Thank you – DW Pierce

| | |
|---|---|
| **Investigator Name** : McCreanor, Michael | **Date of Report** 07/01/2006 |

**Investigation Report :**

**Reason for Referring:**

**Offender's Signature:**_____

**Date** :_____

**Witness (Officer)** :_____

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE INFORMATION - IGC

### OFFENDER GRIEVANCE INFORMATION

**Offender Name : RUSH, DAVID R**         SBI#            : 00173418        **Institution**    : DCC

**Grievance #**    : 46403            **Grievance Date**  : 06/08/2006       **Category**    : Individual

**Status**      : Resolved          **Resolution Status** : Level 1        **Inmate Status :**

**Grievance Type:** Grievance Process    **Incident Date**   : 06/08/2006     **Incident Time :**

**IGC**       : Merson, Lise M      Housing Location : Bldg W1, Tier D, Cell 16, Single

### IGC

**Medical Provider:**            **Date Assigned**

**Comments:**

[ ] **Forward to MGC**           [ ] **Warden Notified**

[ ] **Forward to RGC**           **Date Forwarded to RGC/MGC** : 07/13/2006

[x] **Offender Signature Captured**     **Date Offender Signed**    : 07/13/2006

# Exhibit A-1

**FORM #584**

**GRIEVANCE FORM**

FACILITY: Delaware Correctional Center DATE: 7/31/06

GRIEVANT'S NAME: David Williamson    SBI#: 00183022

CASE#:    64863    TIME OF INCIDENT: Continuous/ongoing

HOUSING UNIT: W-1, L-12

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

This is a "Reprisal" grievance (RG) filed against IGC McCreanor, Warden T. Carroll, D. Warden Pierce, Bureau Chief P. Howard, and Commissioner Taylor. (collectively DOC Staff/Officials) The IGP 4.4 (IGP) (at Procedure: A-4) mandates: (i). "No staff or inmate named in a grievance shall participate in any capacity in the resolution decision. Grievances filed against the IGC or appeal-ing authority shall be referred to the next higher authority." There is no higher authority not already named and because it also raises questions of law, it is appropriate to submit this matter for "Outside Review." Thank you.

(Please see below for the specific claims & supporting facts of the Reprisal.)

ACTION REQUESTED BY GRIEVANT:
(Please see final page (No. 8) for the "Action Req. by Grievant due to space restrictions.)

GRIEVANT'S SIGNATURE: David W___    DATE: 7/31/06

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

(Continued from first page of Grievance)

CLAIMS: DOC Staff/Officials have committed adverse acts of Reprisal against Grievant by and through their employment and or by intentionally failing to correct a continuous & pervasive custom/policy to improperly obstruct/deny (O/D) Grievant's meaningful access to the Administrative Grievance Process (AGP). DOC Staff/Officials intentionally employ and or knowingly fail to correct Adverse Reactions (i.e. Reprisal). It is obvious that these Adverse Acts violate Grievant's constitutional and statutorily protected rights: For example,

(1) Deliberate denial of meaningful access to the AGP, which clearly results in;

(2) Deliberate indifference to Grievant's known serious medical needs, namely because it needlessly denies and or creates an inordinate delay in Grievant receiving the necessary medical treatment sought in the underlying Medical Grievance (MG). However, for unjustifiable "non-medical" reasons;

(3) Adverse acts constitute a prohibited "Reprisal";

(4) A bad faith denial and or inordinate delay of Grievant's access to the courts; and

(5) Deliberate denial of Equal Protection under the law etc.

There is no dispute that these claims constitute constitutional violations. DOC Staff/Officials have been notified and are aware of this continuous & pervasive problem via multiple grievances, Notification/Letters, Direct Appeals to the Warden/Warden's Designee (W/WD), and Final Appeals. Grievant filed these multiple violation notices over an eight-month period and alternate inmate grievants have filed similar claims. DOC Staff/Officials, however, refuse to take the needed corrective action and refuse to comply with the IGP 4.4. They continue to knowingly violate the IGP and Grievant's rights. In fact, these ongoing adverse acts of reprisal (e.g. O/D of the AGP) lack legitimate justification, authority, and or penological objective.

Consequently, the continuous & pervasive O/D of the AGP spans a period from November 2005 thru August 2006 (circa). It involves multiple Medical grievances (MG) and Reprisal Grievances (RG). All the MG(s) and RG (s) were improperly and unilaterally rejected by IGC McCreanor in contravention of IGP 4.4 (IGP). Therefore, it lacks legitimate justification, authority, or penological objective. Also, Grievant filed RG(s) against McCreanor for his adverse acts that improperly O/D Grievant's underlying MG(s) by filing them "directly" with the W/WD in compliance with IGP. There were also summarily rejected in contravention of IGP and this improper Adverse Reaction lacks legitimate justification, authority, or penological objective. All MG(s) and RG(s) were timely Appealed to the Bureau Chief, Paul Howard and two of three Appeal packages have exceeded the 180 calendar day limitation set by the IGP for Final Appeal resolution/decision. The Bureau Chief's refuses to render a final appeal decision (i.e. correct the improper O/D of AGP) within the mandated specified time-frame and this to serves no legitimate penological objective and does exacerbate the O/D of the AGP. This is particularly evident when we consider that the following:

1

(a) McCreanor's unilateral and summary rejection that was based on a request for "Damages" among medical treatment has been settled by Deputy Warden Pierce. His finding validates Grievant's claims of improper rejection; and

(b) The underlying MG(s) and RG(s) were clearly obstructed/denied in contravention of the IGP, and of the statutory and constitutional protections.

Moreover, Grievant has served notice of these facts upon the Bureau Chief, most recent July 24, 06; however, the Bureau Chief continues to refuse to render any final appeal decision. This is despite the 180-day limitation period set by the IGC. This failure defaults the IGP and denies Grievant meaningful access to the AGP. Grievant filed notice of the matter on Commissioner Taylor, and despite the obvious need to take corrective action, he has refused to do so. Again this exacerbates the O/D of the AGP. Grievant offers the following facts in support of his claims:

SUPPORTING FACTS: First, (a) McCreanor's unilateral and summary rejection that was based on a request for "Damages" among medical treatment has been settled by Deputy Warden Pierce. His finding validates Grievant's claims of improper rejection: Currently, Grievant has three pending Grievance Appeals (GA) that claim IGC McCreanor improperly obstructed/denied several of Grievant's medical and retribution grievances both unilaterally & summarily. McCreanor committed this act ostensibly because Grievant requested "Damages" among the requested medical treatment. This is an improper and erroneous rejection because the IGP contains no such prohibition and Deputy Warden Pierce made a finding validating this fact in an identical situation regarding another grievant's erroneously rejected MG(s) and RG(s). As such, Grievant's claims are equally validated and must be resolved in his favor (i.e. correct the O/D or unreasonable delay).

For instance, on 7/01/06 the W/WD made a finding in favor of grievant (Rush) who had claimed "Retribution" by McCreanor for his repeated obstruction of Rush's MGs because Rush had –among other things- requested "Damages." (See A-1 thru A-4 RG #46403 and B-1 thru B-2 Affidavit). Rush had requested "Damages" for CMS's acts of "Reprisal" and "deliberate indifference to his serious medical needs" etc. in an underlying grievance (MG #43483) (See C-1); and McCreanor improperly and unilaterally rejected it without forwarding it to the contract health care provider (CMS). There is no such prohibition in the IGP and McCreanor's adverse act was without authority and in violation of IGP 4.4. Consequently, Rush filed the RG #46403 against McCreanor for these adverse acts. Consequently, W/WD Pierce found Rush's claim (identical to Williamson's) to have "merit" (i.e. That McCreanor improperly rejected/obstructed Rush's grievances because Rush had requested Damages) (See A-3 & B-1 at items 9-12). In addition to Mr. Pierce's finding in favor of Rush, an alternate IGC, Mrs. Mersor and CMS both have processed and considered alternate grievances of which Rush filed requesting some form of "Damages." (See MG # 44468 at D-1 & D-2 and MG #50583 at E-1, 7-13-06 Affidavit). Therefore, in Rush's case, three separate entities validated grievant's requests for damages: the W/WD in RG # 46403; CMS in MG # 50583; and the IGC, Mrs. Mersor by appropriately processing MG #44468 & 50583, and

2

RG #46403. Thus, the W/WD's finding does validate and resolve Williamson's pending Grievance Appeals based on identical claims.

For example, Williamson has had several medical and reprisal grievances against both CMS and McCreanor improperly rejected for identical reasons: Mg #21201, #23193, and #43863, and Williamson filed a RG against McCreanor (12-19-05). McCreanor evidently rejected the RG himself, in violation of IGP; however, without assigning a Case No. Neither did McCreanor sign the unilateral rejection. McCreanor attempts to conceal his malfeasance, however, we know that the only other alternate IGC, Mrs. Mersor, processed all of Rush's grievances that requested damages and specifically the "reprisal" grievance against McCreanor. Therefore, it was not Mrs. Mersor who unilaterally rejected, without signing, Williamson's RG against McCreanor. In addition, Williamson had several other medical grievances obstructed by McCreanor, also without ever having a Case No. assigned, allegedly because Williamson had not filled out the "Action Requested" portion. This is a fabrication. The portion was clearly completed and even stamped "Received" by McCreanor beside the completed section! Also, these two MG(s) were filled-out exactly like MG 21201 and McCreanor had no difficulty locating the "Damages" request of 21201 that was located in the same section. McCreanor's claim is incredible and a disingenuous pretext to mask his continuing reprisal against Williamson. Moreover, these were Emergency Medical Grievances (EMG) (e.g. two dated 11-29-05; one for acute knee injury and it predicted a likely future injury; the other was for the permanent loss of two teeth and likely future injury). Some seven months has passed, however, Williamson has been denied care, in large part, through McCreanor's repeat improper obstructions. In fact, Williamson did indeed experience the predicted knee injury just after his EMG was improperly rejected, and now must have his ACL replaced because it is completely severed! There is no legitimate medical or penological objective in McCreanor inserting himself and creating an obstruction/denial of medical care. Nor is there any legitimate reason for these timely appealed EMGs to still be pending over 180 days particularly when it is clear that they were completed correctly despite McCreanor's suspect claim. In fact, all the above mentioned grievances and improper rejections were timely Appealed to the Bureau Chief and are still pending:

(a) GA, (dated 1-13-06) Case No._____. Regarded MG# 20201 & both of the 11-29-05 EMGs (See Package F);

(b) GA, (dated 1-12-06) Case No. _____. Regarded 23193 (See Package H);

(c) GA, (dated 6-8-06) Case No._____. Regarded 43863 & the 12-19-05 RG against McCreanor that was rejected without assigning a Case No. (See Package I).

Two packages (e.g. 1/12/06 & 1/13/06) have exceeded the 180 days limitation mandated by the IGP 4.4 and this is a clear denial of the IGP. All require resolution in Williamson's favor due to the fact that no prohibition exists in the IGP against requesting "Damages" and due to the recent finding by the W/WD regarding this matter. The only exception would be the two 11-29-05 EMGs, however, they too require resolution in favor of Williamson because he had clearly completed the "Action Requested" section.

3

In addition, even if the W/WD had not made this finding, it would still be improper to reject grievances solely upon the relief requested because (a) the US Supreme Court mandated that any grievant must make all requests on his grievance "Regardless of whether the Grievance Procedure permitted it." (See <u>Booth v. Churner</u>, 532 U.S. 731 (2001). Nevertheless, it is obvious that Grievant's underlying MG(s) & RG(s) were erroneously O/D and Grievant offers the following in support of (b):

    <u>Second,</u> (b) The underlying MG(s) and RG(s) were clearly obstructed/denied in contravention of the IGP, and of the statutory and constitutional protections. For example, the following grievances (listed below) <u>were all medical grievances filed against the Contract Health Care Provider (CHCP) Correctional Medical Services (CMS).</u> CMS is the only appropriate and responsible party who can affect a remedy. Grievant requested various types of medical treatment, medical related action or policy change, and damages as relief. All were unilaterally and summarily rejected by IGC McCreanor:

    (a) Without ever forwarding the MG(s) or medical related RG(s) to the CHCP CMS;
    (b) Without ever providing Grievant any of the requisite grievance hearings (RGH);
    (c) Without ever providing Grievant any requisite Appeal Forms;
    (d) And without ever allowing CMS to consider any of the alternate requests for medical
        treatment. (Grievant nevertheless C.C. copies of most if not all grievances to CMS).

Specifically, grievances:

(1)      <u>21201</u> Claimed Deliberate Indifference to Grievant's known serious medical needs via the malicious and intentional denial of Chronic-care Clinics (Clinics), and in its Addendum (dated 11/30/05) subsequently raised related claims of Retribution);

(2)      <u>MG (dated 11/29/05)</u> Claimed Deliberate Indifference to Grievant's known serious medical needs regarding an acute knee injury and unnecessary suffering with a substantial likelihood of future injury);

(3)      <u>MG (dated 11/29/05)</u> Claimed Deliberate Indifference to Grievant's known serious medical needs regarding the permanent lose of two teeth & claimed a continuing custom/policy that will likely result in future unnecessary suffering and injury);

(4)      <u>23193</u> <u>Emergency Medical Grievance</u> (EMG) Claimed Deliberate Indifference to Grievant's known serious medical needs regarding the refusal by CMS to treat Grievant's tooth that had sheared in half, and that CMS knowingly and admittedly provided a substandard treatment);

(5)      <u>RG 43863</u> Claimed that the CHCP, Correctional Medical Services (CMS), did intentionally commit acts of Reprisal against Grievant for his grievance activities by denying Grievant his properly requested medical information. That by doing so did deny Grievant meaningful access to the courts.

All were unilaterally and summarily rejected by McCreanor. He unilaterally rejected them and stated: (paraphrase) "IGC is not a court and cannot award damages." We know this is a false assertion. There is

4

The IGP defines "Reprisal" as

(vi) IGP (at H. Reprisal): "Any action or threat of action against inmates or staff based solely on their participation or use of the Inmate Grievance Procedure."

