David Williamson
SBI #183022, W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977
October 26, 2006



Honorable Judge Sue L. Robinson
RE: Williamson v. CMS, et al (CA 06-379-SLR)

Your Honor:

    Williamson, pro se plaintiff, respectfully requests clarification of the Court's (10/06/06) Order granting Williamson's motion for leave to amend plaintiff's complaint. The Court granted Williamson's prayer and ordered: "Plaintiff's motion for leave to file an amended complaint (DI 15) is granted and *the amended complaint is filed instanter.*" (See Attached B- Court's Order at item 2, p. 2) (emphasis added).

    However, Williamson requested that the amendment (DI 15) be filed as "relating back" to the July 18, 2006 filing date of Plaintiff's prior supplemental complaint (DI 9). (See attached A-Motion for Leave to Amend… at items 9-10). Williamson offered in support that defendant CMS prevented plaintiff from adding the amended information in the prior supplemental filing –which was the primary amendments absent spelling corrections- and plaintiff provided CMS's refusal letter to provide plaintiff's medical records (See A at items 7-8)

    In addition, Williamson claimed substantial prejudice if the Court was disinclined to grant this prayer of filing the amendment as "relating back" (See A at items 9-10), and finally plaintiff requested in the "WHEREFORE" section that "If the Court, however, is not persuaded to grant the request to "relate back" these amendments to the July 18, 2006 filing date, then Plaintiff regretfully, simultaneously withdraws the instant motion…. (A at Wherefore).

    Consequently, Williamson requests clarification of the phrase "filed instanter" as it relates to the granting of his motion for leave to amend (i.e. whether plaintiff's concurrent request to file the amendment as 'relating back' was indeed granted?).

    Thank you for your time, consideration, and patience with this pro se plaintiff.

Respectfully,

David Williamson

I/M David Williamson
SBI# 183022   UNIT W-1, L-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. District Court
Clerk of Court
844 King St., Lockbox 18
Wilmington, DE
         19801



# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, <br>    Plaintiff <br> v. <br> CORRECTIONAL MEDICAL SERVICES, Inc., et al, <br>    Defendants | ) <br> ) Civil Action # 06-379-SLR <br> ) <br> ) <br> ) <br> ) |

## MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT

COMES NOW, pro se, Plaintiff pursuant to the appropriate Court rule and does hereby request leave from the Court to amend His complaint to correct certain material spelling mistakes and clarify the ambiguous phrase "reasonable medical exam" with newly discovered material. Plaintiff offers the following:

1. Plaintiff is a pro se friend of the Court and requests pleading leniency under Haines v. Kerner, 404 U.S.519, 92 S.C.T. 594 (1972).

2. The Court docketed Plaintiff's complaint on or about June 21, 2006.

3. The Court accepted docketed Plaintiff's Supplemental Complaint, which added a new defendant, on or about July 18, 2006.

4. Defendants have not yet been served; as such, have not yet filed any responsive pleadings to date. Defendants face no prejudice if Plaintiff's reasonable request is granted by the the Court.

5. In fact, by granting the few corrections listed below, and which are reproduced in the Amended Complaint, defendants will be aided by having a more clarified complaint and will avoid the risk of responding to incorrect or incomplete statements.

6. Plaintiff comes in good faith, not to create undo delay, and does not add any additional defendants or claims, but merely corrects material spelling mistakes and clarify said phrase.

7. Indeed had defendant CMS not refused to provide plaintiff's request for his medical records, etc. regarding his knee injury, Plaintiff would have likely received the pertinent knee exam information. (See exhibit A-CMS Denial).

8. Plaintiff did not receive the knee exam information (e.g. Lachman test, valgus stress test, and anthrometer test) until He contacted an outside doctor who had subsequently examined Plaintiff (Dr. DuShuttle). Doctor DuShuttle provided the information of what constitutes a reasonable knee exam in August 06, sometime after the July 06 Supplemental Complaint was filed and docketed. Plaintiff took every reasonable effort to avoid any inconvenience to the Court and is not responsible for failing to clarify the phrase "reasonable medical exam" with information not yet in his possession.

9. Moreover, Plaintiff faces substantial prejudice in the event the Court is not inclined to grant Plaintiff's amendments as "relating back" and consequently leaves the filing date unchanged at July 18, 06. For example, if the filing goes beyond July 26, 06 then Plaintiff would likely have part or all of his knee injury claim barred by the applicable statute of limitations. The interest of justice would thus be thwarted and Plaintiff would be forced to withdraw the instant motion to avoid possible irreparable prejudice.

