
ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON,       ) | |
|    Plaintiff,       ) | |
| v.       ) | C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al,       ) | |
|    Defendants.       ) | |

FILED
JAN 22 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, David Williamson, pursuant to 28 U.S.C. section 1915(e)(1) and any other authority, requests this court appoint counsel in this case for the following:

1.    Williamson's case has legal and factual merit (See Aff'd below at 2-3);

2.    Williamson's ability to present his own case is greatly impaired by his medical conditions. (Id at 4);

3.    Williamson's case is uncommonly complicated. (Id at 5);

4.    Williamson's case requires the testimony of a medical expert. (Id at 6);

5.    Williamson's case requires extensive discovery. (Id at 7);

6.    Williamson's facts will be strongly disputed and credibility will be a key issue in this case. (Id at 8);

7.    Williamson is unable to afford professional counsel, though he has unsuccessfully attempted to solicit counsel on numerous occasions. (Id at 9);

8.    Williamson requires counsel to effect meaningful, good faith settlement negotiations with multiple defendants. (Id at 10); and

9.    Williamson requires counsel to assist him realize service of process on several hard to find defendants and avoid unnecessary prejudice.

WHEREFORE, as set forth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of Williamson's claims, combine to support the appointment of counsel.

*David W* [signature]                                                                 1-17-07
David Williamson, SBI #183022                                               Date
DCC
1181 Paddock Rd.
Smyrna, DE 19977

## CERTIFICATE OF SERVICE

I, David Williamson, the pro se plaintiff in C.A. No. 06-379-SLR, do hereby declare under penalty of perjury that I have caused to be delivered a true and correct copy of the following documents:

1. *Motion for App't of Counsel & Memorandum*

2. *N/A*

By placing same in a U.S. postal receptacle on this *17* day of *January* 200*7*, and Addressed to the following parties:

Amy A. Quinlan, Esq.
Morris James LLP
C/O Correctional Medical Services, Inc.
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494

First Correctional Medical, Inc     *N/A*
*205 Giaconda Way*
*Suite 115*
*Tucson, AZ 85704-4350*

*[signature]*
David Williamson, SBI #183022
DCC
1181 Paddock Rd.
Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| Plaintiff, | ) |
| v. | ) C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) |
| Defendants. | |

AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

1. I, David Williamson, of Delaware in the county of New Castle, am the Plaintiff in the above captioned case, and this Affidavit is offered in support of Plaintiff's motion for appointment of counsel.

2. Plaintiff's complaint alleges –in pertinent part- that he suffers from several objectively serious diseases/conditions (e.g. thyroid and periodontal disease, ruptured ACL, and a broken tooth that was repaired with an admittedly substandard temp procedure). It further alleges that defendants –both individuals and corporations- were knowledgeable of Plaintiff's objectively serious medical diseases/conditions, but that they deliberately denied Plaintiff adequate care; deliberately provided substandard care; and or deliberately created an inordinate delay in providing the needed care. That defendants' acts did create a substantial and likely risk to Plaintiff's health and well being, did cause Plaintiff permanent injuries, did adversely impair Plaintiff's normal daily functions, and did unnecessarily cause Plaintiff pain and suffering. That defendants' acts, however, were devoid of any legitimate medical or penological factors.

Also, that certain defendants engaged in retaliation against Plaintiff in a direct response to his efforts to seek redress for the above deliberate indifference (D.I.) when Plaintiff utilized the administrative grievance procedure (AGP). The retaliation had the effect of denying Plaintiff access to the AGP; precluding him from exhausting his claims within a reasonable and timely fashion in violation of AGP regulations; and as such, attempted to deny Plaintiff meaningful access to the courts in regards to some of his D.I. claims. Indeed, Plaintiff had to employ extraordinary means to force the Delaware Department of Corrections (DDOC) to intervene (i.e. re-open the reprisal grievance against CMS employee/defendant Ihuoma), and had Plaintiff not been successful, then

defendants would have succeeded in their attempt to manipulate the AGP and deny him access to the courts.

3.     Accordingly, Plaintiff's claims satisfy the requisite elements of D.I. to his serious medical needs and retaliation claims; they are also supported with sufficient facts; and therefore, Plaintiff's case has legal merit. It is likely to withstand any motion to dismiss or summary judgment.

4.     Plaintiff's ability to present his own case is impaired due to his medical conditions: thyroid disease causes Plaintiff to suffer the following chronic symptoms:

    a) Acute chronic fatigue and mental impairment (e.g. difficulty with concentration and focus);

    b) Acute mental and emotional distress; and

    c) Acute depression and anxiety, etc.

