IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-379 SLR |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | TRIAL BY JURY OF 12 DEMANDED |
| INC., C. MALANEY, DONNA PLANTE, ) | |
| MAGGIE BAILEY, CHUKS IHUOMA, ) | |
| DR. S. ALIE, DR. ZIMBULL, MICHELLE ) | |
| ROBINSON, JUANITA CLARK, ) | |
| DENTIST JANE DOE and FIRST ) | |
| CORRECTIONAL MEDICAL, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS CMS, CLARK, CHUKS, ZIMBLE AND LOVE'S
RESPONSE TO MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Defendants, Correctional Medical Services ("CMS"), Juanita Clark, Ihuoma Chuks, Alan Zimble, DDS and Margaret Love, a/k/a Maggie Bailey, (herein after "defendants"), by and through their attorneys, Morris James, LLP, hereby respond to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and (the "Motion") (D.I. 38) as follows.

### Background

Plaintiff David Williamson is an inmate within the custody of the Department of Correction ("DOC") incarcerated at the Delaware Correction Center ("DCC") in Smyrna, Delaware. Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983 and 1997. He appears

*pro se* and on June 26, 2006 was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 5). The original Complaint was filed on June 9, 2006 and has subsequently been amended on two separate occasions by leave of the Court. (D.I. 9, 15).

The Second Amended Complaint seeks declaratory and injunctive relief and damages arising from three sets of allegations related to the medical and dental care received by plaintiff over the course of a several year period. In particular, plaintiff first contends that he has not received his medication on a timely and consistent basis on several occasions through and including November 2006. Second, plaintiff alleges that the defendants have provided inadequate care for a knee injury including failure to provide an appropriate knee brace and surgery as recommended by his orthopedic specialist. Finally, plaintiff complains that the dental care provided for his periodontal disease and broken tooth breach the standard of care.

Due to a conflict, in or about December 2006, Defendants were required to obtain new counsel and the Court granted a request to extend the time to respond to the Second Amended Complaint until February 15, 2007. However, in the interim, on January 12, 2007 plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, pursuant to 42 U.S.C. § 1983, essentially mirroring the requested injunctive relief set forth in the Second Amended Complaint. (D.I. 38). Defendants submit that plaintiff's Motion does not meet the standard for issuing preliminary injunctive relief as his medical needs are being addressed as discussed below. Moreover, given that his concerns are being addressed negating any claim of irreparable harm and because the Motion mirrors the relief requested in

the Amended Complaint, the issues set forth therein are more appropriately addressed through the primary action.

## Argument

**I.     Plaintiff Has Failed To Meet The Standards For A Preliminary Injunction.**

When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. *Kline v. Correctional Medical Services,*, 2006 WL 3755765 *1 (D.Del.) (citing *Maldonado v. Houstoun,* 157 F.3d 179, 184 (3d Cir.1997)). "'[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights.'" *Id,* (citing, *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir.1980)(citations omitted)). "'The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued.'" *Id.* (citing, *SI Handling Sys., Inc. v. Heisley,* 753 F.2d 1244, 1264 (3d Cir.1985)); *Kline v. Correctional Medical Services,* 2006 WL 3755765 *1 (D.Del.)

Plaintiff's request for injunctive relief must be denied for two reasons. First, plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983 because he cannot show that the defendants have been deliberately indifferent to a serious medical need. Second, as Mr. Williamson's Motion makes clear, the defendants have addressed his concerns. Thus, his motion is moot and must be denied.

A.   **Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983.**

It is well settled that there can be no constitutional violation unless plaintiff can show that the defendants were deliberately indifferent to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97 (1976) (plaintiff's complaints based solely on the lack of diagnosis and inadequate treatment of his back injury were not recognizable under § 1983). The deliberate indifference prong is met only if the defendant "'knows and disregards an excessive risk to inmate health or safety . . . .'" *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Mere allegations of negligence do not meet the pleading standards for deliberate indifference. *See Estelle,* 429 U.S. at 105-106. Nor can the claim rest solely on the prisoner's dissatisfaction with the medical care he has received. *Id.* at 107.

