IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-379 SLR |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | TRIAL BY JURY OF TWELVE DEMANDED |
| INC., C. MALANEY, DONNA PLANTE, | ) | |
| MAGGIE BAILEY, CHUKS IHUOMA, | ) | |
| DR. S. ALIE, DR. ZIMBULL, MICHELLE | ) | |
| ROBINSON, JUANITA CLARK, | ) | |
| DENTIST JANE DOE and FIRST | ) | |
| CORRECTIONAL MEDICAL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' CMS, CLARK, CHUKS, ZIMBLE AND LOVE'S
ANSWER TO AMENDED COMPLAINT**

Defendants, Correctional Medical Services ("CMS"), Juanita Clark, Ihuoma Chuks, Alan

Zimble, DDS and Margaret Love, a/k/a Maggie Bailey, (herein after the "Answering

Defendants"), by and through their attorneys, Morris James, LLP, submit their answer to the

complaint in the above-referenced action.

JURISDICTION

1.    To the extent the allegations of this paragraph constitute conclusions of law, no

response is required and none is made.

PARTIES

2.      Answering Defendants admit that plaintiff has initiated this action seeking *pro* se

status and is incarcerated at the Delaware Correctional Center (D.C.C.).   Answering Defendants

lack sufficient information and belief to enable them to respond to the remainder of the

allegations of paragraph 2 of the complaint.  Those allegations therefore are deemed to be

denied.

3.      Denied as stated.  Except admitted that CMS contracted with the State of

Delaware to provide medical service in Delaware prisons from July 1, 2005 through the present.

4.      Denied as stated.

5.      Denied as stated.

6.      Denied as stated.  Except admitted that Margaret Love is a nurse practitioner and

has provided services at the D.C.C. through CMS from time to time.

7.      Denied as stated.  Except admitted that Ihuoma Chuks is a nurse practitioner and

has provided services at the D.C.C. through CMS.

8-9.      Answering Defendants are without sufficient knowledge or information to admit

or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

10.      Denied as stated.  Except admitted that Juanita Clark is a dental assistant

employed by CMS.

11.      Denied as stated. Except admitted that Alan Zimble, DDS is employed by CMS as

a dentist at D.C.C.

12.      Answering Defendants are without sufficient knowledge or information to admit

or deny the allegations contained in this paragraph, including each and every subpart, and they

are therefore deemed to be denied.

13.     The allegations in paragraph 13 of the complaint constitute a legal conclusion to which no response is required.

Facts

Count I:  Denial of Reasonably Adequate Medical Care

Responses to paragraphs 1 through 13 are restated and incorporated as though fully set forth herein.

14.     Denied.

15.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 15 that are inconsistent therewith.  The remainder of the paragraph is denied.

16.     Denied as to Answering Defendants, including each and every subpart.

17.     Denied.

18.     Denied.  Except admitted that CMS contracted with the State of Delaware to provide medical service in Delaware prisons from July 1, 2005 through the present.

19.     Wrongful conduct by Answering Defendants is denied. Answering Defendants lack sufficient information and belief to enable them to respond to the remainder of the allegations of paragraph 19 of the complaint.  Those allegations therefore are deemed to be denied.

20.     Wrongful conduct by Answering Defendants is denied. Answering Defendants lack sufficient information and belief to enable them to respond to the remainder of the allegations of paragraph 20 of the complaint.  Those allegations therefore are deemed to be denied.

21.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 21 that are inconsistent therewith.  In addition, any wrongful conduct by Answering Defendants is specifically denied.

22.     To the extent the allegations in this paragraph recite the contents of EMG # 15453, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 22 that are inconsistent therewith.  The remainder of the paragraph is denied.

23.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 23 that are inconsistent therewith.  The remainder of the paragraph is denied.

24.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 24 that are inconsistent therewith.  The remainder of the paragraph is denied.

25.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

26.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied. In addition, any alleged wrongful conduct by Answering Defendants is specifically denied.

27.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, including each and every subpart, and they

are therefore deemed to be denied. In addition, any alleged wrongful conduct by Answering Defendants is specifically denied.

28.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 28 that are inconsistent therewith.  Wrongful conduct by Answering Defendants is denied.

29.     Wrongful conduct by Answering Defendants is denied.

30.     Wrongful conduct by Answering Defendants is denied.

31.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.  Any wrongful conduct by Answering Defendants is denied or that Answering Defendants in any way violated plaintiff's Constitutional rights.

