IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON, )
    Plaintiff, )
v. ) C.A. 06-379-SLR
CORRECTIONAL MEDICAL SERVICES, Inc, et al, )
    Defendants. )

FILED FEB 21 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE BD Scanned

MOTION FOR LEAVE TO FILE A REPLY AND OR MOTION TO STRIKE DEFENDANTS CMS, CLARK, CHUKS, ZIMBLE, AND LOVE'S RESPONSE TO PLAINTIFF'S MOTION FOR TRO/PI

    COMES NOW, Plaintiff, Williamson pursuant to F.Civ. R. Proc., R. 12 (f) and all other applicable Court/Local rules and does hereby seek leave from the Court to file a reply and or motion to strike Defendants CMS, Clark, Chuks, Zimble, and Love's (Aka M. Bailey) (CMS et al, hereafter), response to Williamson's request for a TRO/PI. Williamson offers the following in support:

1. Williamson filed his original complaint June 9, 2006. It has been amended by leave of the Court.

2. The Court granted CMS et al an extension of time to respond to the complaint until 2-15-07.

3. CMS et al has not as yet filed a responsive pleading to the complaint.

4. Williamson filed a request for an injunction 1-10-07 (circa), of which made a reasonable request for medical care regarding his several serious medical conditions.

5. CMS et al filed a response to Williamson's request for an injunction on 2-01-07 [sic] and requested the Court to deny Williamson's request for medical care.

6. In support of the allegations made in its response, CMS et al has offered to the Court –in part– immaterial and scandalous matter that renders their theory of defense frivolous and insufficient.

7. In short, for example, CMS claims that it has made attempts to insure proper medication distribution to Williamson via a "new" corrective medication administration policy, and because of its attempts, CMS et al cannot be shown to have been deliberately indifferent. Consequently, CMS et al claims it is merely negligent in this regard. CMS et al presented to the Court in support of its claim an Exhibit of said policy; however, the Exhibit CMS offers a misrepresentation. It regards the Nurse's single dispensed medications –not Williamson's self med blister pack cards- and CMS's exhibit simply does not in any way, shape, or form pertain to Williamson's issue or claims. Thus, CMS et al attempts to dupe the Court with immaterial and scandalous matter. CMS's bad faith response renders its theory of defense frivolous and opens the door for Williamson's instant request to reply and or seek to strike the scandalous material form the record.

8. Williamson files his reply/strike contemporaneously herein for the Court's consideration.

_David W_                                           2-14-07
David Williamson, SBI #183022                         Date
1181 paddock Rd.
Smyrna, DE 19977

1

## CERTIFICATE OF SERVICE

I, David Williamson, the pro se plaintiff in C.A. No. 06-379-SLR, do hereby declare under penalty of perjury that I have caused to be delivered a true and correct copy of the following documents:

1. *Motion for Leave to File a Reply ....*

2. *Plaintiff's Reply and or Motion to Strike ....*

By placing same in a U.S. postal receptacle on this __14__ day of __February__ 200_7_, and Addressed to the following parties:

Amy A. Quinlan, Esq.
Morris James LLP
Counsel for Correctional Medical Services, Inc.
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494

Dana S. Monzo, Esq.
Counsel for First Correctional Medical, Inc.
1225 N. King St., Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

N/A

N/A

N/A

N/A

*David W*

David Williamson, SBI #183022
DCC
1181 Paddock Rd.
Smyrna, DE 19977