David Williamson
SBI # 183022
1181 Paddock Rd.
Smyrna, DE 19977
February 28, 2007

Amy A. Quinlan, Esq. (Counsel for CMS, Clark, Chuks, Zimble, and Love, aka Bailey)
Re: Notice of CMS's Failure to Comply with Discovery: Williamson v. CMS, et al 06-379-SLR

Dear Mrs. Quinlan, Esq:

    Williamson comes now in good faith to resolve CMS's failure to comply with discovery by its failure to respond to "Plaintiff's first set of interrogatories…." (D.I. 4).

    On September 18, 2006, the Court issued an Order for CMS to "respond to plaintiff's first set of interrogatories (D.I. 4) upon service of the complaint within the time frame and in the manner provided by the Federal Rules of Civil Procedure."

    Plaintiff's amended complaint was properly served upon CMS, et al 11-28-06 and the Court granted CMS until February 15, 2007 to answer to Williamson's complaint. CMS filed an Answer on 2-15-07, but failed to answer plaintiff's discovery request. As of this date three months will have elapsed but CMS has refused to comply with discovery as mandated by discovery rules and by the Court. CMS, however, did not object to discovery and did not file any motion for protection from discovery thus CMS has waived its ability to object absent a showing of good cause.

    Williamson expects CMS to comply with the Court's September 18, 2006 Order and he is confident that further action is unnecessary. In the event that CMS fails to correct its failure within ten days of receipt of this notice, Williamson will be forced to reluctantly request the Court to compel discovery and or impose any appropriate sanctions.

    Thank you for your cooperation in this matter.



David Williamson

FILED
MAR - 1 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

2-28-07
Date

David Williamson
SBI # 183022
1181 Paddock Rd.
Smyrna, DE 19977
February 28, 2007

Dana S. Monzo, Esq. (Counsel for First Correctional Medical, Inc. (FCM))
Re: Notice of FCM's Failure to Comply with Discovery: Williamson v. CMS, et al   06-379-SLR

Dear Mrs. Monzo, Esq:

    Williamson comes now in good faith to resolve the dispute regarding FCM's "Answer to Plaintiff's First Set of Requests for Admissions Directed to [FCM]" (dated 2-21-07). (D.I. _____ ) FCM's Answer –in part- is inadequate and in violation of federal rules of discover. (Fed R. Civ. Proc.  36 (a) ).

    Federal rules mandate that a party cannot claim they do not know the answer to an admission unless they state that they have made reasonable inquiry and still do not have sufficient information to admit or deny the request. Also, Fed. R. Civ. Proc., Rule 37 (c) (2) may provide for expenses incurred to prove bad faith denials.

    FCM made tow identical answers to all forty-four Admissions submitted by Williamson. Basically, FCM claims that it does not know the answer because it does not have possession of plaintiff's medical records and thus perfunctorily denies the admissions. FCM made no statement regarding any reasonable efforts it took to answer a single admission. Moreover, several admissions have no bearing or relation to Williamson's medical records whatsoever. Therefore, FCM's naked claim of requiring said medical records appears to be a bad faith effort to delay or hinder these proceeding.

    For example, the following admissions do not hinge on Williamson's medical records:

    (a) Admission #9 speaks to the inadequacy (i.e. recommended use) of a specifically identified elastic knee brace in relation to a set of general symptoms that are described at # 7;

    (b) Admission #10 relates to FCM's custom/policy and whether Ihuoma Chuks employed it;

    (c) Admission # 11 & 12 speak of classic and elemental symptoms indicative of an ACL injury;

    (d) Admission # 14 & 15 speak to the standard of care in general for an ACL injury;

    (e) Admission # 24 refers to FCM's contract;

    (f) Admission # 25 refers to responsibility of the contract healthcare provider related to medical grievances;

    (g) Admission # 30 refers to the medical mechanics of the Lachman and valgus knee exams; and

    (h) Admission # 35 & 36 refer to the logistics of grievances.

    Consequently, Williamson hopes to encourage FCM to provide adequate and complete answers to plaintiff's admissions in accord with discovery rules. Failure to do so by the 3-23-07 will result in Williamson filing a motion to compel with the Court and requesting appropriate sanctions, etc.

    Thank you for your cooperation in this matter.

_/s/ Dave W_                                                  _2-28-07_
David Williamson                                       Date

## Certificate of Service

Williamson swears under penalty of perjury that he has served a true and correct copy of

1. Notice of FCM's Failure to Comply with Discovery.
2. Notice of CMS's Failure to Comply with Discovery.

On the following parties by placing same in a U.S. Mail receptacle on ___28___ of
___Feb.___
2007 addressed to:

Amy A. Quinlan, Esq. (Counsel for CMS, Clark, Chuks, Zimble, & Love)
500 Delaware Ave. P.O. Box 2306
Suite __1500__
Wilmington, De 19899-2306

Dana S. Monzo, Esq. (Counsel for First Correctional Medical, Inc.).
1225 N. King St., Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397


David W———

David Williamson
SBI # 183022
DCC
1181 Paddock Rd.
Smyrna, DE 19977

I/M David Williamson
SBI# 183022    UNIT W-1, L-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court
844 North King St.
Lock box 18
Wilm., DE
19801