IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON,<br>    Plaintiff,<br>v.<br>CORRECTIONAL MEDICAL SERVICES, Inc, et al,<br>    Defendants. | )<br>)<br>)  C.A. 06-379-SLR<br>)<br>) |

FILED
MAR - 6 2007

### PLAINTIFF'S REPLY TO CMS DEFENDANTS' MOTION TO DISMISS

Plaintiff, Williamson, pro se, objects to CMS's motion to dismiss on the grounds that it is improperly filed late, impertinent in that no cause was shown for CMS's negligence, and any such defense by motion was waived by CMS when it filed its prior Answer. Williamson respectfully moves this Court for an Order to strike CMS's filing pursuant to Fed. R. Civ. P., rules 12 (a) (1) (A), 12 (b), 12 (f) and 12 (h), and any applicable Local Rules. In support thereof, Williamson states the following:

#### Nature and Stage of the Proceedings

1. This case began in June 2006 and it primarily alleges –among other claims- violations of Williamson's constitutional rights under the Eighth and Fourteenth Amendments of the Federal Constitution (i.e. deliberate indifference to his serious medical needs), and Williamson also sought to incorporate state pendent/supplemental negligence claims that may also apply.

2. The Court directed Williamson September 18, 2006, to execute service of process on named defendants.

3. Williamson properly executed service on defendant CMS and the complaint was Returned Executed as to CMS on 11-28-06. (D.I. 31).

4. Federal Rules of Civil Procedure, rules 12 (a) (1) (A) and or applicable Local Rules mandate that a defendant must answer/defend against a properly served complaint within 20 days of the date of any waiver, or defendant must request an extension of time for good cause to do so.

5. CMS's Answer was due 12-18-2006.

6. CMS requested an extension of time to answer on 12-22-2006 (D.I. 36) and the Court granted CMS until 2-15-2007 to file a responsive pleading to Williamson's complaint. (D.I. _____).

7. On 2-15-2007 CMS filed a responsive pleading: Answer to Williamson's complaint.

8. CMS filed no prior defense by motion, which would alter the time to file any responsive pleading.

9. CMS, however, subsequently filed a motion to dismiss on 2-22-2007 limited to a request to dismiss negligence claims due to a procedural lack of filing an affidavit of merit relating to medical negligence/malpractice claims.

#### Standard For a Motion to Dismiss

10. In evaluating a motion to dismiss, the Court will accept as true the factual allegations of a complaint. Neitzke v. Williams, 490 U.S. 319, 326-27 (1998); Piecknick v. Pennsylvania, 36 F. 3d 1250, 1255 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Schever v. Rhodes, 416 U.S. 232, 236 (1974). Federal rules require that disputes be resolved on the merits, rather than on the pleadings. Conley v. Gibson, 355 U.S. 41, 48 (1957).

11. Because CMS failed to file a motion to dismiss and or failed to raise this particular defense prior to filing its 2-15-2007 Answer (i.e. responsive pleading), though it could have and should have, CMS has consequently waived its opportunity to now –at this belated juncture- to file a motion to dismiss and or raise such a defense. CMS's motion should be dismissed pursuant to Fed. R. Civ. P., rules 12 (a) (1) (A), 12 (b), 12 (f) and 12 (h).

Also, Williamson is a pro se plaintiff who is held to a less stringent pleading requirement pursuant to Haines v. Kerner, 404 U.S 519 (1972), and the Court is warranted to permit a pro se plaintiff an opportunity to correct any deficiencies via an amendment.

### Argument

12. First, Courts rules mandate that defenses by motion shall be made before the time for a responsive pleading. (See 12 (b). CMS's Answer is a responsive pleading and it was filed on 2-15-2007. Court rules clearly mandate that nay defense by motion is made and it omits an available defense and or no motion is made to the same effect (i.e. party fails to raise a defense that it could have made), than said defense is waived. (See 12 (h) (A)). CMS belated filed a motion to dismiss on 2-22-2007 –well after its 2-15-2007 Answer- and raised a defense that it could have raised by motion –was mandated to raise by motion before it filed its responsive pleading in clear violation of Court rules. CMS did not seek leave or even deign to explain any good cause for its negligent and untimely filing, and this is impertinent. Moreover, it is clear that CMS freely chose to file its Answer -after requesting and receiving an additional 59 days to respond- a opposed to filing a defense by motion. Consequently, CMS's motion should be barred by principles of In pais estopple. The record clearly reflects that FCM willfully chose an answer –not a defense- and thus chose a trial strategy that it must now live with.
See Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 421 (3d Cir. 1987). As such, CMS waived its opportunity t raise such a defense under Rules 12 (b) and 12 (h), and is barred by principles of estopple.

13. Moreover, even it the Court was inclined to grant CMS's belated motion for partial dismissal -as to negligence claims- Williamson should be granted leave to amend his Complaint with respect to same. (See Fed. R. Civ. P., 15 (a) and District Council 47, Am. Fed'n of State, County, and Municipal Employees v. Bradley, 795 F.2d 310, 316 (3d Cir. 1986).

14. Finally, Williamson has a pending motion for the appointment of counsel. Among other compelling factors, Williamson raised the issue of complexity and offered in support the matter of corporate liability. Indeed, FCM recently attempted to capitalize on this through its complex and shadowy corporate entities/identity. It is also clear from CMS's instant filing, that there are additional complex matters that Williamson did not foresee in which to list in support of his motion for appointment of counsel. No defendants challenged or objected to Williamson's meritorious claims in his motion for the appointment of counsel and Williamson renews his reasonable request herein in the hope to avoid prejudice.

WHEREFORE, Williamson respectfully requests the Court to strike and or deny CMS's belated and waived motion. Also, if needed, permit Williamson to correct deficiencies of his complaint and appoint counsel to assist with same.

_____  
David Williamson, SBI #183022  
1181 Paddock Rd.  
Smyrna, DE 19977

3-1-07  
Date

CERTIFICATE OF SERVICE

I, David Williamson, the pro se plaintiff in C.A. No. 06-379-SLR, do hereby declare under penalty of perjury that I have caused to be delivered a true and correct copy of the following documents:

1. Plaintiff's Reply to CMS Defendant's Motion to Dismiss.

2. N/A

By placing same in a U.S. postal receptacle on this __01__ day of __March__ 200_7_, and

Addressed to the following parties:

Amy A. Quinlan, Esq.
Morris James LLP
Counsel for Correctional Medical Services, Inc.
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494

N/A

N/A

Dana S. Monzo, Esq.
Counsel for First Correctional Medical, Inc.
1225 N. King St., Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

N/A

N/A

David Williamson, SBI #183022
DCC
1181 Paddock Rd.
Smyrna, DE 19977

I/M David Williamson
SBI# 183022   UNIT W-1 L-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court
Clerk of Court
844 N. King St.
Lock box 18
Wilm, DE 19801