IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-379 SLR |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., C. MALANEY, DONNA PLANTE, MAGGIE BAILEY, CHUKS IHUOMA, DR. S. ALIE, DR. ZIMBULL, MICHELLE ROBINSON, JUANITA CLARK, DENTIST JANE DOE and FIRST CORRECTIONAL MEDICAL, | ) ) ) ) ) ) ) ) | TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | ) | |

**DEFENDANTS' CMS, CLARK, CHUKS, ZIMBLE AND LOVE'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Correctional Medical Services, Inc., Juanita Clark, Ihuoma Chuks, Alan Zimble, DDS and Margaret Love, a/k/a Maggie Bailey, (collectively the "Answering Defendants"), through their undersigned counsel, hereby submits the following responses and objections to Plaintiff's First Set of Interrogatories as follows:

GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1. The Answering Defendants object to the Interrogatories to the extent that they call for, or could be construed as calling for, information that is protected by the attorney-client privilege, the attorney-work-product doctrine, the right to privacy under applicable law, or any other applicable privilege, doctrine, or right. Any inadvertent production of information protected by any of these privileges, doctrines, or rights shall not be deemed a waiver of the protections that those privileges, doctrines, or rights afford.

2.     The Answering Defendants object to the Interrogatories to the extent that they request information not in their possession, custody or control.

3.     The Answer Defendants object to the Interrogatories to the extent that they are unduly burdensome, overly broad, and seek the production of information that is neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.     In providing responses to the Interrogatories, the Answering Defendants do not waive, and expressly reserves, all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof.

5.     The Answering Defendants object to these Interrogatories to the extent that they seek to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure.

6.     The Answering Defendants object to the Interrogatories to the extent that they seek information already in the possession of defendant and because the burden of deriving or ascertaining the answer would be the same, or greater, for defendant as for plaintiff.

7.     The Answering Defendants specify that their responses are based upon knowledge, information, and belief that they have acquired to the present date and upon the present state of their preparation in connection with this action. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, the Answering Defendants reserve the right to amend these responses, assert additional objections, clarify the objections or responses set forth herein and supplement their responses as they complete their review and preparation.

8.     All general objections are hereby incorporated into each specific response.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.  Is Correctional Medical Services the official corporate title? If not please provide CMS' s official corporate title. Also, please provide CMS's current Delaware and corporate addresses, and the name and address of any legal counsel that will or is representing CMS.

**ANSWER:** Correctional Medical Services, Inc. c/o the undersigned counsel.

2.  What is the full name, title, and job description of the CMS administrator in charge of the Delaware Office and or account?

**ANSWER:** Objection. This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, John Rundle is the Health Services Administrator for CMS at the Delaware Correctional Center in Smyrna Delaware.

3.  What are D. Plante's (Plante) full name, job title, and job description?

**ANSWER:** Objection. This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, D. Plante is Donna Plante, former Director of Nursing.

4.  Is Plante a current or past employee? If she is a past employee, when was her employment terminated, and what is her last known address?

**ANSWER:** Objection. This interrogatory is vague and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, Donna Plante terminated her employment with CMS

on 1/10/06. Her last known address is confidential and will not be provided without a Court order.

5. Is CMS representing Plante for any claims that Plaintiff avers occurred in and during the scope of her employment while she was employed by CMS?

**ANSWER: Objection. This interrogatory is vague and seeks information protected by attorney-client privilege and/or work product doctrine. Subject to the foregoing objects, Answering Defendants will supplement their response to this interrogatory upon obtaining responsive information.**

6. Is CMS accepting service of process on behalf of Plante?

**ANSWER: Objection. This interrogatory is vague. Subject to the foregoing objections, Answering Defendants will supplement their response to this interrogatory upon obtaining responsive information.**

7. Was Plante the CMS official who attended Williamson's Grievance hearing on (grievance #15453), 10-6-05 date? If not, please list the CMS employees and give a physical description of each who did attend said hearing.

**ANSWER: Objection. This interrogatory is vague, overly broad and unduly burdensome. Subject to the foregoing objections, Answering Defendants will provide a supplemental response to this interrogatory once the information has been obtained.**

8. What are C. Mahoney's (Mahoney) full name (correct spelling), job title, and job description?

**ANSWER: Objection. This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or**

admissible evidence. Subject to the foregoing objections, C. Mahoney is Christine Malaney, former Health Services Administrator.

