**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON,                           )
    Plaintiff,                                 )
    v.                                         )        C.A. 06-379-SLR
CORRECTIONAL MEDICAL SERVICES, Inc, et al,     )
    Defendants.                                )

> **FILED**
>
> **MAR 12 2007**
>
> **U.S. DISTRICT COURT**
> **DISTRICT OF DELAWARE**

PLAINTIFF'S COMBINED THIRD SET OF REQUESTS FOR INTERROGATORIES & PRODUCTION OF BD
DOCUMENTS DIRECTED TO CORRECTIONAL MEDICAL SERVICES, INC _Scanned_

COMES NOW, plaintiff, Williamson pursuant to the appropriate Fed. R. Civ. P., Local Rule, and or case authority. Williamson attests that the instant discovery request is made in good faith, not meant to harass, inconvenience, or be overly burdensome to defendants or to delay these proceedings in any manner. The following requests for interrogatories and production of documents (documents), are to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty-days of the date of service. (Definitions found in "Plaintiff's combined second set of requests for interrogatories & production of documents directed to [CMS]" are incorporated herein).

### COMBINED INTERROGATORIES / PRODUCTION OF DOCUMENTS

1. Identify the entity National Commission of Correctional Health Care (NCCHC).

2. Identify and produce any and all documents/communications relating to CMS's fee structure as established with DDOC – including whether it is patterned as a flat rate fee for the duration of CMS's active service period, or if it is some hybrid-type (i.e adjustable flat-rate), or a fee based on the number of patients served, etc.

3. Identify and produce the following: a) the number of U.S. states and the number of correctional institutions that CMS is currently operating in.

4. Identify and produce any and all documents/communications relating to Williamson's diagnosis and treatment for depression.

5. Identify the person and produce any and all documents/ communications relating to defendant Sita Alie including but not limited to the following:

    (a) Alie's professional qualifications known to CMS during its active service period;
    (b) Alie's employment contract agreement;
    (c) Alie's performance history during CMS's active service period, including but not limited to warnings, reprimands, bonsais or praises whether monetary or other; and
    (d) Alie's current status with CMS.

6. Identify and produce any and all documents/ communications generated and relating to MG #7463, # 37123, and # 78623.

7. Identify and produce any and all documents/ communications/ instructions, etc. relating to the manufacture's suggested use and or warnings against use for the "Dynamic Pull Universal Knee Wrap –I (# 79-82150) (Lot: 040306), which was manufactured by DJ Orthopedics, LLC, and was provided to Williamson in May 2006 –including the date it was provided.

8. Identify and produce any and all documents / communications relating to what type of orthopedic knee brace is suggested by general medical standards to be used for an ACL/knee injury in which the ligament is ruptured, meniscus discs are deteriorating, and contusions are occurring to the upper and lower leg bones (instant ACL injury hereafter).

9. Identify, define, and produce any and all documents/communications relating to the rigid plastic –including any suitable alternative- knee brace that Dr. Durst stated would be a suitable alternative to the don Joy ACL knee brace (May/June 2006).

10. Identify, define, and produce any and all documents/communications relating to the rigid plastic –including any suitable alternative- knee brace that Dr. DuShuttle stated would be a suitable alternative to the don Joy ACL knee brace (6-12-06).

11. Identify, define, and produce any and all documents/communications relating to what types of knee braces are recommended for the instant ACL injury –including recommendations via NCCHC and or generally accepted professional standards.

12. Identify the person and produce any and all documents/communications relating to the doctor who had performed a Chronic-care Clinic for Williamson on or about 8-30-04 (believed to be Dr. Hauqui), and who had ordered / recommended Williamson's knee be given an MRI diagnostic test. Also provide the following:

> (a) Said doctor's professional qualifications known to CMS during its active service period;
> (b) Said doctor's employment contract agreement;
> (c) Said doctor's performance history during CMS's active service period, including but not limited to warnings, reprimands, bonsais or praises whether monetary or other; and
> (d) Said doctor's current status with CMS.

13. Identify and produce any and all documents/ communications generated and relating to Alie's 9-28-04 exam of Williamson's knee injury and her override, nullification, and or countermand of the MRI order/recommendation.

14. Identify and produce any and all documents/ communications generated and relating to CMS's formal/informal custom/policy relating to referrals for any MRI diagnostic tests, Don Joy ACL Knee brace, or other ACL knee brace.

15. Identify the persons and produce any and all documents/ communications generated and relating to any DDOC inmates who were either thought to have or were diagnosed with a torn rotator cuff and or a torn or injured Anterior Cruciate Ligament.

16. Identify and produce any and all documents/ communications generated and relating to Alie's re-examination of 11-04-04 (circa) Williamson's knee exam.

17. Identify and produce any and all documents/communications relating to the exam/consultations of Williamson by Durst on 5-08-06 and 06-05-06.

18. Identify and produce any and all documents/communications relating to the alleged security restrictions/prohibitions by DDOC –including any DCC Staff- relating to the Don Joy ACL knee brace and or any suitable alternative.

19. Identify and produce any and all documents/communications relating to CMS's attempts to gain permission and or a security waiver for Williamson to be permitted the appropriate medical device (i.e. Don Joy ACL knee brace and or suitable alternative with plastic framework, etc) from DDOC/DCC Staff.

