IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-379 SLR |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) TRIAL BY JURY OF TWELVE DEMANDED |
| INC., C. MALANEY, DONNA PLANTE, | ) |
| MAGGIE BAILEY, CHUKS IHUOMA, | ) |
| DR. S. ALIE, DR. ZIMBULL, MICHELLE | ) |
| ROBINSON, JUANITA CLARK, | ) |
| DENTIST JANE DOE and FIRST | ) |
| CORRECTIONAL MEDICAL, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S COMBINED SECOND
SET OF REQUESTS FOR INTERROGATORIES
& PRODUCTION OF DOCUMENTS DIRECTED
TO CORRECTIONAL MEDICAL SERVICES, INC.**

Defendant Correctional Medical Services, Inc., ("CMS") through its undersigned counsel, hereby submits the following responses and objections to Plaintiff's Combined Second Set of Requests for Interrogatories and Production of Documents (collectively the "Requests") as follows:

GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1. CMS objects to the Requests to the extent that they call for, or could be construed as calling for, information that is protected by the attorney-client privilege, the attorney-work-product doctrine, the right to privacy under applicable law, or any other applicable privilege, doctrine, or right. Any inadvertent production of information protected by any of these privileges, doctrines, or rights shall not be deemed a waiver of the protections that those privileges, doctrines, or rights afford.

2. CMS objects to the Requests to the extent that they request information not in their possession, custody or control.

3. CMS objects to the Requests to the extent that they are unduly burdensome, overly broad, and seek the production of information that is neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. In providing responses to the Requests, CMS does not waive, and expressly reserves, all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof.

5. CMS objects to these Requests to the extent that they seek to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure.

6. CMS objects to the Requests to the extent that they seek information already in the possession of defendant and because the burden of deriving or ascertaining the answer would be the same, or greater, for defendant as for plaintiff.

7. CMS specifies that its responses are based upon knowledge, information, and belief that it has acquired to the present date and upon the present state of their preparation in connection with this action. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, CMS reserves the right to amend these responses, assert additional objections, clarify the objections or responses set forth herein and supplement their responses as it completes its review and preparation.

8. All general objections are hereby incorporated into each specific response.

## OBJECTIONS AND RESPONSES TO REQUESTS

1. Identify and produce any and all documents relating to the contract/agreement that created and or outlined the contractual relationship between CMS and DDOC (contract) (e.g. obligations, duties, etc.).

**RESPONSE**: Objection. This request is vague, overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

2. Identify and produce any and all documents relating to the CMS's insurance carrier for the actual service period, as well as, the applicable insurance policy carried by CMS.

**RESPONSE**: Objection. This request seeks information that will not lead to the discovery of admissible evidence. Without waiving this objection, the amount of coverage will be provided in appropriate interrogatory answers. The policy will not be produced until after judgment, and then, only if applicable. Defendant further objects on the grounds that the information requested violates the attorney/client and work product doctrine.

3. Identify and produce any and all documents relating to whether CMS's insurance carrier intends to or has any obligation to defend and or indemnify for any damage awards that may result from Williamson's action for the following current defendant employees: 1) Clark, 2) Chuks, 3) Love, 4) Zimble, and 5) Kinoke (aka Jane Doe Dentist); and for the following past defendant employees: 1) Plante, 2) Malaney, 3) Alie, and 4) Robinson.

**RESPONSE**: Objection. This request is vague, overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Without waiving the objection, the undersigned is or will be representing Clark, Chuks, Robinson, Love, Zimble, Kionke, Plante and Malaney only for the time period in which they were CMS employees.

4. Identify and produce any and all documents relating to the employment contracts for all employee defendants listed above.

**RESPONSE**: Objection. This request is vague, overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

5. Identify and produce any and all documents/communications relating to the report that was compiled by the United States Justice Department in December 2006 (circa) regarding healthcare in DDOC.

