David W. Williamson
SBI # 183022
W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

Amy A. Quinlan, Esq. (Counsel for CMS, Inc, et al.)
Re: *Williamson v. CMS, et al*, 06-379-SLR: Notice of CMS's Noncompliance with Discovery Requests

Dear Mrs. Quinlan, Esq.:

    Williamson comes now in good faith to resolve CMS's failure to comply adequately with discovery in regards to CMS's "Response to Plaintiff's Combined Second Set of Requests for Interrogatories & Production of Documents Directed to [CMS]" (D.I. _____) filed on 3-30-07.

    Williamson filed his combined second set of interrogatories etc (discovery) on 2-28-07 directed to CMS. Counsel for CMS filed a wholly inadequate and largely frivolous r4esponse to Williamson's discovery request. Indeed, CMS repeatedly states broad objections and conclusory claims that are unsupported, lack specificity, and are wholly fanciful.

    CMS, for example, perfunctorily states in response to twenty- eight of twenty-nine requests the same frivolous objection: "This request is vague, overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence."

    Contrary to CMS's oft repeated objection, Fed. R. Civ. P. provides the following:

> Parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter. *It is no ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.* (Emphasis added).

    The Supreme Court has construed this rule "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. (See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978). Discovery requests are appropriate "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. (See La Chemise Lacoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D. Del. 1973). Also, even the ostensible burdensome or expensive discovery may be required if it is relevant to the case. (See Fagan v. District of Columbia, 136 F.R.D. 5, 7 (D. D.C. 1991).

    Consequently, any fair reading of Williamson's discovery requests are not only sufficiently narrow, but are clearly relevant to the claims presented in his action. CMS's conclusory allegations to the contrary do not change the facts and are inadequate and frivolous.

    Moreover, the party that claims discovery is excessively burdensome must demonstrate why that is the case. (See Sherman Park Community Assn. v. Wauwatosa Reality, 486 F. Supp. 838, 845 (E.D. Wis. 1980). CMS, however, failed to even attempt to support its perfunctory claims of excessive burdensomeness. This is not surprising because CMS's unsupported claims are frivolous.

Another perfunctory, but frivolous objection that CMS oft repeats is "... CMS also objects to this request to the extent that it seeks to impose obligations in excess of or different form those required by the Federal Rules of Civil Procedure." (e.g. Discovery items 8, 10-29). Again, however, CMS fails to support its conclusory allegation in any way, shape, or form. Moreover, a fair reading of Williamson's requests clearly does not exceed permissible discovery material. For example, discovery rules clearly permit the identification of non-party witnesses, which Williamson requested at item 14.

Still another oft repeated frivolous objection/claim CMS offered is "...plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties." (e.g. Discovery items 6, 9, 16, 26, and 27). CMS states this as if Williamson's medical records have a bearing on these particular requests; however, the fact is that Williamson's medical records are not relevant or related to said requests in any manner at all. For example, at item 6, a thru o, Williamson requests the identity and definition etc. of certain relevant medical terms as employed by CMS in its normal course of business. Williamson's medical records pertain only to Williamson's medical issues and do not identify, define, or contain relevant documents regarding general/specific medical terms and or customary terms that CMS employs in its normal course of business. CMS's objection is legally and factually frivolous. Also, CMS claims to require a confidentiality agreement before providing Williamson's medical records, but Williamson has already on two occasions signed a power of attorney authorizing Dorothy Williamson and attorney Sheryl Rush-Milstead to gain access to Williamson's medical records, yet Williamson has yet to receive them. Nor did CMS provide any ostensible required agreement with its filing. CMS's claims are merely a bad faith effort to delay these proceedings and squander judicial resources.

Lastly, CMS attempts to invoke attorney/client work product privilege. This too is misplaced and legally and factually frivolous in regards to item 2, in which Williamson requested CMS to identify and produce any and all documents relating to CMS's insurance carrier... the applicable insurance policy...." However, contrary to CMS's mere assertion, said policy is not confidential. (See Nguyen Da Yen v. Kissinger, 528 F.2d 1194, 1205 (9th Cir. 1975). And CMS may not assert that information is privileged if they have released it to other parties. In re Natta, 48 F.R.D. 319, 322 (D. Del. 1996). Surely CMS was obligated to disclose its insurance policy to the State of Delaware and of the Department of Correction in its contract negotiations and subsequent acceptance. CMS's objection is insufficient and dubious. Evidently, CMS is under the mistaking impression it can avoid the costs of this litigation – litigation CMS brought upon itself- which is not surprising because it is the exact same strategy CMS employed to deny Williamson his needed medical treatment and which resulted in violating his constitutional rights. The Court rules will not permit such bad faith tactics.

In conclusion, if CMS fails to correct its inadequate responses within 20 days of receipt of this notice, Williamson will be reluctantly forced to request the Court compel discovery and impose any appropriate sanctions.

_David W_____         4-12-07_____
David Williamson                    Date

-2-

## AFFIDAVIT OF MAILING

I David Williamson, pro se plaintiff, do swear that I have caused the following documents to be placed in a U.S. Mail Receptacle on ___12___ day of ___April___ 200_7_:

1. Notice of FCM's Noncompliance with Discovery Requests.

2. Notice of CMS's Noncompliance with Discovery Requests

3. N/A

4. N/A

These originals/true copies were addressed to the following parties:

1. Amy A. Quinlan, Esq. (Counsel for CMS, CLARK, CHUKS, LOVE & Zimble) 500 Delaware Ave. Suite 1500, P.O. Box 2306 Wilm., DE 19899-2306

2. Dana S. Monzo, Esq. (Counsel for FCM) 1225 N. King St. Suite 1100, P.O. Box 397 Wilm., DE 19899-0397

3. N/A

4. N/A

The above is signed under penalty of perjury.

*David W*

David Williamson

David W. Williamson
SBI # 183022
W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

Dana S. Monzo, Esq. (Counsel for FCM, Inc.)\
Re: *Williamson v. CMS, et al*, 06-379-SLR: Notice of FCM's Noncompliance with Discovery Requests

Dear Mrs. Monzo:

    Williamson comes now in good faith to resolve FCM's failure to comply with discovery.

    On 2-14-07 and 2-28-07 Williamson filed his combined first and second sets of requests for interrogatories & production of documents, which were directed to defendant FCM, Inc. respectively. (DI ____ & DI _____).

    As of this date, the time for FCM to respond to these discovery requests, or alternatively file any objection and or protection from discovery has lapsed. Consequently, FCM has waived its opportunity to object or file for protection from responding to these discovery requests.

    In conclusion, Williamson expects FCM to comply with discovery rules and file good faith responses to the above first and second sets no later than Aril 30, 2007. In the event that FCM fails to correct its noncompliance within ten days of receipt of this notice, Williamson will be forced to reluctantly request the Court to compel discovery and impose any appropriate sanctions.

Thank you,

*Dave W*                                                      4·12·07

David Williamson                                        Date



I/M David Williamson
SBI# 183022   UNIT W-1, L-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court
C/O Clerk of Court
844 North King St., Lock box 18
Wilm., DE    19801