IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON, )
    Plaintiff, ) Civil Act. No. 06-379-SLR
    v. )
CORECTIONAL MEDICAL SERVICES, et al, )
    Defendants.

MOTION FOR LEAVE TO AMEND THE CAPTION OF PLAINTIFF'S COMPLAINT AND REQUEST TO ORDER SERVICE OF PROCESS ON UNSERVED DEFENDANTS

COMES NOW, Plaintiff, Williamson, pursuant to the Court's September 18, 2006 Order and hereby moves the Court for an order directing amendment of the caption and service of process of the complaint on the remain9ing unserved defendants –who were unidentified until initial discovery was obtained. Williamson offers the following:

1. On September 18, 2006, the Court ordered –inter alia- CMS to respond to plaintiff's first set of interrogatories (D.I. 4) upon service of the complaint within the time frame and in the manner provided by the Federal Rules of Civil Procedure. (Order at D.I # 12). Williamson's initial discovery request was limited to identifying a Jane Doe Dentist defendant and completing unknown address information for several other defendants in order for Williamson to complete service of process them. Accordingly, the Court directed Williamson to move the Court for an amended caption and service of process on Jane Doe defendant "immediately" upon learning her identity. (D.I. 12 at item 1).

2. Williamson filed an amended complaint on 10-02-06 (D.I. 15) and the Court granted CMS an extension of time to answer to the amended complaint (e.g. 2/15/07).

3. Williamson presumes that the 2-15-07 extension also applied to CMS responding to the initial discovery, which had been filed back on 6-12-06 (D.I. 4).

4. CMS filed its answer to the complaint on 2-15-07 (D.I. 61), but failed to comply with the Court's 9-18-06 Order to respond to Williamson's discovery request. Also, CMS failed to file any timely objection to same or any request for protection from discovery.

5. On 2-28-07, Williamson provided CMS with a complaint regarding its failure to respond to his interrogatories and Williamson requested that CMS resolve the discovery dispute. (See EX-A).

6. On March 12, 2007, CMS filed a belated response to said discovery requests. (D.I. 71). CMS's response was inadequate, improper, and attempted to resurrect waived objections. It did contain enough information for Williamson to nevertheless satisfy the Court's 9-18-06 Order.

    7. CMS identified Jane Doe Dentist as Carla Kionke and stated that CMS is authorized to accept service of process on Kionke's behalf. (D.I. 71 at 36). Also, CMS is accepting service on behalf of the following defendants:

    a) Christine Malaney (id at 11);

    b) Michelle Robinson (id at 27); and

    c) Donna Plante (D.I. _____, at 3) ( i.e. CMS response to Plaintiff's second set of interrogatories 3-30-07).

    8. Below Williamson provides the Court with a list of all amendments to the caption page as they appear on the attached amended caption:

    a) Christine Malaney;

    b) Margaret Love, [AKA Maggie Bailey];

    c) Alan Zimble, [AKA Dr. Zimbull];

    d) Carla Kionke, [AKA Jane Doe Dentist];

    e) First Correctional Medical, Inc. (See EX- B new caption page).

    9. During the interim, Williamson discovered Sitta Alie's business address. Consequently, in addition to Carla Kionke, Williamson moves this Court to order service on Malaney, Robinson, Plante, and Alie. Williamson has provided marshal forms for these defendants herein. Williamson has already complied with the Court's other directives to provide the Clerk with various filings, thus in the spirit of paperwork reduction, Williamson has omitted the redundant filings with the instant request.

WHEREFORE, Williamson prays that this Honorable Court grant his request for an amended caption and also order service of process on the as yet unserved defendants.

