IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-379-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of May, 2007, having reviewed the plaintiff's letter dated October 26, 2006, docketed as a motion for reconsideration, but requesting clarification of the court's October 6, 2006 order;

IT IS ORDERED as follows:

1. Plaintiff filed his civil fights complaint pursuant to 42 U.S.C. § 1983. The original complaint is filed marked June 9, 2006, a supplemental complaint is filed marked July 18, 2006, and the amended complaint was filed on October 10, 2006 pursuant to the court's order of the same date granting plaintiff's motion for leave to amend. (D.I. 2, 9, 15, 16) The October 10, 2006 order stated that the amended complaint was to be filed instanter. (D.I. 16) Plaintiff asks the court to clarify the meaning of instanter. (D.I. 20) He also inquires whether the amended complaint relates back to the filing of the supplemental complaint. (See D.I. 9)

2. Instanter means "instantly, at once." Black's Law Dictionary 363 (3d pocket ed. 2006). Accordingly, the amended complaint was filed instantly upon entry of the

court's order on October 10, 2006.

3. Plaintiff has concerns that the new allegations in the amended complaint (D.I. 15) do not relate back to the filing date of the supplemental complaint (D.I. 9). The supplemental complaint, however, is mistitled. It is an amended complaint since it names a new defendant, First Correctional Medical ("FCM"), and contains new allegations against FCM for a time period beginning on an unspecific date in July 2004 and ending on an unspecified date in June 2005. (D.I. 9 ¶ 98) Plaintiff's original complaint was filed on June 7, 2006, and his supplemental complaint (D.I. 9) was filed on July 14, 2006, pursuant to the mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988) (the computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule"); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998); Gibbs v. Decker, 234 F.Supp. 2d 458, 463 (D. Del. 2002) (extending Houston to pro se prisoner § 1983 complaints). The claims against FCM accrued on an unspecified date in July 2004 and the limitations period expired on an unspecified date in July 2006. Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996) (Section 1983 claims in Delaware are subject to a two-year limitations period).

4. The amended complaint (D.I. 15) is identical to the supplemental complaint (D.I. 9) except for correcting typographical errors and providing more specific allegations regarding a September 28, 2004 medical examination that was included in the original complaint. (D.I. 2, 9, 15 ¶ 109). The amended complaint, which re-included all the allegations of the original complaint as well as the supplemental complaint, relates back to the date of the amended complaint, because the amended claims set forth therein "arose out of the conduct, transaction, or occurrence set forth or attempted

to be set forth in the original pleadings." Fed. R. Civ. P. 15(c)(2).

                                                                               _____
                                                                               UNITED STATES DISTRICT JUDGE