# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

David W. Williamson,                )
                                    )
          Plaintiff,                )
                                    )
          v.                        )    Civil Action No. 06-379-SLR
                                    )
Correctional Medical Services,      )
Inc, et al.                         )
                                    )
                                    )
          Defendant.                )

FILED

MAY 2 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

### BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Statement of Case: This is a civil rights case filed under 42 USC sections 1983 and 1997, by a state prisoner. Williamson asserts claims that defendants committed several distinct acts of deliberate indifference to His objectively known serious medical needs in violation of His constitutional rights: specifically the Eighth and Fourteenth Amendment's ban on cruel and unusual punishment clause; deliberate retaliation against Williamson for his exercise of His protected rights in violation of the Fifth and Fourteenth Amendment's due process clause and viloations of the First Amendment's freedon of speech clause. Williamson seeks damages as to all claims, declaratory judgment, and injunctive relief for the needed medical care He requires.

Statement of Facts: On 02/14/07 and 02/28/07, Williamson filed on FCM his First and Second sets of combined requests for interrogatories and production of documents. (DI____ & DI____ ) (See Ex A). FCM refused to provide the discovery, refused to object to it, and failed to file a motion for protection against the discovery. Williamson consequenlty filed a notice of noncompliance as an informal effort to settle the discovery dispute. (See Ex-B). FCM refused to provide the discovery, refused to object to it, and failed to file a motion for protection.

-1-

## ARGUMENT

I. Defendants Waived Their Objections by Their Failure To Respond Timely To The Request.

The rules provide that responses/objections to requests for discovery are to be served within 30 days of the requests unless the Court grants a shorter or longer time. Rule _____, Fed. R. Civ. P. FCM never requested additional time. FCM simply ignores well settled Court rules, ignores Williamson, and intentionally delays these procedings. Indeed, it is well settled in federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production requests, or other discovery efforts." Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 1990), Demary v. Yamaha Motor Corp., 125 F.R.D. 20, 22 (D. Mass. 1989), and cases cited; Cephas v. Busch, 47 F.R.D. 371, 373 (ED PA 1969). The waivers are enforced even if objections are based on a claim of privelege. Marx v. Kelly, Hart, & Halman. P.C., 929 F.2d 8, 12 (1st Cir. 1991). The noncomplying party is excused from the waiver only if discovery is "patently imporper," Godsey, supra, at 113, or it "far exceeds the bounds of fair discovery," Krewson v. City of Quincy, 120 F.R.d. 6, 7 (D. Mass. 1989). Any fair reading of Williamson's discovery requests will demonstrate that they are both relevant and fair, and there simply is no valid objection in this regard whatsoever. Moreover, in the discovery stage, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 , 98 S. Ct. 2380 (1978) (footnote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992). Discovery request should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. La Chemise Lacoste v. Alligator Co, Inc., 60 F.R.D. 164, 171 (D. Del. 1973).

## CONCLUSION

For the forgoing reasons, this Honorable Court should grant Williamson's motion to compel

discovery against FCM, and or place sanctions against FCM for its repeated refusals to

comply with well established Court Rules for discovery and knowingly obstructing these

procedings.

Submitted this _19_ day of May, 2007.

David Williamson, SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## CERTIFICATE OF SERVICE

I, David Williamson, the pro se plaintiff in C.A. No. 06-379-SLR, do hereby declare under penalty of perjury

that I have caused to be delivered a true and correct copy of the following documents:

1.    Brief in Support of Motion to Compel [FCM
      for First & Second Sets of Combined Interrogatories
      and Production of Documents]

2.    N/A



By placing same in a U.S. postal receptacle on this _19_ day of _May_ 200 _7_, and

Addressed to the following parties:

James Edward Drnec, Esquire
Bifferato Gentilotti, LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801
*Attorney for Defendant Dr. Zimbull*

Megan T. Mantzavinos, Esquire (ID No. 3802)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendants Correctional Medical Services, Inc.,
et al.*

Daniel L. McKenty, Esquire
Dana Spring Monzo
McCullough & McKenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
*Attorneys for Defendant First Correctional
Medical*

David Williamson, SBI #183022
DCC
1181 Paddock Rd.
Smyrna, DE 19977

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

David W. Williamson,                        )
          Plaintiff,                        )
                                            )
          v.                                )          Civil Action No. 06-379-SLR
                                            )
Correctional Medical Services, et al,       )
          Defendant.                        )

## AFFIDAVIT

I, David Williamson, being first duly sworn, depose and says: this instant filing is an

Affidavit In Support of Motion to Compel, of David Williamson, State of Delaware, New Castle

County, ss # 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.

