IN THE UNITED STATES DISTRICT COURT FOR THE STATE OF DELAWARE

DAVID WILLIAMSON,                                )
      Plaintiff                                  )
      V.                                         )        CA. No. 06-379-S
CORRECTIONAL MEDICAL SERVICES, Inc., et al,      )
      Defendants.                                )        Jury Demand

                                                                    FILED

                                                                    MAY 2 2 2007

BREIF IN SUPPORT OF MOTION TO COMPELL DISCOVERY

                                                                    U.S. DISTRICT COURT
Statement of Case:                                                  DISTRICT OF DELAWARE

      This is a civil rights case filed under 42 USC 1983 and 1997, by a state prisoner and requests declaratory judgment,
injunctive relief, and damages. Williamson claims that defendants committed several distinct acts of deliberate indifference to
Williamson's objectively known serious medical needs in violation of his constitutional rights: specifically the Eighth and
Fourteenth Amendments Due Process clause, Equal Protection and the Ban on Cruel and Unusual Punishment clauses;
deliberate acts of retaliation against Williamson in response to his seeking redress in the courts in violation of the fifth and
Fourteenth Amendments Due Process clause and the First Amendments Freedom of Speech; and the Privileges and
Immunities clause of Article IV.

Statement of Facts:  As set forth in Williamson's Affidavit he filed his first set of admissions on FCM on 02-01-07 (DI ___);
however, FCM's response on 02-21-07 was wholly inadequate and did violate federal rules of discovery. (DI ___). On 02-28-
07, Williamson sought an informal resolution to the discovery dispute (See Ex-B), but FCM refused to acknowledge
Williamson's efforts and thus refused to correct its insufficient response to discovery.

                                        ARGUMENT

I.      DEFENDANT FCM'S RESONSE VIOLATES FEDERAL RULES OF DISCOVERY:

A)  Federal rules mandate that a party cannot claim they do not know the answer to an admission unless they have
    made reasonable inquiry and still do not have sufficient information to admit or deny the request. (See 36 (a)
    Fed. R. Civ. P.). FCM made tow identical claims to all forty-four admissions: FCM claims that it does not know
    the answer because it did not have the opportunity to review medical records and thus perfunctorily denies the
    admissions. Contrary to the rules, FCM made no statement regarding what, if any, reasonable efforts it took to
    answer a single admission. Moreover, the Court can infer that FCM willingly took no effort whatsoever,
    because Williamson's medical records have absolutely no bearing or relevance to at least eleven of the
    admissions for which FCM erroneously claims it could not answer for lack of Williamson's medical records.

II.     SEVERAL OF FCM'S RESPONSES ARE FACTUALLY WITHOUT MERIT:

A)  As stated above, eleven of the admissions in no way, shape, or form require FCM to have access to
    Williamson's medical records in order for FCM to provide an answer. FCM, however, raised a factually
    meritless claim that it could not answer admissions (e.g. 9 -12, 14, 15,  24 - 25, and 30, 35 and 36), because it
    did not have the opportunity to review Williamson's records. (See Ex-A at (a)-(h). FCM's naked claim was
    clearly made in bad faith and sanctions are appropriate.

                                        CONCLUSION

      For the foregoing reasons this Honorable Court should grant Williamson's motion to compel discovery or
alternatively find that FCM has waived its ability to respond and consequently has admitted the above listed
admissions; and or also sanction FCM's bad faith.

David Williamson
1181 Paddock Rd.
Smyrna, DE 19977

                                                                    5-19-07
                                                                    Date

IN THE UNITIED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| Plaintiff, | ) | CA. No. 06-379-SLR |
| v. | ) | Jury Demand |
| CORRECTIONAL MEDICAL SERVICES, ET AL, | ) | |
| Defendants. | ) | |

#### AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

| | | |
|---|---|---|
| State of Delaware | ) | SS: 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 |
| County of New Castle | ) | |

David Williamson, being duly sworn, deposes and states:

1.  I, David Williamson, am the Affiant listed above and the plaintiff in the above action. Affiant provides this affidavit in support of his motion to compel discovery.

2.  Affiant served on defendant's counsel the following discovery: "Plaintiff's first set of requests for admissions directed to First Correctional Medical" (2-01-07) (D.I. _____).

3.  Defendant FCM filed an inadequate response, which also violated federal rules of discovery on 2-21-07. (See Ex-A) (D.I. _____).

4.  On 2-28-07 Affiant filed a notice of FCM's noncompliance of discovery and sought a resolution. (See Ex-B) (D.I. _____).

5.  Affiant requested FCM's counsel to correct its inadequate discovery response by 3-23-07.

6.  Said notice was Affiant's effort to realize an informal resolution to this discovery dispute.

7.  FCM refused to acknowledge Affiant's notice and thus refused to resolve the discovery dispute.

8.  FCM objections/claims to eleven of the Admissions were factually without merit and legally frivolous as set forth in the accompanying brief.

WHEREFORE, Williamson requests that the Court grant the instant motion in all respects.

