IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID WILLIAMSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No.: 06-379 SLR |
| V. | : | |
| | : | TRIAL BY JURY OF TWELVE |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | DEMANDED |
| C. MALANEY, DONNA PLANTE, MAGGIE | : | |
| BAILEY, CHUKS IHUOMA, DR. S. ALIE, | : | |
| DR. ZIMBULL, MICHELLE ROBINSON, | : | |
| JUANITA CLARK, DENTIST JANE JOE, and | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S RESPONSE TO
PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS DIRECTED TO
CORRECTIONAL MEDICAL SERVICES, INC.**

Defendant, Correctional Medical Services, Inc. ("CMS") through its undersigned counsel,

hereby submits the following responses and objections to Plaintiff's Second Set of Requests for

Admissions (collectively the "Requests") as follows:

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

1.      CMS objects to the Requests to the extent that they call for, or could be construed

as calling for, information that is protected by the attorney-client privilege, the attorney-work-product

doctrine, the right to privacy under applicable law, or any other applicable privilege, doctrine, or

right. Any inadvertent production of information protected by any of these privileges, doctrines, or

rights shall not be deemed a waiver of the protections that those privileges, doctrines, or rights afford.

2.      CMS objects to the Requests to the extent that they request information not in their

possession, custody or control, or information that is more appropriately requested of the co-

defendant FCM.

3.      CMS objects to the Requests to the extent that they are vague, ambiguous, and overly broad, and as a consequence, are unduly burdensome and harassing and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      CMS objects to the Requests to the extent that they seek to impose obligations in excess of or different from those required by the Federal Rules of Civil Procedure and the Rules of this Court.

5.      All general objections are hereby incorporated into each specific response.

**RESPONSE TO REQUESTS**

1.      Defendants C. Malaney, D. Plante, S. Alie, and M. Robinson were employed by CMS in some capacity for part or all of the relevant time periods of Williamson's claims.

**RESPONSE:  Defendant objects that the use of the term "part or all" renders this request vague and incapable of being admitted or denied.**

2.      CMS is a private-for-profit company in the business of providing healthcare in the institutional/correctional setting.

**RESPONSE:  Admitted.**

3.      CMS has over twenty-five years experience as a healthcare provider (HCP) within the correctional setting.

**RESPONSE: Defendant objects that the use of the term "healthcare provider" renders this request vague and incapable of being admitted or denied.  By way of further answer, CMS**

DE083529.1

**admits that it has worked in the healthcare industry for over twenty-five years.**

4.      CMS claims to be the "nations leading provider of correctional healthcare..." in its web site.

**RESPONSE: Denied. Plaintiff does not specify a time during which the claimed phrase was on the CMS web site.  By way of further answer, CMS admits that as of the submission of these responses, the CMS web site states "As the leading provider of health services for prisons and jails nationwide . . .".**

5.      The distribution of medications for Self Meds is a routine function of CMS.

**RESPONSE:  Defendant objects that the use of the undefined term "Self Meds" and the term "routine function" renders this request vague and incapable of being admitted or denied.**

6.      Chronic diseases are the equivalent of an objective serious medical condition.

**RESPONSE:  Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

7.      Williamson is a chronic-care patient the chronic-care of hypothyroidism, and has been throughout CMS's active service period with DDOC.

**RESPONSE:  Defendant objects that the use of the undefined term "chronic care"**

**renders this request vague and incapable of being admitted or denied.**

8.      Hypothyroidism requires medication (e.g. Levothyroxine or Synthroid and vitamins) (CC Meds) to be taken at about the same time daily and un interrupted to effectively manage the disease's chronic symptoms and/or its residual/aggregate effects.

**RESPONSE:  Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

9.      Notable serious chronic symptoms or hypothyroidism include:

a)      Chronic fatigue (physical and mental);

b)      Mental impairment (i.e. confusion or difficulty in organizing thoughts);

c)      Dangerous inflammation;

e)      Marked increase in weight gain and or obesity;

f)      Clinical depression;

g)      Aloepecia (partial or total hair loss about head and/or body); and or

h)      Slow or reduced bowel movements.

