David Williamson
SBI #183022, W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977



Honorable Judge Sue L. Robinson
Re: Williamson v. CMS, et al, CA No. 06-379-SLR: TRO/PI

Honorable Judge Sue L. Robinson:

Williamson  -who is a pro se plaintiff in the above action and a friend of the Court- filed a TRO/PI because Williamson made reasonable requests for needed medical care, medical care which he simply cannot go out and get due to being incarcerated.

On 2/01/07 defendants CMS filed a response. Williamson objected to CMS's response on 2/14/07 because it was factually and legally frivolous, and Williamson sought to strike those portions that contained scandalous materials. Though Williamson requested CMS to Show Cause why it should not provide him medical care –care CMS did not challenge as needed for Williamson's serious medical needs- no such order has been realized these past six months. Nor has any ruling been issued regarding Williamson's prayer for needed medical care.

Consequently Williamson faces substantial and likely permanent injury and or unnecessary pain and suffering. In short, Williamson faces -among other things- permanent diminished capacity of his right knee and or possible failure of same due to CMS's constructive denial to provide the essential post-operative physical therapy (PT). Indeed, CMS erroneously claimed that Williamson's request for knee surgery, the Don Joy ACL knee brace, and PT was moot because he was scheduled for reconstructive surgery on March 14, 2007. CMS quickly abandoned its false pretext for not providing the Don Joy brace, over some nine months and exposing Williamson to unnecessary injury, after Williamson challenged CMS to support its conclusory allegations with proof. Moreover, Williamson pointed out that the orthopedic specialist warned that the surgery would likely fail if the PT was not realized in accord with medical standards. DuShuttle even encouraged Williamson not to go forward with the needed surgery for fear that CMS would not provide the essential PT in a timely and adequate manner. (DuShuttle's caveat was provided as part of his report attached as an exhibit in Williamson's TRO/PI: See TRO/PI Ex-II-A ). DuShuttle emphatically stated that the scar tissue -that connects live tissue to the cadaver tissue- must be worked with PT in order to ensure a proper infusion of live cells and optimize mobility/functioning. Proper and timely PT is imperative according to DuShuttle to ensure proper healing and to limit diminished capacity. In fact, timely and adequate PT can easily make the difference in a fully functioning knee and an impaired knee due to diminished capacity. Williamson wishes to avoid unnecessary disability.

Accordingly, Williamson pointed out that the matter could not possibly be moot because CMS was conspicuously silent as to the essential PT. Consequently, three months have passed since Williamson's reconstructive surgery of 3/14/07. However, despite CMS having prior notice of the critical nature of timely post-op PT and despite an order for same made by Dr. DuShuttle on 4/25/07, CMS has refused to provide the necessary PT for Williamson. It appears DuShuttle's caveat was on the mark after all and CMS's claims of mootness were indeed false.

This PT should have occurred directly after Williamson was released from the hospital on 4/18/07 and certainly no later than DuShuttle's order on 4/25/07, but CMS refuses to provide it in a timely and adequate fashion. Moreover, this three month lapse has likely already caused Williamson diminished capacity and may have threatened the healing/infusion process. To provide the reconstructive surgery, but to ultimately cause failure due to deliberate indifference to post-op requisites would be disasterous and it is a terrible waste of limited resources. It should be avoided at all costs.

In conclusion, Fed. R. Civ. P., rule 65 (b) states that a motion for preliminary injunction "shall be set down for hearing at earliest possible time [and] take precedence of all matter except older ones if same character...." Williamson prays that the Court considers this urgent matter in light of the above before Williamson suffers permanent injury to his newly repaired knee, as well as, consider his other reasonable requests for medical care, which were made in his January 2007 TRO/PI.

Respectfully,

David W.

David Williamson
W-1, L-12

6-11-07

Date

𝒹

## CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed

below the following true and correct documents:

1. _Letter Re: Williamson v. CMS, et al, CA No. 06-379-SLR:_
   _TRO/PI_ _____

   _____,

2. _N/A_ _____

   _____

   _____,

By placing same in a U.S. Mail receptacle on the ___11___ day of ___June___ 200_7_.

Megan T. Matzavinos, Esq.                Dana S. Monzo, Esq.
913 N. Market St., Suite 800             1225 N. King St., Suite 1100
Wilmington, DE 19801                     P.O. Box 397
(Counsel for CMS. Et al)                 Wilmington, DE 19899-0397
                                         (Counsel for FCM, Inc.)

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

_David W_____                    _David W_____
David Williamson, SBI #183022            _signed as original_
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

WILMINGTON DE 197
13 JUN 2007 PM 3 T

I/M David Williamson
SBI# 183022   UNIT W.1.6.12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court
Attn. Clerk of Court
844 N. King St.
Lockbox 18
Wilm, DE 19801-3570