UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CORRECTIONAL MEDICAL SERVICES, )<br>INC., CHRISTINE MALANEY, )<br>DONNA PLANTE, MARGARET LOVE, )<br>CHUKS IHUOMA, DR. SITTA C. ALIE, )<br>DR. ALAN ZIMBAL, MICHELLE )<br>ROBINSON, JUANTIA CLARK, )<br>DR. CARLA KIONKE and FIRST )<br>CORRECTIONAL MEDICAL, INC. )<br>)<br>Defendants. ) | Case No. 06-379 (SLR)<br>JURY TRIAL DEMANDED |

**DEFENDANT DR. ALAN ZIMBAL'S FIRST SET OF INTERROGATORIES<br>DIRECTED TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Dr. Alan Zimbal requests Plaintiff David W. Williamson, within thirty days of receipt hereof to respond in writing and under oath to the interrogatories below, and to send copies of the same by mail to James E. Drnec, Esquire, Balick & Balick, 711 King Street, Wilmington, Delaware 19806.

Please note that this Request is ongoing and, to the extent Plaintiff comes into possession of knowledge or information subsequent to the provision of answers, he is requested to supplement such answers to the extent warranted by the discovery of new or additional information.

DEFINITIONS AND INSTRUCTIONS

Definitions

1.   If any of these discovery requests cannot be answered completely, answer the discovery request to the extent possible, and specify the reasons for your inability to completely answer.

2.   This discovery request is a continuing one. If, after responding, you become aware of any further information responsive to these interrogatories, you are required to supplement your answers.

3.   "Complaint" shall mean and refer to the Complaint filed by the plaintiff in the above-captioned action.

4.   "You" or "your" means the party to whom these Requests were propounded and includes anyone authorized to or purporting to act on its behalf, including but not limited to officers, directors, employees, predecessors, successors, parent corporations, subsidiary corporations, attorneys, agents, or other representatives

5.   "Dr. Zimbal" means Alan Zimbal, D.D.S.

6.   "Discovery Requests" means, collectively, Defendant Dr. Zimbal's First Set of Interrogatories Directed to Plaintiff, and Defendant Dr. Zimbal's First Request for Production of Documents Directed to Plaintiff.

7.   "Identify" when used with reference to a natural person means to state his or her full name, present or last known address, present or last position or business position, and position or business affiliation at the time in question.

8.   The term "all" includes the word "any" and the word "any" includes "all." The terms "all" and "each" shall be construed as each and all.

9.   The terms "communication" or "communications" shall mean and refer to, without limitation, any document, statement, or expression which constitutes, embodies,

2

evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopies, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

10. The term "document" as used herein is employed in the broadest possible sense under Rule 34 to include any medium upon which information is recorded or preserved, by whomever generated or received, and means, without limitation, any written, printed, typed, photostated, emailed, photographed, recorded, taped or otherwise reproduced communications, compilations or reproductions including computer generated or stored information or data, whether assertedly privileged or not and including all copies or drafts of any document which differs (by annotation or otherwise) in any respect from the original.

11. The term "including" shall be construed to mean "including without any limitation."

12. The terms "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of any type.

13. The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that otherwise might be construed to be outside the scope of the request.

14. The terms "relate" or "relating to" as used herein shall mean concerning, involving, consisting of, alluding to, referring to, appertaining to, regarding, reflecting,

evidencing, having any logical or factual connection with or tending to prove or disprove the matter discussed.

15.     The terms "you" and "your" shall mean the party to which these interrogatories are directed.

16.     The terms "describe" or "description" when used in connection with any act, accounting, action, activity, audit, practice, process, occurrence, occasion, plan, communication, conference, discussion, development, service, transaction, test, negotiation, instance, incident or event, mean to furnish a detailed account of the matters referred to, including but not limited to the following information:

    a. Its general nature;

    b. The time and place thereof;

    c. A chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof;

    d. The identity of each person who performed any function or who had any role in connection therewith (i.e., speaker, participant, contributor of information, witness, etc.) or who has any knowledge thereof, together with a description of each such person's function, role or knowledge;

    e. The identity of each document which refers thereto or which was used, referred to or prepared in the course of or as a result thereof; and

    f. The identity of each communication, whether oral or written, which was a part thereof or which referred thereto.

17. The terms "describe" or "description" when used in connection with any calculation, computation, amount or figure means to provide:

    a. A detailed explanation of its meaning;

    b. A detailed explanation of the manner in which it was derived, including an itemization of all subcategories included therein;

    c. The identity of each person who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a description of each such person's function, role or knowledge;

    d. The identity of each document which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and

    e. The identity of each oral communication which occurred in the course of the preparation thereof or which referred thereto.

