IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, et al, ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO CORRECTIONAL MEDICAL SERVICES OBJECTION AND PLAINTIFF'S REQUEST TO SEEK LEAVE FROM THE COURT TO FILE PLAINTIFF'S COMBINED THIRD SET OF REQUESTS FOR INTERROGATORIES & PRODUCTION OF DOCUMENTS DIRECTED TO CORRECTIONAL MEDICAL SERVICES**

Comes Now, Williamson, Plaintiff pursuant t the Fed. R. Civ. P., rules 33 and 26 (b) (2), and any other applicable rules, does seek leave from the Court to serve Williamson' combined third set of interrogatories & production of documents directed to CMS. (discovery request). Williamson offers the following in support:

First, Williamson is pro se and he seeks pleading leniency under Haines .v. Kerner, 404 U.S. 519 ( ).

1. Defendant CMS filed an objection to Williamson's discovery request (D.I. 101).
2. Therein CMS relates that it answered Williamson's first initial set of interrogatories (D.I. 4) and his second combined set at paragraph 2 (D.I. 71 and D.I. 79 respectively).
3. CMS claims that Williamson's two discovery requests amount to 65 interrogatories in excess of the allowable limits.
4. CMS objects to and refuses to answer Williamson's third combined discovery request (D.I. 72).
5. CMS did not base its objection on what the Court would otherwise consider under Fed. R. Civ. P., rule 26 (b) (2):
    (i) That the discovery sought unreasonably cumulative or duplicative, or is obtainable form some other source that is more convenient, less burdensome, or less expensive;
    (ii) That the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
    (iii) That the burden or expense of the proposed discovery outweighs its likely benefits....
6. Consequently, CMS has waived the three above objections found in 26 (b) (2) (c) that would otherwise persuade a Court to limit interrogatories and or deny leave to expand the limits.
7. CMS appears to be miffed that Williamson –a pro se litigant unlettered in the law and procedures- failed to work out a stipulation and or failed to seek leave from the Court to file his discovery request.
8. Williamson regrets his limited ability and legal knowledge. He certifies to defendants and this Honorable Court that his deficiency was inadvertent and not designed to cause delay or inconvenience.
9. Williamson wishes to correct –if need be- what CMS pointed out and Williamson seeks leave from the Court to file his third set of discovery requests on CMS.
10. The circumstances of this case warrant the Court's consideration for the following compelling reasons:
    a. CMS is a corporate defendant and is either a current or past employer of eight individual defendants (e.g. Malaney, Plante, Love, Ihuoma, Zimble, Robinson, Clark, and Kionke). CMS has provided a single set of attorneys to provide representation for itself and these eight defendants (Zimble has since opted out and sought private counsel). Thus, CMS employed or is employing seven defendants to this action, and CMS is

–/–

representing these seven defendants. Moreover, CMS is the current contracted health services provider to DDOC and it is in possession, control, or easy access to discoverable evidence. All discovery requests for CMS and the seven defendants will thus go through the same set of attorneys (CMS attorneys) and ultimately CMS will be the defendant who in turn collects, etc. any discoverable materials because of its contractual position. Whether discovery is directed to CMS or the individual defendants changes nothing at all and CMS's objection is disingenuous.

CMS points to federal rules as permitting 25 interrogatories and Delaware Local rules as permitting 50 interrogatories (33 (a) 26.1 (b)). Williamson does not take issue with this and believes that if he is provided the permissible amount of interrogatories that Local rules allow for --per individual defendant- that he will likely not require an additional amount.

But seven defendants under the rule CMS cites would permit 350 interrogatories. Indeed, even at the lesser amount of 25 each, it would total 175 interrogatories.

Consequently, the 65 prior interrogatories and the 43 current discovery request falls short of the permissible number under federal rules, and well short under Delaware Local rules. Williamson's requests directed to CMS are not unreasonable. Moreover, if CMS did not want the responsibility of responding for its past/present defendant employees, than CMS should have objected to those particular discovery requests made by Williamson in his first and second sets. CMS made no such objection then though it had two opportunities to do so. CMS should also have provided alternate counsel for its past/present defendant employees, but chose not to despite two sets of attorneys withdrawing due to conflict of interest issues. CMS's strategy to this litigation reeks of the same cost-avoidance custom/policy that CMS employed to deny Williamson reasonable medical care.

b) CMS's claims to have answered 65 interrogatories also, but this claim is dubious and or a misstatement of fact. First, Williamson styled his second and third requests as combined sets of interrogatories and production of documents, but a fair reading of his discovery requests will illustrate that the majority of the requests are actually for the production of documents and not for interrogatories as claimed by CMS. Williamson may have committed a misnomer in naming his requests as combined sets, but professional counsel should be skilled enough to discern the difference. Moreover, CMS did not actually provide the discovery Williamson requested. Contrary to CMS's claim of answering 65 interrogatories, CMS objected to and refused to answer some 19 (including subparts) of the original 29 (including subparts) of his second request. Williamson subsequently filed a notice of noncompliance with discovery requests as a result. (See Ex-A) CMS has ignored his notice and request to correct its noncompliance.

