IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 06-379-SLR ) |
| CORRECTIONAL MEDICAL SERVICES, CHRISTINE MALANEY, DONNA PLANTE, MARGARET LOVE, CHUKS IHUOMA, SITTA C. ALIE, DR. ALAN ZIMBLE, MICHELLE ROBINSON, JUANITA CLARK, DR. CARLA KIONKE, and FIRST CORRECTIONAL MEDICAL, INC., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 17th day of July, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's requests for default are **denied**. (D.I. 37, 42, 55) Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter. . .the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. See <u>Francis v. Joint Force Headquarters Nat'l Guard</u>, Civ. No. 05-4882(JBS), 2006 WL 2711459 (D.N.J. Sept. 19, 2006). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial

court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Defendants Margaret Love[1] ("Love"), Chuks Ihuoma ("Ihuoma"), Dr. Alan Zimble[2] ("Zimble"), Juanita Clark ("Clark"), and Correctional Medical Services, Inc., ("CMS") sought, and received, an extension of time until February 15, 2007, to file an answer or otherwise plead. See D.I. 37, Jan 8. 2007 order. Defendant First Correctional Medical, Inc. belatedly filed a motion to dismiss the allegations against it. However, the court exercises its discretion and will not enter judgment by default pursuant to Rule 55(b)(2).

2. Plaintiff's motion to appoint an expert is **denied**. (D.I. 41)

3. Plaintiff's motion for appointment of counsel (D.I. 43) is **denied** without prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

---

[1] Formerly known as Maggie Bailey.

[2] Formerly known as Dr. Zimbull.

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

5. In his motion for appointment of counsel, plaintiff states his case has legal and factual merit, his medical condition impairs his ability to present his case, the case is complex and requires extensive discovery, the case requires a medical expert, the facts are in dispute and credibility is a key issue, he is unable to afford counsel, and counsel is needed to effect service on several defendants in the case.

6. It is evident from his filings that plaintiff possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Plaintiff has ably pursued this litigation: he has successfully amended his complaint (D.I. 9, 15), filed discovery requests (D.I. 52, 53, 72, 73, ) and filed responses to dispositive motions (D.I. 65, 70).

7. Plaintiff's motion or enlargement of time (D.I. 68) to file a reply to an answer filed by defendants CMS, Clark, Chuks, Zimble and Love is **denied**. It is not necessary or required for plaintiff to file a reply to an answer to the amended complaint.

8. Plaintiff's motions for enlargement of time to respond to discovery requests (D.I. 108, 110) are **granted**. Plaintiff shall have up to and including August 3, 2007, to file responses to defendants' discovery requests.

                                                                */s/ Sue L. Robinson*
                                                               UNITED STATES DISTRICT JUDGE