IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-379-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, CHRISTINE MALANEY, | ) |
| DONNA PLANTE, MARGARET LOVE, | ) |
| CHUKS IHUOMA, SITTA C. ALIE, | ) |
| DR. ALAN ZIMBLE, MICHELLE | ) |
| ROBINSON, JUANITA CLARK, | ) |
| DR. CARLA KIONKE, and FIRST | ) |
| CORRECTIONAL MEDICAL, INC., | ) |
| | ) |
|     Defendants. | ) |

---

David W. Williamson, Delaware Correctional Center, Smyrna, Delaware. Pro se.

Megan Trocki Mantzavinos, Esquire, Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, Delaware. Counsel for Defendants Correctional Medical Services, Inc., Margaret Love, Chuks Ihuoma, and Juanita Clark.

James Edward Drnec, Esquire, Balick & Balick, L.L.C., Wilmington, Delaware. Counsel for Defendant Dr. Alan Zimble.

Daniel L. McKenty, Esquire, McCullough & McKenty, P.A., Wilmington, Delaware. Counsel for Defendant First Correctional Medical, Inc.

---

**MEMORANDUM OPINION**

Dated: July 19, 2007
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff David W. Williamson ("Williamson"), an inmate incarcerated at the Delaware Correctional Center ("DCC"), filed this complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) He subsequently filed supplemental and amended complaints. (D.I. 9, 15) Presently before the court are motions to dismiss filed by defendant First Correctional Medical, Inc. ("FCMI"), and by Correctional Medical Services, Inc. ("CMS"), Juanita Clark, Ihuoma Chuks, Alan Zimble, and Margaret Love (collectively, the "CMS defendants"), as well as plaintiff's responses[1] thereto. (D.I. 49, 63, 65, 70, 75) For the reasons set forth below, the court will grant the motions to dismiss. (D.I. 49, 63) Plaintiff will be given leave to file a second amended complaint.

## II. BACKGROUND

Plaintiff alleges a violation of his constitutional rights, including the First, Fifth, Eighth, and Fourteenth Amendments. (D.I. 15) He alleges the defendants are deliberately indifferent to his serious medical needs, retaliated against him for exercising constitutionally protected activities, and violated his right to due process, equal protection, the ban on cruel and unusual punishment, his right to free speech, and the Privileges and Immunities Clauses of Article IV.

The amended complaint consists of three medical issues and is extremely fact specific. Count I alleges plaintiff has a chronic condition[2] known by defendants. Plaintiff

---

[1] Plaintiff filed a motion for extension of time to file a response to CMS' motion to dismiss (D.I. 60) and a few days later filed his reply (D.I. 65). Therefore, the court will deny as moot the motion for an extension of time to file a response.

[2] The amended complaint does not identify the chronic illness, but other court documents indicate plaintiff suffers from hypothryoidism. (D.I. 139)

alleges he requires daily thyroid medication and, from 2001 to the present time, has experienced a pervasive and continuous pattern of unnecessary and harmful medication interruptions. (D.I. 15, Count I, ¶ 15) Plaintiff alleges he placed CMS defendants on notice of his suffering and impairment of daily functions due to the medication issue. Id.

Count II alleges FCMI is believed to have been the contracted health care provider from July 2004 to June 2005, followed by CMS beginning July 2005. (D.I. 15, Count II, at ¶ 98) Plaintiff alleges he placed FCMI and CMS defendants on notice of an acute knee injury involving muscle, tendon and ligament damage as a result of a July 24, 2004 injury. Id. at ¶ 99. Plaintiff alleges defendants were deliberately indifferent to his known serious medical needs by disregarding symptoms suggesting an anterior cruciate ligament tear and denying, delaying or obstructing medical treatment for the condition. Id. at ¶ 100.

Count III alleges CMS defendants are deliberately indifferent to plaintiff's serious medical/dental needs. Id. at ¶ 137. Plaintiff alleges he has periodontal disease, the condition is known to CMS, and CMS has delayed or denied him dental treatment. Id. at ¶ 138. He also alleges he suffered a broken tooth and did not receive standard dental treatment. Id. at ¶¶ 156, 158. Plaintiff seeks declaratory and injunctive relief and compensatory damages.

## III. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a

2

motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the court assumes that all factual allegations in plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

FCMI and CMS both move for dismissal on the basis that plaintiff failed to file a certificate of merit for the medical negligence claims as is required under Delaware law. (D.I. 49, 63) FCMI also moves for dismissal arguing it did not contract with the Delaware Department of Correction ("DOC") to provide healthcare for DOC inmates and, alternatively, the amended complaint fails to state a claim against it as there is no vicarious liability in civil rights actions. (D.I. 49)

### B. Medical Negligence

FCMI and CMS both move to dismiss any medical negligence claims on the basis that plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Plaintiff argues defendants belatedly filed motions to dismiss and, therefore, they have waived any defenses they may have and their motions should be stricken. Alternatively, plaintiff seeks leave to amend his complaint so he may comply with the Delaware statute.

3

Section 6853(a)(1) provides that no healthcare negligence lawsuit shall be filed in Delaware unless the complaint is accompanied by an affidavit of merit as to each defendant signed by an expert witness. The statute further provides that the court may, upon timely motion of the plaintiff and for good cause shown, grant a single 60 day extension for the time of filing the affidavit of merit. 18 Del. C. § 6853(a)(2).

Plaintiff has not filed the required affidavit and, therefore, the court will grant FCMI and CMS' motions to dismiss the medical negligence claim. Plaintiff, however, will be given leave to file a second amended complaint with an affidavit of merit.

### C. Wrongly Named Defendant

FCMI argues it should be dismissed as a defendant because it did not contract with the DOC to provide medical services as is alleged in the amended complaint. FCMI attached a portion of a contract providing healthcare to the DOC. (D.I. 49, ex. 2) The contract is between First Correctional Medical-Delaware, L.L.C. and the DOC, not FCMI and the DOC. Therefore, it appears plaintiff has named the wrong defendant. Accordingly, the court will grant FCMI's motion to dismiss.[3] Plaintiff will be given leave to amend his complaint to name the correct First Correctional Medical defendant.

### IV. MOTIONS TO COMPEL

Plaintiff filed two motions to compel directed to FCMI in an effort to obtain discovery from it. (D.I. 94, 95) FCMI is not a proper party and will be dismissed from this case. Therefore, the court will deny as moot the motions to compel.

---

[3]The court sees no need to address the alternative issue raised by FCMI; there is no vicarious liability in a civil rights action.

4

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant FCMI and the CMS defendants' motions to dismiss. (D.I. 49, 63) The court will deny as moot plaintiff's motion for enlargement of time. (D.I. 60). The court will also deny as moot plaintiff's motions to compel. (D.I. 94, 95) Plaintiff will be given leave to file a second amended complaint to file an affidavit of merit and to name the correct First Correctional Medical defendant. An appropriate order will be entered.