IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) | |
| Defendants. | ) | |

FILED JUL 26 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

PLAINTIFF'S MOTION TO STRIKIE CMS'S LETTER REQUESTING THE COURT TO CONDONE ITS IMPERTINENCY

COMES NOW, plaintiff, Williamson, pursuant to Fed. R. Civ. P., rule 12 (f) and/or any applicable Del. Local Rules, and does request this Court to strike defendant's Letter (dated 7/16/07), filed by CMS counsel (e.g. requesting "guidance as to whether a response is necessary to Mr. Williamson's letter."). This Court is warranted in striking CMS's request because it is impertinent –if not scandalous- and it attempts to boot-strap immaterial facts to the matter as support.

1. The "letter" CMS refers to in its 7/16/07 impertinent request is actually a notice of non-compliance with discovery. Indeed, it is Williamson's informal good faith attempt to resolve a legitimate discovery dispute, which is in accord with discovery rules. Therefore, CMS's request is neither proper nor ripe for the Court's intervention. (See Ex-C Williamson's Notice....). Moreover, CMS's request is an attempt at subterfuge: Because if the Court were to legitimize CMS's untimely and highly unorthodox request and perhaps directed CMS not to resolve this discovery dispute, than the result would be to obstruct Williamson' good faith effort to resolve said dispute. CMS would ultimately be permitted to have filed frivolous responses to discovery, and then usurp legitimate attempts to resolve the dispute, and avoid responsibility by obstructing any subsequent motion to compel. CMS certainly has not raised good cause to invite the Court's intervention at this time.

2. CMS does not need this august Court to inform it of what well settled discovery rules require and what Williamson explicitly made known in accordance with these rules. This is the source of CMS's impertinency.

3. First, Williamson filed two sets of admissions upon CMS back on 03-09-07 and new counsel for CMS acquired an extension until 6-15-07 to respond (over 90 days). If CMS did not wish to respond, it should have filed for a protection order. CMS freely chose not to file for protection. Instead, on 6-15-07, CMS filed objections/responses to said admissions that were false, evasive, incomplete, and/or without merit. (See D.I. 103 & 103 respectively).

4. For example, CMS issued a familiar litany of rote objections; however, not one was supported with specific factual grounds. Discovery rules clearly mandate that the burden of persuasion to support an objection with specificity is on the party raising said objection. Moreover, Williamson specifically illustrated that many of CMS's objections/responses were wholly false and/or dubious to the extreme. Thus, CMS issued a bad faith response to Williamson's discovery and now wishes to avoid responsibility.

5. Consequently, Williamson made a good faith effort to resolve said dispute on 7-08-07 and provided CMS an additional ten days to correct its frivolous filing, but instead of adhering to the requisites of discovery rules calling for an informal resolution, CMS petitions this Court in the hope that the Court will allow CMS to continue it usurpation of the rules. CMS does not require guidance; CMS merely wants to make an end-run around Williamson's demand that it correct its frivolous objections/responses to discovery.

6. In addition, the "Scheduling Order" CMS references –as if it has some bearing on the matter- specifically excludes any discovery already propounded as a stipulation. Furthermore, it has not as yet been agreed to nor signed by this Court. Thus, it is immaterial.

7. CMS made a choice to request an extension to respond to Williamson's admissions; made a choice not to file for protection; made a choice to file objections/responses that were false, evasive, incomplete, and/or without merit; and now CMS has a choice whether to correct its frivolous responses or not. However, under these circumstance and at this late date (some hundred days have elapsed), it would be improper for the Court to authorize CMS's unorthodox request by legitimizing CMS not to correct said responses and obstruct a legitimate motion to compel discovery. Therefore, CMS can freely choose not to respond to Williamson's notice or it can choose to correct its frivolous responses, and subsequently face the result of its choice: Motion to Compel. Indeed, the only matter ripe for judicial intervention is Williamson's motion to compel and Williamson concurrently files said motion with the instant motion to strike.

WHEREFOR, Williamson requests this Court not to legitimize CMS scandalous           attempts to make an end-run around discovery rules, and thus strike CMS's letter accordingly. The issue is ripe for the Court to consider Williamson's motion to compel discovery.

David W/

David Williamson, 1181 Paddock, Rd., Smyrna, DE 19977

7-20-07

Date