ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) | |
| Defendants. | ) | |

FILED
JUL 30 2007
RGsc~
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Williamson comes now in good faith, pursuant to Fed. R. Civ. P., rule 37 and any applicable DE Local Rules, and moves this Court to compel CMS to correct its frivolous and incomplete response to plaintiff's combined second set of interrogatories and production of documents directed to [CMS] (D.I. ___) (Discovery Requests). CMS's "response to plaintiff's combined second set ...." (D.I. ___). (CMS's Response/Objections) are wholly insufficient and run afoul of discovery rules, because they are either false, evasive, incomplete, and/or without merit. The Court is warranted in compelling discovery. Williamson offers the following:

Statement of Case: This is a civil rights case filed under 42 U.S.C. section 1983 and 1997, by a state prisoner and he asserts claims that defendants committed several distinct acts of deliberate indifference to Williamson's objectively known serious medical needs in violation of his constitutional rights: specifically the Eighth and Fourteenth Amendments' ban on cruel and unusual punishment clause; intentional retaliation against Williamson for his exercise of his protected rights in violation of the Fifth and Fourteenth Amendments' due process clause; and violation of his First Amendment's freedom of speech clause. Williamson seeks damages as to all claims, declaratory judgment, and injunctive relief for the needed medical care.

Statement of Facts: On 2-28-07, Affiant filed his combined second set of requests for interrogatories & production of documents directed to Correctional Medical Services (CMS) (Discovery Requests). On 3-30-07 CMS filed a response to Affiant's discovery requests; however, CMS's responses ran afoul of discovery rules and it appears to have been made in bad faith. On 4-12-07 Affiant made a good faith attempt to resolve the discovery dispute by filing an informal notice of noncompliance upon CMS in accord with discovery rules. (See Ex-A). Therein, Affiant specifically outlined how CMS's responses/objections were insufficient: Broad objections and conclusory claims that are unsupported, lack specificity, and are wholly fanciful; and/or are frivolous. Affiant provided CMS twenty days to correct its frivolous filing. During the interim, CMS counsel was replaced and new counsel gained an extension of time until 6-15-07 to respond to plaintiff's subsequent discovery requests for his third set of interrogatories. Though counsel did not contact Affiant or mention responding to Affiant's Notice on non-compliance with discovery, Affiant also permitted CMS until 6-15-07 to correct its frivolous discovery filing. (This amounted to an additional 60 days). On 6-15-07, CMS did not file a response to plaintiff's third set of discovery requests, but instead objected to them and refused to respond at all. Also, CMS ignored Affiant's good faith effort to resolve said discovery dispute –despite having an additional 60 days, and refused to respond at all. (See Affidavit).

### ARGUMENT

I. THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE, AND/OR IS IN NO WAY VAGUE OR OVERLYBROAD.

First, CMS only responded –in part- to two of 29 interrogatories and they were incomplete and evasive. Also, CMS refused to produce a single of the 29 requests for production of documents. Moreover, in both cases, CMS merely recites a familiar litany of broad objections t[   ]l and fail to offer any specific supporting grounds. Such acts are disfavored by the Courts. (See Essex Ins. Co. v. Neely, 236 F.R.D. 287 (ND W. Va. 2006); Pulsecard, Inc. v. Discover Card Services, Inc., 168 F.R.D. 295, 303 (D. Kan. 1996); and Fed. R. Civ. P., rule 33(b): "... All grounds for an objection shall be stated with specificity." Indeed, the burden of proof is on the objecting party to establish that the requested discovery is not relevant and/or outside the scope of the rules.

(See Simpson v. University of Colorado, 220 F.R.D. 354, 359 (D. Colo. 2004); General Electric Capital Corp. v. Lear Corp., 215 F.R.D. 637 (D. Kan 2003) (i.e. That the requested discovery is of such marginal relevance that the potential harm occasioned by discovery is of such marginal relevance that the ordinary presumption in favor of broad disclosure...). CMS ignored its burden of persuasion and failed to offer a single specific factual ground that would support its rote objections or enable a Court and/or the plaintiff the ability to determine the validity of said objections. Regardless, the majority of CMS's objections are so blatantly frivolous and/or disingenuous that they easily crumble to dust upon scrutiny.

