IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON, )
    Plaintiff, )
v. ) C.A. 06-379-SLR
CORRECTIONAL MEDICAL SERVICES, Inc, et al, )
    Defendants.

FILED
AUG -6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR REARGUMENT

    Plaintiff, Williamson, pro se, hereby respectfully requests, pursuant to Local Rule of Civil Practice of the United States District Court for the District of Delaware 7.1.5, that the Court grant Williamson's Motion for Reargument in order to revisit its __July 19__ ①, 2007 Memorandum Order granting First Correctional Medical, Inc's motion to dismiss. In support thereof, Williamson states the following:

Introduction

    1. Accepting the factual allegations of the Complaint as true, Williamson has sufficiently pled constitutional violations by First Correctional Medical, Inc. (FCM). Fed. R. Civ. P. 12 (b) (6) does not entitle a party to create fraudulent defenses or phantom deficiencies in pleadings or claims in an attempt to avoid the costs of litigation. FCM's cost-avoidance approach to this litigation in not surprising, however, because FCM employed the same approach in denying appropriate medical care for Williamson's obvious and acutely serious knee injury. In so doing, FCM violated Williamson's constitutional rights and brought this lawsuit upon itself. Indeed, even though Williamson made an early good faith offer to settle the matter with FCM, FCM ignored Williamson's offer despite not having any tenable defense to the action.

Nature and Stage of the Proceedings

    2. This case began in June 2006 and was amended in July 2006 (D.I. 9) adding as a defendant First Correctional Medical, Inc. of Tucson, Arizona.

    3. A second amended complaint (D.I. 15), which related back to the original filing date, was docketed by the Court on October 6, 2006.

    4. The Court directed Williamson September 18, 2006, to execute service of process on named defendants.

    5. Williamson properly executed service, via U.S. Marshal's Service, on defendant FCM on 11-06-06, and FCM "waived" service on the same date. (See Court file).

    6. Federal Rules of Civil Procedure, Rules 55 and or 12 4 (d) and or applicable Local Rules mandate that a defendant must answer/defend against a properly served complaint within 60 days of the date of any waiver, or defendant must request an extension of time for good cause to do so.

    7. FCM did not request an extension of time to file an answer/defend against Williamson's properly filed complaint.

    8. FCM's answer/defense was consequently due no later than 1-05-07.

    9. FCM willingly refused to answer/defend against Williamson's meritorious complaint and Williamson filed a motion for default on or about 1-10-07.

    10. A response to Williamson's default was due no later than 1-26-07.

    11. FCM willingly refused to file a timely response to Williamson's default motion.

    12. FCM did not request an extension of time to file a response to Williamson's default motion either.

    13. During the interim, Williamson renewed his motion for default on 2-01-07 due to FCM's repeated and willful refusals, of which constitute waivers.

① Please see attached Affidavit regarding the Court's Order/Mail being refuse by D.C.C. and returned to the Court.

-1-

14. On 1-31-07, FCM belatedly filed –what it ostensibly styled as a "Response to Plaintiff's...Default and ...Motion to Dismiss"- however, FCM does not actually respond to Plaintiff's properly filed default motion at all and the record clearly demonstrates the time for FCM to file any answer/defense to Williamson's complaint had long since lapsed.

15. Consequently, FCM masquerades an improper, impertinent, and otherwise waived motion to dismiss as a response to Williamson's default motion. And even that was willingly filed late. Moreover, FCM did not even attempt to seek leave or deign to explain any excusable cause for its willful refusal to answer/defend Williamson's complaint by 1-05-07, nor did FCM attempt to seek leave or deign to explain any excusable cause for its subsequent willful refusal to respond to Williamson's default motion by 1-26-07. Indeed, not a single word was offered by FCM to excuse its repeated neglect and its willful actions are as such impertinent and violative of well established Court rules.

16. Williamson objected to FCM's ostensible response as improperly filed and impertinent on 02-15-07, and Williamson requested the Court to strike FCM's response from the record for its inexcusable neglect. This is clear from the record, uncontested, and appropriate. Also, Williamson pointed out that FCM's bad faith did not end with its improperly, albeit camouflaged, motion to dismiss, but appears to extend to also include a fraudulent defense that is factually and legally frivolous.

17. On or about ___July 19, 2007___, the Court granted FCM's motion to dismiss/summary judgment and Williamson believes this was error.

