IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
|     Plaintiff, | ) |
| v. | )    C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) |
|     Defendants. | |

### PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Plaintiff, Williamson, pro se, comes now, pursuant to Fed. R. Civ. P., rule 60 (b) and any applicable Delaware Local Rule, and requests that the Court grant Williamson's Motion for Relief From Judgment regarding the Court's July 19, 2007, Memorandum Order granting First Correctional Medical, Inc's motion to dismiss. (See Order/Memor. D.I. 122 & 121 respectively). In support thereof, Williamson states the following:

#### Introduction

1. Accepting the factual allegations of the Complaint as true, Williamson has sufficiently pled constitutional violations by First Correctional Medical, Inc (FCM), and his claims are meritorious. Fed. R. Civ. P. 12 (b) (6) does not entitle a party to create fraudulent defenses, or material misrepresentations, and/or engage in misconduct in an attempt to avoid the costs of litigation. Indeed, FCM has since offered to settle with Williamson and FCM offered Williamson a last chance because it claims that FCM is likely to claim bankruptcy. If FCM were not the controlling and liable corporate entity, then FCM would not have to consider claiming bankruptcy in order to avoid law suit liability for FCM, Del. LLC's malfeasance. Nor would FCM consider settling with Williamson. FCM attempts to engage in corporate slight-of-hand by claiming that it never contracted with DDOC to provide medical services. This is absolutely false. Indeed FCM of Tucson AZ did open a branch office in Delaware (i.e. FCM, Del., LLC) –and incorporated it as a shell company- however, FCM admits that it is the sole owner/ and sole controlling corporate entity of FCM, Del., LLC, and FCM can not now be permitted to usurp Williamson's meritorious action in the interest of justice by this clear subterfuge.

#### Nature and Stage of the Proceedings

2. This case began in June 2006 and was amended in July 2006 (D.I. 9) adding as a defendant First Correctional Medical, Inc. of Tucson, Arizona.

3. A second amended complaint (D.I. 15) was docketed by the Court on October 6, 2006.

4. The Court directed Williamson September 18, 2006, to execute service of process on named defendants.

5. Williamson properly executed service, via U.S. Marshal's Service, on defendant FCM on 11-06-06, and FCM "waived" service on the same date. (See Court file).

6. Federal Rules of Civil Procedure, Rules 55 and or 12 4 (d) and or applicable Local Rules mandate that a defendant must answer/defend against a properly served complaint within 60 days of the date of any waiver, or defendant must request an extension of time for good cause to do so.

7. FCM did not request an extension of time to file an answer/defend against Williamson's properly filed complaint.

8. FCM's answer/defense was consequently due no later than 1-05-07.

9. FCM willingly refused to answer/defend against Williamson's meritorious complaint and Williamson filed a motion for default on or about 1-10-07.

10. A response to Williamson's default was due no later than 1-26-07.

11. FCM willingly refused to file a timely response to Williamson's default motion.

12. FCM did not request an extension of time to file a response to Williamson's default motion either.

13. During the interim, Williamson renewed his motion for default on 2-01-07 due to FCM's repeated and willful refusals, of which constitute waivers.

14. On 1-31-07, FCM belatedly filed --what it ostensibly styled as a "Response to Plaintiff's...Default and ...Motion to Dismiss"- however, FCM does not actually respond to Plaintiff's properly filed default motion at all and the record clearly demonstrates the time for FCM to file any answer/defense to Williamson's complaint had long since lapsed.

15. Consequently, FCM offers an improper, impertinent, and otherwise waived motion to dismiss as a response to Williamson's default motion. And even that was willingly filed late. Moreover, FCM did not even attempt to seek leave or deign to explain any excusable cause for its willful refusal to answer/defend Williamson's complaint by 1-05-07, nor did FCM attempt to seek leave or deign to explain any excusable cause for its subsequent willful refusal to respond to Williamson's default motion by 1-26-07. Indeed, not a single word was offered by FCM to excuse its repeated neglect and its willful actions are as such impertinent and violative of well established Court rules.

16. Williamson objected to FCM's ostensible response as improperly filed and impertinent on 02-15-07, and Williamson requested the Court to strike FCM's response from the record for its inexcusable neglect. This is clear from the record, uncontested, and appropriate. Also, Williamson pointed out that FCM's bad faith did not end with its improperly, albeit camouflaged, motion to dismiss, but appears to extend to also include a fraudulent defense that is factually and legally frivolous.

