UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, ) | |
| ) | Case No. 06-379 (SLR) |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| INC., CHRISTINE MALANEY, ) | |
| DONNA PLANTE, MARGARET LOVE, ) | |
| CHUKS IHUOMA, DR. SITTA C. ALIE, ) | |
| DR. ALAN ZIMBLE, MICHELLE ) | |
| ROBINSON, JUANTIA CLARK, ) | |
| DR. CARLA KIONKE and FIRST ) | |
| CORRECTIONAL MEDICAL, INC. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ZIMBLE'S ANSWERS, AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
<u>DIRECTED TO DEFENDANT ALAN ZIMBLE</u>**

**<u>GENERAL OBJECTIONS</u>**

A.  Defendant Dr. Alan Zimble ("Answering Defendant") objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C. Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D. Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E. Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F. Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the terms used therein are vague and ambiguous.

G. Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, to the extent that they are overly broad, unduly

burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.     Answering Defendant objects to the Interrogatories, including the Definitions and Instructions therein, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such interrogatories are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims.

I.     Answering Defendant objects specifically to the Definitions and Instructions as overly broad, ambiguous, and unduly burdensome. In responding to Requests for Admission, Interrogatories, or Requests for Production, Answering Defendant will use the ordinary meaning of the words or terms defined in Paragraphs 1-7 of the "Definitions" portion of his Requests for Admission.

J.     Answering Defendant objects to the Requests for Admission, Requests for Production and Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Request for Admission, Request for Production or Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request for Admission or Interrogatory is accurate.

K.     Answering Defendant's failure to object to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L.   These General Objections are incorporated into each of Answering Defendant's specific Responses to the Requests for Admission, Interrogatories and Request for Production, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

M.   Answering Defendant reserves the right to supplement or amend its responses and objections to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission. The fact that Answering Defendant has responded to the Requests for Admission, Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N.   To the extent an Answer to an Interrogatory is responsive to any or all other Interrogatories, those Answers are deemed to be incorporated by reference to such other Interrogatories.

O.   These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action.

Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

## RESPONSES TO REQUESTS FOR ADMISSION

1. On 12-07-05 Zimble reviewed Williamson's dental records and acknowledged Williamson's periodontal disease.

**RESPONSE:** Admitted only to the extent consistent with the Plaintiff's dental records. Answering Defendant has no independent recollection of such an acknowledgement.

2. As of 12-07-05 Williamson had not been provided any prior periodontal teeth/gum cleaning in over eighteen months.

**RESPONSE:** Admitted to the extent consistent with Plaintiff's dental records. Answering Defendant has no independent recollection and refers Plaintiff to his dental records.

3. Generally accepted professional standards for persistent and or chronic periodontal disease include the following:

    a. Below gum-line teeth/gum cleaning;

    b. Antibiotics for active infections;

    c. Semi-annual teeth/gum cleaning;

    d. Anti-bacterial mouthwash;

    e. Root canal for acute or frequently recurring cases of perio-infections.

**RESPONSE:** Objection. This Request is vague and ambiguous in that it seeks admission regarding "generally accepted professional standards", "active infections" and "frequently recurring cases" without definition. Furthermore, it is overly broad and unduly burdensome. Each patient presents an individual clinical picture and it is not possible to categorically admit or deny such broad statements. Moreover, the Court has dismissed Plaintiff's claims of medical negligence, and therefore this Request seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and expressly reserving all objections, without further definition, Answering Defendant must deny items a-c and e, and is able only to admit item d.

4. On 12-07-05, despite acknowledging Williamson's periodontal disease, Zimble failed to provide items b-e above.

**RESPONSE:** Objection. The Court has dismissed Plaintiff's claims of medical negligence, and therefore this Request seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and expressly reserving all objections, it is admitted that Zimble acknowledged Williamson's periodontal disease only to the extent the occurrence of such an acknowledgement is consistent with the Plaintiff's dental records. Answering Defendant has no independent recollection of such an acknowledgement. Admitted that Zimble provided only item a. Denied that items b-e were necessary.

5. On 12-07-05, Zimble administered a teeth/gum cleaning for Williamson that failed to provide any picking, scraping, polishing or flossing.

**RESPONSE:** Objection. The Court has dismissed Plaintiff's claims of medical negligence, and therefore this Request seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and expressly reserving all objections, denied that Zimble failed adequately to treat Plaintiff. Admitted that Plaintiff received Cavitron treatment (and whatever scaling was necessary to prevent further progression of disease), which is an ultrasonic means of providing the same care as the items set forth in this Request.

