UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | Case No. 06-379 (SLR) |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., CHRISTINE MALANEY, | ) | |
| DONNA PLANTE, MARGARET LOVE, | ) | |
| CHUKS IHUOMA, DR. SITTA C. ALIE, | ) | |
| DR. ALAN ZIMBLE, MICHELLE | ) | |
| ROBINSON, JUANITA CLARK, | ) | |
| DR. CARLA KIONKE and FIRST | ) | |
| CORRECTIONAL MEDICAL, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ZIMBLE'S ANSWERS, RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF COMBINED INTERROGATORIES AND
PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT ZIMBLE**

**GENERAL OBJECTIONS**

A.      Defendant Dr. Alan Zimble ("Answering Defendant") objects to the First

Set of Combined Interrogatories and Requests for Production, and the First Set of Requests

for Admission, including the Definitions and Instructions therein, insofar as they purport to

impose obligations beyond those imposed or authorized by the Rules.

B.      Answering Defendant objects to the First Set of Combined Interrogatories

and Requests for Production, and the First Set of Requests for Admission, including the

Definitions and Instructions therein, insofar as they seek information that is protected from

discovery by the attorney-client privilege, the work product doctrine and other privileges

and immunities protecting confidential information from discovery.

C.      Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.      Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.      Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.      Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the terms used therein are vague and ambiguous.

G.      Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, to the extent that they are overly broad, unduly

burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.     Answering Defendant objects to the Interrogatories, including the Definitions and Instructions therein, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such interrogatories are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims.

I.     Answering Defendant objects specifically to the Definitions and Instructions as overly broad, ambiguous, and unduly burdensome. In responding to Requests for Admission, Interrogatories, or Requests for Production, Answering Defendant will use the ordinary meaning of the words or terms defined in Paragraphs 1-7 of the "Definitions" portion of his Requests for Admission.

J.     Answering Defendant objects to the Requests for Admission, Requests for Production and Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Request for Admission, Request for Production or Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request for Admission or Interrogatory is accurate.

K.     Answering Defendant's failure to object to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L.     These General Objections are incorporated into each of Answering Defendant's specific Responses to the Requests for Admission, Interrogatories and Request for Production, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

M.     Answering Defendant reserves the right to supplement or amend its responses and objections to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission. The fact that Answering Defendant has responded to the Requests for Admission, Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N.     To the extent an Answer to an Interrogatory is responsive to any or all other Interrogatories, those Answers are deemed to be incorporated by reference to such other Interrogatories.

O.     These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge.  Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action.  Answering Defendant

further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

## ANSWERS, RESPONSES AND OBJECTIONS TO
## COMBINED INTERROGATORIES AND REQUESTS FOR PRODUCTION

1.      Identify the dental/medical staff who were present and or assisted Zimble and or were present on the following dates when Williamson was seen by dental: 12-07-05, 1-11-06, 02-14-06, 02-21-06, and 02-24-06; and identify Bishop and Georgina.

**ANSWER:**

Answering Defendant respectfully refers Plaintiff to the medical records for those dates.  Answering Defendant cannot recall with certainty who was present during those appointments on those dates.  To the best of his recollection, and based upon the medical records, Answering Defendant believes that he was present on all but 02-24-06. Dr. Bishop was a dentist at Delaware Correctional.  Georgiana was a dental assistant at Delaware Correctional.

2.      Identify the dental/medical staff that were present at the grievance hearing and or investigated EMG #23193.

**ANSWER:**

Objection.  This Interrogatory is vague and ambiguous.  Answering Defendant does not understand the meaning of the term "EMG #23193" as it is undefined. Without waiving and expressly reserving all objections, Answering Defendant states that he has never attended a grievance hearing and therefore cannot identify who was present at any particular grievance hearing.

3.      Identify and produce all documents relating to the EMG #23193

**ANSWER:**

Objection.    This Interrogatory/Document Request is vague and ambiguous. Answering Defendant does not understand the meaning of the term "EMG #23193". Without waiving and expressly reserving all objections, Answering Defendant states that he does not have in his possession or control any responsive documents.


4.      Identify and produce any and all documents relating to the recommended standards (those standards recognized by the majority of dental professions) for treating the following – including any recommendations made by the National Commission on Correctional Dental Health Care (NCCHC):

    a.      An Active periodontal infection;

    b.      An abscessed tooth;

    c.      Chronic and persistent periodontal disease;

    d.      A broken tooth, which is sheared down to the gum line.

**ANSWER:**

Objection.    This Interrogatory/Request for Production is overly broad, unduly burdensome, and attempts to shift the burden of proof from Plaintiff to Answering Defendant.    Moreover, the Court has dismissed all claims of medical negligence, and so the information sought herein is not relevant to the remaining cause(s) of action.

5.      Identify and produce any and all documents relating to or associated with the recognized (standards recognized by the majority of dental professions and those recognized by the NCCHC) likely health risks relating to chronic periodontal disease and recurring periodontal infections.

**ANSWER:**

Objection.  This Interrogatory/Request for Production is vague and ambiguous, overly broad, unduly burdensome, and improperly attempts to shift the burden of proof from Plaintiff to Answering Defendant.  Moreover, the Court has dismissed all claims of medical negligence, and so the information sought herein is not relevant to the remaining cause(s) of action.

6.      Outline Zimble's educational, vocational training, medical/dental qualifications, identify schools and produce supporting documents.

