IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON, )
    Plaintiff, )
    v. )    C.A. 06-379-SLR
CORRECTIONAL MEDICAL SERVICES, Inc, et al, )
    Defendants. )

PLAINTIFF'S OBJECTION TO DEFENDANT CMS'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

COMES NOW, Plaintiff, Williamson, and objects to CMS's response (CMS's response) (D.I. 138), to Plaintiff's two motions to compel discovery. (D.I. 134 & 136). CMS asks the Court to deny Williamson's motions to compel. CMS fails, however, to meet its burden of persuasion and its objection is without merit and/or CMS offers irrelevant matter. Williamson's motions to compel should be considered on the merits and granted accordingly. Williamson offers the following:

1. First, Williamson properly filed two requests for admissions (admissions) (D.I. ____ & ____) and filed his second set of combined interrogatories and production of documents directed to CMS. (interrogatories) (D.I. ____). CMS did not protest or request a motion for protection from discovery, but alternatively freely chose to provide responses that were grossly insufficient, lacked specificity and support, included conclusory allegations, were evasive, incomplete, and/or made in bad faith as they were fanciful. (CMS's responses to admissions at D.I. 102 & 103, and response to interrogatories at D.I. 79). Such was the course CMS chose to pursue, and thus CMS must now live with its decision. (See Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 421 (3d Cir. 1987); and see affidavits attached to motions to compel D.I. 134 & 136). Williamson made attempts to resolve all the discovery disputes according to the federal rules and Local rules, but CMS freely chose to ignore Williamson's good faith attempts despite notice that a motion to compel would follow if CMS failed to correct its insufficient responses. Again this was CMS's decision. Williamson made specific challenges to CMS's insufficient and/or false discovery responses and supported same in his good faith attempts to resolve said dispute. CMS had ample opportunity to correct its frivolous discovery responses but refused to do so, and even now CMS's response fails to refute, answer, or correct a single challenge –whether factual or legal- that Williamson made in his motions to compel and/or his good faith attempts to resolve this dispute. CMS continues to offer non-specific, un-supported, and broad objections, which run afoul of discovery rules. This is unacceptable. The burden of persuasion in a motion to compel is on the responding party to convince the Court that an interrogatory, etc. is truly objectionable. (See Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 186 (1st Cir. 1989). CMS has failed to offer any valid good cause or

1

supporting grounds for any of its broad litany of objections –in CMS's original responses D.I. 79, 102, 103, and the instant response at D.I. 134). This is disfavored by the courts. (See Essex Ins. Co. v. Neely, 236 F.R.D. 287 (ND W Va. 2006) and Fed. R. Civ. P., rule 33 (b)). CMS's response merely continues to offer broad unsupported and non-specific objections.

2. For example, CMS at item 2 of its response (D.I. 138), claims that "Many of the Requests for Admissions, Interrogatories, and Requests for the Production of Documents…are vague and confusing, prompting objections." CMS originally failed to specify in what way and support how its conclusory claim was sufficient. CMS fails again by broadly stating that "Many" requests are vague, but not specifying which ones and again in what way despite the fact that the rules require all objections to be both specific and sufficient. (See Essex, supra); Puricelle v. Borough of Morrisville, 136 F.R.D. 393, 396 (E.D. Pa 1991) and Fed. R. Civ. P., rule 33 (b) (4). Indeed, CMS failed to do so in all twenty-nine responses to Williamson's interrogatories (D.I. 79).

3. Moreover, Williamson made challenges to specific objections made by CMS as offered in bad faith, and/or false:

    a) The need for an expert opinion: (See D.I. 134 at I. 1-4);
    b) That the request is a conclusion of law: (See D.I. 134 at II. 1-3);
    c) That after a reasonable inquiry, the information known or readily obtainable is insufficient… (see D.I. 134 at III. 1-2);
    d) That request were vague and incapable of being admitted… (See D.I. 134 at IV. V., and VI.);
    e) That request was vague and not reasonably calculated to lead to the discovery of relevant material (See D.I. 79 at 1);
    f) That copies of Plaintiff's medical records will be produced (See D.I. 79 at 2); and
    g) That requests seek to impose obligations in excess of or different from that required… (See D.I. 79 at 3).

