IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON,            )
    Plaintiff,                    )    CA. No. 06-379-SLR
v.                                     )
CORRECTIONAL MEDICAL SERVICES, et al,   )
    Defendants.               )

MOTION TO SEEK LEAVE TO CONDUCT LIMITED DISCOVERY UPON FIRST CORRECTIONAL MEDICAL, INC.

COMES NOW, Plaintiff, Williamson, pursuant to the appropriate Civil Rules of the Court and/or Delaware Local Rules, and does seek leave to conduct limited discovery upon the dismissed defendant First Correctional Medical, Inc. of Tucson, Arizona (FMCI) in order to determine the identity, address, and/or name of counsel representing, etc. defendant First Correctional Medical-Delaware, LLC (FCM). Limited discovery is warranted upon FCMI for the following:

1. On 01-31-2007, FCMI fielded a belated 12 (b) (6) motion to dismiss... (D.I.49) to Williamson's request for default (D.I. 42).

2. FCMI's motion contained extrinsic materials (e.g. small portion of a contract allegedly between FCM and DDOC), and the Court cited same as evidence that FCM had evidently contracted with DDOC and not defendant FCMI.

3. On 07-19-2007, the Court granted FCMI's motion to dismiss (D.I. 122) and cited FCMI's exhibit (i.e. extrinsic materials) (e.g. small portion of a contract), as evidence that FCMI had not contracted with the DDOC, but that FCM had done so.

4. The Court also gave leave to Williamson to file a second amended complaint to name FCM as the appropriate defendant to the action. (D.I. 122).

5. Williamson simultaneously files herein his second amended complaint; however, it is believed that FCM is actually an alter ego of FCMI, and that FCM is actually defunct and/or insoluble. In any event, it appears that FCM no longer has a Delaware office address and only its parent (i.e. FCMI is the sole owner and wholly controlling company over FCM).

7. Consequently, only FCMI can provide relevant information that Williamson requires in order to provide service of process, etc upon FCM. Discovery is warranted.

6. The Court dismissed said FCMI and Williamson filed motions for re-argument and/or relief from judgment (on 8/03/07), based on the newly discovered facts above, but to the best of Williamson's knowledge, the Court has yet to rule on said motions.

7. In addition discovery should be permitted upon FCMI, because there are several compelling facts that support FCM's alter ego status, such as shared employees, resources, and or offices (e.g. cancelled check with FCMI' Tucson, AZ address & on site medical forms addressed to same), and it appears that FCMI

1

actually made the bid for contract based –in part- on its medical accreditation; that FCM was not accredited under any authorizing agency, but alternatively rode the coattails of its dominating master, FCMI, etc, and FCMI should be compelled to respond to this genuine issue of material fact so that it may be resolved.

8. Indeed, the case cited by the Court (D.I. 120 Memorandum) as supporting its undisputed discretion in granting/denying any motion for default (e.g. Hritz v. Woma, Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)), also noted a caveat that is particularly in point with this very question:

> In exercising discretion, trial court must consider three factors: .... (1181) Threshold question is whether a meritorious defense has been asserted. [But see court's foot note at 2: 'Although we accept ... that the direct marketing of the machine by its foreign manufacturer would provide a defense for [defendant] Woma, the *relation between the two companies should be weighed* as an equitable consideration in opening the default judgment. The *claim that the wrong party was saddled with the judgment would appear much less compelling in the case of two interrelated corporate entities* fully capable of adjusting any inequities between themselves than in the case of an inadvertently involved, independent party. (Foot Note 2 at 1181). (emphasis added).

9. Accordingly, FCMI claimed to the Court in its motion to dismiss that it was an innocent, independent and unrelated corporate entity from FCM, but subsequently admitted to actually being the sole owner and wholly controlling parent company of FCM. Therefore, the Court nor Williamson had the benefit of this relevant information during the pendency of said dispositive motions; however, the Third Circuit specifically cited the importance of determining any interrelated corporate relationships in its Hritz decision. Moreover, in the instant action, it appears there is ample evidence to warrant further investigation of FCM's alter ego status: insolvency, shared assets, resources, employees, centralized accounting, commingling of assets and/or loses, accreditation, and that FCM had no real autonomous authority to seek out alternate business other that which was contracted to with DDOC. Further discovery from FCMI is warranted in this case. Failure to do so would wasted judicial resources and also inflict severe prejudice upon Williamson and his meritorious claims.

