IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-379-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, CHRISTINE MALANEY, | ) |
| DONNA PLANTE, MARGARET LOVE, | ) |
| CHUKS IHUOMA, SITTA C. ALIE, | ) |
| DR. ALAN ZIMBLE, MICHELLE | ) |
| ROBINSON, JUANITA CLARK, | ) |
| DR. CARLA KIONKE, and FIRST | ) |
| CORRECTIONAL MEDICAL, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 10th day of September, 2007, having reviewed the following

pending motions;

IT IS ORDERED that plaintiff's motion for injunctive relief (D.I. 38) is denied and

plaintiff's motion to strike Correctional Medical Services' ("CMS") affidavit/supplemental

response (D.I. 153) is denied, for the reasons that follow:

1. **Background.** Plaintiff, an inmate at the Delaware Correctional Center, filed

this motion for injunctive relief for CMS to provide four self-medication cards of

Levothyroxine/ multivitamins at the beginning of each medication cycle to treat his

thyroid disease and for CMS to ensure the automatic scheduling of a clinic visit every

ninety days. Plaintiff also seeks an order for CMS to provide reconstructive knee

surgery, a special knee brace, and adequate physical therapy. Finally, plaintiff, who

suffers from periodontal disease, seeks an order requiring CMS to provide standard

dental treatment for periodontal disease and a crown and root canal to repair a broken tooth. (D.I. 38) Defendants CMS, Juanita Clark ("Clark"), Chuks Ihuoma ("Ihuoma"), Alan Zimble ("Dr. Zimble"), and Margaret Love ("Love") ask that the motion be denied. (D.I. 50) They contend that plaintiff's medical needs are being met and that plaintiff's motion does not meet the standard for a preliminary injunction to issue. On July 17, 2007, the court ordered CMS to file plaintiff's medical and dental records for review. (D.I. 119) The records were received on August 9, 2007. (D.I. 146)

2. **Standard of Review**. When considering a motion for a preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion**. Plaintiff suffers from thyroid disease and it requires daily medications. (D.I. 38) He alleges there have been numerous interruptions in the receipt/administration of his thyroid medication and multivitamins which cause a resurgence of his chronic symptoms. The medical records and grievances submitted

by plaintiff indicate that, at times, plaintiff has not been provided his thyroid medication and multivitamins on a timely basis. The affidavit of Dr. Frederick Van Dusen ("Dr. Van Dusen") states that hypothyroidism is not considered a "serious" disease. (D.I. 146, ex. A) Dr. Van Dusen further states, "it is not [his] medical opinion that lapses in medication are a serious risk or amount to a serious medical need" and that "even if a patient's symptoms were increased with a temporary lapse in medications, such symptoms would be expected to settle to normal when the medications are administered." (Id. at ¶¶ 9, 11) Finally, the medical records indicate that on May 23, 2007, plaintiff picked up his thyroid medication and vitamins and that both were "good" through August 18, 2007. (D.I. 146, ex. B, F) The medical records also indicate that on June 26, 2007, plaintiff wrote a letter to medical personnel noting that, although he was not due for a thyroid clinic, medical took the initiative to reorder his medications. (Id.) It is evident from the medical records that plaintiff is currently receiving his medications as ordered. There is no need for injunctive relief and denial of the motion, as to the medication issue, will not result in irreparable harm.

4. Plaintiff seeks an order for CMS to provide reconstructive knee surgery, a special knee brace, and adequate physical therapy. The medical records indicate that on March 14, 2007, plaintiff underwent a medial and lateral meniscectomony of the right knee with anterior cruciate ligament ("ACL") reconstruction. (D.I. 146, ex. C) Plaintiff was released to return to general population with instructions to wear a knee brace. (Id.) He was released to return to work effective April 19, 2007. (Id.) A consultation report dated April 27, 2007, reported the incision was well-healed, good range of motion, no effusion, no instability, and the ACL was nice, solid and tight. (Id.) Plaintiff

was prescribed therapy two times per week, for four weeks, consisting of leg lifts and biking. (Id.) Plaintiff was next seen on June 20, 2007. The note indicates that while physical therapy was recommended, plaintiff had yet to receive it. The consulting physician recommended four physical therapy visits, once per week. (Id.) The records indicate physical therapy was scheduled for August 14, 23, and 28, September 4 and 11, 2007. (Id.) The medical records indicate that, with regard to his knee, plaintiff has received all the medical care he sought. Therefore, the court will deny as moot the motion for injunctive relief as to the surgery/physical therapy knee issue.

5. Plaintiff seeks injunctive relief requiring CMS to provide standard dental treatment for periodontal disease. Plaintiff was diagnosed with periodontal disease in 1998. He alleges that CMS refuses to treat active perio-infections and, when it did provide teeth cleaning, the process was substandard. Dental records indicate that on March 2, 1999,[1] plaintiff was referred for periodontal treatment tooth extraction was recommended. (D.I. 146, ex. D) It was noted on that date that periodontal treatment is needed to save plaintiff's dentitions, but the staff where plaintiff was housed was not able to handle that type of treatment. (Id.) Plaintiff has recurring perio abscesses and was advised in 2002 that periodontal surgery was not an option at the prison. (Id.) A referral was written for perio-surgery with an outside periodontist. (Id.)

In December 2004 plaintiff was seen and scheduled for a full mouth x-ray ("FMX"), a tooth partial resection ("TRX") plan, and a Cavitron[2] cleaning. (Id.) Plaintiff

_____

[1]CMS was not the medical provider at that time.

[2]The Cavitron ultrasonic cleaner is a state of the art instrument that has proved to be an extremely successful in removing tartar from both above and below the

presented for a dental examination on March 11, 2005. His tissues appeared healthy and there was no evidence of generalized gum disease. (Id.) Two teeth were extracted on that date. (Id.) Dental records indicate plaintiff was seen in September 2005, received a Cavitron cleaning in December 2005, and was seen in January and February 2006. (Id.) CMS did not provide any dental records subsequent to February 2006.

6. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). It is evident that plaintiff is receiving consistent dental treatment and that his gum condition is being monitored. While plaintiff may not like the type of care he receives, it cannot be said that there is a deliberate indifference to his serious dental need; and plaintiff, therefore, has not demonstrated a likelihood of success on the merits as to this issue. Accordingly, the court will deny the motion for injunctive relieve as to the periodontal disease treatment issue.

7. Plaintiff seeks injunctive relief requiring CMS to provide a crown and root canal to repair a broken tooth. Plaintiff contends that the repair of his broken tooth was with a substandard, temporary, composite repair. The affidavit of Dr. Cathy Kionke, a

gumline. http://www.dentalfind.com/glossary.

dentist employed by CMS, states that on February 24, 2006, plaintiff received a permanent composite restoration to tooth #19 and that, on the same date, the nerve of said tooth was deemed healthy and root canal therapy was unnecessary. (D.I. 50, ex. B, D.I. 146, ex. D)  The dental records indicate that plaintiff has received appropriate dental treatment for his broken tooth.  Therefore, denial of the motion for injunctive relief, as to the broken tooth/repair issue, will not result in irreparable harm.  Nor does it appear that, based upon the facts before the court at this time as to this issue, plaintiff will succeed on the merits.

8. **Conclusion**.  The medical and dental records indicate that plaintiff has, and is, receiving medical and dental treatment.  Moreover, the voluminous medical records indicate that CMS is providing plaintiff with necessary care and treatment.  There is no indication that, at the present time, plaintiff is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

UNITED STATES DISTRICT JUDGE