IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, ) | |
| Plaintiff, ) | |
| v. ) | C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, ) | |
| Defendants. ) | |

FILED
SEP 13 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFF OBJECTS TO AND/OR SEEKS LEAVE TO RESPOND TO DEFENDANT ALIE'S BELATED ANSWER TO PLAINTIFF'S COMPLAINT

Plaintiff, Williamson, objects to Alie's belated Answer and he seeks leave to respond for the following:

i. Williamson filed a motion for default against Alie because Alie failed to timely file an answer and/or motion by defense to Williamson's complain. Thus the response Alie was to required to file was a response to Williamson's motion for default and not ignore it and alternatively file a belated Answer;

ii. Alie belatedly filed an improper Answer alternatively –one without leave or extension from the Court- and Alie failed to offer any explanation, good cause, or excusable neglect that would otherwise permit her to file an untimely Answer/defense; and

iii. Alie's Answer/defense is improper because Alie attempts to raise and/or preserve defenses that she irrevocably waived when she freely chose not to file a timely defense motion under 12 (b), etc. and alternatively filed an untimely Answer.

Williamson respectfully moves this Court to strike any and all of the defenses Alie raised, which were required by Court rules to be filed prior to any Answer, let alone an untimely Answer. Also, Williamson objects to Alie's untimely Answer and failure to respond to the pending motion for default. Williamson offers the following:

1. This case began in June 2006 and it alleges –inter alia- violations of Williamson's constitutional rights under the Eight and Fourteenth Amendments of the Federal Constitution. (e.g. deliberate indifference to Williamson's serious medical needs).

2. The Court issued a Supplemental Service Order on 05-16-07, which directed Williamson to execute service upon Alie, etc.

3. Williamson properly executed service on defendant Alie and the Marshal Form was "Returned Executed" on 07-26-07. (D.I. 129).

4. Federal Rules of Civil Procedure, rules 12 (a) (1) (A) and/or applicable Local Rules mandate that a defendant must answer/defend against a properly served complaint within 20 days of the date of service, (60 days for waived service), or defendant must alternatively request an extension of time for good cause to do so. Alie did none of the above.

5. Alie's answer was due no later than 08-15-07 and/or any defense by motion was due to be filed prior to the due date of any answer.

6. On 08-29-07, Williamson filed a motion for default against Alie with the Clerk of this Court (D.I. \_\_\_\_), and requested that the Clerk enter a default against Alie because Alie had failed to comply with the rules of this Court.

7. Alie filed an untimely and improper Answer (dated 09-05-07) (D.I. \_\_\_\_), but failed to seek leave to do so, failed to request and extension of time to do so, and failed to offer any explanation whatsoever or show any good cause to do so. Moreover, Alie continues to flout the rules of this Court by inserting therein waived defenses.

1

8. Alie freely chose to file an untimely Answer and she freely chose not to file any defense by motion prior to the answer; thus any and all defenses that Court rules mandate filing prior to any answer or face waiver, have indeed been freely waived by Alie.

## ARGUMENT

1. Timely filing of a motion to dismiss under Fed. R. Civ. P., rules 12...and 12 (b) –and/or timely filing an answer- precludes entry of default. (See Francis v. Joint Force Headquarters Nat'l Guard, Civ. NO. 05-4882 (JBS) 2006 WL 2711459 (D. N.J. Sept. 19, 2006)). Alie, however, did not timely file an answer or any defense by motion and default is proper. (See Fed. R. Civ. P., rules, 12 (a) (1) (A), 12 (b), 12 (f) and 12 (h), 55, and Del. Local Rule 77.2 (4)). Accordingly these Court rules mandate the proper time and method for a defendant to file an answer/defense motion, and any available defenses that a defendant omits or fails to raise but should and could have raised, is waived under these rules. The record demonstrates that Alie chose not to raise available defenses via a timely filed motion, but alternatively chose to file an untimely Answer. Nevertheless, Alie also attempts therein to insert irrevocably waived defenses under the guise of Affirmative Defenses that were required to have been filed prior to Ale's answer. (e.g. item 1. ": Plaintiff fails to state a claim upon which relief can be granted, etc). Consequently, Alie is estopped form now raising waived 12 (b) and/or (h) defenses. The record clearly reflects that Alie willfully chose to file an untimely Answer –not any 12 (b) defense motion, etc- and thus freely chose a trial strategy that she must now live with. (See Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 421 (3rd Cir. 1987)).

