IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON,              :
                                     :
           Plaintiff,             :
                                       :
        v.                       :     C.A. No. 06-379 SLR
                                       :
CORRECTIONAL MEDICAL SERVICES, INC.,  :
CHRISTINE MALANEY, DONNA PLANTE,    :
MARGARET LOVE, CHUKS IHUOMA, DR.    :     TRIAL BY JURY OF
SITTA C. ALIE, DR. ALAN ZIMBAL,        :     TWELVE DEMANDED
MICHELLE ROBINSON, JUANITA CLARK,    :
DR. CARLA KIONKE and FIRST           :
CORRECTIONAL MEDICAL,              :
                                       :
           Defendants.          :

**DR. CARLA KIONKE, DR. MICHELLE ROBINSON,
DONNA PLANTE, AND CHRISTINE MALANEY'S
ANSWER TO AMENDED COMPLAINT**

       Defendants Dr. Carla Kionke, Dr. Michelle Robinson, Donna Plante, and Christine Malaney

(herein after the "Answering Defendants"), by and through their attorneys, Marks, O'Neill, O'Brien

& Courtney, P.C., submit their answer to the complaint in the above-referenced action.

## JURISDICTION

1.       To the extent the allegations of this paragraph constitute conclusions of law, no response is

required and none is made.

## PARTIES

2.       Admitted that Plaintiff is proceeding pro se.  Denied the plaintiff is entitled to recover for any

damages that allegedly occurred by conduct that occurred beyond two years from the date

of filing the Complaint.

DE090177.2

3.      This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

4.      Denied as stated.

5.      Denied as stated.

6.      This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

7.      This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

8.      This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

9.      Admitted that at one time Dr. Robinson was employed by Correctional Medical Services.  Denied that Dr. Robinson was employed by Correctional Medical Services during any of the alleged events.

10.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

11.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

12.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

13.     Denied insofar as this allegation states a legal conclusion.

ANSWER TO COUNT I: DENIAL OF REASONABLY ADEQUATE MEDICAL CARE.

All preceding paragraphs are incorporated by reference as if set forth fully herein;

DE090177.2

14.    Denied.

15.    To the extent this paragraph alleges legal conclusion as to what constitutes a serious medical need, no answer is required. To the extent an answer is required, denied. To the extent this paragraph alleges the causation of injuries, denied. To the extent this paragraph alleges deliberate indifference to a serious medical need, it is Denied.

16.    Denied, including each and every subpart.

17.    Denied.

18.    This allegation is not directed to answering defendants and therefore, no response is required. To the extent an answer is required, Denied.

19.    Denied.

20.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation. To the extent an answer is required, Denied.

21.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation. To the extent an answer is required, Denied.

22.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation. To the extent an answer is required, Denied.

23.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation. To the extent an answer is required, Denied.

24.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation. To the extent an answer is required, Denied.

25.    Denied.

26.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required

to this allegation.  To the extent an answer is required, Denied.

27. This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied

28. To the extent this allegation alleges any liability on the part of the Answering Defendants, denied.

29. To the extent this allegation alleges any liability on the part of the Answering Defendants, denied.

30. To the extent this allegation alleges any liability on the part of the Answering Defendants, denied.

31. To the extent this allegation alleges any liability on the part of the Answering Defendants, denied.

32. This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

33. This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

34. This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

35. This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

36. This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

37. This allegation is not addressed to Answering Defendants, therefore, no Answer is required

to this allegation.  To the extent an answer is required, Denied**.**

38.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

39.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

40.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

41.    Denied.

42.    Denied.

43.    To the extent this paragraph alleges any liability on the part of Answering Defendants, denied.

44.    To the extent this paragraph alleges any liability on the part of the Answering Defendants, denied.

45.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

46.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

47.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

48.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

49.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required

to this allegation.  To the extent an answer is required, Denied.

50.  Answering defendants are without sufficient information or knowledge to form a belief as to this allegation, it is therefore, deemed denied.

51.  Answering defendants are without sufficient information or knowledge to form a belief as to this allegation, it is therefore, deemed denied.

52.  Denied.

53.  Denied.

54.  Denied.

55.  Denied.

56.  This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

57.  This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

58.  Defendant's lack sufficient information or knowledge so as to form a belief as to this allegation.  To the extent this paragraph alleges any wrongdoing by Answering Defendants, denied.

