UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | Case No. 06-379 (SLR) |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., CHRISTINE MALANEY, DONNA | ) | |
| PLANTE, MARGARET LOVE (AKA | ) | |
| MAGIE BAILEY), CHUKS IHUOMA, | ) | |
| SITA ALIE, ALAN ZIMBLE [AKA DR. | ) | |
| ZIMBULL], MICHELLE ROBINSON, | ) | |
| JUANTA CLARK, CARLA KIONKE | ) | |
| [AKA JANE DOE DENTIST], and | ) | |
| FIRST CORRECTIONAL | ) | |
| MEDICAL-DELAWARE, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ALAN ZIMBLE'S
ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Alan Zimble ("Answering Defendant" by and through his undersigned counsel, hereby Answers Plaintiff's Second Amended Complaint as follows:

JURISDICTION

1.      The allegations of this paragraph constitute conclusions of law to which no response is required.

PARTIES

2.      Admitted that Plaintiff is proceeding *pro se*. Admitted that Plaintiff is incarcerated and has been since 2001.

3.      The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

4.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

5.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

6.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

7.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

8.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

9.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

10.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

11.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required.  Admitted that Answering Defendant was a practicing dentist. Admitted that Answering Defendant was, at one time, employed by CMS.  Admitted that, at one time, Answering Defendant worked at DCC.

12.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including each and every subpart.

13.    The allegations of this paragraph constitute conclusions of law to which no response is required.

WHEREFORE, Answering Defendant requests entry of judgment in his favor and against Plaintiff, including costs and attorneys' fees, and such other relief as this Court deems appropriate.

## FACTS

### COUNT I: DENIAL OF REASONABLY ADEQUATE MEDICAL CARE

14.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

15.     The allegations of this paragraph, including each and every subpart, are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including each and every subpart.

16.     The allegations of this paragraph, including every subpart, are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including every subpart.

17.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

18.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

19.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

20.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

21.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

22.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

23.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

24.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

25.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

26.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

27.     The allegations of this paragraph, including each and every subpart, are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including each and every subpart.

28.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

29.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

30.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

31.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

32.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

33.    The allegations of this paragraph, including each and every subpart, are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including each and every subpart.

34.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

35.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

36.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

37.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

38.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

39.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

40.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

41.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

42.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

43.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

44.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

45.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

46.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

47.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

48.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

49.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

50.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

51.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

52.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

53.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

54.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

55.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

56.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

57.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

58.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

59.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

60.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

61.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

62.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

63.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

64.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

65.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

66.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

67.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

68.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

69.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

70.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

71.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

72.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

73.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

74.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

75.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

76.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

77.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

78.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

79.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

80.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

81.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

82.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

83.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

84.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

85.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

86.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

87.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

88.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

89.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

90.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

91.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

92.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

93.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

94.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied95.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

96.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

97.     The allegations of this paragraph, including each and every subpart, are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including each and every subpart.

10

WHEREFORE, Answering Defendant requests entry of judgment in his favor and against Plaintiff, including costs and attorneys' fees, and such other relief as this Court deems appropriate.

## COUNT II. DENIAL OF REASONABLY ADEQUATE MEDICAL CARE

98.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

99.    The allegations of this paragraph, including each and every subpart, are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including each and every subpart.

100.    The allegations of this paragraph, including each and every subpart, are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including each and every subpart.

101.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

102.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

103.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

104.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

105.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

106.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

107.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

108.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

109.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

110.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

111.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

112.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

113.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

114.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

115.    The allegations of this paragraph, including each and every subpart, are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including each and every subpart.

116.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

117.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

118.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

119.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

120.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

121.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

122.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

123.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

124.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

125.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

126.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

127.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

128.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

129.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

130.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

131.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

132.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

133.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

134.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

135.    The allegations of this paragraph, including each and every subpart, are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied, including each and every subpart.

136.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

WHEREFORE, Answering Defendant requests entry of judgment in his favor and against Plaintiff, including costs and attorneys' fees, and such other relief as this Court deems appropriate.

