IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
|    Plaintiff, | ) | |
| v. | ) | C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) | |
|    Defendants. | ) | |

FILED SEP 21 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

PLAINTIFF'S COMBINED FIRST SET OF REQUESTS FOR INTERROGATORIES AND PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS IHUOMA CHUKS and ALIE    Bp scanned

COMES NOW, plaintiff, Williamson pursuant to the appropriate Fed. R. Civ. P., Local Rule, and or case authority. Williamson attests that the instant discovery request is made in good faith, not meant to harass, inconvenience, or be overly burdensome to defendants or to delay these proceedings in any manner. Williamson requests defendants Ihuoma and Alie to provide appropriate responses to Williamson's discovery requests where required under the applicable rules, under oath, within thirty-days of the date of service. (The definitions and directions listed in Williamson's First Set of Admissions directed to these same defendants are hereby incorporated herein by reference).

**FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS DIRECTED TO ALIE**

1. Identify the persons who attended Williamson's medical grievance hearing for MG #7463 on or about 10-14-04, and produce any and all documents or communications relating to said MG hearing.
2. Identify and describe the classic and elemental symptoms of an ACL injury are.
3. Identify and describe what the generally accepted professional standards would by as they relate to the classic and elemental symptoms of an ACL injury and/or an ACL injury.
3. Identify and describe what a comprehensive knee exam would likely entail for anyone who exhibited and/or described the classic and elemental symptoms of an ACL injury.
4. Identify and describe what a comprehensive knee exam would likely entail and or what the generally accepted professional standards for anyone who exhibited and/or described the symptoms Williamson listed in the complaint at items # 99 (a)-(c) and # 102.
5. Identify and describe any and all acts, treatments, or care Alie performed and/or administered to Williamson in relation to his ACL injury on the following: (a) 09-28-04 and (b) 11-04-04.
6. Identify and describe what generally accepted professional standards would entail for any physical therapy and/or strength training for an ACL injury as described above at #5.
7. Identify and produce any and all documents and communications relating to Williamson's MG #78623 and #37123 (including the persons that attended the hearings).
8. Identify and describe the entities known or formerly known as (a) First Correctional Medical, Inc. (FCMI) and (b) First Correctional Medical-Delaware, LLC (FCM).
9. Identify and describe the following:
(a) Whether FCM was autonomous and/or free of FCMI to pursue alternate business other than the DDOC contract or was that FCM's only available contract during the relevant period.;

1

(b) Whether FCM had its own medical accreditation or whether it merely utilized FCMI's accreditation during the relevant period;

(c) Whether FCM had its own insurance or whether it merely utilized FCMI's insurance policy during the relevant period;

(d) Whether FCM had its own accounting department or whether it merely utilized FCMI's home accounting department during the relevant period;

(e) Whether and to what degree did FCM shared employees, resources, departments, bank accounts, and or other shared resources with its parent FCMI during the relevant period.;

(f) Whether and to what degree was FCM independent from FCMI during the relevant period;

(g) Whether and to what degree did FCMI maintain control and/or authority over FCM during the relevant period;

(h) Whether and to what degree did Alie answer to, was responsible to, and/or was in communication with FCMI during the relevant period;

(i) Whether and to what degree did FCMI maintain control over and/or supervise Alie's activities while she worked at DCC during the relevant period; and

(j) Whether and to what degree did Alie answer to, was responsible to, and/or was in communication with FCM during the relevant period; and

(k) What were Alie's responsibilities and duties as they related to (a) FCMI and (b) FCM during the relevant period.

10. Identify and describe Alie's professional qualifications (including whether and to what degree she is qualified to prescribe any particular type of physical therapy and/or strength training).

**FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS DIRECTED TO I. CHUKS**

1. Identify and produce any and all documents and communications relating to any order/request made by Ihuoma on 03-28-06 for Williamson' CC Meds.

2. Identify and describe any and all acts, treatments, or care Ihuoma administered to Williamson on 08-03-04 relating to his ACL injury.

3. Identify and produce any and all documents and communications relating to the above at #2.

4. Identify and describe the elastic knee brace that Ihuoma provided to Williamson on 08-03-04, (including any and all manufacture's recommended uses and/or prohibitions, and warnings relating to its use).

5. Identify the persons who attended Williamson's MG hearing for MG #7463 on 10-14-04, and produce any and all documents and/or communications relating to same.

6. Identify and describe Ihuoma's professional qualifications.

7. Identify and describe, and produce any and all documents and communications relating to the Petella Knee brace (e.g. neoprene knee brace), which was provided to Williamson on or about 05-09-06 by D. Rodweller (including any and all manufacture's recommended uses and/or prohibitions, and warnings relating to its use).

8. Identify the persons who conducted screening, intake, and/or provided vitals to the inmate patients, and/or conducted Clinics on 11-29-05 at the DCC hospital form 8:00 to 15:00.

_David W_____    9-18-07
David Williamson, SBI #183022    Date
W-1, L-12, 1181 Paddock Rd., Smyrna, DE 19977

2

## CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. _Plaintiff's First Set of Requests for Admission Directed to Def's Plante, Ihuoma Chuks, and Alie._

2. _Plaintiff's Combined First Set of Requests for Interrogatories & Prod. of Documents Directed to Def's Ihuoma Chuks and Alie_

By placing same in a U.S. Mail receptacle on the _____ day of _____ 200__.

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

N/A

David W_____
David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977