And it specifically directs a grievant who experiences reprisal (i.e. adverse reaction) to grieve/appeal directly to the W/WD:

(vii) IGP (at V. Procedure: A-3): "The IGP prohibits reprisals against …inmates… If either participant experiences adverse reactions, they may appeal directly to the Warden/Warden's Designee. [Who] shall offer a written response within ten calendar days upon receipt of the appeal. This decision is appealable to the Chief, Bureau of Prisons for final disposition."

Moreover, McCreanor knowingly -or should have known- that his O/D would cause Grievant to needlessly endure prolonged pain and suffering, impairment of normal daily functions, acute injury, permanent injury, and a likely and substantial risk of future injury through his malicious O/D of Grievant's several MG(s):

(1) The O/D of 21201 resulted in Grievant's fifth consecutive chronic-care medication interruption that lasted some 28 days yet was avoidable, and it permitted acts of reprisal by CMS employees to go unchecked and uncorrected;

(2) The O/D of MG (dated 11/29/05 acute knee injury) resulted in the predicted future injury and now Grievant requires surgery to replace his ACL because it was completely severed;

(3) The O/D of 23193 created an unnecessary delay, for non-medical reasons, that resulted in Grievant suffering excruciating pain, impairment of normal daily functions, and did permit CMS to intentionally and admittedly provide substandard treatment;

(4) The O/D of 43863 permitted CMS to continue acts of reprisal against Grievant through the obstruction/denial of his access to the courts.

Given these facts, inadvertence on McCreanor's part is simply so far beyond the realm of possibility, that it cannot seriously be considered plausible. Furthermore, McCreanor's bad faith and malfeasance is illustrated through his interception and improper, unilateral and summary rejection of a RG (Dated 12-19-05) that Grievant filed against McCreanor for his repeat O/D of the AGP relative to MG(s) 21201 and both 11/29/05 MG(s). (See above at p 2-3). Moreover, despite McCreanor's documented behavior and Grievant claiming Adverse acts of Reprisal by McCreanor; Grievant is still exposed to McCreanor's reprisal. For example, on 8/01/06 Grievant attended a Level Two Medical Grievance Hearing for EMG _____. Grievant filed this MG subsequent to the acute knee injury he had predicted would occur in his rejected 11/29/05 MG. The injury did result in a completely torn ACL and Grievant was in desperate need of treatment. Because Grievant had so many MG(s) summarily rejected by McCreanor ostensibly due to Grievant requesting "Damages," Grievant was forced to forego any Claim

The IGP defines "Reprisal" as

> (vi) IGP (at H. Reprisal): "Any action or threat of action against inmates or staff based solely on their participation or use of the Inmate Grievance Procedure."

And it specifically directs a grievant who experiences reprisal (i.e. adverse reaction) to grieve/appeal directly to the W/WD:

> (vii) IGP (at V. Procedure: A-3): "The IGP prohibits reprisals against …inmates… If either participant experiences adverse reactions, they may appeal directly to the Warden/Warden's Designee. [Who] shall offer a written response within ten calendar days upon receipt of the appeal. This decision is appealable to the Chief, Bureau of Prisons for final disposition."

Moreover, McCreanor knowingly -or should have known- that his O/D would cause Grievant to needlessly endure prolonged pain and suffering, impairment of normal daily functions, acute injury, permanent injury, and a likely and substantial risk of future injury through his malicious O/D of Grievant's several MG(s):

> (1)    The O/D of 21201 resulted in Grievant's fifth consecutive chronic-care medication interruption that lasted some 28 days yet was avoidable, and it permitted acts of reprisal by CMS employees to go unchecked and uncorrected;
>
> (2)    The O/D of MG (dated 11/29/05 acute knee injury) resulted in the predicted future injury and now Grievant requires surgery to replace his ACL because it was completely severed;
>
> (3)    The O/D of 23193 created an unnecessary delay, for non-medical reasons, that resulted in Grievant suffering excruciating pain, impairment of normal daily functions, and did permit CMS to intentionally and admittedly provide substandard treatment;
>
> (4)    The O/D of 43863 permitted CMS to continue acts of reprisal against Grievant through the obstruction/denial of his access to the courts.

Given these facts, inadvertence on McCreanor's part is simply so far beyond the realm of possibility, that it cannot seriously be considered plausible. Furthermore, McCreanor's bad faith and malfeasance is illustrated through his interception and improper, unilateral and summary rejection of a RG (Dated 12-19-05) that Grievant filed against McCreanor for his repeat O/D of the AGP relative to MG(s) 21201 and both 11/29/05 MG(s). (See above at p 2-3). Moreover, despite McCreanor's documented behavior and Grievant claiming Adverse acts of Reprisal by McCreanor; Grievant is still exposed to McCreanor's reprisal. For example, on 8/01/06 Grievant attended a Level Two Medical Grievance Hearing for EMG _____. Grievant filed this MG subsequent to the acute knee injury he had predicted would occur in his rejected 11/29/05 MG. The injury did result in a completely torn ACL and Grievant was in desperate need of treatment. Because Grievant had so many MG(s) summarily rejected by McCreanor ostensibly due to Grievant requesting "Damages," Grievant was forced to forego any Claim

for Damages if he wanted his MG to be processed. This is a clear denial of a Claim of Right, and as such a clear denial of Access to the Courts. McCreanor did process Grievant's modified knee MG. In the initial stage, McCreanor did not obstruct Grievant's MG, but in the latter stage, Grievance Appeal, McCreanor did intentionally attempt to obstruct Grievant's MG. For instance, McCreanor erroneously stated that Grievant had to complete the Appeal Form (AF) by 8/08/06 (it was currently 8/01/06) and he even wrote this erroneous date on the AF. Grievant is aware of the appeal procedures in the IGP, and it specifically requires a grievant to submit any completed appeal within "Three Days" not seven as McCreanor fictitiously stated. Unless the IGP regarding Grievance Appeals have been modified without any notice or any posting of the amendment in the Law Library, this would cause Grievant to "Default" his MG. McCreanor should not have been involved with Grievant's MG, but DOC Staff/Officials refuse to correct these blatant violations, and this is why Grievant was forced to forego any request for damages. Nevertheless, now that Grievant has managed to get past McCreanor, Grievant raises and incorporates his request for Damages regarding MG(s) __15453__ & _____. Accordingly, McCreanor –who is the IGC and presumed to be versed in the IGP- actively and intentionally O/D and or created an inordinate delay in Grievant's meaningful access to the AGP, and attempted to cause Grievant to default his MG. This results in the related violations (e.g. denial of access to the courts etc.). However, McCreanor is not the only DOC Staff/ Official to commit said violations.

Specifically, the W/WD (e.g. Warden T. Carroll & Dep. Warden Pierce) have a duty and personal responsibility to (a) comply with the IGP, specifically regarding Direct Appeals filed against the IGC for reprisal; and (b) to take corrective action when the existing custom/policy is obvious and likely as to violate Grievant's constitutional rights etc. This equally applies to the Bureau Chief P. Howard and Commissioner S. Taylor. None of these Officials, however, have made the necessary corrective action or even made and attempt to comply with the IGP, despite adequate knowledge and opportunity.

For example, we know that the IGP directs a grievant to file appeals/grievances against the IGC for claims of reprisal "directly" to the W/WD, and McCreanor's' erroneous unilateral rejections are easily considered Adverse Reactions, because they are not justified by and do violate the IGP. Consequently, Grievant filed a timely Direct Appeal/grievance "directly" with the W/WD on 12/30/05 (within three days of receipt of the adverse reaction –i.e. McCreanor's rejection package containing MG 21201 and both 11/29/05 MG(s) knee injury and lose of two teeth), and specifically claimed "Reprisal." Subsequently, the W/WD refused to comply with the IGP and summarily rejected it in clear violation of IGP. W/WD also directed Grievant to erroneously file his RG with the IGC. Of course, Grievant had already attempted this anyway on 12/19/05; however, it was intercepted and unilaterally rejected. Go figure. Grievant filed a timely final appeal to the Bureau Chief dated 1/13/06. It is still pending well after the 180 day limitation set by the IGP and there is no penological objective in denying Grievant the AGP at every turn and exacerbating the problem and capriciously delaying or denying Grievant's alternative access to a meaningful forum –the courts. The DOC/CMS has as such in bad faith defaulted the AGP for refusing/failing to provide the AGP, (i.e. mandated meaningful resolution, in the specified time period).

7

All of the above facts are known to (a) the W/WD Carroll & Pierce, (b) the Bureau Chief Howard, and (c) the Commissioner S. Taylor . Fro example, Grievant filed Direct Appeals, Final Appeals, Addendums, copies thereof, and through Letters/Notices that specifically made the claims (i.e. continuous and pervasive O/D of the AGP etc.). Grievant also supported these filings with facts and evidence. However, said Officials refuse to correct the ongoing violations in the reasonable specified time period allotted and do exacerbate and continue the violations without any penological objective. McCreanor has denied Grievant the AGP, W/WD has denied Grievant the AGP, Bureau Chief has denied Grievant the AGP. Grievant also notified the Commissioner of these facts on or about 12/05, 1/06, and 7/06 yet he refuses to correct the continuing and pervasive problem.

CONCLUSION: These acts and the management of the AGP (i.e. custom/policy) –as applied to Grievant- not only regularly and obscenely violate well established law and adopted IGP, but they are so likely and obvious as to result in violations of Grievant's constitutional rights, etc. that immediate and comprehensive corrective action is required. Yet despite full knowledge and ample opportunity, the policy making and or directly responsible DOC Staff/ Officials refuse to do so. Under these circumstances, said Officials can be said to have

(a) Personal involvement;

(b) Deliberately indifferent to Grievant's known serious medical needs;

(c) Deliberately subjected Grievant to acts of prohibited Reprisal;

(d) Deliberately denied/obstructed Grievant from having meaningful access to the courts. (See Jackson v.FCMS, 380 F.S 2d 387 (D. Del. 2005) and Moody v. Kearney, 380 F.S. 2d 393 (D. Del. 2005); and

(e) Deliberately denied Grievant the Equal Protection of the Law.

ACTION REQUESTED BY GRIEVANT: (1) Make a finding that all three pending Final Appeal packages, (including their underlying MG(s) & RG(s) and assign a Case No. to those that were never assigned one), are administratively exhausted and consider granting the relief requested therein respectively; or alternatively (2) provide damages for the violations and (3) establish and provide a policy/mechanism for referral to a court-annexed mandatory/nonbinding Arbitration hearing for any grievant who experiences a summary rejection of either a medical or reprisal grievance by the IGC for a decision on the merits of the rejection, if a grievant so desires it.

_David W/_

David Williamson,
SBI # 00183022

C.C. Commissioner Taylor, Bureau Chief Howard, and A.C.L.U. DE Offices

# EXHIBIT B

## AFFIDAVIT OF DAVID RUSH

1. I David Rush am the Affiant listed above and do depose and state the following:

2. Affiant was directed by his counsel, Mrs. Sheryl Rush-Milstead, Esq., to document the continued manipulation or the grievance process and bad faith of the DOC regarding same.

3. On 7/01/06 at 10:30 pm Lieutenant Burman (sp) aroused Affiant from his sleep to address what Affiant believed was one of two "Direct Appeals/Grievances" (DA) against CMS and or IGC Mr. McCreanor for deliberate indifference to Affiant's serious medical condition and or denial/manipulation of the grievance process (Case # 21535 & DA dated 5/15/06 and or related Case # 43843 & DA dated 6/7/06).

4. Affiant specifically voids and disavows the signing of the 7/1/06 document as it was signed under duress, coercion, and under a false light.

5. First, Affiant filed an Emergency Medical Grievance # 21535 on 9-30-05 (was forwarded to CMS on 12/23/05). However, because CMS denied Affiant the necessary grievance hearings (e.g. grievance process) and defaulted the time requisites to complete the grievance process (e.g. 180 days), Affiant filed a DA to the Warden/Warden's Designee (W/WD) on 5/15/06 and a final appeal to the Bureau Chief on 5/28/06.

6. DA # 21535 listed as Action Requested: "(1) that the IGP is deemed exhausted to permit Rush meaningful redress in an appropriate forum (i.e. the courts); (2) that CMS discontinue its acts of reprisal and deliberate indifference to Rush's SMC; and (3) CMS discontinue its manipulation of the IGP in their efforts to prohibit Rush/grievant access to the courts...."

7. Grievance # 21535 however, has been appealed to the Bureau Chief (final appeal) and technically has been exhausted regarding Affiant/grievant's requirements under IGP 4.4.

8. Second, Affiant filed a subsequent grievance # 43843 against CMS for subsequent, but related acts of "Retribution" regarding the above grievance #21535 on 5/12/06; however, it was unilaterally and improperly rejected by the IGC Mr. McCreanor on 6/2/06.

9. The IGC erroneously stated: "Grievance 21535 was returned due to invalid action request[.][(i.e. Grievant requested monetary damages) and] "This is not a medical grievance[.]" This was the first time that Affiant/grievant had been notified that Case # 21535 had been rejected; however, the grievance stated that it had been forwarded to the health care provider and not rejected as the IGC erroneously stated. Also, Affiant had written several inquires prior to filing the subsequent grievance # 43843 and at no time had Affiant been informed that it had been rejected.

10. Affiant timely filed another DA to the W/WD on 6/7/06 specifically against the IGC McCreanor regarding his unilateral and improper rejection of # 43843. It stated in pertinent part: "IGC, Mr. McCreanor, continues a pervasive pattern of deliberate obstruction & denial of the grievance process & denial of access to the courts by unilaterally & improperly rejecting Rush's valid Grievances."

11. Consequently, Lt. Burman handed a half asleep Rush/Affiant some paper work and stated (paraphrase):

"Deputy Warden Pierce wasn't going to give you [Rush] a hearing but he [Deputy Warden Pierce] changed his mind and is going to give you one. Here you have to sign this if you want a hearing. [i.e. Rush then read what appeared to be a typed out summary of his #21535 DA that he had sent to the W/WD]

12. Affiant stated that he was confused and Lt. Burman replied that it appears that **"McCreanor made a mistake with your grievance when he stated that you could not request money damages and Deputy Warden Pierce corrected McCreanor"** and directed that you receive your hearings. "Pierce got a hold of me and wanted me to take care of it directly and you have to sign here if you want the hearings" stated Lt. Burman as he directed Affiant's attention to the paper work.