10. In addition, it is appropriate to accept these amendments as "relating back" under Fed. R. Civ. P, Rule 15..., and or any applicable federal and Delaware Local rules or case authority, because Plaintiff only corrects five individual clerical errors and clarifies a phrase; however, none of which adds any new claims, defendants, or expands time frames. All corrections relate back to the existing complaint.

11. Below is a list of all additions/deletions (the former is underlined and the latter is bracketed with a strikethrough) in accord with local rules.

Corrections to July 18, 2006 Complaint

12. [Alterior] corrected to Anterior at page 30 paragraph 99 c).

13. [Hauqu] corrected to Hauqu's at page 33 paragraph 109.

14. the following was intended to clarify "reasonable medical exam" at page 33 paragraph 109:

For example, knee injuries of this type require a doctor – at the minimum – to perform a Lachman test and a valgus stress test. Both of which are hands-on exams that do not require any special equipment. Plaintiff received neither physical exam from Alie, thus defendant's exam was a "non-exam". Also recommended is the anthrometer test, which is used to measure stability of the injured knee. It too, was not performed.

15. Deleted from page 34 paragraph 110 was [CMS].

16. Corrected was [stops] to steps on page 37 paragraph 124.

17. Inserted on page 37 paragraph 128 was the article a between the words "allow" and "passing."

WHEREFORE, Plaintiff prays that this Honorable Court grants the instant request to "relate back" the proposed amendments to His complaint in the interest of justice. If the Court, however, is not persuaded to grant the request to "relate back" these amendments

to the July 18, 2006 filing date, then Plaintiff regretfully, simultaneously withdraws the instant motion for leave to amend.

The above is true and correct and Plaintiff signs this under penalty of perjury.

*David W* —                                                   9-22-06

David Williamson                                              Date
SBI#183022,W-1,L-12
1181 Paddock Rd.
Smyrna, DE 19977

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON,            )
                                )
        Plaintiff,              )
                                )
    v.                          ) Civ. No. 06-379-SLR
                                )
CORRECTIONAL MEDICAL SERVICES,  )
INC., C. MALANEY, DONNA         )
PLANTE, MAGGIE BAILEY, CHUKS    )
IHUOMA, DR. S. ALIE,            )
DR. ZIMBULL, MICHELLE           )
ROBINSON, JUANITA CLARK,        )
DENTIST JANE DOE and FIRST      )
CORRECTIONAL MEDICAL,           )
                                )
        Defendants.             )

**ORDER**

At Wilmington, this 6th day of October, 2006;

Plaintiff, who proceeds pro se, moves the court for leave to file an amendment to the amended complaint. (D.I. 15) He advises the court that the amendment clarifies his claims. "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The motion will be granted.

Plaintiff also advises the court that he is unable to comply with the court's order dated September 19, 2006 (D.I. 12) to provide copies of the complaint, amended complaint and interrogatories for service on the defendants as he no longer has

copies of same. (D.I. 13) Therefore, plaintiff will be provided with one copy of each of the following documents: the complaint (D.I. 2), the amended complaint (D.I. 9), the motion for leave to docket and process plaintiff's complaint that names a Jane Doe defendant and has presently incomplete unknown address information for some secondary defendants (D.I. 3), and the interrogatories propounded to defendants (D.I. 4). Plaintiff is reminded that he is responsible for providing the correct number of service copies to the court.

IT IS THEREFORE ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Plaintiff's motion for leave to file an amended complaint (D.I. 15) is **granted** and the amended complaint is filed instanter.

3. The clerk of the court is directed to provide to plaintiff one copy of each of the following documents: **the complaint (D.I. 2), the amended complaint (D.I. 9), the motion for leave to docket and process plaintiff's complaint that names a Jane Doe defendant and has presently incomplete unknown address information for some secondary defendants (D.I. 3), and the interrogatories propounded to defendants (D.I. 4).**

4. This order shall supplement the court's service order (D.I. 12) dated September 19, 2006.

5. Plaintiff shall provide the court with the requisite number of copies of the most recent amended complaint (D.I. 15) for service upon defendants.

6. Upon receipt of all required documents, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), the amended complaint (D.I. 9), the motion for leave to docket and process plaintiff's complaint that names a Jane Doe defendant and has presently incomplete unknown address information for some secondary defendants (D.I. 3), the interrogatories propounded to defendants (D.I. 4), the amended complaint (D.I. 15), the court's September 19, 2006 order (D.I. 12), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon defendant(s) identified in plaintiff's 285 forms.

_____
UNITED STATES DISTRICT JUDGE