(See D.I. _____, Memorandum in support of TRO/PI at Statement of Facts).

Indeed, Plaintiff's ability to prosecute his own case is greatly hindered by the impairment of his normal daily functions, which are caused by his serious medical conditions. Also, Plaintiff's ability to prosecute his own case is aggravated by the utter lack of meaningful access to the law library, which ranges form an average of one and one-half to three hours a week, and that is assuming that Plaintiff is not bumped from the list due to seating shortages. Unfortunately, the prison's law library is woefully inadequate to handle the prison population, and it does not provide any type of mail order system whatsoever to compound inmates. (e.g. Plaintiff).

5.     Plaintiff's case is uncommonly complex due to the following:

    a) It involves several different legal claims with each claim involving a different set of defendants (eleven total defendants) and sorting out personal involvement will require professional representation;

    b) It involves two corporations as defendants who were alternately contracted to provide health care to the DDOC, and complex issues arise over cooperate liability, contractual liability or responsibility, personal involvement (i.e. custom/policy), and some claims may overlap due to a continuing violation and or pose complex issues regarding date of discovery, etc;

-2-

-2-

    c) It involves complex statute of liability issues in that the continuing violations/date of discovery span four years and determining tolling, etc. is beyond the skill set of this pro se Plaintiff;

    d) It involves nine other individual defendants –some present and some past employees of said corporations- and most are doctors or health care professionals that will require expert testimony and cross-examination of multiple defendants that are beyond the skill set of this pro se Plaintiff;

    e) It involves complex legal theory/elements of State of Mind, of which is beyond the skill set of this pro se Plaintiff;

    f) It involves complex factual issues that require the specialized knowledge of a medical expert; and

    g) It involves corporate health care defendants who will likely present their own medical experts; however, effective trial/cross examination of expert witnesses is beyond the skill set of this pro se Plaintiff.

6.    Plaintiff's claims require the testimony of a medical expert to (a) counter state official's expert witnesses; and (b) to have an independent expert with specialized knowledge to assist the trier of fact to understand the evidence or to determine a fact in issue.

7.    Plaintiff's claims/case will require extensive discovery:

    a) Because some claims span several years, for example, one claim spans four years (2001 - 2005) as a continuing violation, and which ultimately caused the permanent injuries;

    b) Because Plaintiff's medical claims involve separate and distinct diseases/conditions; all of which cause separate and distinct symptoms/health risks; all of which mandate separate and distinct forms of acceptable standard medical care; and all of which will require separate and distinct discovery material (i.e. extensive discovery); and

    c) Plaintiff seeks to utilize essential discovery methods (e.g. depositions), and in fact, Plaintiff intends to depose several past employee defendants and or non-party employees regarding defendant corporations' custom/policy to deny needed medical care for non-medical factors.

8.  Plaintiff expects the facts to be strongly disputed, as defendants have already introduced conflicting –albeit erroneous- testimony/evidence into the administrative record; into Plaintiff's medical file/records (e.g. actually made false medical entries); and in correspondence to Plaintiff and DDOC state officials. Credibility will be a key factor in this case.

9.  Plaintiff is indigent –cannot afford counsel- and has solicited __Nine__ separate private law firms to represent his case on contingency or through other financial arrangement, but was unsuccessful at gaining representation.

10. Plaintiff seeks to resolve claims against several select past employee defendants by offering them an attractive settlement proposal: Plaintiff intends to settle all claims and provide a full waiver to select defendants in exchange for their cooperation in providing acceptable and truthful testimony regarding their past employer (i.e. corporate defendants), custom/policy of denying needed medical care for non-medical reasons, etc. Counsel will be invaluable with these settlement negotiations, drafting contract/waivers, and securing acceptable/reliable testimony –most likely via depositions. Also, counsel will be indispensable with settlement negotiations with corporate defendants, who both share a grossly untenable position as it relates to defense of Plaintiff's claims against them. This will serve judicial economy.

11. As set forth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of Plaintiff's claims, support the appointment of counsel to represent the plaintiff.

12. The above is true and correct to the best of Plaintiff's knowledge.

Sworn and Subscribed before me this __8th__ day of __January__ 2007.


David Williamson                                      Notary Public

Brian D. Engrem
Notary Public, State of Delaware
My Commission Expires June 14, 2008

-4-