B.   **Plaintiff is currently receiving his medications in a timely and consistent manner.**

Plaintiff recognizes in his motion that he is currently receiving his medications but fears that he will not receive them sometime in the future. Mr. Williamson expresses concern in both his Motion and Amended Complaint over alleged lapses in receiving medications he requires for treatment of his thyroid condition. He points to several instances in the record which he claims evidences defendants' failure to timely administer those medications. Defendants submit that the record evidences attempts by defendants to timely deliver his medications and to address very real concerns of dispensing medications to a large and shifting population.

In fact, CMS has undertaken system wide policy changes specifically to address the difficulties inherent to administering medications on a timely and consistent basis in a large

prison setting. In July, 2006, CMS implemented a new medication administration policy. Training of medical personnel commenced over the course of the next couple of months and continues to be perfected. *See* CMS policy entitled "Medication Administration" attached as Exhibit A. In fact, the medication administration system has been significantly improved through these efforts. Rather than evidencing an indifference to Mr. Williamson's condition, such attempts to address these issues underscore defendants' concern for not only Mr. Williamson's condition, but for the general prison population as well. To the extent that there have been prior lapses in dispensing medications, such claims do not rise to the level of a constitutional violation. Nor do they warrant injunctive relief given that Mr. Williamson is currently receiving his medications as prescribed. Thus, because defendants have addressed his concerns, Mr. Williamson's request for injunctive relied is moot.

    **C.**    **Plaintiff's requested relief with regard to his knee injury is moot.**

Again, plaintiff's claim that the defendants have been deliberately indifferent to Mr. Williamson's knee injury is incorrect. To the contrary, Defendants have attempted to address this injury first by referring him to a specialist in the Spring of 2006, and second, by attempting to follow-up on the recommended course of care.

Plaintiff was seen by Dr. DuShuttle on June 12, 2006 who diagnosed plaintiff with a torn ACL and recommended surgery which required a specific type of knee brace following the surgery. Unlike Dr. DuShuttle's private care patients, safety concerns are always an issue when implementing any treatment plan inside the facility. And, in this case, the knee brace recommended by Dr. DuShuttle posed a significant safety concern and could not be issued to

Mr. Williamson as part of the general prison population. Communications were had with Dr. DuShuttle over the course of the next few months to investigate other options that would satisfy both the safety concerns while at the same time adequately addressing Mr. Williamson's medical needs. Unfortunately, no compromise was reached.

However, understanding Mr. Williamson's need to have the surgery, CMS has made extraordinary arrangements such that Mr. Williamson will have the benefit of the recommended brace and his surgery has been scheduled accordingly.[1] The attempts to create a work-around that addresses both Mr. Williamson's condition and recommended treatment and the safety concerns of the general population are contrary to plaintiff's claim that defendants have been deliberately indifferent to Mr. Williamson's medical needs. Moreover, because this issue has been addressed, plaintiff's request for injunctive relief is now moot.

### D. Mr. Williamson's request for injunctive relief regarding his dental care must fail.

Finally, Mr. Williamson makes several allegations regarding the quality of his dental care both in his Motion and in the Complaint. However, it would appear that the injunctive relief he requests here is that CMS perform a root canal and provide a crown for #19 which he claims was recommended by Dr. Bishop in March 2006. However, as conceded in his Motion, Mr. Williamson has received treatment for his broken tooth. On February 24, 2006,

---

[1] Details of those arrangements cannot be publicized for safety reasons. However, Mr. Williamson will be notified in the near future of the details of those arrangements. Of course we would be happy to make this information known to the Court in an *ex parte* setting, should Your Honor so require.

Mr. Williamson's tooth was filled with a composite material to fix the broken portion of the tooth. Although Mr. Williamson characterizes this as a "temporary" treatment, that is simply not the case. In fact, the treatment he received is permanent in nature and adequate to address his needs. *See Affidavit of Cathy Kinoke, D.M.D.* attached as Exhibit B. Moreover, contrary to Mr. Williamson's request, a root canal is not the appropriate treatment here since the injury did not implicate the nerve in any way. *Id.*

## Conclusion

As made clear above, Mr. Williamson's medical concerns raised by his Motion have been addressed. Any remaining issues are more appropriately addressed in the primary action. As such, plaintiff's motion is moot and should be denied.