32.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

33.     To the extent the allegations in this paragraph recite the contents of EMG # 17197, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 33 that are inconsistent therewith.  The remainder of the paragraph is denied.

34.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 34 that are inconsistent therewith.  The remainder of the paragraph is denied.

35.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 35 that are inconsistent therewith.  The remainder of the paragraph is denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 39 that are inconsistent therewith.  The remainder of the paragraph is denied.

40.    Denied.

41.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 41 that are inconsistent therewith.  The remainder of the paragraph is denied.

42.    Denied.

43.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 43 that are inconsistent therewith.  The remainder of the paragraph is denied.

44.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny

all allegations of paragraph 44 that are inconsistent therewith. The remainder of the paragraph is denied.

45.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

46.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

47.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

48.     Denied.

49.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

50.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 50 that are inconsistent therewith. The remainder of the paragraph is denied. In addition, any wrongful conduct by Answering Defendants is denied.

51-55. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs and they are therefore deemed to be denied.

56.     Denied.

57.     Denied.

58.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 58 that are inconsistent therewith. The remainder of the paragraph is denied.

59-61.  Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs and they are therefore deemed to be denied.

62.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 63 that are inconsistent therewith.  The remainder of the paragraph is denied.

63.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 63 that are inconsistent therewith.  The remainder of the paragraph is denied.

64.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 64 that are inconsistent therewith.  The remainder of the paragraph is denied.

65.    Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

66.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 66 that are inconsistent therewith.  Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in the remainder of this paragraph and they are therefore deemed to be denied.

67.    Denied.

68.     Any wrongful conduct by Answering Defendants is denied.  Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in this paragraph and they are therefore deemed to be denied.

69.     Any wrongful conduct by Answering Defendants is denied.  Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in this paragraph and they are therefore deemed to be denied.

70.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 70 that are inconsistent therewith.  The remainder of the paragraph is denied.

71.     Denied.

72.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 72 that are inconsistent therewith.  The remainder of the paragraph is denied.

73.     Denied.  To the extent the allegations of this paragraph constitute conclusions of law, no response is required and none is made.

74.     Denied.  To the extent the allegations of this paragraph constitute conclusions of law, no response is required and none is made.

75.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

76.     Any wrongful conduct by Answering Defendants is denied or that Answering Defendants in any way violated plaintiff's Constitutional rights.

77.    Any wrongful conduct by Answering Defendants is denied or that Answering Defendants in any way violated plaintiff's Constitutional rights.

78.    Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

79.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 79 that are inconsistent therewith.  The remainder of the paragraph is denied.

80.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 80 that are inconsistent therewith.   Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in this paragraph and they are therefore deemed to be denied.

81.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 81 that are inconsistent therewith.  The remainder of the paragraph is denied.

82.    Denied that Answering Defendants refused to correct a single episode of a lapse of medication.  Answering defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations contained in this paragraph and they are therefore deemed to be denied.

83.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny

all allegations of paragraph 83 that are inconsistent therewith.  Answering defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

84.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 84 that are inconsistent therewith.  The remainder of the paragraph is denied.

85.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 85 that are inconsistent therewith.  The remainder of the paragraph is denied.

86.    Answering defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

87.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 87 that are inconsistent therewith.  The remainder of the paragraph is denied.

88.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 88 that are inconsistent therewith.  The remainder of the paragraph is denied.

89.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny

all allegations of paragraph 89 that are inconsistent therewith. The remainder of the paragraph is denied.

90.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 90 that are inconsistent therewith. Answering defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

91.     Admitted to the extent the allegations are consistent with the medical records of Answering Defendants. Denied to the extent the allegations are not consistent with the medical records of Answering Defendants.

92.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 92 that are inconsistent therewith. The remainder of the paragraph is denied.

93.     Denied.

94.     Denied.

95.     Answering defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

96.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 96 that are inconsistent therewith. The remainder of the paragraph is denied.

97.     Any wrongful conduct by Answering Defendants is denied, including each and every subpart, and it is further denied that Answering Defendants in any way violated plaintiff's Constitutional rights.

<u>Count II.  Denial of Reasonably Adequate Medical Care</u>

98.     Denied as to Answering Defendants.  However, it is admitted that defendant CMS became the HCP in July, 2005 and that defendant Ihuoma Chuks was an employee.  Wrongful conduct by Answering Defendants is further denied and it is denied that any conduct by the defendants proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

99.     To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 99 that are inconsistent therewith.  The remainder of the paragraph is denied.   Any wrongful conduct on the part of Answering Defendants is specifically denied.  It is further denied that any conduct by the defendants proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

100.     Denied as to Answering Defendants, including each and every subpart.

101.     Denied.

102.     It is admitted that plaintiff filed a sick call slip for a knee injury in 7/04. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations regarding DOC staff action.  To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 102 that are inconsistent therewith.  The remainder of the paragraph is denied.