9. Is Mahoney a current or past employee? If she is a past employee, when was her employment terminated. Also, what is her last known address?

**ANSWER:** Objection. This interrogatory is vague and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, Christine Malaney terminated her employment with CMS on 5/2/06.

10. Is CMS representing Mahoney for any claims that Plaintiff avers occurred in and during the scope of her employment while she was employed by CMS?

**ANSWER:** Objection. This interrogatory is vague and seeks information protected by attorney-client privilege and/or work product doctrine. Subject to the foregoing objections, undersigned counsel anticipates that it will be entering an appearance on behalf of Christine Malaney.

11. Is CMS accepting service of process on behalf of Mahoney?

**ANSWER:** Objection. This interrogatory is vague and seeks information protected by attorney-client privilege and/or work product doctrine. Subject to the foregoing objections, the undersigned counsel is authorized to accept service on Ms. Malaney's behalf.

12. What are _------ Ihoma's (Thoma) full name (correct spelling), job title, and job description?

**ANSWER:** Objection. This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or

admissible evidence. Subject to the foregoing objections, Ihoma is Ihuoma Chuks, Staff Nurse Practitioner.

13. Is Ihoma a current or past employee? If she is a past employee, when was her employment terminated. Also, what is her last known address?

**ANSWER:** Objection. This interrogatory seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, Ihuoma Chuks is currently employed with CMS.

14. Is CMS representing Ihoma for any claims that Plaintiff avers occurred in and during the scope of her employment while she was employed by CMS?

**ANSWER:** Objection. This interrogatory is vague and seeks information protected by attorney-client privilege and/or work product doctrine. Subject to the foregoing objections, Ms. Chuks is represented by the undersigned counsel in this matter.

15. Is CMS accepting service of process on behalf of Ihoma?

**ANSWER:** Not applicable. Ms. Chuks was previously served.

16. What are Maggie Bailey's (Bailey) full name (correct spelling), job title, and job description?

**ANSWER:** Objection. This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, Maggie Bailey is Margaret Love, Physicians Assistant.

17. Is Bailey a current or past employee? If she is a past employee, when was her

employment terminated. Also, what is her last known address?

**ANSWER:   Objection.   This interrogatory is vague and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.  Subject to the foregoing objections, Margaret Love is a current CMS employee.**

18. Is CMS representing Bailey for any claims that Plaintiff avers occurred in and during the scope of her employment while she was employed by CMS?

**ANSWER:   Objection.   This interrogatory is vague and seeks information protected by attorney-client privilege and/or work product doctrine. Subject to the foregoing objections, Ms. Love is represented by the undersigned counsel in this matter.**

19. Is CMS accepting service of process on behalf of Bailey?

**ANSWER:   Not applicable.  Ms. Love was previously served.**

20. What are dentist Zimbull's (Zimbull) full name (correct spelling), job title, and job description?

**ANSWER:   Objection.  This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.  Subject to the foregoing objections, Zimbull is Alan Zimble, DDS, Staff Dentist.**

21. Is Zimbull a current or past employee? If she is a past employee, when was her employment terminated. Also, what is her last known address?

**ANSWER:   Objection.   This interrogatory is vague and seeks information not reasonably calculated to lead to the discovery of relevant and/or**

admissible evidence. Subject to the foregoing objections, Dr. Zimble is currently employed by CMS.

22. Is CMS representing Zimbull for any claims that Plaintiff avers occurred in and during the scope of his employment while he was employed by CMS?

ANSWER: Objection. This interrogatory is vague and seeks information protected by attorney-client privilege and/or work product doctrine. Subject to the foregoing objections, Dr. Zimble is represented by the undersigned counsel in this matter.

23. Is CMS accepting service of process on behalf of Zimbull?

ANSWER: Not applicable. Dr. Zimble was previously served.

24. The four interrogatories at items 20-23 equally apply to defendant doctor Alie, thus CMS is to exchange the prior defendant Zimbull for the defendant Alie and respond to the interrogatories.

ANSWER: Objection. This interrogatory is vague. Subject to the foregoing objections, unknown to answering defendants as Dr. Alie was not a CMS employee.