20. Identify and produce any and all documents/communications relating to each and every doctor's referral/recommendation for Williamson to receive knee surgery –including Durst's April 2006, June 2006 referrals, and DuShuttle's June 2006 recommendation, and VanDusen's October 2006 referral, etc.

21. Identify and produce any and all documents/communications relating to the Level One grievance hearing (# 37123) held on 05-09-06 with Rodweller.

22. Identify and produce any and all documents/communications relating to Durst's follow up –if any- of an alternative rigid plastic knee brace to replace the substandard dynamic wrap.

23. Identify and produce any and all documents/communications relating to Eller's statement: "Follow up on referral written 6-13-06" of which she made at grievance hearing 8-01-06 for grievance # 37123.

24. Identify and produce any and all documents/communications relating to what/when any communications/negotiations occurred with DuShuttle relating to the Don Joy ACL knee brace –including any discussions of any suitable alternatives.

2

25. Identify and produce any and all documents/communications relating to the complaint Williamson filed with Altman dated 8-25-06.

26. Identify and produce any and all documents/communications relating to the level one grievance hearing for MG # 78623 on 11-08-06 with Rodweller.

27. Identify and produce any and all documents/communications relating to Williamson's fall/collapse injury that occurred on 2-10-07 --including any 404/Injury Report, etc.

28. Identify and produce any and all documents/communications relating to what --if any- discussions medical staff conducted with DDOC/DCC Staff relating to permitting Williamson the Don Joy ACL knee brace and or suitable alternative.

29. Identify and produce any and all documents/communications --including CMS procedures- relating to the authorization of a doctor's referral/recommendation for surgery.

30. Identify and produce any and all documents/communications relating to all dental exams, visits, procedures --including teeth cleanings- that Williamson received from February 2001 till the present.

31. Identify the person (i.e. dentist) who worked on Williamson on 3-04-05, and identify and produce any and all documents/communications relating to this visit.

32. Identify, define, and produce any and all documents/communications relating to what protocol/dental care is recommended for repeat incidence of periodontal infections (perio infections). --including any outlined by the NCCHC.

33. Identify and produce any and all documents/communications relating to Williamson's 01-08-06 dental care request.

34. Identify and produce any and all documents/communications relating to the following dental visits: Zimble's 01-11-06, 02-14-06, & 02-12-06; and Bishop's 02-24-06 dental visits.

35. Identify and produce any and all documents/communications relating to EMG # 23193   --including the final Appeal to the Bureau Chief (03-10-06 circa), in which CMS received copies.

36. Identify and produce any and all documents/communications relating to what the recommended dental care is for a broken tooth that has sheared in half down to the gum line and exposing a raw nerve (Williamson's dental emergency, hereafter), -including NCCHC and the generally accepted professional standards.

37. Identify and produce any and all documents/communications relating to what are the recommended uses, protocols, and prohibitions of a composite repair (e.g. repair for Williamson's dental emergency) --including any for NCCHC.

38. Identify and produce any and all documents/communications relating to Williamson's 10-16-01 dental care request.

39. Identify and produce any and all documents/communications relating to Williamson's dental visits: 12-04-01, 01-09-01, 06-06-01, 03-04-05 and 03-11-05.

40. Identify the person, nurse who made an emergency referral for Williamson's active perio infection to be seen by a dentist on or about 11-01-01, and identify and produce any and all documents/communications relating to said referral.

41. Identify and produce any and all documents/communications relating to the alleged 08-31-06 Clinic --including any record of a Clinic during the month of August 2006.

42. Identify and produce any and all documents/communications relating to Williamson's charge of CMS/medical staff fabricating medical records (in # 72883), in response to Williamson's grievance activities.

43. Identify and produce any and all documents/communications relating to the following:
   (a) Hospital Inmate destination Log pages for 08-31-06 and 10-18-06;
   (b) W-building's Inmate Destination Log pages for 08-31-06 and 10-18-06;
   (c) Williamson's Time Card for Prison Industries for the month of August 2006.

David Williamson, 183022                                                  3-9-07
DCC 1181 Paddock Rd.
Smyrna, DE 19977

## AFFIDAVIT OF MAILING

I David Williamson, pro se plaintiff, do swear that I have caused the following documents to be placed in a U.S. Mail Receptacle on _____9_____ day of ___March_____ 200 _7_ :

1. _Plaintiff's Combined Third Set of Requests for Interrogatories &_ _Production of Documents Directed to Correctional Medical Services, Inc._

2. _Plaintiff's Second Set of Requests for Admissions Directed to_ _Correctional Medical Services, Inc._

3. _Plaintiff's Third Set of Requests for Admissions Directed to_ _Correctional Medical Services, Inc._

4. _N/A_

These originals/true copies were addressed to the following parties:

1. _Amy A. Quinlan, Esq._
   _(Counsel for CMS, CLARK, CHUKS, LOVE &_
   _Zimble) 500 Delaware Ave._
   _Suite 1500, P.O. Box 2306_
   _Wilm., DE 19899-2306_

2. _Dana S. Monzo, Esq._
   _(Counsel for FCM)_
   _1225 N. King St._
   _Suite 1100, P.O. Box 397_
   _Wilm., DE 19899-0397_

3. _N/A_

4. _N/A_

The above is signed under penalty of perjury.

_David W___

David Williamson

_David W___