**RESPONSE**: Objection. This request is vague, overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

6. Identify and produce any and all documents/communications relating to-including the definition used by CMS-for the following:

    a) Formulary medications;

    b) Non-formulary medications;

    c)    Chronic-care medications;

    d)    Chronic-care;

    e)    Self medications-including the medication administration for them;

    f)    Nurse's daily distributed medications;

    g)    Sock medications;

    h)    Medication order or prescriptions by medical staff;

    i)    Chronic-care Clinic;

    j)    Medical Grievance (MG);

    k)    Emergency Medical Grievance (EMG)-including any criteria for what factors determine an emergency;

    l)    Medication administration;

    m)    Doctor's referrals/recommendations for off-site procedures (e.g. diagnostic tests, inpatient out-patient procedures);

    n)    Medical devices-including criteria for and prohibition against, waivers, reviews; and

    o)    Doctor's referrals/recommendations for medical devices-including rejection, waivers, reviews, etc.

**RESPONSE: Objection. This request is vague, overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Subject to the foregoing objections and pursuant to Federal Rule of Civil Procedure 33(d), copies of plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties.**

8. Identify and produce any and all documents/communications relating to CMS regulations/procedures-including logistics for DCC-whether formal or informal for the following:

    a) Formulary medications;

    b) Non-formulary medications;

    c) Chronic-care medications;

    d) Chronic-care;

    e) Self medications-including the medication administration for them;

    f) Nurse's daily distributed medications;

    g) Sock medications;

    h) Medication order or prescriptions;

    i) Chronic-care Clinic;

    j) Medical Grievance (MG);

    k) Emergency Medical Grievance (EMG)-including any criteria for what factors determine an emergency;

    l) Medication administration;

    m) Doctor's referrals/recommendations for off-site procedures (e.g. diagnostic tests, inpatient out-patient procedures);

    n) Medical devices-including criteria for prohibition against, waivers, reviews, etc.;

    o) Doctor's referrals/recommendations for medical devices-including rejection, waivers, reviews, etc.;

    p)    Sick call referrals, requests;

    q)    Offender Activity Schedule or notice;

    r)    Medication Fax and Fill system;

    s)    Teeth cleanings;

    t)    Crowns;

    u)    Root canals;

    v)    Dentures and partial plates;

    w)    Magnetic resonance imaging; and

    x)    Self med notification pick up.

**RESPONSE: Objection. This request is vague, overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure, or to the extent that it requests information not in CMS' possession, custody or control. In addition, CMS objects to the extent that this request seeks confidential or trade secret information.**

9.    Identify and produce any and all documents/communications relating to the inmate grievances-including the grievances and identify the persons (i.e. grievants) who filed grievances against CMS over CMS's active service period relating to the following issues or persons:

    a)    Chronic-care Clinics: untimely delay and or denial to schedule or conduct;

b) Medications: of any sort-untimely delay, interruptions of, and or denial to provide;

c) Doctor's referrals/recommendations: untimely delay, failure to follow up, countermanded, and or denial to provide;

d) Medical devices: untimely delay, failure to follow up, countermanded, and or denial to provide;

e) MG: untimely delay, improper rejection, retaliation, adverse action, retribution, and or denial to schedule or conduct;

f) EMG: untimely delay, improper rejection, retaliation, adverse action, retribution, and or denial to schedule or conduct;

g) Medical records: denial to provide, manipulation of and or false entries;

h) Dental: denial of care, untimely delay, and or failure to schedule;

i) Alie, Clark, Chuks, Kinoke, Love, Mahaney, Plante, Robinson, and Zimble.

**RESPONSE: Objection. This request is vague, overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. In addition, CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure, or to the extent that it requests information not in CMS' possession, custody or control. . Subject to the foregoing objections and pursuant to Federal Rule of Civil Procedure 33(d), copies of plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties.**

10. Identify and produce any and all documents/communications-including case citations-relating to any litigation filed in any federal court against CMS that resulted in any of the following between January 2004 and January 2007: an injunction, a consent decree, a settlement, a fine, and or a declaratory judgment.

**RESPONSE**: **Objection. This request is vague, overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. In addition, CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure**

11. Identify and produce any and all documents/communications relating to the generally accepted professional standards for the recommended use in taking Levothyroxine and or Synthroid.