Respectfully,

_David W_                      _4-12-07_
David Williamson                 Date
SBI # 183022, W-1
1181 Paddock Rd.
Smyrna, DE 19977

## CERTIFICATE OF SERVICE

I, David Williamson, the pro se plaintiff in C.A. No. 06-379-SLR, do hereby declare under penalty of perjury that I have caused to be delivered a true and correct copy of the following documents:

1. _Motion for leave to amend the caption of Plaintiff's Complaint and request to order service of process on unserved defendants_

2. _N/A_

By placing same in a U.S. postal receptacle on this __12__ day of __April__ 200_7_, and Addressed to the following parties:

Amy A. Quinlan, Esq.
Morris James LLP
Counsel for Correctional Medical Services, Inc.
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494

_N/A_

_N/A_

Dana S. Monzo, Esq.
Counsel for First Correctional Medical, Inc.
1225 N. King St., Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

_N/A_

_N/A_

_/s/ David W_
David Williamson, SBI #183022
DCC
1181 Paddock Rd.
Smyrna, DE 19977

_/s/ David W_

Signed as original

# EXHIBIT A

TAO/099999-9036/1346014/1

David Williamson
SBI # 183022
1181 Paddock Rd.
Smyrna, DE 19977
February 28, 2007

Amy A. Quinlan, Esq. (Counsel for CMS, Clark, Chuks, Zimble, and Love, aka Bailey)
Re: Notice of CMS's Failure to Comply with Discovery : Williamson v. CMS, et al  06-379-SLR

Dear Mrs. Quinlan, Esq:

    Williamson comes now in good faith to resolve CMS's failure to comply with discovery by its failure to respond to "Plaintiff's first set of interrogatories...." (D.I. 4).

    On September 18, 2006, the Court issued an Order for CMS to "respond to plaintiff's first set of interrogatories (D.I. 4) upon service of the complaint within the time frame and in the manner provided by the Federal Rules of Civil Procedure."

    Plaintiff's amended complaint was properly served upon CMS, et al 11-28-06 and the Court granted CMS until February 15, 2007 to answer to Williamson's complaint. CMS filed an Answer on 2-15-07, but failed to answer plaintiff's discovery request. As of this date three months will have elapsed but CMS has refused to comply with discovery as mandated by discovery rules and by the Court. CMS, however, did not object to discovery and did not file any motion for protection from discovery thus CMS has waived its ability to object absent a showing of good cause.

    Williamson expects CMS to comply with the Court's September 18, 2006 Order and he is confident that further action is unnecessary. In the event that CMS fails to correct its failure within ten days of receipt of this notice, Williamson will be forced to reluctantly request the Court to compel discovery and or impose any appropriate sanctions.

    Thank you for your cooperation in this matter.

_David W_____        _2-28-07_
David Williamson                Date

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, | ) |
| Plaintiff, | ) Civil Act. No. 06-379-SLR |
| v. | ) |
| | ) |
| CORECTIONAL MEDICAL SERVICES, Inc, | ) Jury Trial Demand |
| CHRISTINE MALANEY, | |
| DONNA PLANTE, | |
| MARGARET LOVE [AKA MAGIE BAILEY], | |
| CHUKS IHUOMA, | |
| SITTA S. ALIE, | |
| ALAN ZIMBLE [AKA DR. ZIMBULL], | |
| MICHELLE ROBINSON, | |
| JUANITA CLARK, | |
| CARLA KIONKE [AKA JANE DOE DENTIST], | |
| FIRST CORRECTIONAL MEDICAL, INC, | |
| Defendants. | |

## AMENDED COMPLAINT

This is a civil rights action brought by David Williamson, a pro se plaintiff and a state prisoner of Delaware, pursuant to 42 U.S.C., section 1983 and 1997, requesting declaratory judgment, injunctive relief, and damages. Williamson claims herein that Defendants committed several distinct acts of deliberate indifference to Williamson's known serous medical needs in violation of his constitutional rights; specifically the Eighth and Fourteenth Amendment's Due Process Clause; Eight Amendment's Equal Protection and Ban on Cruel and Unusual Punishment Clauses; First Amendment's Freedom of Speech; and the Privileges and Immunities Clauses of Article IV.

David Williamson
SBI# 183022  UNIT W-1, L-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court
Attn. Clerk of Court
844 North King St.
Lockbox 18
Wilm, DE 19801-3570