1. I, David Williamson, am the Affiant listed above, and Affiant is the plaintiff in this case.

Affiant provides this Affidavit in support of his motion to compel discovery.

2. On 02-14-07 and 02-28-07, Affiant served on defendant, First Correctional Medical, Inc.

(FCM), the following discovery requests: "Plaintiff's Combined First Set of Requests for

Interrogatories and Production of Documents..." and "Plaintiff's Combined Second Set of

Requests for Interrogatories and Production of Documents..." (DI ____ & DI ___ ) (See Ex-A).

3. FCM refused to provide discovery, refused to timely object, and failed to file any motion for

protection from these discovery requests.

4. On 04-12-07, plaintiff/Affiant filed a "Notice of Noncomplaince with Discovery Requests,"

and requested that FCM comply with Affiant's discovery requests by 04-30-07. (See Ex-b).

5. Affiant's notice was an effort to realize an informal resolution to the discovery dispute in

accord with Court rules.

6. FCM refused to provide discovery, refused to timely object, and failed to file any motion for portection from these discovery requests.

7. Consequently, FCM knowingly waives any available objections as a result of its repeated refusals -as set forth in the accompanying brief.

WHEREFORE, Williamson requests that the Court grant this motion in all respects.

Subscribed and sworn to before me this ___7___ day of ___May___ ,

20O7.

_____
, Affiant

_____
Notary Public

My Commission Expires: ___Sept 10 2008___

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| Plaintiff, | ) |
| v. | )   C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) |
| Defendants. | |

PLAINTIFF'S COMBINED FIRST SET OF REQUESTS FOR INTERROGATORIES & PRODUCTION OF

DOCUMENTS DIRECTED TO FIRST CORRECTIONAL MEDICAL, INC.

COMES NOW, plaintiff, Williamson pursuant to the appropriate Fed. R. Civ. P., Local Rule, and or case authority. Williamson attests that the instant discovery request is made in good faith, not meant to harass, inconvenience, or be overly burdensome to defendants or to delay these proceedings in any manner. The following requests for interrogatories and production of documents (documents), are to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty-days of the date of service.

## DEFINITIONS

1. FCM shall mean defendant First Correctional Medical, Inc, and include the entity's owners, principals, officers, and/or partners.

2. DDOC shall mean Delaware Department of Correction.

3. DCC shall mean Delaware Correctional Center.

4. "Document" or "documents" shall have the meaning set forth in Rule 34 (a) of the Fed. R. Civ. Proc., and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memoranda, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

5. "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

6. The phrase "custom/policy" shall refer to any formal or informal procedure, act, or behavior employed by FCM during its contract period with the DDOC, whether written or otherwise.

7. The phrase "refer to," "relate to," "referring to," or "relating to" shall mean directly or indirectly relating, reflecting, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing, or mentioning.

8. The terms "and" or "or" shall mean and include both the conjunctive and injunctive.

9. "Identify" when used with respect to a person means to provide the following information:

    (a) The name, telephone number, and last known residential address of the person; and

    (b) The name of the present employer, place of employment, business and job title of the person.

10. "Identify" when used with respect to an entity means to provide the following information:

    (a) The name, telephone number and address of the entity; and

    (b) The name of the entity's owners, principals, officers, and/or partners.

11. "Identify" when used with respect to a document means to provide the following information:

(a) The nature of the document (e.g. letter, contract, memorandum, etc.);

(b) The date of the document;

(c) The preparer and/or source of the document and all recipients of the document;

(d) The substance in detail of the document; and

(e) Each person who has custody, possession or control of the document.

12. "Contract" shall mean the service agreement that gave rise to the relationship for health care services, etc. between FCM and the DDOC.