Sworn to before me this ___//ᵗʰ___ day of April 2007.

David Williamson
SBI # 183022
W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

Notary Public

## CERTIFICATE OF SERVICE

I, David Williamson, the pro se plaintiff in C.A. No. 06-379-SLR, do hereby declare under penalty of perjury

that I have caused to be delivered a true and correct copy of the following documents:

1.    Motion to Compel [First Correction Medical, Inc.]
      [Admissions]

2.    N/A

By placing same in a U.S. postal receptacle on this ___19___ day of ___MAY___ 200_7_, and

Addressed to the following parties:

Attorneys for
Counsel for Correctional Medical Services, Inc.

Megen T. Mantzavinos, Esq.
913 North Market St. #800
Wilm., DE   19801

N/A

Dave W

David Williamson, SBI #183022
DCC
1181 Paddock Rd.
Smyrna, DE 19977

Dana S. Monzo, Esq.
Counsel for First Correctional Medical, Inc.
1225 N. King St., Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

N/A

James E. Drnec, Esq.
(Counsel for Zimble, A)
800 N. King St. Plaza Level
Wilm., DE 19801

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, ) | |
| ) | C.A. No. 06-379 (SLR) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY OF 12 DEMANDED |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| INC., C. MALANEY, DONNA PLANTE, ) | |
| MAGGIE BAILEY, CHUKS IHUOMA, ) | |
| DR. S. ALIE, DR. ZIMBULL, MICHELLE ) | |
| ROBINSON, JUANITA CLARK, DENTIST ) | |
| JANE DOE and FIRST CORRECTIONAL ) | |
| MEDICAL, ) | |
| ) | |
| Defendants, ) | |

## DEFENDANT FIRST CORRECTIONAL MEDICAL, INC.'S, ANSWER TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS DIRECTED TO FIRST CORRECTIONAL MEDICAL, INC.

1.     Denied. By way of further answer, defendants First Correctional Medical, Inc., are

not in possession of plaintiff's medical records and have not had an opportunity to review them with

respect to answering the requests for admissions.

2-44.   Denied. By way of further answer, defendants First Correctional Medical, Inc., are

not in possession of plaintiff's medical records and have not had an opportunity to review them with

respect to answering the requests for admissions.

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, Inc.

Dated: February 21, 2007

# EXHIBIT B

David Williamson
SBI # 183022
1181 Paddock Rd.
Smyrna, DE 19977
February 28, 2007

Dana S. Monzo, Esq. (Counsel for First Correctional Medical, Inc. (FCM))
Re: Notice of FCM's Failure to Comply with Discovery: Williamson v. cms, et al   06-379-SLR

Dear Mrs. Monzo, Esq:

Williamson comes now in good faith to resolve the dispute regarding FCM's "Answer to Plaintiff's
First Set of Requests for Admissions Directed to [FCM]" (dated 2-21-07). (D.I. _____ ) FCM's Answer –in
part- is inadequate and in violation of federal rules of discover. (Fed R. Civ. Proc.  36 (a) ).

Federal rules mandate that a party cannot claim they do not know the answer to an admission unless
they state that they have made reasonable inquiry and still do not have sufficient information to admit or
deny the request. Also, Fed. R. Civ. Proc., Rule  37 (c) (2)  may provide for expenses incurred to prove bad
faith denials.

FCM made tow identical answers to all forty-four Admissions submitted by Williamson. Basically,
FCM claims that it does not know the answer because it does not have possession of plaintiff's medical
records and thus perfunctorily denies the admissions. FCM made no statement regarding any reasonable
efforts it took to answer a single admission. Moreover, several admissions have no bearing or relation to
Williamson's medical records whatsoever. Therefore,  FCM's naked claim of requiring said medical records
appears to be a bad faith effort to delay or hinder these proceeding.

For example, the following admissions do not hinge on Williamson's medical records:

(a) Admission #9 speaks to the inadequacy (i.e. recommended use) of a specifically identified elastic
knee brace in relation to a set of general symptoms that are described at # 7;

(b) Admission #10 relates to FCM's custom/policy and whether Ihuoma Chuks employed it;

(c) Admission # 11 & 12 speak of classic and elemental symptoms indicative of an ACL injury;

(d) Admission # 14 & 15 speak to the standard of care in general for an ACL injury;

(e) Admission # 24 refers to FCM's contract;

(f) Admission # 25 refers to responsibility of the contract healthcare provider related to medical
grievances;

(g) Admission # 30 refers to the medical mechanics of the Lachman and valgus knee exams; and

(h) Admission # 35 & 36 refer to the logistics of grievances.

Consequently, Williamson hopes to encourage FCM to provide adequate and complete answers to
plaintiff's admissions in accord with discovery rules. Failure to do so by the 3-23-07 will result in
Williamson filing a motion to compel with the Court and requesting appropriate sanctions, etc.

Thank you for your cooperation in this matter.

David W——                                                    2-28.07

David Williamson                                            Date