**RESPONSE:  Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

10.     Interruptions in the CC Meds' daily regiment causes one to suffer any or all of the

above chronic symptoms at #9 (i.e. resurgence of symptoms).

**RESPONSE:  Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

11.     Chronic fatigue and or acute lack of energy are know to impair one's normal daily functions. (e.g. enjoyment of life, ability to promote good health via exercise, etc.).

**RESPONSE:  Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

12.     Long-term effects (e.g. over a year for instance), of interruptions of CC Meds that cause said resurgence of chronic symptoms of hypothyroidism (e.g. marked weight gain and cholesterol production, and chronic fatigue and inflammation in blood stream, etc.) poses a significant and likely threat to future health.

**RESPONSE:  Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

13.     Long-term effects (#9-12) are likely t damage the coronary and or cardiovascular system.

**RESPONSE:  Defendant objects that the request calls for an expert opinion and after**

a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.

14.    Long-term effects (#9-12) pose a significant and likely threat of end organ damage-including heart damage, etc.

**RESPONSE:  Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

15.    Williamson has experienced twelve CC Meds interruptions (CCMI) from July 2005 thru February 2007.

**RESPONSE: Denied.**

16.    The CCMI(s) were unnecessary and easily avoidable.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

17.    Nine of the twelve CCMI(s) were aggravated because the CMS on-site pharmacy actually possessed the lapsed CC Meds during the CCMI, but failed to dispense them to Williamson in a timely fashion.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

18.     Williamson provides CMS medical staff with adequate notice/requests for CC Meds before all twelve CCMI(s).

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

19.     Williamson provides CMS and its medical staff with several notice/complaints that he was unnecessarily suffering the resurgence of chronic symptoms due to the CCMI(s).

**RESPONSE:  Defendant objects that this request is vague and incapable of being admitted or denied.  By way of further answer, it is admitted that Williamson provided CMS staff with one or more notice/complaints, but after a reasonable inquiry, the information known to or readily obtainable by them regarding the specific content of the notice/complaints is insufficient to enable defendant to admit or deny this request.**

20.     Williamson provided CMS and its medical staff with several notice/complaints that he was unnecessarily suffering the significant impairment of his normal daily functions as a result of the resurgence of chronic symptoms due to the CCMI(s).

**RESPONSE:  Defendant objects that this request is vague and incapable of being admitted or denied.  By way of further answer, it is admitted that Williamson provided CMS staff with one or more notice/complaints, but after a reasonable inquiry, the information known to or readily obtainable by them regarding the specific content of the notice/complaints is insufficient to enable defendant to admit or deny this request.**

DE083529.1

21.    Williamson provided CMS and its medical staff with several notice/complaints that he was unnecessarily suffering the significant acute emotional and mental distress, anxiety, frustration, and depression as a result of the resurgence of chronic symptoms due to the CCMI(s).

**RESPONSE:  Defendant objects that this request is vague and incapable of being admitted or denied.  By way of further answer, it is admitted that Williamson provided CMS staff with one or more notice/complaints, but after a reasonable inquiry, the information known to or readily obtainable by them regarding the specific content of the notice/complaints is insufficient to enable defendant to admit or deny this request.**

22.    Williamson's clinical depression was and is a direct and proximate result of the CCMI(s) of which equates to the under treatment of his chronic disease.

**RESPONSE:  Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

23.    The CCMI(s) described at #15 are indicative of a pervasive and systemic break down in healthcare service.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

24.    Systemic breakdowns in healthcare services that relate to - including repeat interruptions in care - for chronic diseases is a failure that obviously mandates immediate corrective

action.

**RESPONSE: Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

25. - omitted

26.     Williamson fully and adequately exhausted the administrative remedies available relating to the (1) CCMI(s) and or (2) denial of Clinics, and or (3) retaliation or adverse acts relating to 1 and 2.