18. When asked to provide or state a "factual basis," the term "factual basis" means to provide in detail all facts related to the matter, including but not limited to the following:

    a. Each item of information upon which the allegation, contention, claim or demand to which it pertains is based, including a full description thereof;

    b. With respect to each such item of information, the identity of each person having knowledge and each source thereof, including, but not limited to, each document, communication, act, action, activity, accounting, negotiation, practice, process, occurrence, occasion, course of conduct, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event, audit,

calculation and computation, upon which respondent relies with respect thereto.

19. The terms "identify," "identification" or "identity" as applied to a person means to provide:

    a. When used in reference to a natural person: full name; present or last known business and residence addresses and telephone numbers; present or last known business affiliation; and present or last known business positions (including job title and a description of job functions, duties and responsibilities);

    b. When used in reference to any entity other than a natural person: its full name; the address and telephone number of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated; the identity of all persons who acted and/or who authorized another to act on its behalf in connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and

    c. In the case of an entity other than a corporation, the identities of its partners or principals or all persons who acted or who authorized another to act on its behalf in connection with the matters referred to.

20. The terms "identify," "identification" or "identity" as applied to an oral communication means to provide the following information:

    a. By whom it was made and to whom it was directed;

    b. Its specific subject;

    c. The date upon which it was made;

    d. All persons who were present when it was made; and

    e. Whether it was recorded, described or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.

21.    The terms "identify," "identification" or "identity" as applied to a written communication or document means to provide the following information:

    a. Its nature (e.g., letter, memorandum, telegram, note, drawing, etc.);

    b. Its specific subject;

    c. By whom it was made and to whom it was directed;

    d. The date upon which it was made; and

    d. Who has possession of the original and all copies.

## INSTRUCTIONS

1.    As used herein, the past tense shall include the present tense and the present tense shall include the past tense. The singular shall include the plural and the plural shall include the singular.

2.    If any Discovery Request is answered by reference to a group of documents, with respect to each such answer, identify the specific document or documents containing the requested information and, if such information is contained in any document exceeding one page in length, include in the identification of said document the number of the particular page or pages (or other descriptive aid) and of the particular line or lines

thereof upon which the information referred to in said interrogatories appears in your answer thereto.

3.    If you object to any of the Discovery Requests herein, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:

    a.  Identify the privileged document or communication;

    b.  Identify the persons who received or have received the privileged document and/or the persons present during the privileged communication;

    c.  Identify the person who made the privileged document or communication;

    d.  Identify the general subject matter of the privileged document or communication; and

    e.  State the basis for your claim of privilege with respect to each such document or communication.

4.    If, for reasons other than a claim of privilege, you refuse to admit or deny any request for admission herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a judicial determination of the propriety of such refusal.

5.    Rules 33, 34, and 36 of the Federal Rules of Civil Procedure are hereby incorporated herein by reference.

6.    Each Definition or Instruction above shall be fully applicable to each Discovery Request herein.

7. These Discovery Requests are considered to be continuing in character, and whenever additional information responsive to them, but not supplied in answer to them is obtained or becomes known to defendant, it shall be supplied in writing under oath as though expressly requested by separate requests.

8. With respect to each Discovery Request, keep a record of and report in the response to each Discovery Request the identity of each person who supplied information used in the preparation of the answer to the Discovery Request.

9. Unless otherwise stated or clearly implied from a particular Discovery Request, the relevant time frame for these Discovery Requests is from the date your current incarceration began through (and including) the time when the answers to these Discovery Requests or any supplement thereto is served.

## INTERROGATORIES

1. State your full name, social security number, and all addresses at which you lived in the ten years prior to your current incarceration.

**ANSWER:**

2. Identify all the health care providers (including, but not limited to dental practitioners), including name, address and telephone number, who treated you for any reason in the ten years prior to your current incarceration. For each health care provider identified, identify the treatment provided, the dates of such treatment and the reason for treatment.

**ANSWER:**

3. Identify all your employers (including name, address and telephone number) in the ten years prior to your current incarceration. For each such employer identified, state the position you held with each, the job duties you performed, the start and end dates of your employment with each and the rate of pay you earned with each.

**ANSWER:**

4. Briefly summarize your education, including the highest level achieved and all special training you may have received in vocational areas. Identify all schools you attended grades 9 or higher, either in person or by correspondence, and the dates of your attendance. State whether you received any degrees or diplomas.

**ANSWER:**

5. Do you contend that Dr. Zimbal is liable to you for medical negligence? If so, state each and every fact upon which such claim is predicated, including, but not limited to: the applicable standard of care, the specific manner in which it was breached, by whom it was breached, the manner in which such alleged breach proximately caused injury, the specific injury attributable to each breach, and the precise dates of same.

**ANSWER:**

6. Identify with specificity every "serious medical need" to which you allege Dr. Zimbal was "deliberately indifferent", and the precise dates of such alleged "deliberate indifference".