Consequently, CMS is beginning to demonstrate a pattern of evasive and incomplete discovery answers and/or illegitimate objections to same.

WHEREFORE, Williamson requests the Court to strike CMS's dubious objection and order CMS to properly respond to Williamson's discovery request. Also, Williamson seeks leave for permission to file the balance of permissible interrogatories –under Del local rule- for the seven defendants and CMS. (e.g. 292 balance). This will serve judicial economy and it does not offend the rules.

_David W_ _____  7-3-07
David Williamson                         Date

_Dave W_ _____
signed as original

-2-

## CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. *Plaintiff's reply to [cms] objection & Plaintiff's request for seek leave from the Court to file combined third set...*
2. *N/A*

By placing same in a U.S. Mail receptacle on the __3__ day of __July__ 200__7__.

Megan T. Matzavinos, Esq.
913 N. Market St., Suite 800
Wilmington, DE 19801
(Counsel for CMS. Et al)

McKenty, Daniel, Esq. BAR # 2689
1225 N. King St., Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(Counsel for FCM, Inc.)

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

*N/A*

*N/A*

*[Signature: David W...]*
David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

*[Signature: David W...]*
*Signed as original*



# EXHIBIT A

TAO/099999-9036/1346014/1

*Extended to 6.15.07 by Court*

David W. Williamson
SBI # 183022
W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

Amy A. Quinlan, Esq. (Counsel for CMS, Inc, et al.)
Re: *Williamson v. CMS, et al*, 06-379-SLR: Notice of CMS's Noncompliance with Discovery Requests

Dear Mrs. Quinlan, Esq.:

Williamson comes now in good faith to resolve CMS's failure to comply adequately with discovery in regards to CMS's "Response to Plaintiff's Combined Second Set of Requests for Interrogatories & Production of Documents Directed to [CMS]" (D.I. _____) filed on 3-30-07.

Williamson filed his combined second set of interrogatories etc (discovery) on 2-28-07 directed to CMS. Counsel for CMS filed a wholly inadequate and largely frivolous r4esponse to Williamson's discovery request. Indeed, CMS repeatedly states broad objections and conclusory claims that are unsupported, lack specificity, and are wholly fanciful.

CMS, for example, perfunctorily states in response to twenty- eight of twenty-nine requests the same frivolous objection: "This request is vague, overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence."

Contrary to CMS's oft repeated objection, Fed. R. Civ. P. provides the following:

> Parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter. *It is no ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.* (Emphasis added).

The Supreme Court has construed this rule "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. (See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978). Discovery requests are appropriate "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. (See La Chemise Lacoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D. Del. 1973). Also, even the ostensible burdensome or expensive discovery may be required if it is relevant to the case. (See Fagan v. District of Columbia, 136 F.R.D. 5, 7 (D. D.C. 1991).

Consequently, any fair reading of Williamson's discovery requests are not only sufficiently narrow, but are clearly relevant to the claims presented in his action. CMS's conclusory allegations to the contrary do not change the facts and are inadequate and frivolous.

Moreover, the party that claims discovery is excessively burdensome must demonstrate why that is the case. (See Sherman Park Community Assn. v. Wauwatosa Reality, 486 F. Supp. 838, 845 (E.D. Wis. 1980). CMS, however, failed to even attempt to support its perfunctory claims of excessive burdensomeness. This is not surprising because CMS's unsupported claims are frivolous.

Another perfunctory, but frivolous objection that CMS oft repeats is "... CMS also objects to this request to the extent that it seeks to impose obligations in excess of or different form those required by the Federal Rules of Civil Procedure." (e.g. Discovery items 8, 10-29). Again, however, CMS fails to support its conclusory allegation in any way, shape, or form. Moreover, a fair reading of Williamson's requests clearly does not exceed permissible discovery material. For example, discovery rules clearly permit the identification of non-party witnesses, which Williamson requested at item 14.