    1. Indeed, CMS offers this objection: "This request is vague, overly broad, ... and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence." (CMS's Obj. #1) (See CMS's response/objection, D.I. ___).

CMS frivolously employs this rote objection or some version of it to all 29 discovery requests. For example, Williamson requested CMS identify and produce any and all documents relating to its contract agreement with DDOC regarding its obligations and duties to provide health care services. (See Discovery Requests at item 1, D.I. ___). CMS is the contracted health services provider for the DDOC (Delaware Department of Corrections), for its inmate population; Williamson is an inmate who claims CMS deliberately denied him needed health care, failed to respond to Medical Grievances (MG) and Emergency Medical Grievances (EMG), and/or retaliated against Williamson for his MG/EMG activity in violation of IGP 4.4 and Williamson's constitutionally protected rights. Clearly CMS's duties/obligations under its contract to provide health care services to the inmate population –as well as CMS's role in processing MG/EMG- is germane to the claims/defenses of this case. Williamson did not request financial portions of CMS's contract, and besides, CMS could have and should have redacted any irrelevant portions and produced the relevant portions requested –provided CMS identified the nature of redacted portions and supported same with specificity. (See Fed. R. Civ. P. rule 26 (b) (5)).

    Also, Williamson requested relevant insurance policy information. (See item 2 of Discovery Request, D.I. ___). We know that rule 26 (a) (1) (D), requires disclosure of insurance policy that gives rise to obligation to indemnify, so Williamson's request is not vague, overly broad or irrelevant as CMS claims. (See Excelsior College v. Frye, 233 F.R.D. 583, 585-86 (S.D. Cal. 2006).

    Also, Williamson specifically listed medical terms for CMS to identify/define –as CMS employs them in its normal course of business- but again CMS raised unspecified/frivolous objections. (See item 6 and subparts of Discovery Requests, D. I. ___). Said terms (e.g. Chronic-care medications, chronic-care, Emergency Medical Grievance, etc.), are clearly relevant to the claims/defenses of this action, and because Williamson specifically identified individual terms there is nothing vague or overly broad about this request. (Williamson's point equally applies to items 4-5, 8, 10, 18-23, and 28 of Discovery Requests).

    2. Another version of the oft repeated and unsupported vague, overly broad and irrelevant objection is where CMS simply adds the following clause: "... copies of plaintiff's medical records will be produced... once a confidentiality agreement has been executed...." (CMS's Obj. #2) (See item 2 of Discovery Requests, D.I. ___). CMS's Obj. #2 is evasive, incomplete, and/or frivolous. First, 33 (d) confidentiality agreements are utilized to protect internal business record/operations that regard an organization's business operations. Williamson's private medical records fall outside the use of a confidentiality agreement, because though these records may be generated in the normal course of CMS's business, they are nevertheless Williamson's private medical records and they do not speak to any matter that CMS would require protection form, etc. Second, Williamson's medical records are immaterial to these particular requests and CMS's objection is frivolous. For example, Williamson requested CMS identify documents/communications relating to inmate grievances that were filed against CMS/employee defendants for specified matters directly similar to Williamson's claims. (See item 9 of Discovery Requests, D.I. ___). Medical Grivances –and any CMS communications regarding same- are not part of an inmate's medical records. Thus Williamson's medical records can have no possible bearing on these particular requests and CMS's objection is frivolous. Additionally, requests for CMS's medication pick-up lists for specified dates and a request to identify pharmacy/medical staff that Altman (CMS Ombudsman) spoke to on 3-22-06 is again not a matter found in

Williamson's personal medical records, but in CMS's records. (See items 27 & 28 of Discovery Requests, D.I. ___). (Williamson's first and/or second point equally applies to items 6, 13, 15-17, and 26-29 of Discovery Requests, D.I. ___).

Finally, CMS's claim to require a confidentiality agreement appears to be calculated as a delaying tactic. For instance, CMS claimed on 3-30-07 that it required said agreement before it could produce the discovery Williamson requested, but CMS failed to provide any such agreement with or concurrently with its 3-30-07 response and/or its 6-15-07 response to plaintiff's third set of interrogatories. Williamson pointed out CMS's omission in his 4-12-07 notice on non-compliance with discovery letter, and it was not until mid-July 2007, that CMS provided any such agreement. Even here though, CMS bootstrapped other discovery stipulations that were unacceptable to plaintiff and require negotiations/compromises, which inherently delays Williamson's ability to sign off on the agreement/stipulations. Williamson requested CMS forward a separate confidentiality agreement during the interim so that this particular matter could be resolved, but to date no separate agreement has been forthcoming from CMS. Over 90 days have elapsed since CMS stated it required a confidentiality agreement before it could answer Williamson's properly filed discovery requests, but CMS has yet to provide a straight confidentiality agreement to Williamson or to correct its frivolous response/objections.