18. This is Williamson's memorandum and points of authority in support of Plaintiff's motion for reargument.

Standards For a Motion to Dismiss

19. Williamson does not waive any objections to FCM's improperly filed motion to dismiss through the following discussion, but seeks reargument of the matter in light of the Court's order and due to newly discovered evidence that was not provided to Williamson until discovery (i.e. after the pertinent filings).. Consequently, in evaluating a motion to dismiss, the Court will accept as true the factual allegations of a complaint. Neitzke v. Williams, 490 U.S. 319, 326-27 (1998); Piecknick v. Pennsylvania, 36 F. 3d 1250, 1255 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Schever v. Rhodes, 416 U.S. 232, 236 (1974). Federal rules require that disputes be resolved on the merits, rather than on the pleadings. Conley v. Gibson, 355 U.S. 41, 48 (1957).

20. The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Thus, the Court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley, 355 U.S. at 45.

21. Because the complaint sufficiently alleges violations of the United States Constitution by FCM, the Court should have denied FCM's motion to dismiss.

Argument

22. First, FCM's ostensible response to Williamson's default motion is actually a means of subterfuge in which FCM attempts to revive a defense by motion though it has already waived its opportunity to do so. Consequently, it should be barred by principles of In pais estopple. The record clearly reflects that FCM willfully chose not to timely file an answer or defense and thus chose a trial strategy that it must now live with. See Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 421 (3d Cir. 1987). FCM sealed its fate by subsequently filing a second late filing (i.e. response), but refusing to show cause for any of its neglect. Nor did FCM offer a valid legal defense in any event.

23. Second, the only fact that FCM does dispute is whether FCM is the appropriate defendant who contracted to provide healthcare for the Delaware Department of Corrections (DDOC). Indeed, FCM does not dispute with any sufficiency of specificity any of Williamson's claims whatsoever. FCM's lone defense of mistaken identity is frivolous for several compelling reasons:  (i) It is estopped by prior judgment;

(ii) It does not actually support the offered defense that Williamson failed to state a claim, but alternatively questions personal jurisdiction, which of course raises a dispute over a material issue of fact that is nevertheless improper to resolve on a motion to dismiss or summary judgment; and or

(iii) FCM neither contested or refuted any other factual allegations of Williamson's sufficiently plead complaint.

(i) FCM's defense is legally frivolous because it is estopped by prior judgment: FCM of Tucson, Arizona claims that it "never contracted with the [DDOC] and did not provide healthcare for the Delaware prison system at any time [i.e. 2002 circa until July 2005]. FCM claims that FCM, Del. LLC alternatively contracted to do so, and by inference that FCM was not the principal entity or parent company with any liabilities therewith. As such, FCM claims that it is not liable for the claims in Williamson's complaint. This is false because FCM admitted that FCM, Del LLC was a "wholy owned subsidiary" of FCM. (See Ex-A- Admissions DI 78 ). Liability for subsidiary companies correspond with the level of ownership, and FCM already admitted that it is the sole owner, and is thus liable for the claims.

Also, FCM waived service and filed a belated response to Williamson's action. Moreover, FCM has and is currently defending several other actions in this Court regarding similar claims of constitutional violations against Delaware Prisoners while it –FCM of Tucson, Arizona- was the principal contracted to provide healthcare to the DDOC. Whether FCM was the principal or whether FCM established a local wholly owned subsidiary is irrelevant to the question of liability/jurisdiction.. In any event, whether FCM, Del. LLC or FCM contracted with the DDOC also constitutes a material issue of fact that would preclude dismissal or summary judgment.

Moreover, it appears that FCM has already accepted personal jurisdiction in Delaware Federal Court in the following cases: (a) Brandner v. First Correctional Medical, et al, Civ. No. 03-cv-01146 (December 17, 2003, Farnan, Jr.);
(b) Turner v. Correctional Medical Services , et al, Civ. No. 03 - 048 - SLR ( 2003 ); and
(c) Wyant v. _____, Civ. No. _____ ( ).

Thus, FCM has already accepted or been found to have personal jurisdiction regarding the issue of its liability for providing healthcare to the DDOC by these prior actions, and FCM is now estopped by said judgments from asserting that it did not contract to provide healthcare or is not subsequently liable for the same. Indeed, it is believed that FCM even employed the same attorney (e.g. Dana S. Monzo, Esq.), to answer Williamson's complaint that FCM utilized to defend against Wyant's. (See Ex-_____).