17. FCM filed an otherwise waived defense by motion (i.e. motion to dismiss) and Williamson filed his reply on 02-15-2007. Court rules do not permit any other filings regarding these dispositive motions, so when Williamson subsequently received FCM's discovery response --some six weeks later- admitting to being the owner of the subsidiary titled FCM, Del., LLC, and Williamson could not amend his already filed response.

18. Indeed, Williamson had filed his second set of requests for Admissions directed to FCM on 02-28-07. (D.I. ___ ) (See Ex-C Admissions at items 2-4).

19. On **3-28-07**, FCM admitted the following: "... First Correctional Medical Delaware, LLC was a wholly-owned subsidiary of first Correctional Medical, Inc." (See D.I. 78 at items 2-4 FCM's response to plaintiff's admissions, at Ex-A at items 2-4).

20. Consequently, FCM admitted whole ownership of FCM, Del., LLC and "complete control...during the relevant period of Williamson's claims against FCM." (See Ex-A at items 2-4 and Ex-C Plaintiff's requests for Admissions at 2-4).

21. FCM's admission is reveling and it completely belies FCM's claim that Williamson named the wrong defendant.

22. Moreover, once FCM lost its contract with DDOC, it quickly closed shop in Delaware; there is no longer a viable address for the entity known as FCM, Del. LLC and the only defendant left is the parent company FCM, Inc. of Tucson, AZ.

23.. On 07-19-2007, the Court granted FCM's motion to dismiss based on FCM's fraud, misrepresentations, and or misconduct regarding its identity and/or relationship and controlling interest in FCM, Del., LLC, and Williamson believes this was clear error and Williamson seeks relief from said judgment.

24. This is Williamson's memorandum and points of authority in support of Plaintiff's motion for reargument.

Standards for a Motion to Dismiss

25. The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Thus, the Court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley, 355 U.S. at 45.

26. Because the complaint sufficiently alleges violations of the United States Constitution by FCM, the Court should have denied FCM's motion to dismiss.

2

Argument

27. Relief from judgment or *order* under Fed. R. Civ. P., rule 60 (b) (3), is appropriate in the following:

    i. The moving party possesses a meritorious claim;

    ii. The adverse party engaged in fraud, misrepresentation, or other misconduct; and

    iii. The adverse party's conduct prevented the moving party from fully and fairly presenting its case during trial. (e.g. By not providing and or admitting that FCM wholly owned and controlled FCM, Del., LLC prior to filing the final dispositive filings/responses regarding the FCM's motion to dismiss).

    (See Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir. 2005).

28. Fed. R. Civ. P., rule 60 (b) (3) is remedial, and is liberally construed. (See Hesling v. CSX Transp., Inc., 396 F.3d 632, 641 (5th Cir. 2005). For example, relief under this category may be granted to remedy belatedly uncovered misconduct during discovery. (See General Universal Sys., Inc. v. Lee, 379 F.3d 131 (5th Cir. 2004).

29. First, FCM's ostensible response to Williamson's default motion is actually a means of subterfuge in which FCM attempts to revive a defense by motion though it has already waived its opportunity to do so. Consequently, it should be barred by principles of In pais estopple. The record clearly reflects that FCM willfully chose not to timely file an answer or defense and thus chose a trial strategy that it must now live with. See Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 421 (3d Cir. 1987). FCM sealed its fate by subsequently filing a second late filing (i.e. response), but refusing to show cause for any of its neglect. Nor did FCM offer a valid legal defense in any event, because it is the sole parent and controlling company of the now defunct FCM, Del., LLC and it has admitted as much.

30. Indeed, the only fact that FCM does dispute is whether FCM is the appropriate defendant who contracted to provide healthcare for the Delaware Department of Corrections (DDOC). FCM does not dispute with any sufficiency of specificity any of Williamson's constitutional claims whatsoever. FCM's lone defense of mistaken identity is frivolous for several compelling reasons:

    (i) FCM now admits to being the sole owner and in complete control of its subsidiary known as FCM, Del. LLC;

    (ii) FCM neither contested/refuted any other factual allegations of Williamson's well plead complaint; and

    (iii) The issue of who and what entity is liable is clearly a dispute over a material issue of fact that is nevertheless improper to resolve on a motion to dismiss or summary judgment (FCM submitted documents outside the pleadings and Williamson also submits document outside the pleadings (e.g. admissions, FCM's responses to same; and a cancelled check and a medical form which identifies FCM, Inc. of Tucson, AZ at Ex-B).