6. On 12-07-05, Zimble's teeth cleaning at item 5 lasted no longer than five minutes.

**RESPONSE:** Objection. The Court has dismissed Plaintiff's claims of medical negligence, and therefore this Request seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and expressly reserving all objections, denied.

7. On 12-07-05, Zimble's teeth cleaning at item 5 above was not recognized under the generally accepted professional standards expected for a chronic periodontal disease patient.

**RESPONSE:** Objection. This Request is vague and ambiguous to the extent it does not define "generally accepted professional standards" or "chronic periodontal disease", seeks expert opinion testimony, and is premature prior to the receipt of Plaintiff's evidence and expert reports. Moreover, the Court has dismissed Plaintiff's claims of medical negligence, and therefore this Requests seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving

and expressly reserving all objections, Answering Defendant states: denied that Zimble failed adequately to treat the Plaintiff.

8.      Repeat chronic periodontal infections – that result in tooth loss – are an objective and or obvious serious medical condition.

**RESPONSE:**      Objection.  This Request is vague and ambiguous to the extent the words "chronic periodontal infections" and "objective and or obvious serious" are undefined. In addition, it is overly broad and unduly burdensome.  Each patient presents an individual clinical picture and it is not possible to categorically admit or deny such broad statements. Without waiving and expressly reserving all objections, denied.

9.      Active periodontal infections, in which the tooth or teeth become abscessed, are known to be acutely painful.

**RESPONSE:**      Objection.  This Request is vague and ambiguous to the extent the words "active periodontal infections", "abscess", and "acutely" are undefined.  In addition, it is overly broad and unduly burdensome.  Each patient presents an individual clinical picture and it is not possible to categorically admit or deny such broad statements. There is a broad spectrum of degrees of abscess. Without waiving and expressly reserving all objections, denied.  Abscess can be asymptomatic and cause no pain whatsoever.

10.     Repeat chronic periodontal infections – that result in tooth or teeth loss -- are believed to involve the following health risks:

  a. Heart or coronary infections;

  b. Heart attacks or strokes; and

  c. Tooth or teeth and bone loss.

**RESPONSE:** It is admitted that some medical literature has correlated a link between these conditions, however, treatment of periodontal infections can also trigger such health risks and so the physician must assess all aspects of the patient's health before making a decision as to how to treat a particular condition in a particular patient. It is denied that this Plaintiff was at risk for any of the above conditions when seen by Answering Defendant.

11. Repeat or chronic periodontal infections are known and or associated with significant tangible residual health risks if untreated and or untreated.

**RESPONSE:** Objection.  This Request is vague and ambiguous to the extent the phrase "significant tangible residual" is undefined.  In addition, it is overly broad and unduly burdensome.  Each patient presents an individual clinical picture and it is not possible to categorically admit or deny such broad statements without further definition.

12. Williamson filed a dental sick-call slip on 1-08-06 due to his tooth shearing in half down to the gum line and exposing a raw nerve. (emergency dental episode).

**RESPONSE:** Answering Defendant is unable to respond regarding what Plaintiff filed, when, or why as he has no access to such records.  If Plaintiff will supply such records for his review, Answering Defendant will comment upon them. By way of further

Answer, it is denied that the "raw nerve" was exposed when Dr. Zimble examined Plaintiff on January 11, 2006.

13.   On 1-11-06, Zimble examined Williamson's emergency dental episode and readily diagnosed it as requiring a crown.

**RESPONSE:**   Admitted that, on 1-11-06, Dr. Zimble examined and treated Plaintiff. Answering Defendant is unable to admit or deny the remaining allegations as he has no independent recollection of the conversations alleged to have taken place. By reference to the Plaintiff's dental records, there is no entry reflecting such a statement or diagnosis.

14.   On 1-11-06, Zimble explained to Williamson that he was not permitted to provide the necessary care (i.e. crown), but could extract the tooth instead.

**RESPONSE:**   Admitted that, on 1-11-06, Dr. Zimble examined and treated Plaintiff. Answering Defendant is unable to admit or deny the remaining allegations as he has no independent recollection of the conversations alleged to have taken place. By reference to the Plaintiff's dental records, there is no entry reflecting such a statement. Denied that a crown was "necessary".

15.   Generally accepted professional standards for the type of emergency dental episode described above at item 12 includes (a) repair with a crown, and or (b) perform a root canal.