**ANSWER:**

Objection. The Request for Documents is overbroad, unduly burdensome and vague to the extent it merely requests "supporting documents" which phrase could be ascribed an extremely broad scope of meaning.   Without waiving, and expressly reserving all objections, Answering Defendant states that he received his D.D.S. from Temple University in 1957.  He received further training, education and certifications from Seton Hall University and New York University in the areas of Orthodontics, Periodontics, and Restorative Dentistry.  He has provided dental services in private practice, in the Armed Forces and in the Delaware Prison System.

7.      With reference to any expert(s) Zimble expects to call to testify as a witness at the trial, identify same and produce the following – including -

        a.      The subject matter on which the expert is expected to testify;

        b.      The substance of the facts and opinions of expert;

        c.      A summary of the grounds as to each opinion;

        d.      Whether the expert intends to rely upon any textbook, periodical, paper or authority to substantiate of formulate any opinion or conclusion or to rely upon same in examination or cross exam of any party witness or expert; and

        e.      Produce the exact title of each, the name and address of the author and publisher and the sections or pages to be relied upon for any item identified above.

**ANSWER:**

Objection. This Interrogatory/Request for Production exceeds the scope that which is required under Rule 26. Moreover, it is premature prior to the receipt of Plaintiff's evidence and expert reports.  Without waiving, and expressly reserving all objections, Answering Defendant respectfully states that he will produce relevant, responsive information consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any scheduling order entered by the Court.

8.      Identify and produce any and all documents relating to all journals, diaries, logs or ledgers kept by Zimble regarding CMS and or its custom/policy to deny dental care over the relevant period.

**ANSWER:**

Objection.    This Interrogatory/Request for Production is overbroad, unduly burdensome, vague and seeks information not reasonably calculated to lead to the discovery of admissible evidence.  It fails to define "relevant period" and improperly asserts without foundation, a "custom or policy" to deny dental care.  Without waiving, and expressly reserving all objections, Answering Defendant respectfully states that he has no such documents in his possession or control.

9.    Identify and produce any and all documents constituting, memorializing, summarizing or discussing correspondence or communication between Zimble and any other named defendant to this action.

**ANSWER:**

Objection.  This Interrogatory/Request for Production is overly broad and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence in that it seeks "any and all documents" without regard to whether the contents thereof have any bearing on the issues remaining in this litigation.  Without waiving, and expressly reserving all objections, Answering Defendant respectfully states that he has no such documents in his possession or control.

10.    Identify and produce all documents of the curriculum vitae of all experts Zimble intends to call to trial.

**ANSWER:**

See Answer and Objections to Interrogatory/Request for Production No. 7.

11.     Identify and produce any and all documents, writings upon which you/or your attorney intends to rely upon in any way at trial.

**ANSWER:**

Objection.  This Interrogatory/Request for Production seeks information which is or may be protected from discovery by the attorney-client and or work product privileges. Moreover, it is premature prior to the receipt of Plaintiff's evidence and expert reports. Without waiving, and expressly reserving all objections, Answering Defendant respectfully states that he will produce relevant, responsive information consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any scheduling order entered by the Court.  Answering Defendant reserves the right to supplement this Answer, and to rely at trial upon any document or other evidence otherwise admissible.

12.     Identify and produce any and all documents of any reports by any person qualifying as an expert, containing opinions and or facts upon which opinions are based concerning any aspect of the above litigation, as well as, all other documents provided to or received from such expert.

**ANSWER:**

See Answer and Objections to Interrogatory/Request for Production No. 7.

**BALICK & BALICK L.L.C.**


      /s/ James E. Drnec
James E. Drnec (DE Bar # 3789)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for Saint Francis Hospital, Inc.

Dated:  August 13, 2007

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | Case No. 06-379 (GMS) |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., CHRISTINE MALANEY, | ) | |
| DONNA PLANTE, MARGARET LOVE, | ) | |
| CHUKS IHUOMA, DR. SITTA C. ALIE, | ) | |
| DR. ALAN ZIMBAL, MICHELLE | ) | |
| ROBINSON, JUANTIA CLARK, | ) | |
| DR. CARLA KIONKE and FIRST | ) | |
| CORRECTIONAL MEDICAL, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I, James E. Drnec, hereby certify that on this 13th day of August 2007, Defendant Zimble's Answers, and Objections to Plaintiff's First Set of Requests for Admissions Directed to Defendant Alan Zimble and Defendant Zimble's Answers, Responses and Objections to Plaintiff's First Set of Combined Interrogatories and Production of Documents Directed to Defendant Zimble were served on the following by First Class Mail:

Daniel L. McKenty, Esquire
McCullough & McKenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, De 19899-0397

Megan Trocki Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market Street
Suite 800
Wilmington, De 19801

David W. Williamson
SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

BALICK & BALICK, LLC


      /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant CMS

Dated: August 13, 2007

## CERTIFICATE OF SERVICE

I, James E. Drnec, hereby certify that on this date, I served on the parties below in the manner indicated, copies of the Defendant Zimble's Answers, and Objections to Plaintiff's First Set of Requests for Admissions Directed to Defendant Alan Zimble and Defendant Zimble's Answers, Responses and Objections to Plaintiff's First Set of Combined Interrogatories and Production of Documents Directed to Defendant Zimble.


## VIA FIRST CLASS MAIL

Daniel L. McKenty, Esquire
McCullough & McKenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, De 19899-0397

Megan Trocki Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market Street
Suite 800
Wilmington, De 19801

David W. Williamson
SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977


                                        /s/ James E. Drnec
                                       James E. Drnec

Dated: August 13, 2007