4. In fact, interrogatories requests at 6, 9, and 16 in no way, shape, or form require Williamson's medical records and CMS's objection is wholly false and without merit. Moreover, the ostensible need for Williamson's medical records was not raised in regards to a single admission that Williamson requested.

5. CMS's newest objection, which was not made in its original response, is equally frivolous: "…documents relating to grievances… are irrelevant as there is no Constitutional right to a particular grievance procedure." First, discovery requests are permitted for any relevant –nonprivileged– material that may bear on or that could reasonably lead to discoverable material. (See Oil, Chemical, Atomic, Workers local Union v. N.L.R.B., 711 F.2d 348, 360 (D.C. Cir. 1983). Discovery is appropriate unless it is clear the information sought can have no bearing upon the subject matter. (See La Chemise Lacoste v. Alligator Co. Inc, 60 F.R.D. 164, 171 (D. Del. 1973). Accordingly, Williamson made narrow requests specifically regarding his claims (e.g. medication disruption, retaliation for utilizing the grievance procedure, denied medical treatment and/or consults, etc). Also, Williamson charged that CMS employed

a custom or policy to deny needed medical treatments and/or that CMS employed a systemic breakdown is systems, and relevant grievance and any communications, if present, will clearly illustrate both CMS's fore-knowledge of the violations and/or a pattern or systemic breakdown in providing needed medical services. It is unclear how CMS's objection is relevant or what it is even based on. It appears to be a straw dog diversionary tactic.

5. Williamson also objects to the three points CMS made at item 6 as irrelevant:

   a) "Court has given the Plaintiff additional time to file an Affidavit of Merit for medical malpractice claims and dismissed FCMI, but given leave to Amend to add First Correctional Medical [sic] [Delaware LLC]" and;

   b) That CMS has requested a scheduling order.

CMS offers these points in support of its statement that "it appears parameters of the claims the Plaintiff is making are still as yet to be determined." CMS's claim is without merit and irrelevant. First, one of the primary purposes of discovery is to narrow issues prior to trial. This is exactly what Williamson hopes to achieve with his discovery requests. Second, CMS's point fails in any way, shape, or form to answer, refute, or explain any of Williamson's challenges (i.e. CMS's grossly insufficient discovery responses). Third, whether Williamson pursues medical malpractice claims or not has no bearing on the already properly filed discovery. Moreover, Williamson waives any potential tort/malpractice claims in favor of pursuing his constitutional deliberate indifference claims, etc. Thus, Williamson will not amend to add any affidavit of merit. Forth, claims against FCM, Inc. and/or FCM Del. LLC are separate and distinct from those against CMS and have no bearing on the discovery already properly filed on CMS. Moreover, because CMS is the current health care provider, it is the entity in possession and control of most if not all relevant records, etc. Also, CMS did not raise any objections that any of Williamson's discovery requests were inappropriate because they should have been directed to FCM. Lastly, any scheduling order is irrelevant to the already properly filed discovery and CMS's insufficient responses, and CMS's failure to act on Williamson's good faith attempts to resolve the dispute. CMS invited these motions to compel by and through its repeat failures and CMS has again failed to respond to Williamson's challenges that CMS's responses were insufficient, evasive, incomplete, and/or false. Thus, it is appropriate for the Court to either conduct a hearing to determine the sufficiency of CMS's objections to admissions or hold that the admissions are admitted, and to provide the other relief Williamson requested.

WHEREFORE, Williamson requests that the Court grant the relief he requested as appropriate.

_/s/ David W._                                    8-13-07
David Williamson, 183022                          Date
1181 Paddock Rd.
Smyrna, DE 19977

3

## CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. Plaintiff's Objection to Defendant CMS's Response to Plaintiff's Motion[s] to Compel Discovery.
2. N/A

By placing same in a U.S. Mail receptacle on the __15__ day of __Aug.__ 200__7__.

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

N/A

David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

David W
Signed as Original

I/M: David Williamson
SBI# 183022   UNIT W-1, L-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. District Court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570