WHEREFORE, Williamson requests the Court to permit Williamson to server FCMI with the attached limited discovery –and compel FCMI to respond to same- in order to dispose of this genuine issue of material fact, and to ascertain FCM's identity, address, etc so that Williamson may execute service of process on the alter ego defendant FCM.

David Williamson, SBI #183022
1181 Paddock Rd.
Smyrna, DE 19977

8-27-07
Date

2

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON, )
    Plaintiff, )   CA. No. 06-379-SLR
    vi. )
CORRECTIONAL MEDICAL SERVICES, et al, )
    Defendants. )

PLAINTIFF'S THRID SET OF COMBINED DISCOVERY REQUESTS FOR INTERROGATORIES & PRODUCTION OF DOCUMENT & ADMISSIONS DIRECTED TO FIRST CORRECTIONAL MEDICAL, INC.

COMES NOW, Plaintiff, Williamson, pursuant to the appropriate Civil Rules of the Court and/or Delaware Local Rules, and does direct First Correctional Medical, Inc (FMCI) to respond as appropriate to the following combined interrogatories & production of documents (discovery requests). Williamson incorporates the definitions and directions employed in his combined first set of …requests directed to FCMI (D.I. 53) herein.

1. Identify the entity known or formerly known as First Correctional Medical-Delaware, LLC (FCM).

2. Identify the legal counsel authorized to except service of process on behalf of FCM and/or who is authorized to represent FCM in any action.

3. Identify and produce any and all documents –if any- of FCM's medical accreditation whether independently held or shared with First Correctional Medical, Inc. (FCMI).

4. Identify and produce any and all documents known as or referred to as the following:

    (a) Health Service Contract (dated 06-17-2002) between FCM and the DDOC (HSC hereafter);

    (b) FCMI's "proposal" submitted to DOC in response to contract No. 2828, (i.e. FCM's Proposal referenced in HSC 06-17-2002); and

    (c) FCMI and/or FCM's "Questions and Response Memorandum (dated 05-21-2002), also referenced in the HSC.

5. Identify and produce any and all documents regarding the following:

    (a) FCM's solvency and/or insolvency status,

    (b) FCM's startup capitalization amount and/or under capitalization, and

    (d) FCM's Articles of incorporation..

6. Identify and produce any and all documents regarding what if any of the following resources, facilities, assets and/or employees were shared and/or jointly utilized by and between FCM and FCMI:

    (a) Accounting staff and or facilities,

    (b) Payroll staff and facilities,

    (c) Banking accounts,

    (d) Fund transfers and/or commingling of assets or revenue,

(e) Profit and Lost statements, and

(f) Administrators, board of directors, corporate structures, officers, and/or employees.

## ADMISSIONS

1. Admitted that FCM enjoyed no independent medical accreditation of it own outside that of FCMI.

2. Admitted that FCM was not autonomous in that it could not seek out and or secure alternate business contracts to provide medical services other than that which it already had with the DDOC.

3. Admitted that FCM utilized the centralized accounting facilities of FCMI.

4. Admitted that FCM is insolvent.

5. Admitted that DDOC voided and/or nullified FCM's contract.

6. Admitted that FCM commingled funds and/or revenues with FCMI.

7. Admitted that FCM jointly utilized FCMI's resources and/or employees.

8. Admitted that FCM was not autonomous in that it was wholly controlled by the parent FCMI.

The above is not meant to harass, etc. FCMI, but is narrowly generated to answer a genuine question of material fact necessary to proceed with the above action as it regards defendant FCM.

Signed under penalty of perjury on this day of August 27, 2007.

David W———                                                   8-27-07

David Williamson, SBI #183022                                Date
1181 Paddock Rd.
Smyrna, DE 19977

4

## CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. _Motion to Seek Leave to Conduct Limited Discovery Upon First Correctional Medical, Inc. & attached Third Set of Combined Discovery Requests... Directed_
2. ~~Att~~ _to First Correctional Medical, Inc._

By placing same in a U.S. Mail receptacle on the __31__ day of __Aug.__ 200__7__.

Megan T. Matzavinos, Esq.
(Counsel for Chuks, Clark, et al)
913 N. Market St. Suite 800
Wilmington, DE 19801

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

_N/A_

_David W_
David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

_David W_
_signed as Original_



U.S.MS
X-RAY

U.S. District Court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570

I/M: David Williamson
SBI# 183022    UNIT: W-1 L-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977