2. It is undisputed that the Court has the discretion to lift a default entered against any defendant under 55 (b) (2). (See Hritz v. Woma Corp.., 732 F.2d 1178, 1180 (3rd Cir. 1984)). But the U.S. Supreme Court offers guidance regarding the Court's discretionary powers in U.S. v. Taylor, 487 U.S. 326, 335-67, 108 S. Ct. 2416, 2418-19 (1988).

> This Court previously has recognized –even with respect to another statute…which indicated that courts were to have "wide discretion in exercising their equitable powers," [internal citations omitted]- that "discretionary choices are not left to the court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." [internal citations omitted] 'Thus, a decision calling for the exercise of judicial discretion "hardly means that it is unfettered by meaningful standards or shielded from thorough appellate review." [internal citations omitted] Whether discretion has been abused depends, of course, on the bounds of that discretion and the principles that guide its exercise. (at 336).

Accordingly, the Hritz Court –in considering whether the court abused its discretion regarding a default- established three factors to consider:

    i.     Whether plaintiff will be prejudiced if the default is lifted,

    ii.    Whether defendant has a meritorious defense, and

    iii.   Whether the default was the result of defendant's culpable misconduct. (See Hritz 732 F.2d 1178 at 1181).

Moreover, the threshold question is whether *a meritorious defense has been asserted* (Id.) Alie fails the threshold question of Hritz:

    a) Alie waived any meritorious defense she arguably had, which were mandated under Rule 12 to be filed prior to any answer; and

    b) Alie offers the Court no legitimate or valid meritorious defense alternatively, nor does Alie support her frivolous "Affirmative Defenses" but alternatively offers broad and unsupported, conclusory allegations styled as affirmative defenses.

2

Unsupported allegations are insufficient, however, and they cannot meet Alie's burden to present a meritorious defense. (See Riley v. Jeffes, 777 F.2d 143, 148 (3rd Cir. 4985); Caputo v. Fauver, 800 F. Supp. 168, 171 (D.N.J. 1992) aff'd 995 F.2d 216 (3rd Cir. 1993); and Reeves v. Sanderson Plumbing, Inc., 530 U.S. 133, 150 (2000)). Consequently, Alie has failed to demonstrate a meritorious defense. No further analysis is needed; however, it is equally clear that Alie's conduct was culpable. Indeed, Alie knowingly filed an untimely Answer and never even deigned to seek leave to do so, nor did Alie request an extension of time to do so, or explain her conduct, or even attempt to show good cause as required by the Court's rules (i.e. guiding principles). Alie also improperly inserted irrevocably waived defenses therein. These acts further underscore Alie's misconduct. No explanation for Alie's culpable acts and misconduct is tantamount to a constructive admission of said misconduct and culpability. Lastly, Williamson faces prejudice if Alie is permitted to thwart well established Court rules and guiding principles that dictate the orderly progression of litigation. For instance, defendant First Correctional Medical, Inc. (FCMI) –who was Alie's former employer during the relevant period of Williamson's claims against Alie-, has been dismissed for unrelated reasons and the alternate corporation First Correctional Medical-Delaware, LLC (FCM), is insolvent, defunct, and no longer involved with the Delaware Department of Corrections. Thus Williamson's ability to pursue said claims against Alie (i.e. gather facts and relevant information from dismissed defendant employer FCMI and/or the defunct and insolvent FCM regarding Alie's employment and/or realization of FCMI's policy/custom to deny Williamson needed medical care) is greatly impaired. Moreover, prejudice occurs any time a defendant thwarts Court rules to the detriment of plaintiff is sufficiently plead complaint; however, without Good Cause.

WHEREFORE, this Honorable Court is warranted in (a) granting Williamson's default motion against Alie and scheduling a briefing schedule/hearing on damages; (b) strike ; any and all waived rule 12 defenses that were mandated to be filed prior to any answer; and/or (c) holding further deliberations/hearing on the default issue.

David W‍                                            9-11-07
David Williamson, SBI #183022                        Date
1181 Paddock Rd.
Smyrna, DE 19977

3

CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. _Plaintiff Objects to and/or Seeks Leave to Respond to Defendant Alie's Belated Answer to Plaintiff's Complaint_

2. _Noncompliance of Discover Complaint to CMS counsel_

By placing same in a U.S. Mail receptacle on the __13__ day of __August__ 200_7_.

Megan T. Matzavinos, Esq.
(Counsel for Chuks, Clark, et al)
913 N. Market St. Suite 800
Wilmington, DE 19801

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

_N/A_

David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

_Signed as Original_