59.  To the extent this paragraph alleges any liability on the part of the Answering Defendants, Denied.

60.  To this extent this paragraph alleges any liability on the part of the Answering Defendants, Denied.

61.  To the extent this paragraph alleges any liability on the part of the Answering Defendants, Denied.

DE090177.2

62.     To the extent this paragraph alleges any liability on the part of the Answering Defendants, Denied.

63.     To the extent this paragraph alleges any liability on the part of Answering Defendants, denied.


64.     Denied.

65.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

66.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

67.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

68.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an Answer is required, Denied.

73.     To this extent this paragraph alleges any liability on the part of Answering Defendants, Denied.

74.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extend an Answer is required, Denied.

75.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, denied.

76.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an Answer is required, Denied.

77.    To the extent this paragraph alleges any liability on the part of the Answering Defendants, denied.

78.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

79.    This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

80.    Defendant's are without sufficient information or knowledge so as to form a belief as to this allegation.

81.    This paragraph is not addressed to Answering Defendants, therefore no Answer is required to this Allegation. To the extent an Answer is required, Denied.

82.    To the extent this paragraph alleges liability against Answering Defendants, Denied.

83.    This paragraph is not addressed to Answering Defendants, therefore, no Answer is required to this allegation. To the extent an Answer is required, Denied.

84.    Defendants are without sufficient information or knowledge so as to from a belief as to this allegation.

85.    To the extent this paragraph alleges liability on the part of Answering Defendants, Denied.

86.    To the extent this paragraph alleges liability on the part of Answering Defendants, Denied.

87.    To the extent this paragraph alleges liability on the part of the Answering Defendants, Denied.

88.     To the extent this paragraph alleges liability on the part of Answering Defendants, denied.

89.     Defendants are without sufficient information or knowledge so as to form a belief as to this allegation.

90.     Defendants are without sufficient information or knowledge so as to form a belief as to this allegation.

91.     This allegation is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

92.     This allegation is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, Denied.

93.     Answering Defendants are without sufficient information or knowledge to form a belief as to this allegation.

94.     This allegation is not directed to Answering Defendants, therefore, no Answer is required. To the extent an Answer is required, Denied.

95.     This allegation is not directed to Answering Defendants, therefore, no Answer is required. To the extent an Answer is required, Denied.

96.     This allegation is not directed to Answering Defendants, therefore no Answer is required. to the extent an Answer is required, Denied.

97.     This allegation is not directed to Answering Defendants, therefore, no Answer is required. To the extent an Answer is required, Denied.

WHEREFORE, Answering Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

DE090177.2

ANSWER TO COUNT II.  DENIAL OF REASONABLY ADEQUATE MEDICAL CARE.

All preceding paragraphs are incorporated by reference as if set forth fully herein;

98.-136.    Paragraphs 98 to 136 are not addressed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, the allegations are denied generally.

WHEREFORE, Defendants Demand Judgment in their favor plus costs and reasonable attorney's fees.

ANSWER TO COUNT III. DENIAL OF REASONABLY ADEQUATE MEDICAL CARE.

All preceding paragraphs are incorporated by reference as if set forth fully herein.

137.    Denied.

138.    Denied, including each and every subpart.

139.    Denied, including each and every subpart.

140.    Denied.

141.    Denied.

142.    Answering Defendants are without sufficient information or knowledge so as to form a belief as to this allegation.

143.    Answering Defendants are without sufficient information or knowledge so as to form a belief as to this allegation.

144.    Answering Defendants are without sufficient information or knowledge so as to form a belief as to this allegation.

145.    Answering Defendants are without sufficient information or knowledge so as to form a belief as to this allegation.

146.    Answering Defendants are without sufficient information or knowledge so as to form a belief as to this allegation.

147.    Answering Defendants are without sufficient information or knowledge so as to form a belief as to this allegation.

148.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, Denied.

149.    To the extent this paragraph alleges liability against the Answering Defendants, denied.

150.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

151.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

152.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

153.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

154.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

155.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

156.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

157.    This paragraph is not directed to Answering Defendants and therefore, no Answer is

required. To the extent an Answer is required, denied.

158. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

159. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

160. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

161. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

162. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

163. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

164. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

165. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

166. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

167. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

168. This paragraph is not directed to Answering Defendants and therefore, no Answer is

required.  To the extent an Answer is required, denied.

169.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

170.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

171.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

172.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

173.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

174.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

175.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

176.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

177.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

178.    This paragraph is not directed to Answering Defendants and therefore, no Answer is required.  To the extent an Answer is required, denied.

179.    This paragraph is not directed to Answering Defendants and therefore, no Answer is

required. To the extent an Answer is required, denied.

180. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

181. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

182. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

183. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

184. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

185. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

186. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

187. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

188. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

189. Denied.

190. This paragraph is not directed to Answering Defendants and therefore, no Answer is required. To the extent an Answer is required, denied.