## COUNT III DENIAL OF REASONABLY ADEQUATE MEDICAL CARE

137.    To the extent the allegations of this paragraph are directed toward Answering Defendant, denied.  Allegations directed toward other defendants require no response.

138.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required.  Allegations directed toward other defendants require no response. To the extent the allegations of this paragraph constitute medical conclusions, no response is required.  All allegations of negligence, recklessness, deliberate indifference, causation and civil rights violations are denied.

139.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required.  All allegations of negligence, recklessness, deliberate indifference, causation and civil rights violations are denied.

140.    Denied.

141.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

142.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

143.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

144.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

145.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

146.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

147.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

148.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

149.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

150.    The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied.

151.    Statements of medical conclusion require no response. To the extent a response is required, Answering Defendant denies that these conclusions constitute standard of care applicable in every patient for every such condition.  Allegations regarding Plaintiff's dental care are admitted to the extent consistent with his dental records, otherwise, denied.

152.    Admitted that Answering Defendant performed cleaning.  Answering Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding what cleaning techniques Plaintiff is familiar with, or expected. The remaining allegations are admitted to the extent consistent with Plaintiff's dental records, otherwise denied.  Denied as to all allegations of negligence, recklessness, deliberate indifference, causation, or violation of civil rights.

153.    Denied.

154.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

155.    Admitted to the extent consistent with Plaintiff's dental records, otherwise denied.

156.    Denied that Answering Defendant performed a substandard gum cleaning.  The remaining allegations are admitted to the extent consistent with Plaintiff's dental records, otherwise denied.

157.    Admitted to the extent shown in Plaintiff's dental records, otherwise denied.

158.    Admitted to the extent shown in Plaintiff's dental records, otherwise denied.

159.    Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to all allegations of negligence, recklessness, deliberate indifference, causation, or violation of civil rights.

160.    Admitted to the extent shown in Plaintiff's dental records, otherwise denied.

161.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent a response is required, denied.

162.    It is unclear to whom the allegations of this paragraph are directed.  Pending clarification, denied.

163.    Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

164.    Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

165.    To the extent the allegations of this paragraph are directed to Answering

Defendant, they are admitted to the extent shown in Plaintiff's dental records, otherwise

denied.  Denied as to any negligence, recklessness, deliberate indifference, causation or

civil rights violation.  Allegations directed toward other defendants require no response.

166.    Admitted to the extent consistent with Plaintiff's dental records, otherwise denied.

Denied as to any negligence, recklessness, deliberate indifference, causation or civil

rights violation.

167.    Allegations regarding the state of Plaintiff's tooth and gums, level of pain, ability

to eat, sleep, concentrate are admitted to the extent consistent with Plaintiff's dental

records, otherwise denied.  The allegations "and was standard minimal, necessary

treatment (e.g. crown, pain meds, antibiotics, etc.)" are nonsensical and are denied

pending clarification.  Denied that Answering Defendant treated Plaintiff as a nuisance.

Denied that Answering Defendant caused Plaintiff to needlessly suffer.  Denied as to any

negligence, recklessness, deliberate indifference, causation or civil rights violation.

168.    Answering Defendant is without knowledge sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph and so they are denied.

169.    Answering Defendant is without knowledge sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph regarding Ms. Seacord's statements

and so they are denied.  The remaining allegations are admitted to the extent consistent

with Plaintiff's dental records, otherwise, denied.

170.    Admitted to the extent consistent with Plaintiff's dental records, otherwise denied.

Denied as to any negligence, recklessness, deliberate indifference, causation or civil

rights violation.

171.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Characterizations of "needed" treatment and "permanent injury" are denied.  Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

172.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

173     Answering Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding what is clear to Plaintiff and so they are denied.  Characterizations of "standard" treatment are denied. Allegations directed toward other defendants require no response.

174.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

175.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

176.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

177.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

178.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Characterizations of "without any treatment" are denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

179.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

176.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

177.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

178.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Characterizations of "without any treatment" are denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

179.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

180.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

181.     Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Characterizations of "proper and necessary" "less efficacious" "substandard" are denied.

Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.

182.    Allegations directed toward other defendants require no response.

183.    Admitted to the extent shown in Plaintiff's dental records, otherwise denied. Denied as to any negligence, recklessness, deliberate indifference, causation or civil rights violation.  Allegations regarding Dr. Bishop require no response.

184.    Allegations regarding Dr. Bishop require no response.

185.    Denied.

186.    Allegations regarding Dr. Bishop require no response.

187.    Allegations regarding Dr. Bishop require no response.

188.    Denied.

189.    Allegations directed toward other defendants require no response.

190.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

191.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

192.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

193.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

194.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

195.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

196.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

197.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

198.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

199.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

200.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

201.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

202.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

203.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

204.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

205.    Allegations directed toward other defendants require no response.  Answering Defendant has no knowledge of events prior to his employment at CMS, and so those allegations are denied.

206.    Denied as to Answering Defendant.

WHEREFORE, Answering Defendant requests entry of judgment in his favor and against Plaintiff, including costs and attorneys' fees, and such other relief as this Court deems appropriate.

## STATEMENT OF CLAIMS

## <u>FIRST CAUSE OF ACTION</u>

207.     Denied as to Answering Defendant, including all subparts.  The remaining allegations are not directed to Answering Defendant and so no response is required.

WHEREFORE, Answering Defendant requests entry of judgment in his favor and against Plaintiff, including costs and attorneys' fees, and such other relief as this Court deems appropriate.

## <u>SECOND CAUSE OF ACTION</u>

208.     The allegations of this paragraph, including all subparts, are not directed to Answering Defendant and so no response is required.

WHEREFORE, Answering Defendant requests entry of judgment in his favor and against Plaintiff, including costs and attorneys' fees, and such other relief as this Court deems appropriate.

## <u>ADDITIONAL DEFENSES</u>

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Answering Defendant was not deliberately indifferent to any serious medical need.

3.     Plaintiff fails to state a claim against Answering Defendant for medical negligence.

4.     To the extent Plaintiff states a claim for medical negligence pursuant to state law, such claim is barred by Plaintiff's failure timely to file, or seek an extension to file, an affidavit of merit pursuant to 18 *Del. C.* § 6853.

5.     Some or all of Plaintiff's claims are barred by the statute of limitations.

6.      Answering Defendant was not acting under color of State or Federal law.

7.      Plaintiff fails adequately to plead a claim for punitive damages.

8.      Answering Defendant provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

9.      Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

10.     Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of Answering Defendant.

11.     Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom Answering Defendant was not responsible and over whom Answering Defendant had no authority or control.

12.     Answering Defendant, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that his actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

13.     Answering Defendant is entitled to good faith immunity.

14.     Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

15.     Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

16.     Plaintiff's claims may be barred or limited by contributory/comparative negligence.

17.     Plaintiff failed to mitigate his damages.

18.     Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

19.    Answering Defendant hereby adopts any and all additional defenses hereinafter asserted by their co-defendants.

20.    Answering Defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

## CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION

21.    Answering Defendant denies liability, however, to the extent Answering Defendant is found to be liable to the Plaintiff in any fashion, Answering Defendant cross-claims against his co-defendants for contribution and/or indemnification in proportion to their relative degrees of fault.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

22.    Answering Defendant denies all cross-claims asserted against him now or hereinafter.

BALICK & BALICK, LLC


        /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant Dr. Alan Zimbal

Date:   September 18, 2007

## <u>CERTIFICATE OF SERVICE</u>

I, James E. Drnec, hereby certify that on this date, I served on the parties below in the manner indicated, copies of the Defendant Alan Zimble's Answer to Second Amended Complaint.

.

### <u>VIA FIRST CLASS MAIL</u>

Patrick G. Rock, Esquire
Michael A. Pedicone, P.A.
109 West 7th Street
P.O. Box 1395
Wilmington, DE 19899-1395

Megan Trocki Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market Street
Suite 800
Wilmington, De 19801

David W. Williamson
SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

      /s/ James E. Drnec
James E. Drnec

Dated: September 18, 2007