13. Affiant felt extreme pressure (e.g. duress and coercion) during this late night and highly unusual meeting in a small office alone with the lieutenant -a person in authority over Affiant- to sing the agreement, so Affiant signed what he thought was merely an agreement to conduct the grievance hearings. **Grievance Hearings are required by the IGP 4.4, and no grievant is required to waive any legal claims in order to receive a hearing of right.** This was a bad faith effort by DOC personnel to usurp Affiant/grievant's legal rights.

14. Affiant was led to believe that he would not receive said hearings absent his signature and was coerced into it. Moreover, he does not know what he actually signed because he never received a copy of it from the lieutenant. Nor were any of Affiant's other requests referred to or discussed by the lieutenant.

15. Presuming that Affiant had what could be termed an Informal Hearing, Affiant was not informed by the lieutenant of this fact (i.e. This is an "Informal" hearing regarding XYZ Direct Appeals etc.); was not afforded an opportunity to consult with his counsel or Grievance Representative in these matters of grave importance, matters of which Affiant specifically informed both CMS and DOC of his intention to seek redress in an appropriate forum –the courts; and not provided any copies of the pertinent documents.

16. This behavior continues to evince the deliberate manipulation and denial of meaningful access to the grievance process; and deliberate denial of meaningful access to the courts by and through a bad faith attempt by DOC personnel to usurp and obstruct Affiant's claims for relief.

17. Affiant does not waive any of his requested relief -nor must he despite what he was improperly led to believe- in order to be afforded the requisite grievance hearings.

17. Affiant believes DOC is bound to conduct the grievance hearings as is appropriate and allow Affiant/Grievant's Direct Appeals to continue through the grievance process.

18. The above is true and correct to the best of Affiant's knowledge.

Sworn and subscribed before me this ___6 Th___ day of July 2006.

David Rush, SBI # 173418

Notary Public

Exhibit B-1

Case 1:06-cv-00379-SLR   Document 19-6   Filed 10/27/2006   Page 2 of 4
DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261
Date: 09/20/2006

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

**Offender Name :** WILLIAMSON, DAVID W    **SBI# :** 00183022    **Institution :** DCC

**Grievance # :** 64863    **Grievance Date :** 07/31/2006    **Category :** Individual

**Status :** Resolved    **Resolution Status :** Level 1    **Resol. Date :** 09/20/2006

**Grievance Type:** Grievance Process    **Incident Date :** 07/31/2006    **Incident Time :**

**IGC :** Merson, Lise M    **Housing Location :** Bldg W1, Tier L, Cell 12, Single

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** This is a Reprisal Grievance (RG) filed against IGC Capt. McCreanor, Warden T. Carroll, Deputy Warden Pierce, Bureau Chief P. Howard, and Commissioner Taylor (collectively DOC staff/officials). The IGP 4.4 at Procedure A-4 mandates (1) No staff or inmate names in a grievance shall participate in any capacity in the resolution decision. Grievances filed against the IGC or appealing authority shall be referred to the next higher authority. There is no higher authority not already named and because it also raises questions of law, it is appropriate to submit this matter for outside review.

**Remedy Requested** : See page 8 for the action requested by the Grievant due to space restrictions.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|------|-------|------|

### ADDITIONAL GRIEVANCE INFORMATION

**Medical Grievance :** NO    **Date Received by Medical Unit :**

**Investigation Sent :**    **Investigation Sent To** : Pierce, David E Jr.

**Grievance Amount :**

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

## INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|

| | | |
|---|---|---|
| **Offender Name :** WILLIAMSON, DAVID W | **SBI#** : 00183022 | **Institution** : DCC |
| **Grievance #** : 64863 | **Grievance Date** : 07/31/2006 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status:** Level 1 | **Inmate Status :** |
| **Grievance Type:** Grievance Process | **Incident Date** : 07/31/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :**Bldg W1, Tier L, Cell 12, Single | |

| INFORMAL RESOLUTION | |
|---|---|

**Investigator Name** : Pierce, David E Jr.                **Date of Report** 09/08/2006

**Investigation Report :** Met with David Williamson on 9/12/06 and discussed this grievance. Agreed to open grievance #23193 and #43863 which were ruled to have been improperly returned. Inmate Williamson will be forwarding any additional grievances he states were improperly rejected for my review and consideration for being opened as active grievances.

**Reason for Referring:**

**Offender's Signature:**_____

**Date**            :_____

**Witness (Officer)**    :_____

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

**Date:** 09/20/2006

---

## GRIEVANCE INFORMATION - IGC

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : WILLIAMSON, DAVID W | **SBI#** : 00183022 | **Institution** : DCC |
| **Grievance #** : 64863 | **Grievance Date** : 07/31/2006 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status** : Level 1 | **Inmate Status :** |
| **Grievance Type:** Grievance Process | **Incident Date** : 07/31/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg W1, Tier L, Cell 12, Single | |

### IGC

**Medical Provider:**                **Date Assigned**

**Comments:**

[ ] **Forward to MGC**            [ ] **Warden Notified**

[ ] **Forward to RGC**            **Date Forwarded to RGC/MGC** : 09/20/2006

[x] **Offender Signature Captured**     **Date Offender Signed** : 09/20/2006

# EXHIBIT C

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: DCC

INMATE'S NAME: David Rush

HOUSING UNIT: W-1, D-16

DATE SUBMITTED: 5/12/06

SBI#: 173418

CASE #: 43843

//////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### SECTION #1

DATE & TIME OF MEDICAL INCIDENT: On-Going & Continuous

TYPE OF MEDICAL PROBLEM: CMS has been deliberately indifferent to Grievant's serious medical needs, and now has denied Grievant meaningful access to the courts & retaliated against me for my Grievance activity.

CMS is activy and intentionally denying Grievant acess to the courts by and through a policy/custom to deny Grievant meaningful access to the Medical Grievance process in violation of IGP 4.4. CMS has failed it's duty to provide Grievant with any of the necessary grievance hearings between 12/16 /05 and 5/10/06 despite the IGP 4.4 mandating that the "entire" process (Level 1, Level 2 Hearing & Appeal Decission) shall occur whithin 180 days. Grievant has witness three separate medical hearing dates, yet he has not been afforded a hearing. In fact, the most recent on 5/9/06 had four indiv-iduals (Baxter, C, Fleetwood, T., Riveria, F., & Williamson, D.)who had filed MG several months after Grievant's EMG #21535, which was dated back on 12/16 /05. Williamson's MG was dated for 4/30/06 and he was provided the first requisiste hearing, but I have been denied the same. Moreover, I have inquired twice about this denial of process and have never received any reply. (SEE attac. Letter A-1 dated_____ & DEmand Letter A-2 dated_____ CMS's intentional inaction is tantamount to an adverse action, which is prohibited as reprisal, and further demonstrates their deliberate indifferenc

GRIEVANT'S SIGNATURE: David Rush        DATE: 5-12-06

ACTION REQUESTED BY GRIEVANT: (1) That Grievant be provided an Appeal Form for the above listed MGso that he may appeal the intentional inaction and seek meaningful redress in an appropriate forum, and (2) That CMS discontinue their acts of reprisal against Grievant, and (3) provide any damages as are appropriate.

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

Exhibit C-1



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE DEPUTY WARDEN**
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

## MEMORANDUM

TO:      IM David Williamson SBI# 183022 W1 L12

FROM:    Deputy Warden Pierce

DATE:    October 16, 2006

RE:      Grievance

     I received your letter dated September 12, 2006, regarding a grievance. Grievance #21201 is being accepted.


DP/dc
Attachment
cc:      File

David Williamson
183022, W-1-L-12
September 12, 2006

**RECEIVED**

SEP 1 3 2006

**DEPUTY WARDEN I**

Deputy Warden Pierce
RE: Reprisal Grievance Agreement

Deputy Warden Pierce:
    Greetings. As per our discussion/agreement, I am providing three medical grievances (MGs) (copies of originals) that were improperly rejected/obstructed by the IGC without ever processing them. You had already identified MG # 23193 & # 43863 (broken tooth & medical records respectively) so I did not include them herein. I am encouraged that these MGs will finally be re-opened and heard. They are as follows:
    1. MG # 21201 (11-14-05) grieved the intentional denial of a needed chronic-care clinic. It is four pages and it also includes an addendum dated 11-30-05 that identified "Retaliation" (ie. reprisal) by a subsequent but separate incident of the same nature by the same CMS personnel. The IGP 4.4 specifically allows separate grievances for "individual incidents," but because the IGC on a prior occasion summarily rejected MG# 17197 as a "duplicate" of MG# 15453 — despite the fact that # 17197 grieved a subsequent and separate incident, it was necessary for me to file said addendum to avoid another IGC rejection. Moreover, the 11-30-05 incident is continuous and related to the 11-14-05 incident, and it is appropriate to incorporate the addendum so that CMS receive full notice and a fair opportunity to reply to the claims. I am not opposed to either incorporation or alternatively processing the 11-30-05 incident as a separate MG, I just wished to avoid IGC rejection/obstruction. If however a separate case number is preferred assign me a case number and I will reproduce the 11-30-05 incident on another MG form and also complete a separate "Action Requested" since the addendum had originally relied on the 11-14-05 MG # 21201.
    Subsequently, MG # 21201 was improperly rejected due to my

/—

damages request, but I also requested 2) CMS personnel training and 3) correction of the medication interruptions. The addendum was also rejected in sympathy with MG # 21201's rejection. (See attachment A). I filed a timely appeal to the Bureau Chief (12-19-05), but no decision was ever rendered.

2. MG(s) 11-29-05 (one for an acute knee injury, etc.) and the other 11-29-05 (for the lose of two teeth and CMS's policy/custom of refusing to provide timely and adequate dental treatment) were both rejected for phantom deficiencies as a package; however, improperly because the IGC stated that the "Action Requested" sections were incomplete. This was erroneous. Both sections were completed at the second page – identicle to my prior filed and rejected MG # 21201, and the IGC even stamped "Received...." under both completed sections! Clearly they were improperly rejected/obstructed.

Additionally, because my prior MG # 21201 had been improperly rejected due to the "damages" request, I purposely omitted from both 11-29-05 MG(s) the offensive damages requests in the hope to avoid more improper rejections, but even this strategy failed. Nevertheless, a grievant need not waive a claim of right just to have his MG processed, and besides this particular matter has been resolved. Thus, to preserve my legal claims, I have added a request for damages to the other requests for specific treatment for CMS to consider. (See att. B).

Consequently, I filed a "Reprisal Grievance" against the IGC's adverse actions directly to the W/WD pursuant to IGP 4.4, but it too was rejected. I then filed a timely final appeal to the Bureau Chief (1-13-06) and it too has never received a final decision. Over nine months have elapsed since filing these three MG(s), and well over 180 days have elapsed since I filed their final appeals, and I have never received any decision or corrective action. This is why I filed the latest, albeit reluctantly, Reprisal Grievance against DOC Officials – an act of final desperation.

I am encouraged now, however, that there improperly rejected MG(s) will finally be processed and exhausted, etc. I do respectfully request your consideration, however, concerning the hearings: specifically because of the already excessive delay, perhaps it would be warranted to hold joint hearings to expidite the matter?

Lastly, I greatly appreciate that this matter has received your personal attention Mr. Pierce; nor do I take for granted the valuable time you have invested to resolve this matter.

Thank you

Dave W

# EXHIBIT A

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: D.C.C.

INMATE'S NAME: David Williamson

HOUSING UNIT: W·1 (L-12)

DATE SUBMITTED: 11-14-05

SBI#: 00183022

CASE #: 21201

//////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: 11-11-05

TYPE OF MEDICAL PROBLEM:

Nov. 11, 05 (10:45 Am) grievant - a chronic-care patient - was arbitrarily denied a "Chronic-care Clinic" by Ms. Ioma. The "clinic" was scheduled in response to a letter of complaint/notice that grievant filed 11·9·05 (A-1). Grievant inquired why he was being denied the clinic and Ioma stated: "I'm not seeing you because you didn't come when you were supposed to." Grievant stated that he was not responsible for being tardy because the list posted in the housing unit did not include his name, but Ioma replied "I don't care, you will have to be rescheduled." (continued on page 2).

GRIEVANT'S SIGNATURE: David W                   DATE: 11·14·05

ACTION REQUESTED BY GRIEVANT: (See page 2)

DATE RECEIVED BY MEDICAL UNIT: _____

**RECEIVED**

NOV 2 1 2005

Inmate Grievance Office

NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.

( Page 1 ) ( EX- A-1 ) ( pg 1 )

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: D.C.C.

INMATE'S NAME: David Williamson

HOUSING UNIT: W·1, L-12

DATE SUBMITTED: 11-14-05

SBI#: 0018302 2

CASE #:

---

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: 11-11-05 (page 2)

TYPE OF MEDICAL PROBLEM:

(See attached A-2 "Offender Activity Schedule" page 1 of 1) Grievant then inquired: "So, I'm going to be denied my chronic-care clinic and be punished because someone else omitted my name from the sick call list, which is not my fault or responsibility?" Ioma nodded in the affirmative and restated that I would be rescheduled. Grievant is concerned with avoiding yet another med interruption and filed the Nov. 9,05 notice because CMS had already failed to schedule him in within the 90 days cycle. Clearly denying treatment, wrongfully punishing patients, and constructing malicious obsticles is more important to CMS and its personnel than correcting on-going problems and providing adequate treatme.

GRIEVANT'S SIGNATURE: David W                      DATE: 11-11-05

ACTION REQUESTED BY GRIEVANT: Because this behavior is blatent evidence of CMS's deliberate indifference to Mr. Williamson's serious medical needs, and because the grievance process has failed to correct this in-difference grievant requests: monetary damages, cms personnel training & a timely correction to the repeat med interruptions. (Damages will be negot-

DATE RECEIVED BY MEDICAL UNIT: _____                      iated at hearing or via
                                                                cms counsel.)

NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL
GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.