MORRIS JAMES LLP

Amy A. Quinlan (I.D. No. 3021)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
Tel: (302) 888-6800
Attorneys for Defendants CMS, Clark,
    Chuks, Zimble and Love

Dated: February 1, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON,<br><br>        Plaintiff,<br><br>        v.<br><br>CORRECTIONAL MEDICAL SERVICES,<br>INC., C. MALANEY, DONNA PLANTE,<br>MAGGIE BAILEY, CHUKS IHUOMA,<br>DR. S. ALIE, DR. ZIMBULL, MICHELLE<br>ROBINSON, JUANITA CLARK,<br>DENTIST JANE DOE and FIRST<br>CORRECTIONAL MEDICAL,<br><br>        Defendants. | C.A. No. 06-379 SLR<br><br>TRIAL BY JURY OF TWELVE<br>DEMANDED |

## ORDER

It is **HEREBY ORDERED** this _____ day of _____, 2007 that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction be DENIED.

SO ORDERED.

_____
The Honorable Sue L. Robinson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-379 SLR |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | TRIAL BY JURY OF TWELVE |
| | ) | DEMANDED |
| INC., C. MALANEY, DONNA PLANTE, | ) | |
| MAGGIE BAILEY, CHUKS IHUOMA, | ) | |
| DR. S. ALIE, DR. ZIMBULL, MICHELLE | ) | |
| ROBINSON, JUANITA CLARK, | ) | |
| DENTIST JANE DOE and FIRST | ) | |
| CORRECTIONAL MEDICAL, | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBITS IN SUPPORT OF DEFENDANTS CMS, CLARK, CHUKS, ZIMBLE AND LOVE'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

MORRIS JAMES LLP

_/s/ Amy A. Quinlan_
Amy A. Quinlan (I.D. No. 3021)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
Tel: (302) 888-6800
Attorneys for Defendants CMS, Clark,
  Chuks, Zimble and Love

Dated: February 1, 2007

# EXHIBIT A

TAO/099999-9036/1346014/1

# SEALED DOCUMENT

TAO/099999-9036/1346014/1

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 06-379 SLR ) |
| CORRECTIONAL MEDICAL SERVICES, INC., C. MALANEY, DONNA PLANTE, MAGGIE BAILEY, CHUKS IHUOMA, DR. S. ALIE, DR. ZIMBULL, MICHELLE ROBINSON, JUANITA CLARK, DENTIST JANE DOE and FIRST CORRECTIONAL MEDICAL, | ) TRIAL BY JURY OF TWELVE ) DEMANDED ) ) ) ) ) ) ) |
| Defendants. | ) |

## AFFIDAVIT OF CATHY KIONKE, D.M.D

I, CATHY KIONKE, D.M.D., in my capacity as dentist employed by Correctional Medical Services, Inc. ("CMS"), being duly sworn according to law, depose and say on behalf of CMS as follows:

1. I am a resident of the State of Delaware.

2. I am employed by CMS as a dentist in the Dental Department located at Delaware Correctional Center in Smyrna, DE. In connection with my position at CMS, I have personal knowledge of the matters set forth herein.

3. On February 24, 2006, Mr. Williamson received a permanent composite restoration to tooth #19. On the same date, the nerve of tooth #19 was deemed healthy and no root canal therapy was deemed necessary.

4. True and correct copies of all relevant dental records have been attached to Defendant's Response to the Motion for Temporary Restraining Order.

_____
CATHY KIONKE, D.M.D

SWORN TO AND SUBSCRIBED before me, a Notary Public, this 1st day of February, 2007.

_____
Notary Public

OSMAN SAMMANDER
Notary Public
State of Delaware
My Comm. Expires June 14 2008

WS01 1520898v1

## **CERTIFICATE OF SERVICE**

I, Amy A. Quinlan, hereby certify that on this 1ST day of February, 2007, I have caused two (2) copies the following documents to be served on the parties listed below:

**DEFENDANTS CMS, CLARK, CHUKS, ZIMBLE AND LOVE'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

By First Class U.S. Mail to:

    David Williamson, *Pro Se*
    SBI #183022
    DCC
    1181 Paddock Road
    Smyrna, DE  19977

VIA E-FILING/AND HAND DELIVERY

    Dana S. Monzo, Esquire (#4605)
    McCullough & McKenty, P.A.
    1225 N. King Street, Suite 1100
    P.O. Box 397
    Wilmington, DE  19899-0397

                                 Amy A. Quinlan (#3021)