103.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 103 that are inconsistent therewith. The remainder of the paragraph is denied.

104.    Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

105.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 105 that are inconsistent therewith. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in the remainder of this paragraph and they are therefore deemed to be denied.

106.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 106 that are inconsistent therewith. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in the remainder of this paragraph and they are therefore deemed to be denied.

107-115.  The allegations contained in these paragraphs, including each and every subpart, are not directed towards Answering Defendants, therefore no response is necessary.

116.    Admitted that CMS contracted with the State of Delaware to provide medical service in Delaware prisons from July 1, 2005 through the present and that Ihuma Chuks is employed by CMS. Admitted that Dr. Alie is not longer a CMS employee. The remainder of the paragraph is denied.

117.    Denied as to Answering Defendants.

118.    Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

119.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 119 that are inconsistent therewith. The remainder of the paragraph is denied.

120.    Responses to paragraphs 1 through 119 are restated and incorporated as though fully set forth herein. Wrongful conduct by Answering Defendants is denied.

121.    Denied.

122.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 122 that are inconsistent therewith. The remainder of the paragraph is denied.

123.    Denied.

124.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 124 that are inconsistent therewith. The remainder of the paragraph is denied.

125.    Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

126.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny

all allegations of paragraph 126 that are inconsistent therewith. The remainder of the paragraph is denied.

127.   To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 127 that are inconsistent therewith. The remainder of the paragraph is denied.

128.   Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

129-133.   Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs and they are therefore deemed to be denied.

134-135.   Denied as to any wrongful conduct on the part of Answering Defendants. Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in these paragraphs, including each and every subpart, and they are therefore deemed to be denied.

136.   To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 136 that are inconsistent therewith. The remainder of the paragraph is denied.

<u>COUNT III.  DENIAL OF REASONABLY ADEQUATE MEDICAL CARE</u>

137.   Denied as to Answering Defendants.

138.   To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny

all allegations of paragraph 138 that are inconsistent therewith. The remainder of the paragraph is denied. Any wrongful conduct on the part of Answering Defendants is specifically denied. It is further denied that any conduct by the defendants proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

139.    Denied as to Answering Defendants, including each and every subpart.

140-141.    Denied as to Answering Defendants.

142. To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 142 that are inconsistent therewith. The remainder of the paragraph is denied.

143-147.    The allegations contained in these paragraphs are not directed towards Answering Defendants, therefore no response is necessary.

148.    Denied.

149.    Denied as to Answering Defendants.

150.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 150 that are inconsistent therewith. The remainder of the paragraph is denied.

151.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 151 that are inconsistent therewith. The remainder of the allegations contained in this paragraph require an expert opinion.

152-154.    Denied.

17

155.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 155 that are inconsistent therewith.  The remainder of the paragraph is denied.

156.    Denied as to any substandard care or wrongful conduct on the part of Answering Defendants.  The remainder of the allegations contained in this paragraph are admitted to the extent they are consistent with the medical records of Answering Defendants and denied to the extent they are not consistent with the medical records of Answering Defendants.

157-158.    To the extent the allegations in these paragraphs recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraphs 157-158 that are inconsistent therewith.  The remainder of each paragraph is denied.

159.    Denied.

160.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 160 that are inconsistent therewith.  The remainder of the paragraph is denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny

18

all allegations of paragraph 164 that are inconsistent therewith. The remainder of the paragraph is denied.

165.   Denied.

166.   Any wrongful conduct on the part of Answering Defendants is specifically denied. Answering defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations contained in this paragraph and they are therefore deemed to be denied.

167.   Any wrongful conduct on the part of Answering Defendants is specifically denied. The remainder of the allegations contained in this paragraph are admitted to the extent they are consistent with the medical records of Answering Defendants and denied to the extent the allegations are not consistent with the medical records of Answering Defendants.

168.   To the extent the allegations in this paragraph recite the contents of EMG 23193, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 168 that are inconsistent therewith. The remainder of the paragraph is denied.

169.   Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

170-172.   To the extent the allegations in these paragraphs recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and denies all allegations of paragraphs 170-172 that are inconsistent therewith. The remainder of each paragraph is denied.