25. What are dentist Michelle Robinson's (Robinson) full name, job title and job description?

ANSWER: Objection. This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, Answering Defendants will provide a supplemental response to this interrogatory once the information has been obtained.

26. Is Robinson a current or past employee? If she is a past employee, what were her effective employment dates? Also, what is her last known address?

**ANSWER: Objection. This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, Answering Defendants will provide a supplemental response to this interrogatory once the information has been obtained.**

27. Is CMS representing Robinson for any claims that Plaintiff avers occurred in and during the scope of her employment while she was employed by CMS?

**ANSWER: Objection. This interrogatory is vague and seeks information protected by attorney-client privilege and/or work product doctrine. Subject to the foregoing objections, it is anticipated that the undersigned aounsle will be entering an appearance on Dr. Robinson's behalf.**

28. Is CMS accepting service of process on behalf of Robinson?

**ANSWER: Subject to the foregoing objections, the undersigned counsel is authorized to accept service on Dr. Robinson's behalf.**

29. What are dentist assistant Juanita Clark's (Clark) full name, job title and job description?

**ANSWER: Objection. This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Without waiving the objection, defendant Clark is a dental assistant.**

30. Is Clark a current or past employee? If she is a past employee, what were her effective employment dates? Also, what is her last known address?

**ANSWER: Objection. This interrogatory is vague and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, Ms. Clark is a current CMS employee.**

31. Is CMS representing Clark for any claims that Plaintiff avers occurred in and during the scope of her employment while she was employed by CMS?

**ANSWER: Objection. This interrogatory is vague and seeks information protected by attorney-client privilege and/or work product doctrine. Subject to the foregoing objections, Ms. Clark is represented by the undersigned counsel in this matter.**

32. Is CMS accepting service of process on behalf of Clark?

**ANSWER:** Not applicable. Ms. Clark was previously served.

33. On March 11, 2005 date Plaintiff (Williamson) had two teeth extracted by a female dentist, who is currently listed in the complaint as Jane Doe. "What are dentist Jane Doe's full name, job title, and job description? Also, please give a physical description of the dentist who performed the extraction on that date for verification purposes.

**ANSWER: Objection. This interrogatory is vague, broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, defendant Jane Doe is Dr. Carla Kionke and she is a dentist.**

34. Is Jane Doe a current or past employee? If she is a past employee, what were her effective employment dates? Also, what is her last known address?

**ANSWER: Objection. This interrogatory is vague and seeks**

information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections, Dr. Kionke is a current CMS employee.

35. Is CMS representing Jane Doe for any claims that Plaintiff avers occurred in and during the scope of her employment while she was employed by CMS?

ANSWER: Objection. This interrogatory is vague and seeks information protected by attorney-client privilege and/or work product doctrine. Subject to the foregoing objections, it is anticipated that the undersigned counsel will be entering an appearance on Dr. Kionke's behalf.

36. Is CMS accepting service of process on behalf of Jane Doe?

ANSWER: Subject to the foregoing objections, the undersigned counsel is authorized to accept service on Dr. Kionke's behalf.

MORRIS JAMES LLP

Amy A. Quinlan (#3021)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6886
Attorneys for Defendants CMS, Clark, Chuks, Zimble and Love

Dated: March 12, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-379 SLR |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | TRIAL BY JURY OF TWELVE DEMANDED |
| INC., C. MALANEY, DONNA PLANTE, ) | |
| MAGGIE BAILEY, CHUKS IHUOMA, ) | |
| DR. S. ALIE, DR. ZIMBULL, MICHELLE ) | |
| ROBINSON, JUANITA CLARK, ) | |
| DENTIST JANE DOE and FIRST ) | |
| CORRECTIONAL MEDICAL, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF SERVICE

I, Amy A. Quinlan, hereby certify that on this 12th day of March, 2007, I have caused two (2) copies the following documents to be served on the parties listed below:

**DEFENDANTS' CMS, CLARK, CHUKS, ZIMBLE AND LOVE'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

By First Class U.S. Mail to:

David Williamson, *Pro Se*
SBI #183022
DCC
1181 Paddock Road
Smyrna, DE 19977

Electronically to:

Dana S. Monzo, Esquire (#4605)
McCullough & McKenty, P.A.
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

_____
Amy A. Quinlan (#3021)

TAO/111331-0007/1539787/1