**RESPONSE**: **Objection. This request is vague, overly broad and unduly burdensome. By way of further objection, this request requires an expert opinion and seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure**

12. Identify and produce any and all documents/communications relating to the generally recognized chronic symptoms/effects of hypothyroidism-including short term and long term effects and or secondary end organ effects.

**RESPONSE**: Objection. This request is vague, overly broad and unduly burdensome. By way of further objection, this request requires an expert opinion. In addition, CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure.

13. Identify and produce any and all documents/communications relating to Williamson and or the following for the period running from January 2005 thru January 2007:

   a) Chronological list of Williamson's vital signs;

   b) Labs/blood work reports;

   c) Sick call requests, Medical visits, and Clinic visits;

   d) Medication logs;

   e) Prescription orders for cc Meds;

   f) cc Meds invoices, packing slips, and or any log or check lists employed by the on-site pharmacy staff to verify and check in said CC Meds; and

   g) inventory or accounting for any CC Meds kept in Stock Supplies.

**RESPONSE**: Objection. This request is vague, overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. In addition, CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure, or to the extent that it requests information not in CMS' possession, custody or control. . Subject to the foregoing objections and pursuant to Federal Rule of Civil Procedure 33(d), copies of plaintiff's medical records will be

produced under separate cover letter once a confidentiality agreement has been executed by the parties.

14. Identify the following persons: Dr. Durst, Dr. Vandusen, and Dentist Bishop.

**RESPONSE**: **Objection. CMS objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure**

15. Identify and produce any and all documents/communications relating to the following MG/EMG: 1) 15453, 2) 17197, 3) 21201 and the 11-14-05 Addendum, 4) 23193, and 5) 59170.

**RESPONSE**: **Objection. This request is vague, overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. In addition, CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure, or to the extent that it requests information not in CMS' possession, custody or control. Subject to the foregoing objections and pursuant to Federal Rule of Civil Procedure 33(d), copies of plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties.**

16.   Identify and produce any and all documents/communications-including the definitions used by CMS-relating to the "medication administration system" for the distribution of self meds that were employed by CMS as of the following dates:

1)   7-28-05;

2)   4/25/06 (referred by Altman as a "new" medication distribution system;

3)   After July 2006 (referred by CMS as "new medication administration policy."

**RESPONSE**: **Objection.   This request is vague, overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.   In addition, CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure, or to the extent that it requests information not in CMS' possession, custody or control. . Subject to the foregoing objections and pursuant to Federal Rule of Civil Procedure 33(d), copies of plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties.**

17.   Identify and produce any and all documents/communications relating to Williamson's 8-31-05, 11-11-05 or 11-09-05, 11-29-05, 1-04-06, 08-31-06, and 10-180-06 Clinics.

**RESPONSE**: **Objection.   This request is vague, overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.   In addition, CMS also objects to this Request to the**

extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure, or to the extent that it requests information not in CMS' possession, custody or control. . Subject to the foregoing objections and pursuant to Federal Rule of Civil Procedure 33(d), copies of plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties.

18.  Identify the persons (i.e. medical staff) who worked at DCC hospital on 10-04-05 by the first names of Cathy (Caucasian with blond hair) and Crystal (African American).

**RESPONSE**: Objection.  This request is vague, overly broad and unduly burdensome. In addition, CMS objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure.

19.  Identify the entity CMS's employs to fill its prescriptions for the DDOC inmate population.

**RESPONSE**: Objection.  This request is vague, overly broad and unduly burdensome. In addition, CMS objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure.

20.    Identify and produce any and all documents/communications-including the definition used by CMS-relating to the phrase employed by Plante: "Inmate will be placed on the pill call to prevent missed medication[]" regarding MG 15453.

**RESPONSE**: **Objection. This request is vague, overly broad and unduly burdensome. In addition, CMS objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure.**

21.    Identify and produce any and all documents/communications-including any corrective action employed by CMS relating to the following:

    a)    Denial of Williamson's 11-11-05 and 11-29-05 Clinics by Chuks; and

    b)    Charge of retaliation made by Williamson against Chuks for her adverse acts relating to MG 21201.