13. "Active service period" shall mean the actual period that FCM provided services to the DDOC.

14. "Identify" when used with respect to a communication means to provide the following information:

(a) The date of the communication;

(b) Whether the communication was oral or written;

(c) Any person who sent, received, or had knowledge of the communication;

(d) The substance in detail of the communication; and

(e) Any document embodying the communication.

## COMBINED INTERROGATORIES / PRODUCTION OF DOCUMENTS

1. Identify and produce any and all documents relating to the entity First Correctional Medical, Inc.

2. Identify and produce any and all documents relating to the contract/agreement that created and or outlined the contractual relationship between FCM and DDOC (contract) (e.g. obligations, duties, etc).

3. Identify and produce any and all documents relating to the documents/communications relating to the modification, breach, or voiding of FCM's contract with the DDOC. (modification)

4. Identify and produce any and all documents relating to the original duration of the contract (original contract period) and identify the modified actual duration of FCM's active service period with the DDOC.

5. Identify and produce any and all documents relating to the FCM's insurance carrier for the actual service period, as well as, the applicable insurance policy.

6. Identify and produce any and all documents relating to the documents / communications relating to any agreements, settlements, consent decrees, and or assignments that were established in the modification agreement.

7. Identify the person and produce any and all documents/ communications relating to defendant Sita Alie including but not limited to the following:

(a) Alie's professional qualifications known to FCM during its active service period;

(b) Alie's employment contract agreement;

(c) Alie's performance history during FCM's active service period, including but not limited to warnings, reprimands, bonsais or praises whether monetary or other; and

(d) Alie's current status with FCM.

8. Identify and produce any and all documents/ communications relating to whether FCM intends to or has any obligation to provide and or represent Alie in defense against Williamson's action.

9. Identify and produce any and all documents relating to whether FCM's insurance intends to or has any obligation to defend and or indemnify Alie for any damages that may result from Williamson's action.

10. Identify and produce any and all documents/ communications relating to the report relating to DDOC that was compiled by the United States Justice Department in November/December 2006 (circa).

11. Identify and produce any and all documents relating to the inmate grievances filed against FCM by DDOC inmates over FCM's active service period.

12. identify and produce any and all documents relating to inmate grievances filed against Alie.

13. Identify the persons and produce any and all documents relating to the FCM personnel/agents who attended Williamson's medical grievance hearing on or about 10-14-04 for MG #7463 at DCC.

14. Identify and produce any and all documents/ communications generated and relating to MG #7463.

15. Identify the person and produce any and all documents relating to the relating to the X-ray technician who performed Williamson's X-ray on or about 08/03/04 at DCC during FCM's active service period.

16. Identify and produce any and all documents/ communications/ instructions, etc. relating to the manufacture's suggested use and or warnings against use for the "Elastic Knee Support M" (#79-80195) (Lot # 081104), which was provided to Williamson August 2004 (circa).

17. Identify and produce any and all documents / communications relating to what type of orthopedic knee brace is suggested by general medical standards to be used for a serious ACL/knee injury.

18. Identify and produce any and all documents/communications relating to the generally accepted medical professional standard exam, procedure and or diagnostic tests for a severe injury to the knee joint in which the patient describes the following:

(a) Acute hyper-extension,
(b) Acute abnormal swelling,
(c) Acute abnormal impaired range of motion,
(d) Acute pain,
(e) Instability or play in the knee joint, and
(f) Grinding, popping, and involuntary buckling out of the knee at unnatural angles.

19. Identify, define, and produce any and all documents/ communications relating to the generally accepted professional medical standards for treatment and or definitions relating to what observable symptoms and or what subjective patient supplied complaints constitute the following types of injuries:

(a) A moderate, severe, and serious knee injury;
(b) A moderate, severe, and serious Anterior Cruciate ligament (ACL) injury;
(c) A moderate, severe, and serious knee hyper-extension.

20. Identify and produce any and all documents/communications relating to said defining the generally accepted medical professional standard exam, procedure and or diagnostic tests for the knee injuries listed in # 19.