**RESPONSE: Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

27.     Several of the CCMI(s) were unnecessarily caused and/or aggravated because CMS medical staff denied or refused to conduct a timely Clinic for Williamson.

**RESPONSE: Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

28.     There were no legitimate medical or penological factors involved with failing to conduct timely Clinics for Williamson.

**RESPONSE: Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

29.     Williamson - as early as November 2005- provided full and adequate notice of items 27 and 28 to CMS Delaware offices.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

30.     CMS failed to correct the denials or untimely Clinics and said acts continued as late as September and October 2006.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

31.     Williamson's CC Meds are designated Self Meds, which means that they are supposed to be provided to him in thirty dose cords/lots.  (CC Med Cards).

**RESPONSE:  Defendant objects that this request is vague and incapable of being admitted or denied.**

32.     Williamson's CC Med cycle normally consists of 120 total doses (i.e. four thirty dose cards/lots).

**RESPONSE:  Defendant objects that the use of the term "normally" renders this request vague and incapable of being admitted or denied.**

33.     The medication administration distribution system is (MADS) is designed to ensure uninterrupted service of CC Meds by providing subsequent med cards within and prior to the final

five or so doses lapsing.

**RESPONSE:  Defendant states that after a reasonable inquiry, the information known to or readily obtainable by them regarding the design of the medication administration distribution system is insufficient to enable it to admit or deny this request.**

34.    The MADS also is designed to ensure that uninterrupted service of CC Meds by providing subsequent Clinics on or around the ninety-day mark of the preceding Clinic.

**RESPONSE:  Defendant states that after a reasonable inquiry, the information known to or readily obtainable by them regarding the design of the medication administration distribution system is insufficient to enable it to admit or deny this request.**

35.    Employed as designed, the MADS would limit the opportunity for CCMI (s) significantly.

**RESPONSE:  Defendant states that after a reasonable inquiry, the information known to or readily obtainable by them regarding the design of the medication administration distribution system is insufficient to enable it to admit or deny this request.**

36.    CMS intentionally fails to employ the MADS as designed and/or fails to employ a meaningful alternative MADS.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

37.     CMS with gross reckless disregard operates a knowingly failed and/or significantly impaired MADS.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

38.     CMS medical staff normally places a 120 dose order/prescription for Williamson's CC Meds at a Clinic.

**RESPONSE:  Defendant objects that the use of the term "normally" renders this request vague and incapable of being admitted or denied.**

39.     CMS employs a "Fax and Fill" system for its prescription drugs, which normally results in the prescriptions being filled within 24 hours, but normally not longer than 48 hours - absent supply problems and/or inclement weather.

**RESPONSE:  Defendant objects that the use of the term "normally" renders this request vague and incapable of being admitted or denied.**

40.     There is no legitimate medical or other reason - absent supply problems and/or inclement weather, for an ordered prescription medication to exceed a lapse of four days.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

41.     CMS employs a log (Med Log) that records what type and the amount of Self Meds -

including when a patient picks them up - at its on-site pharmacy and/or hospital at DCC.

**RESPONSE: Defendant objects that the use of the term "and/or" renders this request vague and incapable of being admitted or denied.**

42.    Said Med Log enables CMS to easily calculate when the next Self Med card would be due for disbursement.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

43.    In regards to items #41 and 42, CMS medical staff require no actual notice or request from any Self Med patient to determine when a replacement CC Med is due to avoid any CCMI.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

44.    In regards to subsequent Clinics, CMS medical staff require no actual notice or request from any chronic care patient to determine when ninety-days has elapsed and thus, schedule/provide the next needed Clinic.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

45.    Despite CMS possessing said Med Log, it still causes Williamson unnecessary and avoidable CCMI(s).

**RESPONSE: Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

46. Despite CMS possessing the Med Log, it still employs arbitrarily and unnecessary procedures that actually hinder and/or obstruct the orderly administration of CC Meds: That a chronic-care patient must alert staff at about his five final doses and request his next available Self Med card.