**ANSWER:**

7. State whether you are married. If so, identify your spouse and any children you have, including their names and ages, as well as any previous spouses and children of those marriages.

**ANSWER:**

8. State whether you contend that Dr. Zimbal is liable to you for punitive damages. If so, please state every factual and legal basis for this contention.

**ANSWER:**

9. Please state the name, current address or location of each person who was a witness to or has knowledge of any occurrence, event, fact, circumstance or discoverable matters upon which your claims against Dr. Zimbal are based or founded, specifying to what occurrence, event, fact, circumstance or discoverable matters each such person was

a witness or had knowledge.

**ANSWER:**

10. State in detail every factual and legal basis for each element of damages that you claim against Dr. Zimbal.

**ANSWER:**

11. With reference to any expert who has been consulted by you, your attorney, or anyone on your behalf, concerning any aspect of the issues in this litigation, whether such issues involve liability, damages or other matters, state the name and address of such expert and the dates of each consultation.

**ANSWER:**

12. With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert, and, as to each expert named, state:

    (a) The subject matter on which the expert is expected to testify;

    (b) The substance of the facts and opinions to which the expert is expected to testify;

    (c) A summary of the grounds for each opinion of the expert;

    (d) Whether such expert rendered any care to the plaintiff and, if so,

what care and when.

**ANSWER:**

13.   If plaintiff or plaintiff's expert(s) intend to rely upon any textbook, periodical, paper or authority to substantiate or formulate any opinion or conclusion or to rely upon same in the plaintiff's examination or cross examination of any party witness or expert, state the exact title of each, the name and address of the author and publisher and the sections or pages to be relied upon.

**ANSWER:**

14.   Set forth the name, address, telephone number and employment position of any and all witnesses you expect to call at trial and provide a brief summary of their expected testimony.

**ANSWER:**

15.   State the name and address of each and every physician or other person who has informed you or anyone on your behalf that Dr. Zimbal, in treating Plaintiff, failed to possess and use the degree of knowledge and skill ordinarily possessed and used by other

13

physicians and health care providers engaged in said disciplines.

**ANSWER:**

16. Are you willing to execute an authorization to allow Dr. Zimbal to obtain records of your prior medical treatment? If so, please execute the document included herewith and return the original to the undersigned.

**ANSWER:**

> BALICK & BALICK, LLC
>
> /s/ James E. Drnec
> James E. Drnec, Esquire (#3789)
> 711 King Street
> Wilmington, Delaware 19801
> 302.658.4265
> Attorneys for Defendant Dr. Alan Zimbal

Date: June 19, 2007

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, ) | |
| ) | Case No. 06-379 (GMS) |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| INC., CHRISTINE MALANEY, ) | |
| DONNA PLANTE, MARGARET LOVE, ) | |
| CHUKS IHUOMA, DR. SITTA C. ALIE, ) | |
| DR. ALAN ZIMBAL, MICHELLE ) | |
| ROBINSON, JUANTIA CLARK, ) | |
| DR. CARLA KIONKE and FIRST ) | |
| CORRECTIONAL MEDICAL, INC. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF SERVICE OF DEFENDANT DR. ALAN ZIMBAL'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF AND DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF**

I, James E. Drnec, hereby certify that on this 19th day of June 2007, Defendant Dr. Alan Zimbal's First Set of Requests for Production Directed to Plaintiff and Defendant's First Set of Interrogatories Directed to Plaintiff were served on the following by First Class Mail:

Daniel L. McKenty, Esquire
McCullough & McKenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, De 19899-0397

Megan Trocki Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market Street
Suite 800
Wilmington, De 19801

David W. Williamson
SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                                      BALICK & BALICK, LLC

                                                            /s/ James E. Drnec
                                                   James E. Drnec, Esquire (#3789)
                                                 711 King Street
                                                 Wilmington, Delaware 19801
                                                 302.658.4265
Dated: June 19, 2007                      Attorneys for Defendant CMS

**CERTIFICATE OF SERVICE**

I, James E. Drnec, hereby certify that on this date, I served on the parties below in the manner indicated, copies of the Defendant Dr. Alan Zimbal's First Set of Requests for Production Directed to Plaintiff and Defendant's First Set of Interrogatories Directed to Plaintiff.

**VIA FIRST CLASS MAIL**

| | |
|---|---|
| Daniel L. McKenty, Esquire | Megan Trocki Mantzavinos, Esquire |
| McCullough & McKenty, P.A. | Marks, O'Neill, O'Brien & Courtney, P.C. |
| 1225 North King Street, Suite 1100 | 913 N. Market Street |
| P.O. Box 397 | Suite 800 |
| Wilmington, De 19899-0397 | Wilmington, De 19801 |

David W. Williamson
SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                                       /s/ James E. Drnec
                                                       James E. Drnec