Still another oft repeated frivolous objection/claim CMS offered is "...plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties." (e.g. Discovery items 6, 9, 16, 26, and 27). CMS states this as if Williamson's medical records have a bearing on these particular requests; however, the fact is that Williamson's medical records are not relevant or related to said requests in any manner at all. For example, at item 6, a thru o, Williamson requests the identity and definition etc. of certain relevant medical terms as employed by CMS in its normal course of business. Williamson's medical records pertain only to Williamson's medical issues and do not identify, define, or contain relevant documents regarding general/specific medical terms and or customary terms that CMS employs in its normal course of business. CMS's objection is legally and factually frivolous. Also, CMS claims to require a confidentiality agreement before providing Williamson's medical records, but Williamson has already on two occasions signed a power of attorney authorizing Dorothy Williamson and attorney Sheryl Rush-Milstead to gain access to Williamson's medical records, yet Williamson has yet to receive them. Nor did CMS provide any ostensible required agreement with its filing. CMS's claims are merely a bad faith effort to delay these proceedings and squander judicial resources.

Lastly, CMS attempts to invoke attorney/client work product privilege. This too is misplaced and legally and factually frivolous in regards to item 2, in which Williamson requested CMS to identify and produce any and all documents relating to CMS's insurance carrier... the applicable insurance policy...." However, contrary to CMS's mere assertion, said policy is not confidential. (See Ngyen Da Yen v. Kissinger, 528 F.2d 1194, 1205 (9th Cir. 1975). And CMS may not assert that information is privileged if they have released it to other parties. In re Natta, 48 F.R.D. 319, 322 (D. Del. 1996). Surely CMS was obligated to disclose its insurance policy to the State of Delaware and of the Department of Correction in its contract negotiations and subsequent acceptance. CMS's objection is insufficient and dubious. Evidently, CMS is under the mistaking impression it can avoid the costs of this litigation – litigation CMS brought upon itself- which is not surprising because it is the exact same strategy CMS employed to deny Williamson his needed medical treatment and which resulted in violating his constitutional rights. The Court rules will not permit such bad faith tactics.

In conclusion, if CMS fails to correct its inadequate responses within 20 days of receipt of this notice, Williamson will be reluctantly forced to request the Court compel discovery and impose any appropriate sanctions.

*David W*  
David Williamson

4-12-07  
Date

- 2 -

## AFFIDAVIT OF MAILING

I David Williamson, pro se plaintiff, do swear that I have caused the following documents to be placed in a U.S. Mail Receptacle on _____ day of __April__ 200_7_:

1. Notice of FCM's Noncompliance with Discovery Requests.

2. Notice of CMS's Noncompliance with Discovery Requests

3. N/A

4. N/A

These originals/true copies were addressed to the following parties:

1. Amy A. Quinlan, Esq.
(Counsel for CMS, CLARK, CHUKS, LOVE & Zimble) 500 Delaware Ave.
Suite 1500, P.O. Box 2306
Wilm., DE 19899-2306

2. Dana S. Monzo, Esq.
(Counsel for FCM)
1225 N. King St.
Suite 1100, P.O. Box 397
Wilm., DE 19899-0397

3. N/A

4. N/A

The above is signed under penalty of perjury.

_David W_____

David Williamson

David W. Williamson
SBI # 183022
W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

Dana S. Monzo, Esq. (Counsel for FCM, Inc.)\
Re: *Williamson v. CMS, et al*, 06-379-SLR: Notice of FCM's Noncompliance with Discovery Requests

Dear Mrs. Monzo:

    Williamson comes now in good faith to resolve FCM's failure to comply with discovery.

    On 2-14-07 and 2-28-07 Williamson filed his combined first and second sets of requests for interrogatories & production of documents, which were directed to defendant FCM, Inc. respectively. (DI ____ & DI _____).

    As of this date, the time for FCM to respond to these discovery requests, or alternatively file any objection and or protection from discovery has lapsed. Consequently, FCM has waived its opportunity to object or file for protection from responding to these discovery requests.

    In conclusion, Williamson expects FCM to comply with discovery rules and file good faith responses to the above first and second sets no later than Aril 30, 2007. In the event that FCM fails to correct its noncompliance within ten days of receipt of this notice, Williamson will be forced to reluctantly request the Court to compel discovery and impose any appropriate sanctions.

Thank you,

*/s/ Dave W*
David Williamson

4-12-07
Date

-/-