3. Another version of the oft repeated and unsupported vague, overly broad and irrelevant objection in which CMS tacks on an equally frivolous clause is "... CMS also objects ... that it seeks to impose obligations in excess of or different form those required by Fed Rules..., or ... information [is] not in CMS's possession, custody, of control...." (CMS Obj. #3) (See item 8 of Discovery Requests, D.I. ___). CMS's Obj. #3 is also false, evasive, incomplete, and/or without merit. For example, Williamson requested that CMS identify and produce documents/communications relating to CMS regulations/procedures for relevant medical procedures and/or medical terms employed by CMS in its normal course of business. (e.g. Formulary medications, Chronic-care Clinic, Doctor's Referrals for medical/devices, etc.). (See item 8 of Discovery Requests, D.I. ___). Clearly, CMS's procedural information is in CMS's control and custody and in no other's control but CMS's. Moreover, assuming arguendo, matters that are in third parties' control or possession still must be produced by CMS if CMS also has possession of the requested materials. (See Mid Atlantic Recycling Tech., Inc. v. City of Vineland, 222 F.R.D. 81 (D. NJ 2004). Lastly, the burden of proof is on the objecting party to establish the existence of a privilege (See Heathman v. United States District Court, 503 F.2d 1032-33 (9th Cir. 1974). Also, that discovery requests are not relevant (See Simpson, supra, at 359). And again CMS failed to support a single of its objections with any specific factual grounds whatsoever.

## CONCLUSION

For the foregoing reasons, the court should grant Williamson's motion to compel and provide the following relief/sanctions:

A) Hold that CMS's dubious and frivolous responses/objections equate to a failure to respond, rule 37(a)(3) (See Cone Mills Corp. v Joseph Bancroft & Sons, 33 F.R.D.318 (D. Del 1963);

B) Issue an order refusing to allow CMS to support or oppose designated claims or defenses, or prohibit CMS from introducing relevant/designated matters into evidence relating to this discovery request;

C) Hold a hearing to determine the sufficiency of CMS's unjustified responses/objections pursuant to rules 36...and 37; and

D) Levy any other sanctions that the Court deems appropriate.

Respectfully,

*David W* [signature]  
David Williamson, SBI #183022  
W-1, L-12  
1181 Paddock Rd.  
Smyrna, DE 19977

7-25-07  
Date

*David W* [signature]  
Signed as Original

-3-

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, ) | |
|    Plaintiff, ) | |
| v. ) | C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, ) | |
|    Defendants. ) | |
| | |
| AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL ) | |
| STATE OF DELAWARE ) | |
| County of New Castle ) | SS# 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 |

I, David Williamson, being duly sworn, depose and state:

1. I, David Williamson, am the Affiant listed above and the plaintiff in this action. Affiant provides this Affidavit in support of his motion to compel discovery.

2. On 2-28-07, Affiant filed his combined second set of requests for interrogatories & production of documents directed to Correctional Medical Services (CMS) (Discovery Requests).

3. On 3-30-07 CMS filed a response to Affiant's discovery requests; however, CMS's responses ran afoul of discovery rules and it appears to have been made in bad faith.

4. On 4-12-07 Affiant made a good faith attempt to resolve the discovery dispute by filing an informal notice of noncompliance upon CMS in accord with discovery rules. (See Ex-A).

5. Therein, Affiant specifically outlined how CMS's responses/objections were insufficient: Broad objections and conclusory claims that are unsupported, lack specificity, and are wholly fanciful; and/or are frivolous.

6. Affiant provided CMS twenty days to correct its frivolous filing.

7. During the interim, CMS counsel was replaced and new counsel gained an extension of time until 6-15-07 to respond to plaintiff's subsequent discovery requests for his third set of interrogatories.

8. Though counsel did not contact Affiant or mention responding to Affiant's Notice on non-compliance with discovery, Affiant also permitted CMS until 6-15-07 to correct its frivolous discovery filing. (This amounted to an additional 60 days).