(ii) FCM's defense is frivolous because it does not actually support the offered defense of a failure to state a claim under 12 (b) (6), but alternatively questions the personal jurisdiction and thus raises a dispute over a material issue of fact that is improper to settle on a motion to dismiss or on summary judgment. See Moody v. Kearney, 380 F.S. 2d 393 (D. Del 2005). (Also Williamson incorporates item 23. (i) herein). Summary judgment is not appropriate before proper discovery. See Alson v. Parker, 363 F.3d 229, 233 at n. 6 (3d Cir. 2004). Accordingly, FCM presented papers outside the pleadings (e.g. portion of alleged contract at Ex-2), that fails; however, to establish with sufficiency FCM's conclusory claim: that FCM did not contract with the DDOC as the principal corporate entity –that FCM, Del. LLC is the sole responsible and liable entity. Conclusory allegations are insufficient, however, and FCM's exhibit is ambiguous and also fails to demonstrate that FCM has no liability or interests in the so-called FCM, Del. LLC. See Riley v. Jeffes, 777 F.2d 143, 148 (3d Cir. 1985); Caputo v. Fauver, 800 F. Supp. 168, 171 (D.N.J/ 1992) aff'd 995 F.2d 216 (3d Cir. 1993); and Reeves v. Sanderson Plumbing, Inc., 530 U.S. 133, 150 (2000).

Moreover, since FCM's frivolous motion, Williamson has uncovered evidence that refutes FCM's claim. It appears to demonstrate that FCM of Tucson, Arizona evidently exercised a parent child corporate relationship with FCM, DE. LLC befitting its ownership status. (See Ex-B Cancelled check and Ex-C FCM Tucson AZ, Medical Form from DCC) This cancelled check and the medical form utilized at the DCC facility both illustrate that FCM of Tucson, Arizona was in control and was aware of the dealings with the DDOC. The Court is directed to note the Tucson, Arizona address on said check and on the Medical Form. FCM's assertion is clearly frivolous and made in bad faith.

(iii) FCM neither contested nor refuted any other factual or legal allegations of Williamson's sufficiently plead complaint to support its conclusory and insufficient charge that Williamson failed to state a claim under 1983. Nor could FCM hope to do so. In short, Williamson plead an objective serious medical condition (e.g. torn Anterior Cruciate ligament- ACL), of which caused Williamson undue pain and suffering, substantial impairment of his normal daily functions, permanent injury, and a substantial risk of residual tangible injury and or a substantial likely risk of future harm. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct 1970, 128 L.Ed 2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, ____ 50 L.Ed. 2d 251 (1976); and Valentine v. Beyer, 850 F.2d 951, 955 (3d Cir. 1988). Williamson did not claim mere negligence or unintentional misdiagnosis, but alternatively plead that Dr. Alie intentionally disregarded the obvious and classic symptoms of a torn ACL –that Alie intentionally refused to employ any valid professional medical judgment –not once but twice- and this even occurred in violation of subsequent agreements made regarding Williamson's medical grievance. Williamson plead that Alie repeatedly employed these mock exams to realize FCM's custom/policy of cost-avoidance (i.e. a non-medical factor), and that they were absolutely devoid of any legitimate medical factors or professional judgment. See Miltier v. Beorn, 896 F.2d 843, 853 (4th Cir. 1990) (doctor failed to perform tests for cardiac disease in patient with symptoms that called for them); Tillery v. Owens, 719 F. Supp. 1256, 1308 (W.D. Pa 1989) aff'd, 907 F.2d 418 (3d Cir. 1990) (…But if an informed judgment has not been made, the court may find that an eighth amendment claim has been stated.…"). If Williamson's claims are proven, intentional conduct of this sort would clearly establish a constitutional claim.

Moreover, our Circuit in Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (Held: (1) genuine issue of material fact existed as to whether physician-in-charge knew that prisoner should receive physical therapy and deliberately failed to provide it for non-medical reasons.…') In such a situation intent becomes critical "if inadequate care was a result of an error in medical judgment…claim must fail, but if the failure to provide adequate care … was deliberate and motivate by non-medical factors, then [plaintiff] has a viable claim." (Durmer, at 69). Accordingly, Williamson claimed that it was FCM's non-medical custom/policy that was the moving force behind Dr. Alie's intentional repeated mock exams, countermand of another doctor's order for an MRI, refusal to reschedule Williamson for follow up, and refusal to provide Williamson with physical rehab/strength training, etc. as agreed to in his medical grievance. As such, Williamson's claims fit squarely within Durmer and also within Jackson v. First Correctional Medical Services, 380 F. Supp. 2d 387 (D. Del. 2005); Moody v. Kearney, supra; Swan v. Daniels, 923 F. supp. 626, 633 (D. Del. 1995); and Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991). Therefore, Williamson did not premise his cause of action on respondeat superior or on vicarious liability theories, but on FCM's custom/policy of cost-avoidance. Also, Williamson's pleadings are distinguished from the "some treatment" line of cases because Williamson asserted facts/claims that sufficiently establish the absence of an informed professional medical judgment. Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978) and Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). Indeed, Williamson asserted that the mock exams of Alie were so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggrivate Williamson's serious condition. See Greeno v. Daley, 414 F.3d 645, 658-59 (7th Cir. 2005). And that Alie intentionally acted to realize FCM's non-medical custom/policy of cost-avoidance; therefore, FCM has the requisite personal involvement to maintain an action for constitutional violations under 42 U.S.C. section 1983.