(i) FCM of Tucson, Arizona originally claimed that it "never contracted with the [DDOC] and did not provide healthcare for the Delaware prison system at any time [i.e. 2002 circa until July 2005]. FCM claims that FCM, Del. LLC alternatively contracted to do so, and by inference that FCM was not the principal entity or parent company with any liabilities therewith. As such, FCM claims that it is not liable for the claims in Williamson's complaint. This is absolutely false because FCM admitted that FCM, Del LLC was a "wholly owned subsidiary" of FCM. (See Ex-A- Admissions at items 2-4DI _____ & Ex-C Admissions at items 2-4). Liability for a subsidiary company corresponds with the level of ownership, and FCM has since the dispositive filings admitted that it is the sole owner of the now defunct entity/subsidiary known as FCM, Del., and LLC. Thus FCM is liable for Williamson's claims; FCM's self-serving claim that it never contracted with DDOC is false and made in bad faith.

Moreover, since FCM's frivolous motion, Williamson has uncovered additional evidence that refutes FCM's claim. This evidence clearly demonstrates that FCM of Tucson, Arizona exercised a parent child corporate relationship with FCM, DE. LLC befitting FCM's complete ownership and complete control of FCM, Del., and LLC. (See Ex-B Cancelled check of FCM Tucson AZ, and a Medical Form from DCC) This cancelled check and the medical form utilized at the DCC facility both illustrate that FCM of Tucson, Arizona was in control and was aware of the dealings with the DDOC. The Court is asked to

3

note the Tucson, Arizona address on said check and on the Medical Form. FCM's assertion is clearly frivolous and made in bad faith.

(ii) and (iii) FCM's defense is frivolous because it does not actually support the offered defense of a failure to state a claim under 12 (b) (6), but alternatively questions the personal jurisdiction and thus raises a dispute over a material issue of fact that is improper to settle on a motion to dismiss or on summary judgment. See Moody v. Kearney, 380 F.S. 2d 393 (D. Del 2005). Summary judgment is not appropriate before proper discovery. (See Alson v. Parker, 363 F.3d 229, 233 at n. 6 (3d Cir. 2004)). Accordingly, FCM presented papers outside the pleadings (e.g. portion of alleged contract at Ex-2), that fails; however, to establish with sufficiency FCM's conclusory claim: that FCM did not contract with the DDOC as the principal corporate entity –that FCM, Del. LLC is the sole responsible and liable entity. Conclusory allegations are insufficient, however, and FCM's exhibit is ambiguous and also fails to demonstrate that FCM has no liability or interests in the so-called FCM, Del. LLC. (See Riley v. Jeffes, 777 F.2d 143, 148 (3d Cir. 1985); Caputo v. Fauver, 800 F. Supp. 168, 171 (D.N.J/ 1992) aff'd 995 F.2d 216 (3d Cir. 1993); and Reeves v. Sanderson Plumbing, Inc., 530 U.S. 133, 150 (2000)).

FCM neither contested nor refuted any other factual or legal allegations of Williamson's sufficiently plead complaint to support its conclusory and insufficient charge that Williamson failed to state a claim under 1983. Nor could FCM hope to do so. In short, Williamson plead an objective serious medical condition (e.g. torn Anterior Cruciate ligament- ACL), of which caused Williamson undue pain and suffering, substantial impairment of his normal daily functions, permanent injury, and a substantial risk of residual tangible injury and or a substantial likely risk of future harm. (See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct 1970, 128 L.Ed 2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, ___ 50 L.Ed. 2d 251 (1976); and Valentine v. Beyer, 850 F.2d 951, 955 (3d Cir. 1988)). Williamson did not claim mere negligence or unintentional misdiagnosis, but alternatively plead that Dr. Alie intentionally disregarded the obvious and classic symptoms of a torn ACL – that Alie intentionally refused to employ any valid professional medical judgment –not once but twice- and this even occurred in violation of subsequent agreements made regarding Williamson's medical grievance. Williamson plead that Alie repeatedly employed these mock exams to realize FCM's custom/policy of cost-avoidance (i.e. a non-medical factor), and that they were absolutely devoid of any legitimate medical factors or professional judgment. (See Miltier v. Beorn, 896 F.2d 843, 853 (4th Cir. 1990) (doctor failed to perform tests for cardiac disease in patient with symptoms that called for them); Tillery v. Owens, 719 F. Supp. 1256, 1308 (W.D. Pa 1989) aff'd, 907 F.2d 418 (3d Cir. 1990) (…But if an informed judgment has not been made, the court may find that an eighth amendment claim has been stated….")). If Williamson's claims are proven, intentional conduct of this sort would clearly establish a constitutional claim.