**RESPONSE:** Objection. This Request is vague and ambiguous to the extent the phrase "generally accepted professional standards" is undefined. In addition, it is overly broad and unduly burdensome. Each patient presents an individual clinical picture and it is not possible to categorically admit or deny such broad statements without further definition. Without waiving and expressly reserving all objections, Answering Defendant states that, generally, crown or root canal or extraction or composite reconstruction, or some combination thereof, may all be appropriate treatments for the type of emergency dental episode described herein, or none of them may be appropriate, depending on the patient's overall clinical picture.

16. Zimble failed to perform any dental care for Williamson's emergency dental episode on 1-11-06.

**RESPONSE:** Denied.

17. Zimble's failure to provide any care for Williamson's emergency dental episode on 1-11-06 was contrary to legitimate medical factors and or contrary to the obvious need for care.

**RESPONSE:** Denied.

18. Failure to provide the generally accepted professional care for the type of emergency dental episode described above at item 12 would likely result in permanent injury (i.e. tooth loss).

**RESPONSE:** Objection. This Request is vague and ambiguous to the extent the phrase "generally accepted professional care" is undefined. In addition, the phrase "would likely" is a relative term which can have different meanings to different users. Without waiving and expressly reserving all objections, without further definition and clarification, this request must be denied.

19. Zimble inquired of Williamson on 1-11-06 whether his broken tooth was painful and Williamson explicitly affirmed that it was acutely painful to him.

**RESPONSE:** Answering Defendant is unable to admit or deny this allegation as he has no independent recollection of the conversations alleged to have taken place. By reference to the Plaintiff's dental records, there is no entry reflecting such statement.

20. Willaimson also pointed out to Zimble that because Williamson suffered the loss of three of his grinding/chewing teeth on the right lower jaw, the current broken tooth on the left side of the jaw precluded him from chewing solid food.

**RESPONSE:** Admitted that, on 1-11-06, Dr. Zimble examined and treated Plaintiff. Answering Defendant is unable to admit or deny the remaining allegations as he has no independent recollection of the conversations alleged to have taken place. By reference to the Plaintiff's dental records, there is no entry reflecting such statement.

21. The fact above at item 20 was and or would be obvious to any dentist who examined Williamson on 1-11-06.

**RESPONSE:** Denied.

22.     Zimble claimed that "They won't let us" provide crowns on 1-11-06 and 2-14-06.

**RESPONSE:**     Admitted that, on 1-11-06 and 2-14-06, Dr. Zimble examined and treated Plaintiff.  Answering Defendant is unable to admit or deny the remaining allegations as he has no independent recollection of the conversations alleged to have taken place.  By reference to the Plaintiff's dental records, there is no entry reflecting such statement.

23.     Zimble continued on 2-14-06 after Williamson questioned him that : "They won't let us do them – not in the budget".

**RESPONSE:**     Admitted that, on 2-14-06, Dr. Zimble examined and treated Plaintiff.  Answering Defendant is unable to admit or deny the remaining allegations as he has no independent recollection of the conversations alleged to have taken place.  By reference to the Plaintiff's dental records, there is no entry reflecting such statements.

24.     On 2-21-06 Zimble met with Williamson again in response to the EMG (filed on 1-12-06) and again failed to provide any care whatsoever despite the obvious need to.

**RESPONSE:**     Admitted that Zimble met with and treated Williamson on 2-21-06; all remaining allegations are denied.

25.     Applicable Inmate Grievance Procedure ("IGP")  (as of 2-14-06) mandates that all medical emergencies "shall be addressed immediately by the Warden/Warden's Designee [(W/WD)] . . .The [W/WD] shall respond within one calendar day.  However, if

the [W/WD] should determine that the grievance does not meet the emergency criteria, the grievance shall be returned . . . through normal IGP procedures."

**RESPONSE:**      Dr. Zimble does not have the knowledge or information to respond, as he has never been involved in the Inmate Grievance Process, nor does he have access to those policies or procedures.  Without waiving, and expressly reserving all objections: admitted to the extent consistent with the "Inmate Grievance Procedures", otherwise denied.

26.     Williamson's EMG was filed on 1-12-06 and no action was taken until 2-14-06, thus a constructive determination was made that no emergency existed under the IGP criteria.

**RESPONSE:**      Dr. Zimble does not have the knowledge or information to respond, as he has never been involved in the Inmate Grievance Process, nor does he have access to those policies or procedures, nor does he know what determination was made whether constructive or otherwise. Without waiving, and expressly reserving all objections: Admitted to the extent consistent with the "Inmate Grievance Procedures", otherwise denied.

27.     Mutually applicable IGP (as of 2-14-06) the following:

      All medical grievances must be submitted to the [IGC} . . [who then forwards] it to the Medical services contractual staff [(e.g. CMS medical staff)] for action.  The appropriate medical staff [(e.g. Williamson's EMG)] will review the grievance and demote actions taken . . .