191.    Denied.

192.    Denied.

193.    Defendants are without sufficient information or knowledge so as to form a belief as to

        this allegation.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

        WHEREFORE, Answering Defendants Demand Judgment in their favor plus cost and

reasonable attorney's fees.

        ANSWER TO STATEMENT OF CLAIMS: FIRST CAUSE OF ACTION.

        All preceding paragraphs are incorporated by reference as if set forth fully herein;

207.    Denied, including each and every subpart.

DE090177.2

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

## ANSWER TO SECOND CAUSE OF ACTION.

All preceding paragraphs are incorporated by reference as if set forth fully herein;

208.    Denied including each and every subpart.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Some or all of Plaintiff's Claims are barred by the statute of limitations.

3.    Insofar as the Plaintiff has claimed violations of his civil rights based upon agency or the doctrine of Respondeat Superior, the Complaint fails to state a cause of action as there is no vicarious liability for alleged civil rights violations.

4.    The Complaint fails to state a claim upon which relief can be granted for punitive damages.

5.    Plaintiff has failed to exhaust his administrative remedies as to some of all of his claims.

6.    Plaintiff's injuries, if any, are the result of superseding, intervening causes.

7.    Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities fro whom the Answering Defendants are not responsible and over whom the Answering Defendants had no right or authority or control.

8.    Answering Defendants deny that they are liable to the Plaintiff, however, insofar as the

DE090177.2

Answering Defendants are liable to Plaintiff they demand contribution and/or indemnification from co-defendants in proportion to their relative degrees of fault.

9.     Some or all of Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

10.    Some or all of Plaintiff's claims are barred by Release.

11.    Some or all of Plaintiff's claims are barred by the doctrines of issue preclusion, *res judicata*, claim preclusion, and/or estoppel.

12.    Plaintiff was comparatively and/or contributorily negligent in causing any injuries, damages, or losses.

13.    Plaintiff failed to mitigate damages.

14.    Plaintiff's claims are barred by the Doctrine of Laches.

15.    Plaintiff's claims are barred by waiver.

16.    Defendants actions served a legitimate penological interest.

17.    Defendants are immune from suit pursuant to the Qualified Immunity Doctrine.

18.    Answering Defendants have provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

## DENIAL OF ALL CROSS CLAIMS

Defendants deny any and all cross claims that have been or will be made by co-defendants.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

DE090177.2

-

/s/ Patrick G. Rock
Megan T. Mantzavinos, Esquire (ID 3802)
Patrick G. Rock,  Esquire (ID 4632)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, #800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendants*

DATED:  September 18, 2007

DE090177.2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON,                                    :
                                                     :
            Plaintiff,                               :
                                                     :       C.A. No.: 06-379 SLR
      v.                                             :
                                                     :       TRIAL BY JURY OF TWELVE
CORRECTIONAL MEDICAL SERVICES, INC.,    :       DEMANDED
CHRISTINE MALANEY, DONNA PLANTE,        :
MARGARET LOVE, CHUKS IHUOMA, DR. S.     :
ALIE, DR. ALAN ZIMBAL, MICHELLE         :
ROBINSON, JUANITA CLARK, DR. CARLA      :
KIONKE and FIRST CORRECTIONAL           :
MEDICAL,                                             :
                                                     :
            Defendants.                              :

_____

**CERTIFICATE OF SERVICE**
_____

      I, **Patrick G. Rock** hereby certify that on **September 18, 2007,** I electronically filed an

Answer to the Complaint on behalf of Dr. Carla Kionke, Dr. Michelle Robinson, Donna Plante and

Christine Malaney, with the Clerk of Court using CM/ECF which will send notification of such

filing(s) to the following:

James Edward Drnec, Esquire                 Daniel L. McKenty, Esquire
Balick & Balick, LLC                        Heckler & Frabizzio
711 North King Street                       800 Delaware Avenue, #200
Wilmington, DE 19801                        Wilmington, DE  19801
(302) 658-4265                              *Attorneys for Defendant First Correctional*
*Attorney for Defendant Dr. Zimbal*         *Medical*

I have served via first class mail two copies of the Defendant's Answer to Complaint to the

*Pro Se* Defendant:

    Mr. David W. Williamson
    SBI# 183022
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE  19977

                               */s/ Patrick G. Rock*
                               Patrick G. Rock, Esquire (I.D. No. 4632)
                               Marks, O'Neill, O'Brien & Courtney, P.C.
                               913 North Market Street, #800
                               Wilmington, DE 19801
                               (302) 658-6538
                               *Attorney for Defendant CMS*