**RECEIVED**

NOV 2 1 2005

Inmate Grievance Office

(Page 2) (EX. A-1) (pg 2)

David Williamson
SBI # 183022
W-1, L12
November  ?  , 2005

$gv\partial^{0}l$

Mrs. Plante

Re: Chronic-care Medication Lapses/Refill Order

Dear Mrs. Plante:

Greetings, I am writing because my current 120 day allotment of chronic-care medications are due to end on 11/15/05; however, I have not been scheduled in for a Chronic-care "Refill" visit as is normal. I am concerned with avoiding another interruption in receiving my thyroid meds. In fact, since my last "Refill" order in July 05, I have experienced **four consecutive** med interruptions. This is in the wake of me recently exhausting the Medical Grievance procedure and receiving assurances that this problem would be corrected. It appears that my timely Appeal was indeed appropriate to challenge these hollow promises.

These repeat lapses cause an unnecessary resurgence in common symptoms (e.g. inflammation & hive-like reactions, chronic-fatigue, high cholesterol). For example, I suffer painful inflammation of my extremities (hands & feet, and face) as a result. This has left me in such pain I can barely walk, and I was bed-ridden just recently over the weekend. Moreover, it is now recognized that high levels of inflammation causes damage to the coronary system and is a major contributor to heart disease, yet I suffer this painful and dangerous inflammation on a regular basis due to repeat med interruptions. Also, I suffer chronic fatigue –as is common with this disease- that adversely affects my normal daily functions (e.g. inability to focus on work & college studies) and an inability to pursue and promote a healthy life style (e.g. engage in meaningful & necessary exercise etc). Then there is the incidence of high cholesterol, also common with my ailment. This concerns me greatly, because alone, they are difficult enough to live with; however, the combined effects of the inflammation, inability to consistently promote health, and build-up of cholesterol conspire to degrade and permanently damage my health unnecessarily. As you are aware, this type of medication is required to be taken consistently without lapses or its effectiveness is hindered, and every time I experience a lapse I suffer the pain of the inflammation and complications of the other common symptoms. I simply wish to avoid needless suffering.

Moreover, I find it troubling that the 120 day dosage allotment was instituted to avoid lapses by providing an additional 30 day med card as a cushion greater than the 90 day intervals between the Chronic-care "Refill" visits, yet the last refill interval and this one have both exceeded the 90 day cycles. This defeats the purpose entirely and has aggravated the problem of interruptions.

Still more troubling is that, of the most recent four consecutive med lapses I gave notice prior to the interruptions (e.g. Mrs. Plante, Dr. Alie, and CMS Pharmacy), however, I still experienced the med lapses. This is disturbing because on two of those occasions the pharmacy actually signed in and possessed these meds several days before dispensing them to me, and on the others the pharmacy carried Stock Supplies yet failed again to dispense them. Despite my notices, no one cared to follow up and see to it that when these meds were checked in at the pharmacy, that I am provided them; this behavior unnecessarily prolonged the interruptions. This is unacceptable.

In closing, I request that assistance from CMS personnel with avoiding yet another interruption. Also, since the Medical Grievance hearing was abused by CMS personnel and has clearly failed to rectify this on-going problem, I would request some follow up from the parties listed below.

David Williamson
c.c. Nikita Robins, DCJ
c.c. Thomas Carroll, Warden of DCC
c.c. Dr. Alie

$A\text{-}1$   $(\epsilon x\text{-}A\text{-}1)(pq^{3})$----

42

ʒ|ʒ0ı

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

_____ **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

_____ **Disciplinary Action**        _____ **Parole Decision**        _____ **Classificatbn Action**

✓ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate Office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

*IGC IS NOT A COURT AND CANNOT AUTHORIZE MONETARY DAMAGES*

Inmate Grievance Chairperson

*12-14-05*
Date

*Received 12-16-05*

*(EX-A-1) (pg.5)*

TO: Ms. L. Merson, IGC

From: David Williamson, 00183022, W-1, L-12

Re: Pending Medical Grievance    (Addendum to MG 21201)

Date: 11-30-05

Ms. Merson, IGC:

    Grievant filed a Medical Grievance (dated 11-14-05) due to the arbitrary and capricious denial of a Chronic-care clinic, which evidences their deliberate indifference to grievants known serious medical needs/condition. This grievance is still pending and no response or informal hearing has occurred as yet.

    Subsequent acts, however, that are directly related to the 11-11-05 incident (depicted in said pending 11-14-05 MG) evidence and establish a pattern of continued and "on-going" deliberate indifference to grievant's serious medical needs, as well as actual malice and retaliation towards grievant for his exercising a protected right to seek redress.

    Because the facts below are continuing acts directly related to the above incident/grievance, filing another grievance would be considered a "duplicate" and dismissed like grievant's 8-30-05 Emergency Medical Grievance was. Therefore, grievant would request that this information be incorporated as an addendum to the pending M.G. No prejudice will ensue because it has not been heard yet, moreover, respondents health care provider must be made aware and given an opportunity to correct this behavior.

(A-1)

The following facts are in support:

1. Grievant - a Chronic-care patient- has experienced no less than four consecutive chronic-care medication lapses between July and November 05, and the health care provider and specifically Dr. Alie and Mrs. Plante have been placed on Notice that these repeat and on-going lapses impair grievant's normal daily functions, cause him harm, suffering, and an inability to promote good health unnecessarily.

2. Health care provider has failed to address and or acknowledge the on-going problem, failed to correct the problem, and does intentionally exacerbate the problem with full knowledge of the resulting harm.

3. Also, when grievant is erroneously scheduled for a medical visit and or scheduled and denied being actually seen, he suffers a day's wages and a loss of good-time credits unnecessarily. This has occurred three times during the July to Nov. 05 period.

4. Moreover, CMS has failed to adhere to pledges made a grievance hearings "... follow medication administration system to avoid repeat of lapse in medication" (July 05 hearing); failed to schedule grievant for his Chronic-care Clinic within 90 days and arbitrarily and capriciously denied him this clinic, which is needed to "Refill" the med prescription.

5. Grievant filed the 11-14-05 Medical Grievance against Ms. Ioma (sp?) for the 11-11-05 denial of clinic and she has subsequently denied another and retaliated against grievant for same.

6. Grievant's name appeared on the medical schedule for Chronic-care Clinic again on 11-29-05 and while waiting grievant witnessed both Mrs. Plante and Ioma present.

7. Grievant inquired with the officer present about his clinic and the officer returned stating: "They're not going to see you today - you can go." Grievant replied that this clinic was already a reschedule and well past the normal 90 day interval at over 120 days, and that grievant was about to run out of meds.

8. The officer conversed with a nurse in the presence of grievant and she stated: "She's not here - he will just have to come back." "What about tommorrow?" inquired the officer. "She's out tommorrow too, maybe later in the week," the nurse finished.

9. As stated, Ioma was present and it was she who grievant was schedule with for his denied 11-11-05 clinic of which he grieved her actions specifically. Yet Ioma was present again on 11-29-05 and grievant was again denied his scheduled Chronic-care clinic.

10. Moreover, Mrs. Plante is on Notice for the deliberate indifference claims regarding meds. lapses and was also present.

11. These acts will result in yet another intentional med lapse and evidence a continuing pattern and culture of deliberate indifference ..., do illustrate intentional acts of malice and retaliation.

David W _____      12-1-05          c.c. Tom Carroll, Warden
David Williamson                        c.c. CMS at DOC

# EXHIBIT B

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: DCC

DATE SUBMITTED: 11-29-05

INMATE'S NAME: David Williamson

SBI#: 183022

HOUSING UNIT: W.1

CASE #: _____

////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: On-going

TYPE OF MEDICAL PROBLEM:

Grievant incurred an acute knee injury (right leg) 7-26-04 and was forced to file a grievance due to nontreatment (e.g. #7463) Eventually an order for an MRI was placed, however, countermanded by Dr. Alie. Grievant was told he would be rescheduled in six months for a follow up examination to determine whether the injury was temporary or more permanent - which would require undisclosed "other" treatment. Grievant complained of a grinding & shifting knee, and which will buckle out without warning following a sharp pain, however, after a one-to-two minute prodding examination, (Cont. 2)

GRIEVANT'S SIGNATURE: See p.2            DATE: _____

ACTION REQUESTED BY GRIEVANT: _____

_____

_____

_____

DATE RECEIVED BY MEDICAL UNIT: _____

(B-1)

RECEIVED

DEC 1 3 2005

Inmate Grievance Off...

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: DCC                          DATE SUBMITTED: 11-29-05

INMATE'S NAME: David Williamson         SBI#: 183022

HOUSING UNIT: W-1                       CASE #: _____

(CONT. p. 2)

////////////////////////////////////////////////////////////////////////////////////

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: On-going

TYPE OF MEDICAL PROBLEM:

was told by Dr. Alie that I would be rescheduled. Grievant also stated that his normal daily functions were being adversely effected due to the pain and instability of the injured knee. To date the promised follow up has never occurred, however, grievant's knee has never healed. In fact, his knee routinely buckles out without warning upon standing or while standing - following a sharp pain, and when grievant bends down, the knee dislocates and must be gingerly popped back in. Grievant should not have to incur pain & permanent injury before he can receive even appropriate exploritory examination and or treatment. A custom of nontreatment has been employed.

GRIEVANT'S SIGNATURE: David W          DATE: 11-29-05

ACTION REQUESTED BY GRIEVANT: Because grievant has incurred a permanent knee injury and has received assurances via Dr Alie that follow up would be realized, but never did (merely a stalling technique), grievant requests a thorough examination by an outside specialist and MRI. Also provide monetary damages for the deliberate indifference.

DATE RECEIVED BY MEDICAL UNIT: _____

RECEIVED
DEC 13 2005
Inmate Grievance Office

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

18

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: D.C.C.

DATE SUBMITTED: 11:29-05

INMATE'S NAME: David Williamson

SBI#: 183022

HOUSING UNIT: W-1, L-12

CASE #: _____

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: On-going

TYPE OF MEDICAL PROBLEM:

On or about March 2005, grievant incurred a permanent injury via the extraction of two teeth (#28 & #29). This permanent injury was the final and culminating result of multiple and re-occurring periodontal gum infections of which knowingly went untreated and grossly undertreated by dental staff. Specifically, for example, an infection would occur, however, grievant was routinely denied the standard teeth cleaning, which is one of the first responses to such gum infections, and told that I would have to lose those teeth in the infected area.

(Cont. p. 2)

GRIEVANT'S SIGNATURE: see p. 2

DATE: _____

ACTION REQUESTED BY GRIEVANT: _____

_____

_____

_____

DATE RECEIVED BY MEDICAL UNIT: _____

(C-1)

RECEIVED

DEC 13 2005

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: _D.C.C._                          DATE SUBMITTED: _11·29·05_

INMATE'S NAME: _David Williamson_           SBI#: _183022_

HOUSING UNIT: _W-1, L·12_                    CASE #:_____

(Cont. p. 2)
////////////////////////////////////////////////////////////////////////////////

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: _On-going_

TYPE OF MEDICAL PROBLEM:

Grievant was also told that the dental facilities could not do cosmetic teeth scrapings for the large O.C.C. population, however, grievant pointed out that treatment for active and recurring periodontal gum infections is not cosmetic but necessary and standard treatment for my known serious medical condition. Finally, after grievant threatened litigation, I was told that I would be placed on a "waiting list," and that I should not expect a cleaning very soon. due to the lengthy line. Nearly 18 months has passed since grievant was allegedly placed on said list. Instead of timely & adequate treatment a custom is employed to result in

GRIEVANT'S SIGNATURE: _David W_        DATE: _11·29·05_    extractions.

ACTION REQUESTED BY GRIEVANT: Immediate teeth cleaning, and grievant needs to be placed on a semi-annual teeth cleaning schedule to treat and combat the on-going and recurring periodontal gum infections. Also provide monetary damages for the deliberate indifference.

DATE RECEIVED BY MEDICAL UNIT: _____

RECEIVED
DEC 13 2005
Inmate Grievance Office

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL
GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

\_\_\_\_  **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

\_\_\_\_  **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

\_\_\_\_ **Disciplinary Action**　　\_\_\_\_ **Parole Decision**　　\_\_\_\_ **Classificatbn Action**

\_\_\_\_  **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate Office to secure the information that is requested.

\_\_\_\_  **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

\_\_\_\_  **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

\_\_\_\_  **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

\_\_\_\_  **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

*You NEED To COMPLETE Action REQUESTED SECTION OF GRIEVANCE FORM.*

Inmate Grievance Chairperson

12-22-05
Date

*GRIEVANT REC'D 12-27-05 VIA IN House Mail*

# EXHIBIT D

DCC **Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

**Date:** 06/06/2006

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| **Offender Name :** RUSH, DAVID R | | **SBI#** : | | **Institution** | : DCC |
| **Grievance #** : | 44468 | **Grievance Date** : 05/30/2006 | | **Category** | : Individual |
| **Status** : Unresolved | | **Resolution Status :** | | **Resol. Date** : | |
| **Grievance Type:** Health Issue (Medical) | | **Incident Date** : 05/30/2006 | | **Incident Time :** | |
| **IGC** : Merson, Lise M | | **Housing Location :** Bldg W1, Tier D, Cell 16, Single | | | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims I was diagnosed w/ an acutely painful torn rotator cuff (TRC) but merely received some 90 doses of wholly inadequate Motrin, which has since lapsed. Also my follow-up MRI results consultation was cancelled, but only after causing me to needlessly miss work and pay. No other follow up has been realized. This TRC condition is acutely painful and does adversely impair my normal daily functions.

**Remedy Requested** : That I receive adequate pain reliever; receive the MRI results consultation; and receive the/any warranted follow up treatment/ surgery and that I receive any warranted damages.