173.   Denied.

174-180.    To the extent the allegations in these paragraphs recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraphs 174-180 that are inconsistent therewith.  The remainder of each paragraph is denied.

181.    Denied.

182.    Denied.

183-184.    Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

185.    Denied.

186-187.    Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied.

188.    Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and they are therefore deemed to be denied. It is denied that plaintiff was denied appropriate treatment.

189.    Denied.

190.    Denied.

191.    The allegations contained in this paragraph are not directed towards answering defendant, therefore no response is necessary.

192.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny

all allegations of paragraph 192 that are inconsistent therewith. The remainder of the paragraph is denied.

193.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 193 that are inconsistent therewith. The remainder of the paragraph is denied.

194-196.    The allegations contained in these paragraphs are not directed towards answering defendant, therefore no response is necessary.

197.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 197 that are inconsistent therewith. The remainder of the paragraph is denied.

198.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 198 that are inconsistent therewith. The remainder of the paragraph is denied.

199.    Wrongful conduct by Answering Defendants is denied.

200.    Denied.

201.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 201 that are inconsistent therewith. The remainder of the paragraph is denied.

202.    Denied as to Answering Defendants.

203.    The allegations contained in this paragraph are not directed towards answering defendant, therefore no response is necessary.

204.    To the extent the allegations in this paragraph recite the contents of the medical records, the Answering Defendants admit that such documents speak for themselves, and deny all allegations of paragraph 204 that are inconsistent therewith.  The remainder of the paragraph is denied.

205.    Wrongful conduct by Answering Defendants is denied.

206.    Denied as to Answering Defendants.

## STATEMENT OF CLAIMS

### First Cause of Action

207.    Denied as to Answering Defendants, including each and every subpart.

### Second Cause of Action

208.    Denied as to Answering Defendants, including each and every subpart.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief may be granted.

2.    Plaintiff fails to state a claim against Answering Defendants as to which plaintiff may recover with respect to all civil rights claims as Answering Defendants were not deliberately indifferent to a serious medical need.

3.    Plaintiff failed to properly plead a medical malpractice action against Answering Defendants.

4.    Plaintiff failed to file an affidavit of merit pursuant to 18 *Del.C.* § 6853.

5.    Plaintiff's claims are barred by the applicable statute of limitations.

6.     Plaintiff fails to state a claim against defendant CMS upon which plaintiff may recover with respect to all claims for civil rights violations, as there is no vicarious liability for civil rights claims.

7.     The complaint fails to state a claim for punitive damages upon which plaintiff may recover.

8.     Answering Defendants provided plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

9.     Plaintiff has failed to exhaust his administrative remedies.

8.     The plaintiff's injuries, if any, resulted from a superseding intervening cause.

10.    The plaintiff's injuries, losses, or damages, if any, were the direct, sole, and proximate result of activities or conduct of persons or entities for whom the Answering Defendants are not responsible and over whom the Answering Defendants had no right of authority or control.

11.    Answering Defendants denies that they are liabile whatsoever to plaintiff. However, if Answering Defendants are held to answer to plaintiff under the allegations against it in the Complaint, then Answering Defendants are entitled to indemnification from codefendants for any amount which it may be required to pay to plaintiff.

## ANSWER TO ALL PRESENT AND FUTURE CROSSCLAIMS

12.    Answering Defendants deny all crossclaims now or hereinafter asserted against them.

**WHEREFORE,** the Answering Defendants ask that the complaints against them be dismissed with prejudice and all costs be assessed against the plaintiff.

- SIGNATURE ON NEXT PAGE -

23

MORRIS JAMES LLP

Amy A. Quinlan (#3021)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6886
Attorneys for Defendants CMS, Clark, Chuks,
Zimble and Love

Dated: Feb. 15, 2007

## CERTIFICATE OF SERVICE

I, Amy A. Quinlan, hereby certify that on this 15th day of February, 2007, I have caused

two (2) copies the following documents to be served on the parties listed below:

**DEFENDANTS' CMS, CLARK, CHUKS, ZIMBLE AND LOVE'S ANSWER TO AMENDED COMPLAINT**

By First Class U.S. Mail to:

David Williamson, *Pro Se*
SBI #183022
DCC
1181 Paddock Road
Smyrna, DE  19977


Electronically to:

Dana S. Monzo, Esquire (#4605)
McCullough & McKenty, P.A.
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE  19899-0397

Amy A. Quinlan (#3021)