**RESPONSE**: **Objection. This request is vague, overly broad and unduly burdensome. In addition, CMS objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure.**

22.    Identify the persons-including any DDOC staff-and produce any and all documents/communications relating to their questioning, intervention, follow up, and or efforts to secure Williamson's CC Meds.

**RESPONSE**: **Objection. This request is vague, overly broad and unduly burdensome. In addition, CMS objects to this Request to the extent that it seeks to impose**

obligations in excess of or different from those required by the Federal Rules of Civil Procedure.

23.  Identify the persons-including any pharmacy or medical staff-and produce any and all documents/communications relating to their non-conventional contact (i.e. not via the medication pick up list, but other contact) for Williamson to retrieve his CC Meds-including the date ranges-7-17-06 thru 7-25-06 and 03-01-06 thru 3-28-06.

RESPONSE: Objection.  This request is vague, overly broad and unduly burdensome. In addition, CMS objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure.

26.  Identify and produce any and all documents/communications related to the "investigation" referenced by Altman in the following memos to Williamson: 1) 03-09-06, 2) 3-22-06, 3) 04-25-06, and 4) 08-08-06.

RESPONSE: Objection.  This request is vague, overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. In addition, CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure, or to the extent that it requests information not in CMS' possession, custody or control. . Subject to the foregoing objections and pursuant to Federal Rule of Civil Procedure 33(d), copies of plaintiff's medical records will be

**produced under separate cover letter once a confidentiality agreement has been executed by the parties.**

27.     Identify and produce any and all documents/communications related to the medication pick up lists for the following date ranges: 1) 03-01-06 thru 03-28-06, 2) 06-20-06 thru 06-28-06, and 3) 07-17-06 thru 07-28-06.

**RESPONSE: Objection.   This request is vague, overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. In addition, CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure, or to the extent that it requests information not in CMS' possession, custody or control. . Subject to the foregoing objections and pursuant to Federal Rule of Civil Procedure 33(d), copies of plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties.**

28.     Identify the pharmacy or medical staff that Altman spoke to relating to his 3-22-06 memo.

**RESPONSE: Objection.   This request is vague, overly broad and unduly burdensome. In addition, CMS objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure.**

29. Identify and produce any and all documents-including Chuks' order for Williamson's CC Meds-relating to Williamson's physical on 3-22-06 and or documents produced on the same date.

**RESPONSE**: Objection.  This request is vague, overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.  In addition, CMS also objects to this Request to the extent that it seeks to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure, or to the extent that it requests information not in CMS' possession, custody or control. . Subject to the foregoing objections and pursuant to Federal Rule of Civil Procedure 33(d), copies of plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties.

MORRIS JAMES LLP

_____
Amy A. Quinlan (I.D. #3021)
500 Delaware Avenue, Suite 1500
P. O. Box 2306
Wilmington, DE 19899
(302) 888-6886
Attorneys for Defendants
Correctional Medical Services, Inc., Juanita Clark,
Ihuoma Chuks, Alan Zimble, D.D.S. and
Margaret Love, N.P. (a/k/a Maggie Bailey)

Dated: March 30, 2007

## CERTIFICATE OF SERVICE

I, Amy A. Quinlan, hereby certify that on this 30TH day of March, 2007, I have caused two (2) copies the following documents to be served on the parties listed below:

**RESPONSE TO PLAINTIFF'S COMBINED SECOND SET OF REQUESTS FOR INTERROGATORIES & PRODUCTION OF DOCUMENTS DIRECTED TO CORRECTIONAL MEDICAL SERVICES, INC.**

By First Class U.S. Mail to:

David Williamson, *Pro Se*
SBI #183022
DCC
1181 Paddock Road
Smyrna, DE 19977


Electronically to:

Dana S. Monzo, Esquire (#4605)
McCullough & McKenty, P.A.
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

_____
Amy A. Quinlan (#3021)