21. Identify and produce any and all documents/communications relating to and defining the generally accepted medical professional standard exam, procedure, medical device, and or diagnostic tests for a severe injury to the knee joint in which the patient describes the on going and residual knee injuries- which have not healed for over two months- and do include acute hyper-extension, acute abnormal impaired range of motion, acute pain, instability or play in the knee joint, and or grinding, popping, and involuntary buckling out of the knee at unnatural angles causing falling incidents.

22. Identify and produce any and all documents/communications relating to and defining the generally accepted medical professional standard exam, procedure, medical device, and or diagnostic tests for a severe injury to the knee joint in which the patient describes the on going and residual knee injuries (listed at # 21), which have not healed for over four months.

23. Identify the person and produce any and all documents/communications relating to the doctor who had performed a Chronic-care Clinic for Williamson on or about 8-30-04 (believed to be Dr. Hauqui), and who had ordered / recommended Williamson's knee be given an MRI diagnostic test. Also provide the following:

(a) Said doctor's professional qualifications known to FCM during its active service period;
(b) said doctor's employment contract agreement;

(c) said doctor's performance history during FCM's active service period, including but not limited to warnings, reprimands, bonsais or praises whether monetary or other; and

(d) Said doctor's current status with FCM.

24. Identify the person and produce any and all documents/communications relating to defendant Chuks Ihuoma (correct spelling if necessary). Also provide the following:

(a) Ihuoma's professional qualifications known to FCM during its active service period;

(b) Ihuoma's employment contract agreement;

(c) Ihuoma's performance history during FCM's active service period, including but not limited to warnings, reprimands, bonsais or praises whether monetary or other; and

(d) Ihuoma's current status with FCM.

25. Identify and produce any and all documents/ communications generated and relating to Alie's 9-28-04 exam of Williamson's knee injury and her override, nullification, and or countermand of the MRI order/recommendation.

26. Identify and produce any and all documents/ communications generated and relating to FCM's formal/informal custom/policy relating to referrals for any MRI diagnostic tests, Don Joy ACL Knee brace, or other ACL knee brace.

27. Identify the persons and produce any and all documents/ communications generated and relating to any DDOC inmates who were either thought to have or were diagnosed with a torn rotator cuff and or a torn or injured Anterior Cruciate Ligament

28. Identify the persons and produce any and all documents/ communications generated and relating to who, how many, and for what reason any DDOC inmates actually received an MRI during FCM's actual service period.

29. Identify the persons or personnel responsible for -and produce any and all documents/ communications generated and relating to who and for what reason- any of the ordered/ recommended MRIs were overriding, nullified, and or countermanded during FCM's actual service period.

30. Identify and produce any and all documents/communications relating to and defining the FCM's understanding of what a "comprehensive" knee exam for an jury to the knee joint in which the patient describes the on going and residual knee injuries as listed at # 21.

31. Identify and produce any and all documents/ communications generated and relating to and or defining FCM's responsibility, duties, and or obligations relating to medical grievances.

32. Identify and produce any and all documents/ communications generated and relating to Alie's re-examination of 11-04-04 (circa) Williamson's knee exam.

33. Identify the persons and produce any and all documents/ communications generated, defining their duties, and relating to the names, titles, and duties of all FCM staff members who had responsibility for handling and ensuring that inmates requests for medical attention are/were responded to.

34. Identify the persons and produce any and all documents/ communications generated, defining their duties, and relating to all FCM staff members who had responsibility for ensuring and handling those inmates' medical grievances.

35. Identify and produce any and all documents/communications, duties, and or definitions relating to FCM's duties, responsibilities, and or obligations for Emergency Medical Grievances during its actual service period.

David Williamson
SBI #183022
1181 Paddock Rd.
Smyrna, DE 19977

2·14-07
Date

- 4 -

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON,                              )
    Plaintiff,                               )
    v.                                       )      C.A. 06-379-SLR
CORRECTIONAL MEDICAL SERVICES, Inc, et al,       )
    Defendants.