**RESPONSE: Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

47. Despite CMS possessing the Med Log, its employment of arbitrary and unnecessary procedures at #46 serve as a pretext to cause and/or rationalize the CCMI(s) with illegitimate excuses.

**RESPONSE: Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

48. Despite knowing the date of previous Clinics, CMS still refused to conduct several subsequent needed Clinics for Williamson, which contributed to the cause of CCMI(s).

**RESPONSE: Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

49. CMS possessed an alternative supply of Levothyroxine and/or Synthroid in its Stock

Supplies-at its on-site pharmacy and could have corrected several of Williamson's CCMI(s) but failed to do so until doctor Burns provided stock supplies to Williamson in January 2006.

**RESPONSE: After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

50.    An interruption/denial of prescribed care (i.e. CC Meds) for a chronic-care patient constructively equates to a medical emergency that requires immediate corrective action.

**RESPONSE: Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

51.    CMS's contractual duties include responsibility for any and all medical and/or emergency medical grievances (MG or EMG) including hearing, processing, and/or resolving them.

**RESPONSE: After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request. By way of further answer, CMS must adhere to any grievance that is upheld.**

52.    Relating to MG/EMG, CMS as the HCP is ultimately responsible for them.

**RESPONSE: Defendant objects that the use of the term "responsible for" renders this request vague and incapable of being admitted or denied**.

53.    Any logistical or clerical assistance that DDOC provides CMS that relates to

MG/EMG does not diminish or absolve CMS's legal duty/responsibility for said MG/EMG - including managing or resolving them in a timely and effective manner.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

54.     By accepting DDOC's logistical or clerical assistance relating to MG/EMG, CMS constructively accepts DDOC staff as agents in this respect.

**RESPONSE:  Denied.  By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.**

55.     Inmate Grievance procedure 4.4 (IGP) relating to "Emergency Grievance" mandates the following: a) "Issues that concern substantial risk of personal, physical, or psychological inmate injury shall be addressed immediately by the Warder/Warden's Designee" ([W/WD])...b)...[W/WD] shall respond within one calendar day..." and c) If the [W/WD] should determine that the grievance does not meet the emergency criteria, the grievance shall be returned...for...normal IGP process steps."

**RESPONSE: Admitted.**

56.     The Warden's Designee relating to medical emergency -via an EMG- is accordingly the HCP-who is CMS at the time.

**RESPONSE: Defendant objects that the use of the term "healthcare provider" renders this request vague and incapable of being admitted or denied.**

DE083529.1

57.     CMS employs no active means of screening or determining emergencies that relate to EMG(s) or whether any actual emergency exists within the meaning of IGP-including the one calendar day determination and/or immediate response.

**RESPONSE: Defendant objects that this request is vague and incapable of being admitted or denied.**

58.     The Third Circuit Court of Appeals in <u>Spruill v.Gillis,</u> 372 F.3d 218 (3d Cir. 2004) (held-in part - (2) procedural default component of the PLRA administrative exhaustion requirement is governed by the applicable state prison grievance system).

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

59.     The Spruill holding governs and applies to DDOC grievance procedure IGP 44.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

60.     Relating to applicable grievance procedures, the Spruill Court found that it is "a matter of statutory construction-it turns on the interpretation of the Grievance System Policy..." and that it is necessary to "look to the rules governing the prison's grievance systems to ascertain...what 'shall,' 'should', and 'may' be included in a grievance..."

**RESPONSE: Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

61.     It is a natural consequence of Spruill that if any of the DDOC's IGP rules establish and/or mandate certain actions or duties on a party to the grievance, than it is binding and controlling on that party, and/or the failure to perform will likely create a default.

**RESPONSE: Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

62.     Because the PLRA mandates an inmate to exhaust all available administrative remedies or face dismissal of his federal claims, any impediment or denial of the administrative process - not attributable to the inmate grievant-that has the effect of precluding a grievant from completing said exhaustion is a defacto denial of meaningful access to the courts.