9. On 6-15-07, CMS did not file a response to plaintiff's third set of discovery requests, but instead objected to them and refused to respond at all.

10. Also, CMS ignored Affiant's good faith effort to resolve said discovery dispute —despite having an additional 60 days, and refused to respond at all.

11. The above is true and correct to the best of Affiant's knowledge.

WHEREFORE, WILLIAMSON requests this Court to grant his motion in all respects.

Sworn and Subscribed before me this ___25th___ day of July 2007.

_David W._
David Williamson

_[signature]_
Notary Public

# EXHIBIT A

TAO/099999-9036/1346014/1

*Extended to 6-15-07 by Court*

David W. Williamson
SBI # 183022
W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

Amy A. Quinlan, Esq. (Counsel for CMS, Inc, et al.)
Re: *Williamson v. CMS, et al*, 06-379-SLR: Notice of CMS's Noncompliance with Discovery Requests

Dear Mrs. Quinlan, Esq.:

    Williamson comes now in good faith to resolve CMS's failure to comply adequately with discovery in regards to CMS's "Response to Plaintiff's Combined Second Set of Requests for Interrogatories & Production of Documents Directed to [CMS]" (D.I. \_\_\_\_) filed on 3-30-07.

    Williamson filed his combined second set of interrogatories etc (discovery) on 2-28-07 directed to CMS. Counsel for CMS filed a wholly inadequate and largely frivolous r4esponse to Williamson's discovery request. Indeed, CMS repeatedly states broad objections and conclusory claims that are unsupported, lack specificity, and are wholly fanciful.

    CMS, for example, perfunctorily states in response to twenty- eight of twenty-nine requests the same frivolous objection: "This request is vague, overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of relevant and/or admissible evidence."

    Contrary to CMS's oft repeated objection, Fed. R. Civ. P. provides the following:

> Parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter. *It is no ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.* (Emphasis added).

    The Supreme Court has construed this rule "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. (See <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978). Discovery requests are appropriate "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. (See <u>La Chemise Lacoste v. Alligator Co., Inc.</u>, 60 F.R.D. 164, 171 (D. Del. 1973). Also, even the ostensible burdensome or expensive discovery may be required if it is relevant to the case. (See <u>Fagan v. District of Columbia</u>, 136 F.R.D. 5, 7 (D. D.C. 1991).

    Consequently, any fair reading of Williamson's discovery requests are not only sufficiently narrow, but are clearly relevant to the claims presented in his action. CMS's conclusory allegations to the contrary do not change the facts and are inadequate and frivolous.

    Moreover, the party that claims discovery is excessively burdensome must demonstrate why that is the case. (See <u>Sherman Park Community Assn. v. Wauwatosa Reality</u>, 486 F. Supp. 838, 845 (E.D. Wis. 1980). CMS, however, failed to even attempt to support its perfunctory claims of excessive burdensomeness. This is not surprising because CMS's unsupported claims are frivolous.

Another perfunctory, but frivolous objection that CMS oft repeats is "... CMS also objects to this request to the extent that it seeks to impose obligations in excess of or different form those required by the Federal Rules of Civil Procedure." (e.g. Discovery items 8, 10-29). Again, however, CMS fails to support its conclusory allegation in any way, shape, or form. Moreover, a fair reading of Williamson's requests clearly does not exceed permissible discovery material. For example, discovery rules clearly permit the identification of non-party witnesses, which Williamson requested at item 14.

Still another oft repeated frivolous objection/claim CMS offered is "...plaintiff's medical records will be produced under separate cover letter once a confidentiality agreement has been executed by the parties." (e.g. Discovery items 6, 9, 16, 26, and 27). CMS states this as if Williamson's medical records have a bearing on these particular requests; however, the fact is that Williamson's medical records are not relevant or related to said requests in any manner at all. For example, at item 6, a thru o, Williamson requests the identity and definition etc. of certain relevant medical terms as employed by CMS in its normal course of business. Williamson's medical records pertain only to Williamson's medical issues and do not identify, define, or contain relevant documents regarding general/specific medical terms and or customary terms that CMS employs in its normal course of business. CMS's objection is legally and factually frivolous. Also, CMS claims to require a confidentiality agreement before providing Williamson's medical records, but Williamson has already on two occasions signed a power of attorney authorizing Dorothy Williamson and attorney Sheryl Rush-Milstead to gain access to Williamson's medical records, yet Williamson has yet to receive them. Nor did CMS provide any ostensible required agreement with its filing. CMS's claims are merely a bad faith effort to delay these proceedings and squander judicial resources.