24. Finally, even if the Court were to grant FCM's improperly filed motion to dismiss, Williamson should be granted leave to amend his Complaint with respect to allegations against FCM. Fed. R. Civ. P. 15 (a) directs that leave to amend a complaint shall be freely given when justice so requires. District Council 47, Am. Fed'n of State, County and Municipal Employees v. Bradley, 795 F.2d 310, 316 (3d. Cir. 1986)

WHEREFORE, Williamson respectfully requests the Court to grant his motion for Reargument in order to reconsider its Memorandum Order of _July 19, 2007 ( D.I. # 122 é 121)_ .

_David W_____                                              8-1-07
David Williamson, SBI #183022, 1181 Paddock Rd., Smyrna, DE 19977        Date

## CERTIFICATE OF SERVICE

I, David Williamson, the pro se plaintiff in C.A. No. 06-379-SLR, do hereby declare under penalty of perjury that I have caused to be delivered a true and correct copy of the following documents:

1. "Memorandum and points of authority in support of Plaintiff's motion for reargument."

2. ~~N/A~~ Affidavit of David Williamson: (Court's Orders D.I. 122, 121, 119, & 120 Refused & Returned by DCC Mail-room)

By placing same in a U.S. postal receptacle on this __3__ day of __August__ 200 __7__, and Addressed to the following parties:

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

James E. Drnec, Esq.
(Counsel for Zimbal)
711 N. King St.
Wilmington, DE 19801

N/A

N/A                              N/A

David Williamson, SBI #183022
DCC
1181 Paddock Rd.
Smyrna, DE 19977



# EXHIBIT A

TAO/099999-9036/1346014/1

Case 1:06-cv-00379-SLR   Document 139-2   Filed 08/06/2007   Page 2 of 6
Case 1:06-cv-00379-SLR   Document 78   Filed 03/28/2007   Page 1 of 4

D.I 78

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICES,<br>INC., C. MALANEY, DONNA PLANTE,<br>MAGGIE BAILEY, CHUKS IHUOMA,<br>DR. S. ALIE, DR. ZIMBULL, MICHELLE<br>ROBINSON, JUANITA CLARK, DENTIST<br>JANE DOE and FIRST CORRECTIONAL<br>MEDICAL,<br><br>Defendants, | C.A. No. 06-379 (SLR)<br><br><br>JURY OF 12 DEMANDED |

### DEFENDANT FIRST CORRECTIONAL MEDICAL, INC.'S, ANSWERS TO PLAINTIFF'S SECOND SET OF REQUEST FOR ADMISSIONS DIRECTED TO FIRST CORRECTIONAL MEDICAL, INC.

1.  Denied.

2.  Denied. By way of further answer, First Correctional Medical Delaware, LLC was a wholly-owned subsidiary of First Correctional Medical, Inc.

3.  Denied. By way of further answer, First Correctional Medical Delaware, LLC was a wholly-owned subsidiary of First Correctional Medical, Inc.

4.  Denied. By way of further answer, First Correctional Medical Delaware, LLC was a wholly-owned subsidiary of First Correctional Medical, Inc.

5.  Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.

6.  Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.

7. Denied. By way of further answer, First Correctional Medical Delaware, LLC, contracted with the Delaware Department of Correction to provide healthcare to the prison systems of Delaware between July 1, 2002, through June 30, 2005.

McCULLOUGH & McKENTY, P.A.

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, Inc.

Dated: March 28, 2007

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | C.A. No. 06-379 (SLR) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY OF 12 DEMANDED |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., C. MALANEY, DONNA PLANTE, | ) | |
| MAGGIE BAILEY, CHUKS IHUOMA, | ) | |
| DR. S. ALIE, DR. ZIMBULL, MICHELLE | ) | |
| ROBINSON, JUANITA CLARK, DENTIST | ) | |
| JANE DOE and FIRST CORRECTIONAL | ) | |
| MEDICAL, | ) | |
| | ) | |
| Defendants, | ) | |