Moreover, our Circuit in Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (Held: (1) genuine issue of material fact existed as to whether physician-in-charge knew that prisoner should receive physical therapy and deliberately failed to provide it for non-medical reasons….') In such a situation intent becomes critical "if inadequate care was a result of an error in medical judgment…claim must fail, but if the failure to provide adequate care … was deliberate and motivate by non-medical factors, then [plaintiff] has a viable claim." (Durmer, at 69). Accordingly, Williamson claimed that it was FCM's non-medical custom/policy that was the moving force behind Dr. Alie's intentional repeated mock exams, countermand of another doctor's order for an MRI, refusal to reschedule Williamson for follow up, and refusal to provide Williamson with physical rehab/strength training, etc. as agreed to in his medical grievance. As such, Williamson's claims fit squarely within Durmer and also within Jackson v. First Correctional Medical Services, 380 F. Supp. 2d 387 (D. Del. 2005); Moody v. Kearney, supra; Swan v. Daniels, 923 F. supp. 626, 633 (D. Del. 1995); and Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991). Therefore, Williamson did not premise his cause of action on respondeat superior or on vicarious liability theories, but on FCM's custom/policy of cost-avoidance. Also, Williamson's pleadings are distinguished from the "some treatment" line of cases because Williamson asserted facts/claims that sufficiently establish the absence of an informed professional medical judgment. Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978) and Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). Indeed, Williamson asserted that the mock exams of Alie were so blatantly inappropriate as to evidence

4

intentional mistreatment likely to seriously aggravate Williamson's serious condition. See Greeno v. Daley, 414 F.3d 645, 658-59 (7th Cir. 2005). And that Alie intentionally acted to realize FCM's non-medical custom/policy of cost-avoidance; therefore, FCM has the requisite personal involvement to maintain an action for constitutional violations under 42 U.S.C. section 1983.

31. The purpose of permitting substantive relief from a judgment or order is to allow the federal courts to strike a balance between two often conflicting principles –that litigation must be brought to a final close and that justice must be done. (See Gonzalez v. Crosby, 545 U.S.524, ___, 125 S.Ct. 2641, 2646, 162 L.Ed.2d 480 (2005); Coltec Indus., Inc., v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)). Also, Fed. R. Civ. P., rule 60 (b) (2) permits consideration for relief under newly discovered evidence, which had the Court originally had the opportunity to consider, its decision/order would likely have been different. (See George Ins. Co. v. Baratta & Fenerty, LTD, 264 F.3d 302, 309-10 (3rd. Cir. 2001)). Williamson has presented newly discovered evidence, which FCM did not admit to and/or that Williamson uncovered until after the final filings regarding the motion to dismiss.

32. Finally, if the Court was inclined to deny Williamson's request for relief from judgment and leave FCM's motion to dismiss untouched, the Court's grant for Williamson to file an amended Complaint with respect to allegations against FCM should be extended until thirty days after the Court decides the instant motion. Also, the time to file any Appeal of this order should be stayed until after the Court decides the instant motion.

WHEREFORE, Williamson respectfully requests the Court to grant his motion for Relief from judgment and reverse its Order/Memor. Dated 7-19-07 regarding the dismissal of FCM, Inc. as a defendant.

_Dave W_____            _8-3-07_____
David Williamson, SBI #183022, 1181 Paddock Rd., Smyrna, DE 19977            Date

5

## CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. *Plaintiff's Motion for Relief from Judgment*

2. *N/A*

By placing same in a U.S. Mail receptacle on the __6__ day of __August__ 200_7_.

                                        Daniel McKently, Esq.
                                        (Counsel for FCM, Inc.)
                                        1225 N. King St., Suite 1100
                                        Wilmington, DE 19809-0397

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801                Patrick Rock, Esq.
(Counsel for Dr. A. Zimble)      (Counsel for CMS, Inc.)
                                        913 Market St., #800
                                        Wilmington, DE 19801

*N/A*

*N/A*

*N/A*

*N/A*

*David W____*
David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

I/M: David Williamson
SBI# 183022    UNIT IJ-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. District Court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570



# EXHIBIT A

Case 1:06-cv-00379-SLR    Document 144-2    Filed 08/08/2007    Page 1 of 7

TAO/099999-9036/1346014/1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON,           ) | |
| )                              | C.A. No. 06-379 (SLR) |
| Plaintiff,                     ) | |
| )                              | |
| v.                             ) | |
| )                              | JURY OF 12 DEMANDED |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| INC., C. MALANEY, DONNA PLANTE,) | |
| MAGGIE BAILEY, CHUKS IHUOMA,   ) | |
| DR. S. ALIE, DR. ZIMBULL, MICHELLE ) | |
| ROBINSON, JUANITA CLARK, DENTIST ) | |
| JANE DOE and FIRST CORRECTIONAL ) | |
| MEDICAL,                       ) | |
| )                              | |
| Defendants,                    ) | |

### DEFENDANT FIRST CORRECTIONAL MEDICAL, INC.'S, ANSWERS TO PLAINTIFF'S SECOND SET OF REQUEST FOR ADMISSIONS DIRECTED TO FIRST CORRECTIONAL MEDICAL, INC.