**RESPONSE:** Dr. Zimble does not have the knowledge or information to respond, as he has never been involved in the Inmate Grievance Process, nor does he have access to those written policies or procedures. Without waiving, and expressly reserving all objections: Admitted to the extent consistent with the "Inmate Grievance Procedures", otherwise denied.

28. Considering the applicable IGP requisites, Williamson's EMG regarding his emergency medical episode was forwarded to CMS medical staff (i.e. Zimble), and Zimble on 2-14-06 failed to any treatment whatsoever for the emergency dental episode.

**RESPONSE:** Dr. Zimble does not have the knowledge or information to respond fully to this Request, as he has never been involved in the Inmate Grievance Process, nor does he have access to those written policies or procedures. Without waiving, and expressly reserving all objections: Denied that Dr. Zimble on 2-14-06 failed to provide any treatment whatsoever for the "emergency dental episode".

29. Applicable IGP for EMG defines (2-14-06) an emergency as "Issues that concern substantial risk to personal, physical, or psychological inmate injury . . ."

**RESPONSE:** Dr. Zimble does not have the knowledge or information to respond, as he has never been involved in the Inmate Grievance Process, nor does he have access to those policies or procedures. Without waiving, and expressly reserving all objections: Admitted to the extent consistent with the "Inmate Grievance Procedures", otherwise denied.

30.     Under the broad IGP definition of an emergency, Williamson's acutely painful and permanently broken tooth would be an obvious emergency (i.e. substantial risk of personal, physical, or psychological inmate injury.).

**RESPONSE:**     Dr. Zimble does not have the knowledge or information to respond, as he has never been involved in the Inmate Grievance Process, nor does he have access to those written policies or procedures. To the extent Plaintiff is able to provide those documents, Dr. Zimble can review them and may be able to supplement these Answers.

**BALICK & BALICK L.L.C.**

           /s/ James E. Drnec
James E. Drnec (DE Bar # 3789)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for Saint Francis Hospital, Inc.

Dated:  August 13, 2007

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | Case No. 06-379 (GMS) |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., CHRISTINE MALANEY, | ) | |
| DONNA PLANTE, MARGARET LOVE, | ) | |
| CHUKS IHUOMA, DR. SITTA C. ALIE, | ) | |
| DR. ALAN ZIMBAL, MICHELLE | ) | |
| ROBINSON, JUANTIA CLARK, | ) | |
| DR. CARLA KIONKE and FIRST | ) | |
| CORRECTIONAL MEDICAL, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## **NOTICE OF SERVICE**

I, James E. Drnec, hereby certify that on this 13th day of August 2007, Defendant Zimble's Answers, and Objections to Plaintiff's First Set of Requests for Admissions Directed to Defendant Alan Zimble and Defendant Zimble's Answers, Responses and Objections to Plaintiff's First Set of Combined Interrogatories and Production of Documents Directed to Defendant Zimble were served on the following by First Class Mail:

Daniel L. McKenty, Esquire  
McCullough & McKenty, P.A.  
1225 North King Street, Suite 1100  
P.O. Box 397  
Wilmington, De 19899-0397

Megan Trocki Mantzavinos, Esquire  
Marks, O'Neill, O'Brien & Courtney, P.C.  
913 N. Market Street  
Suite 800  
Wilmington, De 19801

David W. Williamson  
SBI #183022  
Delaware Correctional Center  
1181 Paddock Road  
Smyrna, DE 19977

                                      BALICK & BALICK, LLC

                                      /s/ James E. Drnec
                                James E. Drnec, Esquire (#3789)
                                711 King Street
                                Wilmington, Delaware 19801
                                302.658.4265
                                Attorneys for Defendant CMS

Dated: August 13, 2007

**CERTIFICATE OF SERVICE**

I, James E. Drnec, hereby certify that on this date, I served on the parties below in the manner indicated, copies of the Defendant Zimble's Answers, and Objections to Plaintiff's First Set of Requests for Admissions Directed to Defendant Alan Zimble and Defendant Zimble's Answers, Responses and Objections to Plaintiff's First Set of Combined Interrogatories and Production of Documents Directed to Defendant Zimble.

**VIA FIRST CLASS MAIL**

Daniel L. McKenty, Esquire
McCullough & McKenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, De 19899-0397

Megan Trocki Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market Street
Suite 800
Wilmington, De 19801

David W. Williamson
SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                                /s/ James E. Drnec
                                                James E. Drnec

Dated: August 13, 2007