## INDIVIDUALS INVOLVED

| Type | SBI# | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

**Medical Grievance :** YES    **Date Received by Medical Unit :** 06/06/2006

**Investigation Sent :** 06/06/2006    **Investigation Sent To** : Rodweller, Deborah

**Grievance Amount :**

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 06/06/2006

## INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** RUSH, DAVID R | **SBI#** : | **Institution** : DCC |
| **Grievance #** : 44468 | **Grievance Date** : 05/30/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 05/30/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier D, Cell 16, Single | |

| INFORMAL RESOLUTION |
|---|

**Investigator Name** : Rodweller, Deborah

**Date of Report** 06/06/2006

**Investigation Report :**

**Reason for Referring:**

Offender's Signature:_____

Date              :_____

Witness (Officer)  :_____

**Page 2 of 2**

# EXHIBIT E

## AFFIDAVIT OF DAVID RUSH

1. I David Rush am the Affiant listed above and do depose and state the following:

2. On July 7, 06, Affiant attended an "Informal Hearing" held by CMS regarding a grievance Affiant filed (MG # 50583).

3. Because the issue was against the health care provider, Affiant filed a Medical Grievance and it was processed (i.e. forwarded to CMS) for CMS's consideration by the IGC Lisa Merson.

4. CMS was represented by who Affiant believes was Deborah Rodweller.

5. Affiant grieved the loss of earnings and good time due to CMS repeatedly scheduling Affiant for ghost visits to the infirmary, in which there either was an erroneous scheduling or there was no doctor present to conduct the scheduled event and it was subsequently cancelled.

6. Affiant provided specific dates of several incidents, however, stated the issue as one that was a "continuing and on-going" matter in the date of incident section of the medical grievance.

7. Affiant requested monetary relief in the form of "Restitution" for His lost pay and future loss of wages in an effort to deter CMS from this on-going and pervasive practice to merely place names on the hospital schedule, but failing to provide the necessary treatment and create lost wages for the patient.

8. Mrs. Rodweller stated that she would forward the grievance to a Formal Hearing for consideration of Affiant's requested relief.

9. The IGC McCreanor has on several occasions unilaterally and improperly rejected medical grievances stating an erroneous prohibition against requesting damages (i.e. monetary awards), though no such prohibition exists in the IGP 4.4. Also, he has unilaterally and improperly ejected Medical Grievance against the health care provider claiming that they are not medical grievances despite the fact that the issue involves the health care provider, and the IGP 4.4 specifically states that medical grievances are to be filed against the "Contract health care provider" and forwarded directly to them.

10. It appears that the administration has reversed its improper obstruction of MG (via the erroneous prohibition against requesting damage awards) and CMS is considering Affiant's request.

11. Affiant filed MG #50583 on or about 6/22/06 and received the first requisite "Informal Hearing" on 7/7/06; however, Affiant had filed MG # 21535 on or about 12/16/05 for His acutely painful Lipomas and has never received any of the requisite hearings. In fact, Affiant inquired about this MG and was informed belatedly by McCreanor that it had been rejected due to his request for damage awards. Affiant filed a subsequent grievance for "adverse acts" by the IGC McCreanor that equate to "Retribution" and it to was erroneously rejected. Both were appealed directly to the Warden/Warden's Designee.

12. The latest developments support Affiant/grievant's claims against IGC McCreanor for adverse acts and unnecessary obstruction of Affiant's medical grievances. Affiant believes that his appeals should be disposed of promptly in Affiant's favor due to the above findings of fact.

13. The above is true and correct to the best of Affiant's knowledge.

Signed and Subscribed before me this _13 TH_ - day of July 2006.

_David Rush_
David Rush

_Wesel John_
Notary Public

# EXHIBIT F

GRIEVANCE APPEAL

GRIEVANT: DAVID WILLIAMSON          SBI #00183022

HOUSING UNIT- W-1, L-12

CASE #_____          INSTITUTION: DELAWARE CORRECTIONAL CENTER

DATE OF INCIDENT: 1-13-06

FACTS: THIS IS AN APPEAL TO THE BUREAU CHIEF OFFICER PURSUANT IMP 4.4, A. 2. GRIEVANT
FILED A GRIEVANCE AGAINST THE IGC DIRECTLY WITH THE WARDEN OF DCC ON 12-29-05    12/30/05
                                                                        12-30-05
pursuant TOI IGP 4.4 A. 3. THE GRIEVANCE LISTED "REPRISAL" AS A VIOLATION,
AMONG OTHER ISSUES (SEE ATTACHED GRIEVANCE A-1). AS OF 1-13-06 GRIEVANT HAS
NOT RECIEVED ANY WRITTEN DECISION FROM THE WARDEN. THE IGP 4.4 SPECIFICALLY
STATES THAT GRIEVANCES FILED DIRECTLY TO THE WARDEN AGAINST THE IGC (FOR REPRISALS)
SHALL OFFER A WRITTEN "RESPONSE WITHIN TEN CALENDER DAYS UPON RECEIPT FOR FINAL
DECISION." (IGP 4.4, A. 3). ALSO, THE IGP 4.4 STATES THAT "...DECISION IS
APPEALABLE TO THE CHIEF BEREAU OF PRISONS FOR FINAL DISPOSITION." (IGP 4.4, A. 2).
ALLOWING FOR THE HOLIDAY WEEKEND AND COUNTING FROM TUESDAY 1-03-06, TEN CALENDER
HAVE ELAPSED, HOWEVER, THE WARDEN HAS FAILED TO MAKE A FINAL DISPOSITION AS REQUIRED.
CONSEQUENTLY, GRIEVANT IS APPEALING DIRECTLY TO THE BUREAU CHIEF IN ACCORDANCE TO
THE IGP 4.4 AS IS APPROPRIATE. BECAUSE THE WARDEN FAILED TO RENDER A DISPOSITION
WITHIN THE ALOTTED TIME FRAME, GRIEVANT WAS NOT PROVIDED THE STANDARD "GRIEVANCE
APPEAL FORM" HOWEVER, IT IS NOT WITHIN GRIEVANT'S POWER TO FORCE OFFICIALS – WHO
ARE RESPONSIBLE FOR PROVIDING THE APPEAL FORMS– TO OTHERWISE COMPLY WITH THE IGP
4.4. THUS, GRIEVANT CANNOT BE HELD IN DEFAULT FOR NOT UTILIZING THE STANDARD APPEAL
FORM . GRIEVANT NEVERTHELESS FILES THIS ALTERNATE GRIEVANCE APPEAL IN A TIMELY
MANNER AND PRAYS THAT ACTION IS REALIZED AS IS APPROPRIATE. THE SUBJECT MATTER
OF THE GRIEVANCES, WHICH WERE IMPROPERLY REJECTED BY   the IGC  IN RETALIATION
FOR GRIEVANT'S GRIEVANCE ACTIVITY, DEALS WITH THE MEDICAL CARE PROVIDER AND THEIR
DELIBERATE INDIFERENCE TO GRIEVANT'S SERIOUS MEDICAL NEEDS, AND ANY FURTHER
UNNECESSARY DELAY CAUSES GRIEVANT TO SUFFER NEEDLESSLY.

ACTION REQUESTED: (1) THAT THE ORIGINAL THREE MEDICAL GRIEVANCES BE FORWARDED TO THE
MEDICAL CARE PROVIDER FOR A LEVEL TWO HEARING, (2) THE IGC INVOLVED SHALL NOT
HAVE ANY FURTHER INVOLVMENT WITH THESE MEDICAL GRIEVANCES, AND(3) SHALL NOT CONTINUE
ANY DIRECT OR INDIRECT REPRISAL ACTION AGAINST GRIEVANT.

NAME                                      1-13-06

                                          DATE

36

**FORM  #584**

**GRIEVANCE FORM**

**FACILITY:** ___DELAWARE  CORRECTIONAL CENTER **DATE:**___ 12-30-05

**GRIEVANT'S NAME:** DAVID WILLIAMSON    **SBI#:** 00183022

**CASE#:**_____    **TIME OF INCIDENT:** ON-GOING

**HOUSING UNIT:**___ W-1, L

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

THIS IS A GRIEVANCE-FILED DIRECTLY TO THE WARDEN PURSUANT TO THE IGP 4.4,

PROCEDURE A(3)- AGAINST THE IGC WHOSE "ON-GOING" AND REPEAT ACTS CONSTITUTE (1)

A DENIAL OF MEANINGFUL ACCESS TO THE COURTS; (2) A DELIBERATE INDIFFERENCE TO

AND CREATING A KNOWN SUBSTANTIAL RISK OF THREAT AND HARM TO GRIEVANT'S SAFETY

AND HEALTH; AND (3) A REPRISAL AGAINST GRIEVANT FOR HIS GRIEVANCE ACTIVITY.

   IN SHORT, THE IGC IMPROPERLY OBSTRUCTED AND OR UNNECESSARILY DELAYED AND

FRUSTRATED GRIEVANT'S VALID MEDICAL GRIEVANCE (MG) IN VIOLATION OF IGP 4.4 AND

ABSENT ANY LEGITIMATE PENALOGICAL OBJECTIVE. THE IGC IMPROPERLY AND UNILATERALLY

DENIED GRIEVANT ANY "MEANINGFUL REMEDY" THAT IN TURN CREATES AN ABSOLUTE BAR TO

GRIEVANT'S RIGHT TO MEANINGFUL ACCESS TO THE COURTS IN VIOLATION OF HIS CIVIL RIGHTS.

( CONT...)

**ACTION REQUESTED BY GRIEVANT:**_____
   (SEE LAST PAGE ATTACHED, PLEASE).

_____

_____

_____

GRIEVANT'S SIGNATURE: _David Williamson_    DATE:___ 12-30-05

WAS AN INFORMAL RESOLUTION ACCEPTED?    ____(YES)    ____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

**IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.**

**cc: INSTITUTION FILE**
   **GRIEVANT**

**April '97 REV**

-/-

Moreover, all of the above claims were committed in clear contravention to the IGP 4.4 and cannot be dismissed as inadvertence; however in contrast, was knowingly and intentionally committed against Grievant in reprisal for his grievance activities. Grievant offers the following facts in support:

Grievant became aware of the three most recent incidents on 12/27/05 (Tues. evening via In House Mail) when he received notice; however, these "acts" evince an on-going and pervasive pattern.

First, Grievant filed a Medical Grievance #21201 (MG) against the Medical care provider (MCP) dated 11/14/05, of which claimed their arbitrary and capricious denial of a Chronic-care Clinic (Clinic) that evinces CMS's deliberate indifference to Grievant's known serious medical condition. This incident occurred on 11/11/05. (See attached ex. at A-1). Grievant filed an Addendum to this MG dated 11/30/05 for a subsequent denial of the Clinic, however, added a claim of Retaliation (i.e. Reprisal) for Grievant filing MG #21201 against CMS personnel. This incident occurred on 11/29/05. The "Action Requested by Grievant" was for (1) "monetary damages," (2) CMS personnel training," and (3) "a timely correction of the repeat med interruptions: ("Damages will be negotiated at hearing or via CMS counsel").

The IGC improperly and unilaterally rejected the MG #21201 without forwarding it to the MCP fro either an Informal or Formal Hearing, but instead stated that the "IGC cannot authorize monetary damages."

I. IGC specifically provides: "...All medical grievances are referred directly to the contract medical care provider..." (IGP 4.4, at V. Purpose: A. 1.) Thus, summary rejection was "improper," because the IGC had no authority to obstruct Grievant's MG, and did violate IGP 4.4.

II. Also, the IGP 4.4 "...shall afford the grievant a meaningful remedy. Relief may include an agreement by the Warden/Warden's designee to remedy an objectionable within a reasonable, specified time period; change in institutional policy or practices; or restitution." (IGP 4.4 Procedure: A.2.). Thus, summary rejection was "improper," because the IGP 4.4 does not specifically prohibit monetary damages and besides "restitution" is synonymous with compensatory damages or the like. Moreover, it matters not whether the IGC authorizes monetary damages or not because it is a MG for a medical issue against the MCP – not against the institution or the IGC. In addition, Grievant requested CMS "personnel training" and a" timely correction..." as relief too, but these were arbitrarily and capriciously ignored, and even if the monetary request was somehow improper, the MG should have been forwarded "directly" to the MCP to effect a "meaningful remedy." Thus, we know the IGC committed several violations of well established and known IGPs 4.4, which cannot be dismissed as inadvertence. Reprisal is further solidified, however, when we consider the tail of two nearly identical medical grievances but with two very different outcomes: both claim deliberate indifference... and both request monetary damages as well as other corrective action. The IGC however summarily rejected Grievant's MG ostensibly due to his request for monetary damages but did forward MG (# 2/535   ) to the MCP regardless of his identical request of monetary damages. (See attached MG# 2/535  A-2). With all things being equal, however with a different outcome, it is clear that the IGC's stated reason is a pretext to mask this obvious "Reprisal" against Grievant (IGP 4.4  III. H. defines "Reprisal" as "Any action...against inmates... based solely on their participation...of the IGP.") Grievant has vigorously pursued his medical issues using the IGP and has improperly had three MGs summarily rejected and or improperly delayed in clear violation of IGP 4.4 etc. Thus, the intentional rejection of Grievant's MG based on both phantom GP rules and an obvious pretext constitutes reprisal in violation of IGP 4.4 and well settled case law.

IV. IGP 4.4 specifically acknowledges that claims must be administratively exhausted "before court petitions can be filed." (IGP 4.4 I. Procedure) and this is clearly established procedural law. Thus when the IGC improperly rejected and obstructed Grievant's MG, it did knowingly deny Grievant meaningful access to the courts in violation of his civil rights.

Second, Grievant's Addendum was subsequently summarily rejected by the IGC on 12/27/05 as attached to MG 21201 therefore all the above supporting facts and claims equally apply to the Addendum. (See attached ex. at A-1).

Third, Grievant filed two other MGs on 11/29/05: one for an acute knee injury (On-going w/ a likely permanent injury) and the other for the loss of two teeth (On-going w/ permanent and likely future injury). Both claimed deliberate indifference to Grievant's known serious medical needs, and like MG #21201 both were two pages each, stapled together, and the "Action Requested" sections "on all three" were completed at the conclusion

(Cont. from p. 2)

The section was complete! —identical to MG #21201— of which the IGC, in that case, did not seem to have any difficulty identifying the "Monetary Damage" request in the same section. Moreover, the IGC stamped "Received" just below the completed section in question on both! Incredibly, though, returned both stating that it had not been done! (See attached exh. B-1 & C-1, Original MGs).