## PLAINTIFF'S COMBINED SECOND SET OF REQUESTS FOR INTERROGATIORIES & PRODUCTION OF DOCUMENTS DIRECTED TO FIRST CORRECTIONAL MEDICAL, INC

COMES NOW, plaintiff, Williamson pursuant to the appropriate Fed. R. Civ. P., Local Rule, and or case authority. Williamson attests that the instant discovery request is made in good faith, not meant to harass, inconvenience, or be overly burdensome to defendants or to delay these proceedings in any manner. Williamson requests defendants First Correctional Medical, Inc. (FCM), to answer/provide the following interrogatories/production or document, where required under the applicable rules, under oath, within thirty-days of the date of service. (All definitions employed in Plaintiff's combined first set of requests for interrogatories and production of documents directed to First Correctional Medical, Inc." is incorporated herein).

### COMBINED INTERROGATORIES & PRODUCTION OF DOCUMENTS

1. Identify the entity known or believed to be First Correctional Medical, Del LLC. (FCM LLC).

2. Identify and produce any and all documents/communications relating to the solvency of FCM LLC.

3. Identify and produce any and all documents/communications relating to the solvency of FCM.

4. Identify the entity (i.e. insurance carrier) for FCM LLC.

5. Identify any entity (i.e. lawyers) known or believed to represent FCM LLC.

6. Identify and entity (i.e. lawyers) known or believed to represent Sita Alie.

7. Identify and produce any and all documents/communications --in whole- relating to any contract between DDOC and either FCM and or FCM LLC.

David Williamson, SBI # 183022
DCC, 1181 Paddock Rd.
Smyrna, DE 19977

2-28-07
Date

<u>Certificate of Service</u>

Williamson swears under penalty of perjury that he has served a true and correct copy of

1. Notice of FCM's Failure to Comply with Discovery.

2. Notice of CMS's Failure to Comply with Discovery.

On the following parties by placing same in a U.S. Mail receptacle on ____28____ of
____Feb.____
2007 addressed to:

Amy A. Quinlan, Esq. (Counsel for CMS, Clark, Chuks, Zimble, & Love)
500 Delaware Ave. P.O. Box 2306
Suite __1500__
Wilmington, De 19899-2306

Dana S. Monzo, Esq. (Counsel for First Correctional Medical, Inc.).
1225 N. King St., Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

David Williamson
SBI # 183022
DCC
1181 Paddock Rd.
Smyrna, DE 19977

# EXHIBIT B

David W. Williamson
SBl # 183022
W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

Dana S. Monzo, Esq. (Counsel for FCM, Inc.)\
Re: *Williamson v. CMS, et al*, 06-379-SLR: Notice of FCM's Noncompliance with Discovery Requests

Dear Mrs. Monzo:

Williamson comes now in good faith to resolve FCM's failure to comply with discovery.

On 2-14-07 and 2-28-07 Williamson filed his combined first and second sets of requests for interrogatories & production of documents, which were directed to defendant FCM, Inc. respectively. (Dl ____ & Dl _____).

As of this date, the time for FCM to respond to these discovery requests, or alternatively file any objection and or protection from discovery has lapsed. Consequently, FCM has waived its opportunity to object or file for protection from responding to these discovery requests.

In conclusion, Williamson expects FCM to comply with discovery rules and file good faith responses to the above first and second sets no later than Aril 30, 2007. In the event that FCM fails to correct its noncompliance within ten days of receipt of this notice, Williamson will be forced to reluctantly request the Court to compel discovery and impose any appropriate sanctions.

Thank you,

David Williamson

4·12·07

Date

− / −

## AFFIDAVIT OF MAILING

I David Williamson, pro se plaintiff, do swear that I have caused the following documents to be placed in a U.S. Mail Receptacle on ___12___ day of ___April___ 200 7 :

1. Notice of FCM's Noncompliance with
   Discovery Requests.

2. Notice of CMS's Noncompliance with
   Discovery Requests

3. N/A

4. N/A

These originals/true copies were addressed to the following parties:

1. Amy A. Quinlan, Esq.          2. Dana S. Monzo, Esq.
   (Counsel for CMS, CLARK, CHURS, LOVE &   (Counsel for Fcm)
   Zimble)  500 Delaware Ave.       1225 N. King St.
   Suite 1500, P.O. Box 2306       Suite 1100, P.O. Box 397
   Wilm., DE 19899-2306           Wilm., DE 19899-0397

3. N/A                          4. N/A

The above is signed under penalty of perjury.

David W.

David Williamson