**RESPONSE: Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

63.     Williamson filed EMG# 15453 on or about 7/15/05 for the denial/interruption of his CC Meds.

**RESPONSE: Denied.   Admitted that Williamson filed EMG# 15453 on or about**

**7/15/05, claiming an alleged denial/interruption of his CC Meds.**

64.     CMS processed EMG# 15453 as normal, thus CMS's act is a constructive decision that no emergency existed.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

65.     EMG# 15453, however, was not actually screened by CMS for the presence of any emergency in violation of IGP.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

66.     CMS held the first informal grievance hearing for EMG# 15453 on 7/28/05 - thirteen days after it was filed.

**RESPONSE: Denied.  Admitted that an Informal Resolution report was issued on 7/28/05, but an investigation and receipt of medication by plaintiff occurred prior to that date.**

67.     Because a CCMI causes Williamson to suffer a resurgence of chronic symptoms of which include creating a substantial and likely risk of future personal injury and/or psychological injury, any CCMI of his CC Meds constitutes an emergency pursuant to IGP.

**RESPONSE: Defendant objects that the request calls for an expert opinion and after a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

68.    CMS has failed to establish policies or procedures to address EMG(s) pursuant to IGP.

**RESPONSE: Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

69.    CMS has failed to establish policies or procedures to address the ongoing incidence of CCMI(s) (i.e. emergencies).

**RESPONSE: Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

70.    Williamson filed no less than four MG(s) relating to the CCMI(s) against CMS of which spanned from July 2005 through July 2006.

**RESPONSE: Admitted.**

71.    On all four occasions (e.g. EMG# 15453, MG# 17197, MG# 21201 an MG# 59170), CMS failed to respond "immediately" within the meaning of IGP.

DE083529.1

**RESPONSE: Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

72.    On 11/11/05, Chuks denied to provide Williamson with his Clinic, which was needed to place a refill order for CC Meds.

**RESPONSE: Denied.  Admitted that plaintiff's 11/11/05 Clinic was rescheduled.**

73.    There were no legitimate medical or penological factors involved in Chuks denial of said Clinic, and CMS staff was responsible for Williamson's tardiness by failing to place his name on the "Offender Activity Schedule" that day.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

74.    Alternatively, Chuks refused to place a refill order for Williamson's CC Meds also on 11/11/05.

**RESPONSE:  Defendant objects that the use of the term "refused" renders this request vague and incapable of being admitted or denied.**

75.    Williamson filed MG# 21201 on 11/14/05 due to Chuk's denial of the 11/11/05 Clinic and noted that said denial would likely cause an unnecessary CCMI, which would violate agreements

made by CMS relating to MG# 15453.

**RESPONSE: Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

76.     Chuks and Plante were scheduled and present at the DCC Hospital on 11/29/05.

**RESPONSE: Defendant states that after a reasonable inquiry, the information known to or readily obtainable by them is insufficient to enable it to admit or deny this request.**

77.     Williamson was re-scheduled for a clinic on 11/29/05.

**RESPONSE: Admitted.**

78.     Williamson was again denied his needed Clinic on 11/29/05.

**RESPONSE:  Defendant objects that the use of the term "denied" renders this request vague and incapable of being admitted or denied.**

79.     No refill order was placed for Williamson's CC Meds on 11/29/05.

**RESPONSE: Admitted.**

80.     Refusal to conduct either of the 11/11/05 and/or the 11/29/05 Clinics and/or place a refill order for Williamson's CC Meds caused a CCMI of 28 days (e.g. 12/7/05 until 1/4/06).

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which**

**plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

81.    Williamson Filed an Addendum MG# 21201 dated 11/30/05 raising claims of prohibited retaliation by Chuks for the 11/29/05 Clinic denial, which occurred shortly after his filing of MG# 21201 and CMS offices received a copy.