Lastly, CMS attempts to invoke attorney/client work product privilege. This too is misplaced and legally and factually frivolous in regards to item 2, in which Williamson requested CMS to identify and produce any and all documents relating to CMS's insurance carrier... the applicable insurance policy...." However, contrary to CMS's mere assertion, said policy is not confidential. (See Ngyen Da Yen v. Kissinger, 528 F.2d 1194, 1205 (9th Cir. 1975). And CMS may not assert that information is privileged if they have released it to other parties. In re Natta, 48 F.R.D. 319, 322 (D. Del. 1996). Surely CMS was obligated to disclose its insurance policy to the State of Delaware and of the Department of Correction in its contract negotiations and subsequent acceptance. CMS's objection is insufficient and dubious. Evidently, CMS is under the mistaking impression it can avoid the costs of this litigation – litigation CMS brought upon itself- which is not surprising because it is the exact same strategy CMS employed to deny Williamson his needed medical treatment and which resulted in violating his constitutional rights. The Court rules will not permit such bad faith tactics.

In conclusion, if CMS fails to correct its inadequate responses within 20 days of receipt of this notice, Williamson will be reluctantly forced to request the Court compel discovery and impose any appropriate sanctions.

_David W_____                              _4-12-07_____
David Williamson                                    Date

-2-

## AFFIDAVIT OF MAILING

I David Williamson, pro se plaintiff, do swear that I have caused the following documents to be placed in a U.S. Mail Receptacle on ___12___ day of __April__ 200_7_:

1. Notice of FCM's Noncompliance with Discovery Requests.

2. Notice of CMS's Noncompliance with Discovery Requests

3. N/A

4. N/A

These originals/true copies were addressed to the following parties:

1. Amy A. Quinlan, Esq. (Counsel for CMS, CLARK, CHUKS, LOVE & Zimble) 500 Delaware Ave. Suite 1500, P.O. Box 2306 Wilm., DE 19899-2306

2. Dana S. Monzo, Esq. (Counsel for FCM) 1225 N. King St. Suite 1100, P.O. Box 397 Wilm., DE 19899-0397

3. N/A

4. N/A

The above is signed under penalty of perjury.

*David W—*

David Williamson

David W. Williamson
SBI # 183022
W-1, L-12
1181 Paddock Rd.
Smyrna, DE 19977

Dana S. Monzo, Esq. (Counsel for FCM, Inc.)\
Re: *Williamson v. CMS, et al*, 06-379-SLR: Notice of FCM's Noncompliance with Discovery Requests

Dear Mrs. Monzo:

    Williamson comes now in good faith to resolve FCM's failure to comply with discovery.

    On 2-14-07 and 2-28-07 Williamson filed his combined first and second sets of requests for interrogatories & production of documents, which were directed to defendant FCM, Inc. respectively. (DI ____ & DI _____).

    As of this date, the time for FCM to respond to these discovery requests, or alternatively file any objection and or protection from discovery has lapsed. Consequently, FCM has waived its opportunity to object or file for protection from responding to these discovery requests.

    In conclusion, Williamson expects FCM to comply with discovery rules and file good faith responses to the above first and second sets no later than Aril 30, 2007. In the event that FCM fails to correct its noncompliance within ten days of receipt of this notice, Williamson will be forced to reluctantly request the Court to compel discovery and impose any appropriate sanctions.

Thank you,

_Dave W_                                    4·12·07

David Williamson                           Date

/ —

## CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. Brief in Support of Motion to Compel Discovery [for CMS]

2. N/A

By placing same in a U.S. Mail receptacle on the 26 day of July 2007.

Megan T. Matzavinos, Esq.
(Counsel for Chuks, Clark, et al)
913 N. Market St. Suite 800
Wilmington, DE 19801

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

N/A

David W——
David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

David W——
Signed as Original

I/M: David Williamson
SBI# 183022  UNIT W-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977


U.S.M.S. X-RAY

U.S. District Court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570