## CERTIFICATE OF SERVICE

I, **DANA SPRING MONZO**, hereby certify that on the 28th day of March a copy of the attached *Defendant First Correctional Medical, Inc.'s, Answers to Plaintiff's Second Set of Request for Admissions Directed to First Correctional Medical, Inc.* was served upon the following:

**Via First Class Mail**
David Williamson
SBI#183022
Delaware Correctional Center
1811 Paddock Road
Smyrna, DE 19977

**Via Electronic Filing**
Amy A. Quinlan, Esquire
Morris James, LLP
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE 19899

# EXHIBIT B

```
                                                                                              16533

FIRST CORRECTIONAL MEDICAL - DELAWARE, LLC              WILMINGTON TRUST
            OPERATING ACCOUNT                          WILMINGTON, DELAWARE
            6881 N. ORACLE ROAD                              02-9-311
            TUCSON, AZ 85704
            (520) 498-1360
                                           CHECK NO.          DATE              AMOUNT
                                            016533          04/02/04         ********14.00*

           *FOURTEEN DOLLARS AND NO CENTS

   PAY     Prison Industries
  TO THE
  ORDER    Delaware Correctional Ctr.
    OF:    1181 Paddock Road
           Dover                    DE 19977
```

## AFFIDAVIT OF DAVID WILLIAMSON

66-379

1. I, David Williamson, am the Affiant listed above and do depose and state the following in support of Williamson v. C.M.S., et al, CA. No. 06-379-SLR:

2. On July 19, 2007, the Court issued two Orders and Memorandums in the above action (e.g. D.I. 122 & 121, and D.I. 119 & 120), which in part dismissed defendant First Correctional Medical, Inc. (FCM) stating that FCM was the incorrect named defendant; and placed a stay on Affiant's TRO/PI awaiting plaintiff's medical records.

3. Affiant, pro se plaintiff in the above action, believes this is an error and Affiant concurrently files for re-argument/rehearing regarding the dismissal of defendant FCM; and also requests reconsideration regarding the pendency of Affiant's TRO/PI because he faces irreparable injury absent a timely order for injunctive relief.

4. On its face, it would appear that Affiant's motion(s) for re-argument/rehearing is untimely; however, Affiant was absolutely precluded from filing any response, etc. to the Court's 7-19-07 Orders/Memo., and absent the Court's consideration of the below compelling facts, Affiant faces substantial prejudice, and injustice will occur, and/or judicial resources will ultimately be squandered because Affiant will otherwise be forced to file an appeal.

5. An appeal is not necessary in this matter (especially the dismissal of defendant FCM, because FCM has since "Admitted" it wholly owns the subsidiary First Correctional Medical, Del, LLC), and if it was not for extenuating circumstances beyond the control of Affiant, he would have already filed his re-argument request.

6. For example, the Court's Orders/Memo., were *refused* by the Delaware Correctional Center, Mail-room (DCC) due to insufficient postage, and it was subsequently *returned* to the District Court.

7. Consequently, the District Court *date-stamped* the *refused/returned* legal mail package, which contained the Court's 7-19-07 Orders/Memos. On July 30, 2007. (See EX-A Original Court Envelope).

8. In turn, the Court *re-mailed* the 7-19-07 Orders/Memos. to Affiant and DCC *date-stamped* said legal mail package 08-01-2007 and Affiant subsequently received it late Wednesday evening on 8-01-07.

9. Affiant already had his re-argument/rehearing motion drafted in anticipation, so Affiant immediately generated the instant Affidavit due to the refuse/returned legal mail to demonstrate that he was not to blame for any tardiness.

10. Affiant cannot be expected to respond and or held to a filing time limitation for a document filed by the Court on 7-19-07, however, not provided to Affiant until 8-01-07. Affiant simply cannot respond, etc. to an Order, etc. that he simply does not have nor even know of its existence until 08-01-07.

11. The thirteen day lapse is no fault of Affiant's, but the error lies with the Court's postage and DCC's mishandling of important legal mail.

12. If Affiant is not provided the date of receipt (e.g. 08-01-2007), as the date from which the Court calculates the ten day filing limit for any request for re-argument/rehearing, then Affiant will face substantial prejudice and injustice will occur.

13. The above is true and correct to the best of Affiant's knowledge.

Sworn and subscribed before me this 1st day of August 2007.

David W———

David Williamson                                    Notary Public

FILED
AUG -6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# EXHIBIT A



# EXHIBIT B

049J82023030
$01.650
07/31/2007
Mailed From 19801
US POSTAGE

neopost

David W. Williamson
SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RECEIVED
AUG 01 2007
Delaware Correctional Center

JUDGE SUE L. ROBINSON
UNITED STATES DISTRICT COURT
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300