1. Denied.

2. Denied. By way of further answer, First Correctional Medical Delaware, LLC was a wholly-owned subsidiary of First Correctional Medical, Inc.

3. Denied. By way of further answer, First Correctional Medical Delaware, LLC was a wholly-owned subsidiary of First Correctional Medical, Inc.

4. Denied. By way of further answer, First Correctional Medical Delaware, LLC was a wholly-owned subsidiary of First Correctional Medical, Inc.

5. Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.

6. Denied. By way of further answer, this request for admission is a conclusion of law upon which plaintiff bears the burden of proof at trial.

7.  Denied. By way of further answer, First Correctional Medical Delaware, LLC, contracted with the Delaware Department of Correction to provide healthcare to the prison systems of Delaware between July 1, 2002, through June 30, 2005.

McCULLOUGH & McKENTY, P.A.

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, Inc.

Dated: March 28, 2007

# EXHIBIT B

```
                                                                              16533
FIRST CORRECTIONAL MEDICAL - DELAWARE, LLC          WILMINGTON TRUST
         OPERATING ACCOUNT                       WILMINGTON, DELAWARE
         6851 N. ORACLE ROAD                          62-8-311
         TUCSON, AZ 85704
         (520) 498-1360
                                    CHECK NO.       DATE            AMOUNT
                                     016533       04/02/04       *********14.00*

        *FOURTEEN DOLLARS AND NO CENTS

PAY     Prison Industries
TO THE  Delaware Correctional Ctr.
ORDER   1181 Paddock Road
OF:     Dover                    DE 19977
```

Exhibit-C

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, )<br>    Plaintiff, )<br>v. )<br>CORRECTIONAL MEDICAL SERVICES, Inc, et al, )<br>    Defendants. | C.A. 06-379-SLR |

PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS DIRECTED TO FIRST CORRECTIONAL MEDICAL, INC

COMES NOW, plaintiff, Williamson pursuant to the appropriate Fed. R. Civ. P., Local Rule, and or case authority. Williamson attests that the instant discovery request is made in good faith, not meant to harass, inconvenience, or be overly burdensome to defendants or to delay these proceedings in any manner. Williamson requests defendants First Correctional Medical, Inc. (FCM), to make the following admissions, where required under the applicable rules, under oath, within thirty-days of the date of service. (All definitions employed in Plaintiff's combined first set of requests for interrogatories and production of documents directed to First Correctional Medical, Inc." is incorporated herein).

ADMISSIONS

1. First Correctional Medical, Inc. (FCM) of Tucson, Arizona, has defended and or is defending against the following actions filed in federal district court for the District of Delaware, which was filed by DDOC prisoners:

    a) Brandner v. [FCM]..., Civ. No. 03-1146-JJF (Dec. 17, 2003, Farnan, Jr.);

    b) Green v. [FCM]..., 430 F. Supp 2d 383 (D. Del. 2006) Civ. No. 04-027-KAJ, May 10, 2006); and

    c) Wyatt v. ..., _____.

2. First Correctional Medical Del. LLC (FCM LLC) is or was either a subsidiary, partner, agent, and or franchisee of FCM.

3. FCM LLC is or was either owned in whole or part by FCM during the relevant period of Williamson's claims against FCM.

4. FCM maintained either a complete or partial interest in FCM LLC during the relevant period of Williamson's claims against FCM.

5. FCM is liable in whole or part –in proportion to FCM's interest in FCM LLC- for any malfeasance that occurred while FCM LLC provided healthcare to the DDOC.

6. FCM is liable in whole or part –in proportion to FCM's interest in FCM LLC- for any damages that may be awarded in Williamson's action for claims against FCM.

7. FCM is or was the principal entity that contracted with DDOC to provide healthcare to its prison system between 2002 circa and July 2005 circa.

_/s/ David W_____                                       2·28·07
David Williamson, SBI # 183022                              Date
DCC, 1181 Paddock Rd.
Smyrna, DE 19977