IGP 4.4 states that "The IGC shall forward the grievance... within two days of receipt." (IGP 4.4 G. 1.). And it provides as the "Purpose" "... to reduce tension and to effectively resolve grievances... Every inmate will be provided a timely and effective means.... (IGP 4.4 I. Purpose). This act cannot be construed as timely and effective, nor does it serve to reduce tension when one is needlessly suffering a serious medical condition, however, is arbitrarily and capriciously delayed in violation of IGP 4.4 etc. Moreover, the ostensible unjustifiable reason stated by the IGC is a dubious and disingenuous attempt to frustrate and unnecessarily delay Grievant's opportunity to achieve a timely and meaningful remedy. This further evinces act of reprisal for there is no justifiable answer and no legitimate penalogical objective in the IGC inserting itself as an impediment etc. This clearly evinces bias held by the IGC. Such behavior shocks the conscience of a moral, ethical, and orderly society!

Lastly, Grievant's MGs are for deliberate indifference for his known serious medical conditions and the acts of the IGC improperly obstructing Grievant's meaningful remedies in contravention of the IGP 4.4, the IGC has aided and abetted in the aforementioned deliberate indifference... and has knowingly exposed Grievant to a likely and significant risk to his health and safety.

Grievant merely prays for timely and meaningful redress with the MCP for his several medical issues and wishes to avoid unnecessary entanglement with the Department or its Staff. Grievant prays that the below "Action Requested" is adopted in order to correct these many violations. Thank you.

Action Requested by Grievant: IGP 4.4 states: "Unresolved grievances are referred to Level II...." (IGP 4.4 at G. (b)). (1) Thus, these MGs are unresolved and should be referred to the MCP directly for a Level II resolution hearing. (2) The IGC responsible for the above acts shall be prohibited from any further involvement with these MGs or any further reprisals against grievant either directly or indirectly. (3) Grievant shall expect a written timely answer from the Warden/Warden's Designee within ten calendar days according to the IGP 4.4 V. Procedure A. 3.

David Williamson                                                    12-30-05
David Williamson                                                    Date

C.C. Bureau Chief Officer

-3-

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: D.C.C.

INMATE'S NAME: David Williamson

HOUSING UNIT: W-1 (L-12)

DATE SUBMITTED: 11-14-05

SBI#: 00183022

CASE #: 2120/

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: 11-11-05

TYPE OF MEDICAL PROBLEM:

Nov. 11, 05 (10:45Am) grievant - a chronic-care patient - was arbitrarily denied a "Chronic-care Clinic" by Ms. Ioma. The "clinic" was scheduled in response to a letter of complaint/notice that grievant filed 11-9-05 (A-1). Grievant inquired why he was being denied the clinic and Ist Ioma stated: "I'm not seeing you because you didn't come when you were supposed to." Grievant stated that he was not responsible for being tardy because the list posted in the housing unit did not include his name, but Ioma replied "I don't care, you will have to be rescheduled." (continued on page 2).

GRIEVANT'S SIGNATURE: David W-              DATE: 11-14-05

ACTION REQUESTED BY GRIEVANT: (See page 2)

DATE RECEIVED BY MEDICAL UNIT: _____

**RECEIVED**

NOV 2 1 2005

Inmate Grievance Office

NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.

( Page 1 )( EX- A-1 )( pg 1)

**FORM #585**

**MEDICAL GRIEVANCE**

$\gamma\sqrt{30}l$

FACILITY: _D.C.C._

INMATE'S NAME: _David Williamson_

HOUSING UNIT: _W·1, L·12_

DATE SUBMITTED: _11-14-05_

SBI#: _00/83022_

CASE #:_____

/////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: _11-11-05_ ( page 2 )

TYPE OF MEDICAL PROBLEM:

(See attached A-2 "Offender Activity Schedule" page 1 of 1) Grievant then
inquired: "So, I'm going to be denied my chronic-care clinic and be
punished because someone else omitted my name from the sick call
list, which is not my fault or responsibility?" Ioma nodded in
the affimative and restated that I would be rescheduled. Grievant
is concerned with avoiding yet another med interruption and filed the
Nov. 9,05 notice because CMS had already failed to schedule him in within
the 90 days cycle. Clearly denying treatment, wrongfully punishing patients,
and constructing malicious obsticles is more important to CMS and
its personnel than correcting on-going problems and providing adequate treatment.

GRIEVANT'S SIGNATURE: _David W_      DATE: _11-11-05_

ACTION REQUESTED BY GRIEVANT: _Because this behavior is blatent evidence
of CMS's deliberate indifference to Mr. Williamson's serious medical
needs, and because the grievance process has failed to correct this in-
difference grievant requests: monetary damages, cms personnel training, &
a timely correction to the repeat med interruptions. (Damages will be negot-
iated at hearing or via
cms counsel.√)_

DATE RECEIVED BY MEDICAL UNIT:_____

**RECEIVED**

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL
GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

NOV 2 1 2005

( page 2 )  ( EX. A-1 ) (pg 2) Inmate Grievance Office

David Williamson
SBI # 183022
W-1, L12
November ? , 2005

Mrs. Plante

Re: Chronic-care Medication Lapses/Refill Order

Dear Mrs. Plante:

Greetings, I am writing because my current 120 day allotment of chronic-care medications are due to end on 11/15/05; however, I have not been scheduled in for a Chronic-care "Refill" visit as is normal. I am concerned with avoiding another interruption in receiving my thyroid meds. In fact, since my last "Refill" order in July 05, I have experienced **four consecutive** med interruptions. This is in the wake of me recently exhausting the Medical Grievance procedure and receiving assurances that this problem would be corrected. It appears that my timely Appeal was indeed appropriate to challenge these hollow promises.

These repeat lapses cause an unnecessary resurgence in common symptoms (e.g. inflammation & hive-like reactions, chronic-fatigue, high cholesterol). For example, I suffer painful inflammation of my extremities (hands & feet, and face) as a result. This has left me in such pain I can barely walk, and I was bed-ridden just recently over the weekend. Moreover, it is now recognized that high levels of inflammation causes damage to the coronary system and is a major contributor to heart disease, yet I suffer this painful and dangerous inflammation on a regular basis due to repeat med interruptions. Also, I suffer chronic fatigue –as is common with this disease- that adversely affects my normal daily functions (e.g. inability to focus on work & college studies) and an inability to pursue and promote a healthy life style (e.g. engage in meaningful & necessary exercise etc). Then there is the incidence of high cholesterol, also common with my ailment. This concerns me greatly, because alone, they are difficult enough to live with; however, the combined effects of the inflammation, inability to consistently promote health, and build-up of cholesterol conspire to degrade and permanently damage my health unnecessarily. As you are aware, this type of medication is required to be taken consistently without lapses or its effectiveness is hindered, and every time I experience a lapse I suffer the pain of the inflammation and complications of the other common symptoms. I simply wish to avoid needless suffering.

Moreover, I find it troubling that the 120 day dosage allotment was instituted to avoid lapses by providing an additional 30 day med card as a cushion greater than the 90 day intervals between the Chronic-care "Refill" visits, yet the last refill interval and this one have both exceeded the 90 day cycles. This defeats the purpose entirely and has aggravated the problem of interruptions.

Still more troubling is that, of the most recent four consecutive med lapses I gave notice prior to the interruptions (e.g. Mrs. Plante, Dr. Alie, and CMS Pharmacy), however, I still experienced the med lapses. This is disturbing because on two of those occasions the pharmacy actually signed in and possessed these meds several days before dispensing them to me, and on the others the pharmacy carried Stock Supplies yet failed again to dispense them. Despite my notices, no one cared to follow up and see to it that when these meds were checked in at the pharmacy, that I am provided them; this behavior unnecessarily prolonged the interruptions. This is unacceptable.

In closing, I request that assistance from CMS personnel with avoiding yet another interruption. Also, since the Medical Grievance hearing was abused by CMS personnel and has clearly failed to rectify this on-going problem, I would request some follow up from the parties listed below.

David Williamson
c.c. Nikita Robins, DCJ
c.c. Thomas Carroll, Warden of DCC
c.c. Dr. Alie

A-1  (Ex. A-1)(pg 3)----

21201

42

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

_____ **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

_____ **Disciplinary Action**       _____ **Parole Decision**       _____ **Classification Action**

__✓__ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate Office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____ **Original Grievances** must be submitted to the Inmate Grievance Chairperson. Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

*I G C Is not A Coeert And Cannot Authorize Monetary Damages*

_____
Inmate Grievance Chairperson

12-16-05
Date

Received
12-16-05

(EX-A-1) (pg 5)

TO: Ms. L. Merson, IGC

From: David Williamson, #0183022 w 1, L-12

Re: Pending Medical Grievance

Date: 11-30-05


Ms. Merson, IGC:

    Grievant filed a Medical Grievance (dated 11-14-05) due to the arbitrary and capricious denial of a Chronic-care clinic, which evidences their deliberate indifference to grievant's known serious medical needs/condition. This grievance is still pending and no response or informal hearing has occurred as yet.

    Subsequent acts, however, that are directly related to the 11-11-05 incident (depicted in said pending 11-14-05 MG) evidences and establishes a pattern of continued and "on-going" deliberate indifference to grievant's serious medical needs, as well as actual malice and retaliation towards grievant for his exercising a protected right to seek redress.

    Because the facts below are continuing acts directly related to the above incident/grievance, filing another grievance would be considered a "duplicate" and dismissed like grievant's 8-30-05 Emergency Medical Grievance was. Therefore, grievant would request that this information be incorporated as an addendum to the pending MG. No prejudice will ensue because it has not been heard yet, moreover, respondents (health care provider) must be made aware and given an opportunity to correct this behavior.

(SX-B1)(PA1)

6. Grievant's name appeared on the medical schedule for Chronic-care Clinic again on 11-29-05 and while waiting grievant witnessed both Mrs. Plante and Ioma present.

7. Grievant inquired with the officer present about his clinic and the officer returned stating; "They're not going to see you today - you can go." Grievant replied that this clinic was already a reschedule and well past the normal 90 days interval at over 120 days, and that grievant was about to run out of meds.

8. The officer conversed with a nurse in the presence of grievant and she stated; "She's not here - he will just have to come back." "What about tommorrow?" inquired the officer. "She's out tommorow too, maybe later in the week," the nurse finished.

9. As stated, Ioma was present and it was she who grievant was schedule with for his denied 11-11-05 clinic of which he grieved her actions specifically. Yet Ioma was present again on 11-29-05 and grievant was again denied his scheduled Chronic-care clinic.

10. Moreover, Mrs. Plante is on Notice for the deliberate indifference claims regarding meds. lapses and was also present.

11. These acts will result in yet another intentional med lapse and evidence a continuing pattern and culture of deliberate indifference ..., do illustrate intentional acts of malice and retaliation.

David W_____      12-1-05      c.c. Tom Carroll, Warden
David Williamson                              c.c CMS at DOC
                                             (Ex. B1)(№3)

David Williamson
00183022, W-1, L-12
1181 Paddock Rd
Smyrna, DE 19977
December 19, 2005

To: Bureau Chief Officer
Re: Medical Grievance Appeal

Dear Bureau Chief Officer:

Greetings, enclosed is a handwritten Medical Grievance Appeal that Grievant offers as an alternative to the MGA form because the IGC is acting as an obstacle by improperly dismissing Grievant's Medical Grievance and also failing to provide the appropriate MGA form for appeal.

Until this act the Department of Corrections had clean hands, however, the improper acts of the IGC, which contravene G.P. 4.4 have exposed the DOC to liability for the unnecessary deliberate indifference to Grievant's known serious medical condition. However, this office has an opportunity to moot any potential liability simply by accepting Grievant's alternate handwritten MGA of which complies with a grievance appeal in all important matters, and thus exhausting the administrative procedure. Moreover, the obstacle created that forced Grievant to file this alternate MGA was created by the IGC itself and Grievant is nevertheless doing everything in his power to comply despite these impediments.

Thank you for your consideration in this matter.

David W _____                    12-17-05
David Williamson                   Date

<u>Medical Grievance Appeal</u>

Comes Now David Williamson, SBI # 0018302Z (Grievant here-
after) to file a timely Appeal to a frivolous and prohibited
unilateral dismissal of his properly filed Medical Grievance
(# 21201) by the IGC. This dismissal is without merit for
several reasons, and it does create an obstruction by the
D.O.C. to Grievant seeking a remedy to and for the
Medical Care Provider's (CMS hereafter) deliberate indifference
to his known serious medical needs and their intentional
retaliation against Grievant for seeking redress via the protected
Inmate Grievance Procedure.

Grievant offers the following in support:
1. First, Grievant is forced to file this long-hand
Medical Grievance Appeal (MGA hereafter), as opposed to utilizing
the # 584 C Form; the IGC failed to provide the MGA
Form to Grievant as required by the Grievance Procedure 4.4,
and Grievant's housing unit does not stock any MGAs. Also,
because the IGC has evidenced and created an obstruction
to Grievant's Medical Grievance, and intentionally failing
to provide the MGA, Grievant is filing the instant
alterative MGA directly to the Bureau Grievance Office thus
bypassing the IGC created obstruction.

2. Grievant filed his Medical Grievance 11-14-05, because
he was arbitrarily denied a "Chronic-care clinic" by Ms.
Ioma, of which the natural consequence is yet another
unnecessary chronic care meds lapse — in fact the fifth
consecutive lapse — and is a repeat, on-going, and continuing
act of deliberate indifference to Grievant's known

serious medical condition. Grievant requested as a remedy: monetary damages, CMS personnel training, and a timely correction of the repeat chronic-care med interruptions. (See Medical Grievance # 21201 at A-1)

3. Also attached to the grievance was a letter of "Notice" to CMS personnel that was given prior to the "first" denied Chronic-care clinic for med renewal and the fifth consecutive med lapse. (See same as above).

4. Grievant filed an addendum on or about 11-30-05 to the Medical Grievance # 21201 that recounted a subsequent repeat denial of a scheduled Chronic-care clinic, however, that likely was in retaliation for Grievant filing said grievance, which was evidenced by the fact that CMS personnel fabricated the reason for Grievant's cancelled clinic. Copies were filed with the IGC, CMS, and the Warden of DCC. (See Addendum at B-1).