**RESPONSE: Admitted.**

82.    CMS failed to conduct any hearing relating to MG# 21201 and until 11/14/06 circa.

**RESPONSE: Defendant states that after a reasonable inquiry, the information known to or readily obtainable by them is insufficient to enable it to admit or deny this request.**

83.    CMS continued to fail to conduct timely Clinics for Williamson, which resulted in additional CCMI(s), after the filing of MG# 21201.

**RESPONSE: Defendant states that after a reasonable inquiry, the information known to or readily obtainable by them is insufficient to enable it to admit or deny this request.**

84.    MG# 59170 was filed on 7/30/06 and it complained of the tenth consecutive CCMI.

**RESPONSE: Denied. Admitted that MG# 59170 was filed on 7/30/06, in which Williamson alleged a tenth consecutive CCMI.**

85.    MG# 59170 also involved the denial and/or failure to conduct a timely Clinic over the

Aug/Sept 2006 period.

**RESPONSE:  Denied.  Admitted that MG# 59170 alleged a denial and/or failure to conduct a timely Clinic over the Aug/Sept 2006 period.**

86.     In response to MG# 59170, CMS representative Gail Eller claimed that a Clinic had been held on 8/31/06.

**RESPONSE: After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

87.     Eller even disclosed a fictitious conversation that allegedly occurred between medical staff and Williamson on the 8/31/06 fabricated Clinic.

**RESPONSE:  After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

88.     CMS never provided any Clinic to Williamson on 8/31/06 nor was a Clinic provided until 10/18/06.

**RESPONSE:  After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

89.     Williamson worked all day - uninterrupted - at his work site at Bldg. #15 on 8/31/06.

**RESPONSE:  After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

DE083529.1

90.     No refill for Williamson's CC Meds was ever placed on 8/31/06, which would have occurred had CMS actually conducted a Clinic as claimed by Eller at the grievance hearing.

**RESPONSE:  After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

91.     The events claimed/disclosed by Eller relating to MG# 59170 (i.e. fictitious Clinic, etc.), is a fabricated entry in Williamson's medical file.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied.**

92.     Fabricating medical entries/records in response to a MG is an adverse action prohibited under IGP.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied.**

93.     Williamson filed a reprisal grievance RG# 72883 (dated _____), for the adverse acts disclosed/perpetrated that referred to MG# 59170.

**RESPONSE: Denied.  Admitted that Williamson filed a reprisal grievance RG# 72883 (dated 8/15/06), in which he alleged the adverse acts disclosed/perpetrated that referred to MG# 59170.**

94.    CMS conducted the first hearing for RG# 72883 on 10/18/06 with CMS representative D. Rodweller.

**RESPONSE:  After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

95.    CMS offered - via Rodweller - to permit Williamson to inspect his medical records referring to RG# 72883, but CMS's offer turned out to be a bad faith offer, because to date CMS never honored it.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied.**

96.    Though, Williamson completed - in writing on 10/20/06 a request to inspect and copy said medical records, CMS never complied to date.

**RESPONSE:  After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

97.    CMS held the second hearing for RG# 72883 on 11/14/06 and provided Williamson with the Formal Final Appeal Form.

**RESPONSE:  After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

98.     Williamson completed and filed a timely Final Appeal for RG# 72883 and forwarded copies to Deputy Warden Pierce and the Bureau Chief on or about 11/17/06.

**RESPONSE:  After a reasonable inquiry, the information known to or readily obtainable by defendant is insufficient to enable it to admit or deny this request.**

99.     Williamson has complied with all IGP requisites and available procedures relating to RG# 72883; however, he has ben denied any final decision.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

100.     Facts above at 97-99 act to improperly preclude and/or deny Williamson timely and effective access tot he administrative grievance process (AGP).

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

101.     Facts above at 97-100 constitute a defacto denial of meaningful access to the courts for Williamson.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

102.    CMS's failure to provide Williamson with a timely Aug/Sept. 2006 Clinic - not actually providing one until 10/18/06caused an unnecessary nineteen day CCMI (from 10/5/06 through 10/25/06).