5. Grievant received notice of the dismissal of his Medical Grievance # 21201 on Friday 12-16-05 via In-House Mail. The IGC indicated that "Requests are not processed through the grievance procedure ...." Also, the IGC wrote in that the "IGC is not a court and cannot authorize monetary damages." The IGC's dismissal was inappropriate, frivolous, and untenable under the Inmate Grievance Procedures 4.4 and well settled case law interpretting the same. (See attached IGC dismissal at M.G. A-1).

" 6. For example, DOC's Grievance Procedure 4.4 under Procedure A(1) ... All medical grievances are referred directly to the contract medical care provider and monitored by the Bureau of Prisons ... (2) ... procedures shall afford the grievant a meaningful remedy. Relief may

may include an agreement by Warden ... to remedy an
objectionable condition within a reasonable, specific time period;
change in institutional policy or practice; or restitution."
(See G.P. V. Procedure A(1) and (2) and Smullen v. Kearney,
C.A. No. 02-082-SLR, 2003 WL 21383727, at *2-3
(D. Del. June 13, 2003)(quoting D.O.C. Policy 4.4).

7. Thus, Grievant's Medical Grievance should have been
forwarded "directly to the contract medical care provider"
for their consideration of the remedies requested by
Grievant and not; however, improperly and unilaterally
dismissed by the IGC. Moreover, procedure 4.4. does
not bar or otherwise prohibit any of Grievant's requested
remedies, and assuming arquendo that any particular one
may be barred, it was still inappropriate to dismiss the
Medical Grievance because Grievant requested other alternate
remedies for consideration.

8. The IGC contravened G.P. 4.4 by failing to
forward "directly to the contract medical care provider"
and unilaterally and arbitrarily dismissing Grievant's Medical
Grievance for improper phantom deficiencies. The IGC did
create an obstruction to Grievant's properly filed Medical
Grievance that also rises to the level of deliberate
indifference to his known serious medical needs. In
addition, the IGC continued to create an obstruction to
Grievant seeking meaningful remedial action and or his
ability to exhaust administrative procedures by failing
to provide the MGA form — again in contravention of
G.P. 4.4. One must assume that the IGC is well
aware of the Grievance Procedures that it is charged with
adhering to; therefore, these acts of blatent contravention of

the established 4.4 procedures are a reasonable intrince of intentional acts.

9. Grievant has exhausted the administrative procedures relative to the initial four consecutive medication lapses and has received a token empty promise to correct the problem by CMS; however, he is currently experiencing his fifth consecutive med lapse which is the result of subsequent retaliation by CMS through the newly employed tactic of refusing Grievant the required Chronic-care clinics. Grievant properly filed a Medical Grievance articulating the subsequent yet new retalitory acts by CMS, however, it has been arbitrarily obstructed by the IGC, which is considered the Warden's designee. By all accounts the Department of Correction and the Warden and IGC have not only failed to seek a timely resolution to the articulated deliberate indifference to Grievant's serious medical needs, but has acquiesced and or actively assisted in the deliberate indifference and are as such liable. There is no legitimate penological objective found in any of the acts listed above.

10. Wherefore, because of the facts listed above, Grievant prays that this board accept the instant Medical Appeal as exhausting administrative procedures regarding the issue; and, ~~is~~ forward any other findings et cetera to Grievant in a timely fashion. In this way the Bureau Grievance Officer may moot the claims that Grievant has against the D.O.C., Warden, and IGC for their malfeasance.

David W_____  12-17-05
David Williamson

c.c. WARDEN OCC,
c.c. IGC,
c.c. CMS

-4-

50

# CERTIFICATE OF SERVICE

I David Williamson - the named Grievant - do attest and swear under penalty of perjury that I have placed the enclosed "Medical Grievance Appeal" dated 12-17-05 in a U.S Postal recepticle contained in W-1 Housing Unit's Mail Slot on 12-19-05, which is directed to the Bureau Chief Officer at the D.O.C. Offices at 245 Mckee Rd. Dover, DE 19904.    Also, True and Correct copies have been forwarded to the following parties:

    c.c. WARDEN T. Carroll at Delaware Correctional Center
         CMS Offices at 245 Mckee Rd.
         IGC at Delaware Correctional Center


David W_____                    Monday 12-19-05
David Williamson                  Date
00183022, W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

# EXHIBIT H

MEDICAL GRIEVANCE APPEAL

54

David Williamson _____  SBI: 183022 _____  Grievance # 23193

W-1, 1.12 1181 Paddock Rd., O.C.C. _____  3-10-06
_____  Today's Date

Date of Incident : 1-12-06

Facts: Williamson filed an Emergency Medical Grievance (EMG) on 1-12-06 because Grievant's tooth sheared in half, which if untreated will result in permanent injury. The IGC "McCreanor" (sp?) unilaterally rejected the EMG stating: "The IGC is not a court of law..." The IGC contravened the IGP 4.4, and has created an improper obstruction (i.e. prohibition), and has maliciously barred Williamson from seeking redress in the courts and the Grievance (Medical Process. Furthermore, McCreanor is the same IGC that improperly and unilaterally rejected three prior Medical Grievances, of which Williamson grieved the IGC's "reprisal" (i.e. adverse actions) to OCC's Warden and appealed that set of medical grievances and the reprisal claim against this same IGC. This appeal is still pending (dated 1-13-06) and Williamson incorporates the grounds listed in the 1-13-06 Appeal because both the IGC's malicious act (regarding #23193) is identicle and the grounds are identicle 1-13-06 Appeal. Williamson did not receive any hearing, and the IGC did not provide the standard Appeal Form, thus the long hand appeal. The IGC failed to forward the EMG to the health care provider, and failed to process the EMG in the required 24 hours. In fact, the IGC sp stamped "Received 1-17-06" for an EMG that was filed on 1-12-06; and made its own decision to reject the EMG on 1-26-06; and didn't provide Williamson's copy "EMG" until 3-8-06; and failed to consider the "three forms of injunctive relief. Action Requested: Damage has occurred, and Grievant should not have to jump through more capricious hoops.

Cont.

55

Cont.

Therefore, the medical & Emergency Medical Grievances
should be deemed exhausted as to the PLRA
requiremt. Because this malicious reprisal and or
unilateral rejection is an on-going violation, the IGC
is liable for creating the obstructions to the
Medical Grievance procedure and the obstruction to the
courts. Any decision to recycle these medical
grievances will only create an unnecessary delay
in treatment and cause Williamson to needlessly
suffer. Williamson cannot tolerate any such
decision, and absent, a ruling that these medical
grievances are propperly exhausted, Williamson will be
forced to seek redress in the courts against IGC,
McCreanor, and other staff who are involved.


David W_____          7-10-06
David Williamson


Post Script: Please return a complete (copy) of
the EMG and its dismissal #23193 because it
is the only copy and Williamson will require
a copy.

2

## FORM #585

## MEDICAL GRIEVANCE

FACILITY: DCC

DATE SUBMITTED: 1-12-06

INMATE'S NAME: David Williamson

SBI#: 00183022

HOUSING UNIT: W-1, L-12

CASE #: _____

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### SECTION #1

DATE & TIME OF MEDICAL INCIDENT: 1-11-06 (on-going)

TYPE OF MEDICAL PROBLEM:

Grievant was seen on 1-11-06 by Dr. Zimbull (spelling ?); the same CMS

dentist that saw Grievant on 12-07-05 for his recurring periodontal disea

-se (i.e. gum infections). This visit was in response to Grievant's

broken tooth and the emergence of yet another periodontal gum infection.

Dr. Z. acknowledged the broken tooth and stated: "a crown" was needed, but

that "we don't do that here." Dr. Z. refused the standard and needed treat-

ment based on non-medical criteria. Also, he intentionally misdiagnosed

Grievant's gum infection despite the existence of classic symptoms. He

refused to provide any pain meds or antibiotics, and only offered to extra-

ct the broken tooth. CMS/Dr. Z. evince deliberate indifference to my known
serious medical needs & exposes me to needless pain, suffering, & injury (permanent)
GRIEVANT'S SIGNATURE: Dave W          DATE: 1-12-06

ACTION REQUESTED BY GRIEVANT: 1) Crown or replace the broken tooth; 2) provide

replacements for thr four other teeth that Grievant unnecessarily lost; 3)

schedule routine gum/teeth cleanings at six-month intervals to treat perio-

dontal disease; and 4) provide monetary damages for the unnecessary pain,

suffering, and permanent injury that Grievant is experiencing.

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL
GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

David W. Williamson
SBI #183022, W-1, L-12
1181 Paddock Rd.
Smyrna, De 19977
March /6 2006

Inmate Grievance Chairperson (IGC)

Re: Medical Grievance Monitoring/Status

Dear Sir/Madam:

Greetings, Grievant filed a medical grievance for a broken tooth (in part) dated 1/12/06
for an incident (e.g. refusal to treat my painful, broken tooth despite acknowledging the
needed standard treatment in deliberate indifference to my serious medical needs);
however, I have not received any follow up.

It has been two months since I suffered the medical incident and filed the medical
grievance, and grievant would appreciate some appropriate follow up regarding this
matter. (i.e. treatment, informal hearing, status, etc.). It is inappropriate for the health care
provider to ignore medical grievances and or fail to address medical concerns in a timely
fashion, and grievant addresses this correspondence to the IGC, pursuant to IGP 4.4, due
to the fact that the IGC is responsible to forward medical grievances directly to the
contract health care provider and subsequently monitor for progress.

Thank you in advance for your assistance with this urgent medical matter.

David Williamson

c.c. D. Plante, RN

## FORM #585

## MEDICAL GRIEVANCE

FACILITY: ___DCC___

INMATE'S NAME: ___David Williamson___

HOUSING UNIT: ___W-1, L-12___

DATE SUBMITTED: ___1-12-06___

SBI#: ___00183022___

CASE #: ___23193___

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### SECTION #1

DATE & TIME OF MEDICAL INCIDENT: ___1-11-06 (on-going)___

TYPE OF MEDICAL PROBLEM:

Grievant was seen on 1-11-06 by Dr. Zimbull (spelling ?); the same CMS

dentist that saw Grievant on 12-07-05 for his recurring periodontal disea

-se (i.e. gum infections). This visit was in response to Grievant's

broken tooth and the emergence of yet another periodontal gum infection.

Dr. Z. acknowledged the broken tooth and stated: "a crown" was needed, but

that "we don't do that here." Dr. Z. refused the standard and needed treat-

ment based on non-medical criteria. Also, he intentionally misdiagnosed

Grievant's gum infection despite the existence of classic symptoms. He

refused to provide any pain meds or antibiotics, and only offered to extra-

ct the broken tooth. CMS/Dr. Z. evince deliberate indifference to my known
serious medical needs & exposes me to needless pain, suffering, & injury (permanent)
GRIEVANT'S SIGNATURE: _David W._____     DATE:___1-12-06___

ACTION REQUESTED BY GRIEVANT: ___1)Crown or replace the broken tooth; 2) provide

replacements for thr four other teeth that Grievant unnecessarily lost; 3)

schedule routine gum/teeth cleanings at six-month intervals to treat perio-

dontal disease; and 4) provide monetary damages for the unnecessary pain,

suffering, and permanent injury that Grievant is experiencing.

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL
GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

# EXHIBIT I

DIRECT GRIEVANCE APPEAL TO THE WARDEN/WARDEN'S DESIGNEE

GRIEVANT: David Williamson          SBI # 183022          Housing Unit: W-1-L-12

Date of Receipt of "Adverse Action": __6-7-06__

Regarding Grievance # __43863__

---

Authority: The IGP 4.4 authorizes a Grievant who has experienced any
"adverse action" (e.g. acts of reprisal) regarding his grievance
activity to file a "Direct Appeal" to the Warden/Warden's Designee
(W/WD) who shall offer a written reply within ten calendar
days of receipt of the Direct Appeal.

---

FACTS: IGC, McCreaner, continues a pervasive pattern of intentional
obstruction & outright denial of access to the grievance process (GP)
& denial of access to the courts by unilaterally & improperly
rejecting Williamson's meritorious grievances. These unilateral &
improper rejections are in violation of the IGP 4.4 and thus
lack authority and have no legitimate penological objective.
The IGC rejected Williamson's grievance # 43863 and erroneously
stated that monetary damages were not authorized. (See A·1) But
Williamson requested "restitution" and IGP 4.4 specifically
authorizes such a request. Moreover, the IGP 4.4 does not
prohibit one from requesting monetary or damages either and the
IGC's stated reason is without authority and is merely a pretext
to deny Williamson access to the GP in violation of his rights. Note
that this is the same IGC who has already rejected three prior
medical grievances and a subsequent "reprisal" grievance against
the IGC that were filed by Williamson. The pattern of reprisal
continues unabated. Lastly, the U.S. Supreme Court has mandated that
a Grievant must request all "relief" on the grievance regardless of
the GP providing/authorizing the relief requested (e.g. money awards).

Action Requested: Correct these acts of reprisal & process Grievance # 43863

Received
6-7-06

## FORM #585

## MEDICAL GRIEVANCE

FACILITY: DELAWARE CORRECTIONAL FACILITY          DATE SUBMITTED: 5/17/06

INMATE'S NAME: DAVID WILLIAMSOM          SBI#: 00183022

HOUSING UNIT: W-1, L-12          CASE #: 43863

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### SECTION #1

DATE & TIME OF MEDICAL INCIDENT: 5/16/06

TYPE OF MEDICAL PROBLEM: CMS is denying Williamson access to the courts and exposing him to retribution for Williamson's MG activity. Williamson received on 5/16/06 a rejection from Mr. Altman (CMS Ombudsman) regarding his request of his personal medical records. Specifically, Williamson filed -using a CMS Medical Record Request- form his medical records: dental records, labs, reports, referals, etc...., however, CMS refused the reqest and stated that the records would be made available -only- upon Williamson's release from prison. This is unacceptable. Williamson has a riht to his medical records, has signed the appropriate release/power of attorney, and is acting pro se in an action naming CMS (filing will occur in late May), as a Defendant for their Deliberate Indifference to Williamson's serious medical needs/conditions. Williamson's attorney would not or could not be denied the same request, and because Williamson is acting as his own attorney, he too must have access to the same records. CMS is acting and has acted to obstruct Williamson's access to the courts, and this is evidence of the same strategy to deny Williamson this protected access. CMS continues to evince adverse actions/retribution agianst Williamson for his grievance activity and procted rights pursuits. Moreover, these records are compiled by an AGency "DOC" and are subject to the Freedom of Information Act, and therefore are accessable by Williamson.