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

103.    Denial of timely Clinics referred to in 59107 and 72883 is a recurring act that is substantially similar to denials listed in MG# 21201.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

104.    Facts of #103 constitute a systemic breakdown in the chronic care services, of which have aggravated the CCMI(s).

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

105.    The so-called "new medication distribution system" referenced by S. Altman in his 4/25/06 memo is/was in fact substantially similar to the prior MADS that CMS employed in its prior contract with DDOC.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

106.    The so-called "new medication distribution system" referenced by S. Altman in his 4/25/06 memo is/was in fact substantially similar to the in place on 7/28/05 which was referenced by Mr. Linton. (e.g. MG# 15453).

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

107.    The MADS referenced by CMS as being new in June/July 2006 is not materially different from the one employed throughout 2005 by CMS.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

108.    Employing a Tickle/calendar scheduling system for the scheduling of Clinics (e.g. every ninety days), would likely reduce the incidence of CCMI (s).

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.

DE083529.1

109.    Employing a Tickler/calendar scheduling system for the distribution of CC Meds (e.g. automatically distribute CC Meds within final five doses), would likely reduce the incidence of CCMI(s).

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.


110.    CMS already possesses all the information necessary to establish a Tickler/calendar order and/or scheduling system for both Clinics and/or CC Meds refills.

**RESPONSE:  Defendant objects that this admission is a conclusion of law upon which plaintiff bears the burden of proof at trial, which renders this request incapable of being admitted or denied**.


/s/ Megan T. Mantzavinos_____
Megan T. Mantzavinos, Esquire (3802)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendant*

DATED: June 15, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON,                              :
                                               :
          Plaintiff,                           :
                                               :          C.A. No.: 06-379 SLR
     V.                                        :
                                               :          TRIAL BY JURY OF TWELVE
CORRECTIONAL MEDICAL SERVICES, INC.,           :          DEMANDED
C. MALANEY, DONNA PLANTE, MAGGIE               :
BAILEY, CHUKS IHUOMA, DR. S. ALIE,             :
DR. ZIMBULL, MICHELLE ROBINSON,                :
JUANITA CLARK, DENTIST JANE JOE, and           :
FIRST CORRECTIONAL MEDICAL,                    :
                                               :
          Defendants.                          :

## NOTICE OF SERVICE

I, Megan T. Mantzavinos, Esquire  hereby certify that on this 15th day of June, 2007, two

copies of the below-mentioned document were served by postage pre-paid first class mail upon the

following individuals:

**DOCUMENT:**

DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S OBJECTION TO PLAINTIFF'S
COMBINED SECOND SET OF REQUESTS FOR ADMISSIONS DOCUMENTS DIRECTED TO
CORRECTIONAL MEDICAL SERVICES, INC.

**DIRECTED TO:**

    David W, Williamson
    SBI # 183022
    Delaware Correctional Center
    1181 Paddock Rd.
    Smyrna, DE 19977

    James Edward Drnec, Esquire
    Balick & Balick, LLC
    711 King Street

DE084561.1

Wilmington, DE 19801

Daniel L. Mckenty
McCullough & Mckenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

    */s/ Megan T. Mantzavinos, Esquire*
Megan T. Mantzavinos, Esquire (I.D. No. 3802)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, **Megan T. Mantzavinos, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C. hereby

certify that on this **15th** day of June, 2007, two copies of the attached **Defendant Correctional**

**Medical Services, Inc.'s Response to Plaintiff's Second Set of Requests For Admissions**

**Directed to Correctional Medical Services, Inc.** were served via First Class Mail and Electronic

Service upon the following counsel of record:

David W, Williamson
SBI # 183022
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977


James Edward Drnec, Esquire
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801

Daniel L. Mckenty
McCullough & Mckenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397


    _/s/ Megan T. Mantzavinos, Esquire_
Megan T. Mantzavinos, Esquire (I.D. No. 3802)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
_Attorney for Defendant_

DE084560.1