GRIEVANT'S SIGNATURE: _Dave N_          DATE: 5-17-06

ACTION REQUESTED BY GRIEVANT: Provide the requested records; provide any applicable damages, and or fees (restitution) for the costs of any subsequent litigation costs in recovering the records.

DATE RECEIVED BY MEDICAL UNIT: _____

RECEIVED

MAY 18 2006

Inmate Grievance Offic

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

**Instructions for Submitting a Regular Grievance**

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

\_\_\_\_    **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

\_\_\_\_    **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

\_\_\_\_    Disciplinary Action        \_\_\_\_    Parole Decision        \_\_\_\_    Classificatbn Action

\_\_\_\_    **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate Office to secure the information that is requested.

\_\_\_\_    **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

\_\_\_\_    **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

\_\_\_\_    **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

\_\_\_\_    **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

*IGC DOES NOT AUTHORIZE MONETARY DAMAGES.*

*THIS IS NOT A MEDICAL GRIEVANCE*

Inmate Grievance Chairperson

6-2-06
Date

FINAL GRIEVANCE APPEAL TO THE BUREAU CHIEF

Grievant: David Williamson,

Housing Unit: W·1, L·12 ,

Case No. 64823 ,

SBI# 183022

Institution: O.C.C.

Date of Receipt of Adverse Action 10·20·06 (Friday)

Authority: The IGP 4.4 provides a grievant, which experiences any "adverse action" (i.e. acts of reprisal), regarding his grievance activity, the opportunity to file a "Direct Appeal" (DA) to the Warden/Warden's Designee (W/WD) who in turn shall provide a written reply within ten calendar days of receipt of the DA . Also, the IGP specifically states that no-one named in any "reprisal" grievance shall take part in "any" aspect of the grievance decision, and finally, it authorizes a final appeal to the Bureau Chief. This is the final appeal to the Bureau Chief due to the W/WD's unsatisfactory resolution of the reprisal grievance (i.e. DA). This form was created in lieu of an Appeal Form due to the fact that Grievant was denied the grievance process, denied any of the requisite grievance hearings, and denied any Appeal Forms as a result, however, grievant makes every effort to comply with the GP.

Facts: Grievant filed grievance # 64823 claiming improper delay/obstruct-ion and or intentional mismanagement of his Emergency Medical Grievances. (See D·1)

It was unilaterally, summarily, and improperly rejected by IGC McCreanor on 9-8-06; however, Grievant did not receive notice of McCreanor's Adverse Action until Friday 9-22-06. Grievant immediately filed a "Direct Appeal" of this latest Adverse Action to Deputy Warden Pierce (W/WD) on 9·23·06 as another example of an "additional improper rejection of grievances by McCreanor" to be re-opened in accord with the agreement struck regarding Reprisal Grievance 64863. (See E·1) Grievant received a belated decision from the W/WD on 10·20·06 of which refused to re-open the improperly rejected grievance. Said refusal breaches the agreement and

(Cont. at p.2)

(1)

OCT 27 2006

RO scanned

Facts: (Cont. from p. 1)

continues to intentionally deny Grievant meaningful access to the Administrative Grievance Process (AGP) in violation of the IGP 4.4 and Grievant's constitutionally protected rights (e.g. denial of meaningful access to the courts and equal protection of the law, and continues the prohibited adverse acts of reprisal. (See E.1 for W/WD's final decision that omits - (i.e. refuses to re-open) this properly filed but improperly rejected grievance).

Grievant is and continues to be denied access to the AGP; is and continues to be subjected to McCreanor's unfettered adverse acts that equate to prohibited reprisal; is and continues to be denied meaningful access to the courts as a result of being precluded the ability to complete the administrative process — through no fault and despite Grievant making every effort to comply and making countless efforts to notify the D.O.C.'s of the clear need to correct this shocking behavior. and is and continues to endure these clear violations because the notified and knowledgable DOC Officials: Commissioner S. Taylor, Bureau Chief P. Howard, Warden T. Carroll, and D.W. Pierce refuse to correct the on-going behavior.

Action Requested: (i) re-open and process #64823 however, through an "Outside Review" because it encompases both claims of Reprisal and questions regarding legal determinations; and (ii) provide damages; and (iii) bar McCreanor from processing Grievant's grievances; and (iv) provide relief listed in #64823.

Nave N ~

10-22-03

Date

(2)

Exhibit D - 1

**FORM #584**

**GRIEVANCE FORM**

FACILITY: Delaware Correctional Center    DATE: 8-15-06

GRIEVANT'S NAME: David Williamson    SBI#: 00183022

CASE#: 64823    TIME OF INCIDENT: Ongoing & Pervasive

HOUSING UNIT: W-1, L-12

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES. Grievant claims that he has had several Emergency Medical Grievances (EMG) improperly delayed/obstructed — without any legitimate penological objective and absent any legitimate medical criteria — and that the intentional mismanagement of EMG(s) results in an unnecessary inordinate delay/denial of needed medical care. The latest incident occurred on 8-10-06 and it regarded EMG # 59170. (See Affidavit at item #2). (See below at page 2 for specific details of incident). This grievance, however, seeks both a determination of whether CMS or D.O.C. is "legally" responsible for Medical Grievances (e.g. EMG) and a "policy change" to correct the ongoing and pervasive mismanagement of medical grievances. Thus "Outside Review" is warranted. (CONTINUED PAGE2)

ACTION REQUESTED BY GRIEVANT: (i) Determination/acknowledgement of which enity is ultimately responsible for the handling and resolution of medical grievances (especially EMG(s)) and if responsibility is indeed joint outline each parties responsibilities; (ii) Institute a "policy change" that all EMG(s) filed must be processed & forwarded immediately to health care provider for determination of medical emergency and appropriate follow up.

GRIEVANT'S SIGNATURE: David W    DATE: 8-15-06

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE

RECEIVED

cc: INSTITUTION FILE
    GRIEVANT

AUG 21 2006

Inmate Grievance Office

April '97 REV

<u>Continued from Grievance Form # 584 (dated 8-15-06)</u>

Specifically, Grievant filed EMG 59170 on 7-31-06. Normally the IGC collects grievances daily mon-Friday from the housing units, so Grievant's EMG was likely collected on Tues. 8-1-06. The IGC failed to forward the EMG until 8-8-06. This is in contravention of the Inmate Grievance Procedure 4.4 (IGP). The IGP mandates that "all medical grievances are referred directly to the contract medical care provider" (CMCP). It also mandates that EMG(s) require review for a determination of whether an emergency exists, and if so, attention to the matter is required within 24 hours. If it is determined that no emergency exists, then the EMG proceeds as normal. Whether any emergency – medical – exists or not is a matter for medical personnel (i.e. CMCP), and the IGP necessarily requires the CMCP make a finding of such within 24 hours. However, the IGC did not refer the EMG directly to the CMCP for any timely medical determination of this sort. Alternatively, as is the prevailing custom/policy, the IGC unilaterally decided to disregard IGP regarding EMG(s) and processed Grievant's EMG as a normal medical grievance. In fact, Grievant filed one EMG # 23193 because his tooth sheared in half and was acutely painful, and in this case the IGC unilaterally rejected the EMG without ever forwarding it to the CMCP. The IGC's action constitutes a constructive decision that no emergency medical condition existed, but the IGC is neithe medical staff or medically qualified to make such medical findings. However, Grievant believes CMS is ultimately responsible for medical care and medical grievances so Grievant sought clarification at the 8-10-06 hearing from CMS rep. Debbie Rodweller. Rodweller denied CMS was responsible for mishandling Grievant's EMG and stated that the Department of Corrections was responsible. (See Affidavit at items 3-8).

Dave N

## AFFIDAVIT OF DAVID WILLIAMSON

1. I, David Williamson, am the Affiant listed above and do depose the following:

2. On 8-10-06 Affiant attended an Informal Grievance hearing before CMS medical employee Debbie Rodweller regarding an Emergency Medical Grievance (EMG) # 59170 that Affiant had filed on 7-30-06.

3. Affiant inquired about who was responsible for not processing Affiant's EMG by stating: "I am a chronic-care patient, I receive chronic-care medication; however, I experienced my tenth consecutive but avoidable chronic-care medication interruption — an interruption that lasted eight days — and I filed an [EMG] on 7-30-06. EMGs are to be reviewed within 24 hours. Why was my EMG delayed? Why was it not reviewed and who was responsible for deciding that this matter was not an emergency?

4. Debbie replied: "You have to talk to the Department of Corrections about that. I didn't receive it until 8-8-06 — see here." [Debbie directed Affiant's attention to date rec'd by medical dep't.].

5. Affiant asked: This is a medical grievance, and I believe CMS's contract stipulates that CMS is responsible for all medical care and medical grievances — that the contract absolves D.O.C. from responsibility or liability? Are you now telling me that CMS is not responsible for the handling and resolving of medical grievances?

6. Debbie replied: "D.O.C. processes these grievances — you have to see them about it — it wasn't my decision — they [D.O.C.] did it."

7. Affiant continued: "If CMS is ultimately responsible for medical grievances, then the IGC is merely acting as a defacto agent, and CMS cannot avoid its duty to manage medical grievances appropriately?"

8. Debbie finished: "I can't help you with that — file a grievance."

9. The above is True and Correct.

Signed and Sworn on this 10 day of August 2006 before me.

David Williamson
David Williamson

Notary Public

Exhibit E-1

David Williamson
SBI # 183022
W-1, L-12
September 23, 2006

Deputy Warden Pierce
RE: IGC, McCreanor's Unilateral Rejection of Grievance #64823

Deputy Warden Pierce:

McCreanor is continuing his acts of reprisal against me — grievant — by intentionally disregarding well established grievance procedures (IGP 4.4) and intentionally disregarding repeated counseling for the same improper behavior. This behavior — which is accurately characterized as adverse acts — was recently addressed in my "Reprisal" grievance (#64863) that was filed against McCreanor, et al. Consequently, I now present this "Direct Appeal" to the Warden/Warden's Designee — specifically to you, Deputy Warden Pierce, to address McCreanor's continuing "adverse actions" in accord with the agreement of grievance #64863. This latest rejection is clearly an "adverse action" because it is not supported by IGP 4.4 authority, and in fact, violates IGP 4.4; it is not supported by any legitimate penological objective, and it violates my right to seek meaningful redress.

In short, McCreanor unilaterally and summarily rejected #64823 and it is appropriate to reverse his adverse act — not only in accord to RG #64863 — but also for several other compelling factors:

First, 64823 grieved the mismanagment of Emergency Medical Grievances (EMG) as on-going and gave at least two examples (#23193 & #59170 EMG(s)). It was filed on 8-15-06 — shortly after the most recent incident — was improperly rejected on 9-8-06; however,

I was not provided the rejection until Friday evening 9-22-06. (See attached copy of #64823). The AG agreement was also formulated on 9-8-06 and it invited consideration of any "addition grievances" that "were improperly rejected ...." The 9-8-06 rejection of #64823 is also improper and warrants re-opening and I regret not having the opportunity to provide this with the prior package, but again it was not given to me until 9-22-06.

Secondly, McCreanor's unilateral and summary rejection is troublesome for several reasons and nevertheless warrants reversal:

1. McCreanor substituted his own judgment on the merits of my issue for that of established grievance procedure. The IGP 4.4 does not invest the IGC with authority to unilaterally render judgments and pronouncements on the merits of grieved claims. Moreover, decision on the merits is appealable, but I was not provided any informal resolution, any informal or formal hearing, nor any appeal form. Also McCreanor's decision disregards the facts and disregards the relief requested. This is clearly improper.

2. McCreanor's adverse action reeks of impropriety and reprisal. For example, McCreanor has been counseled regarding his improper rejections of grievances, yet continues to disregard IGP 4.4 and the corrective response to them. Moreover, grievance #64823 was generated in response to CMS's self-serving claim against the Department (D.O.C.). CMS did not dispute my claim that my EMG had been mishandled, but instead attempted to shift blame to the D.O.C. for the mismanagement. However, I believe CMS' claim is false because the IGP 4.4 and CMS' contract appears to either expressly or implicitly hold CMS responsible for the determination and treatment of medical emergencies. That is why I requested a determination of who the responsible party is – by an outside review board– among other relief. Instead of processing and or investigating the matter, McCreanor simply made his own

determination by fiat. If cms' self-serving claim is truthful, then McCreanor's improper suppression of my grievance would clearly be a conflict of interest, because the claim of EMG mismanagement would be against the IGC. The IGC is not to take part in any decisions regarding grievances that involve the IGC. The IGP 4.4 is clear in this respect. But, of course, we do not know who is responsible for the medical management of EMG(s) — particularly the needed determination of whether a medical emergency is indeed present, which triggers treatment within "24 hours" as regulated by the IGP 4.4 — because McCreanor's improper rejection avoided the issue and requested action.

Lastly, if the D.O.C. were to adopt McCreanor's unilateral pronouncement — that my EMG(s) were properly handled — then the D.O.C. willingly accepts responsibility for making determinations of whether a medical emergency existed or not and any potential liability for harm done. For example, EMG # 23193 noted that my 'tooth sheared in half', however, the IGC rejected it without ever forwarding it to the medical care provider, cms. Also, EMG # ~~11182~~ 59170 noted repeated interruptions in my "Chronic-care" medications, but was not provided to the medical care provider for seven days. As such, the IGC made a defacto determination that no medical emergency existed. The IGC, however, is not a member of the medical staff, nor is the IGC medically qualified to make such determinations. It is unclear why the D.O.C. would permit the IGC to substitute his/her own unqualified determination for that of the contracted medical care provider; and thus, expose the D.O.C. to liability for harm done based on said determination. I believe that cms is ultimately responsible, and that is why I sought the relief requested in my improperly rejected grievance (#64823).

In closing, I look forward to your decision to re-open it or not.

Dave W

David Williamson                    -3-