IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) | |
| Defendants. | ) | |

FILED
SEP 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANTS PLANTE, IHUOMA CHUKS, and ALIE

RO scanned

COMES NOW, plaintiff, Williamson pursuant to the appropriate Fed. R. Civ. P., Local Rule, and or case authority. Williamson attests that the instant discovery request is made in good faith, not meant to harass, inconvenience, or be overly burdensome to defendants or to delay these proceedings in any manner. Williamson requests defendants Plante, Ihuoma Chucks, and Alie to make the following admissions, where required under the applicable rules, under oath, within thirty-days of the date of service.

## DEFIITIONS

1. If any of these discovery requests cannot be answered completely, answer the discovery request to the extent possible, and specify the reasons for your inability to completely answer.
2. This discovery request is a continuing one. If, after responding, you become aware of any further information responsive to these (interrogatories, admissions, and/or production of documents); you are required to supplement your answer.
3. "Complaint" shall mean and refer to the Complaint filed by plaintiff in the above captioned action, and action shall be employed interchangeably with complaint.
4. "You" and "Your" means the party to whom these Requests were propounded and includes anyone authorized to or purporting to act on its behalf, including but not limited to officers, directors, employees, successors, parent corporations, subsidiary corporations, attorney, agents, or other representative.
5. "Discovery Requests" means, collectively,     First Set of Interrogatories, Admissions, and Production of Documents Directed to defendants.
6. "FCMI" shall mean First Correctional Medical, Inc, and "FCM" shall mean First Correctional Medical-Delaware, LLC, and "CMS" shall mean Correctional Medical Services, Inc.
7. "DCC" shall mean Delaware Correctional Center, and "DDOC" shall mean Delaware Department of Corrections.
8. "Identify" when used with reference to a natural person means to state his or her full name, present or last known address, present of last known position or business position and address, and position of business affiliation at the time in question.
9. The term "all" includes the word "any" and the word "any" includes "all." The terms "all" and "each" shall be construed as each and all.
10. The terms "communication" or "communications" shall mean and refer to, without limitation, any document, statement, or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopys, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.
11. The term "document" as used herein is employed in the broadest possible sense under Rule 34 to include any medium upon which information is recorded or preserved, by whomever generated or received, and means without limitation, any written, printed, typed, Photostatted, emailed, photographed, recorded, taped, or otherwise reproduced communication, compilations, or reproductions including computer generated or stored information or date, whether assertedly privileged or not and including all copies or drafts of any document which differs (by annotation or otherwise) in any respect from the original.
12. The term "including" shall be construed to mean "including without any limitation."

1

13. The terms "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of nay type.

14. The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e. to bring within the scope of the request all response that otherwise might be construed to be outside the scope of the request.

15. The terms "relate" or "relating to" as used herein shall mean concerning, involving, consisting of, alluding to, referring to, appertaining to, regarding, reflecting, evidencing, having any logical or factual connection with or tending to prove or disprove the matter discussed.

16. The terms "you" and "your" shall mean the party to which these requests are directed.

17. The terms "describe" or "description" when used in connection with any act, accounting, action, activity, audit, practice, process, occurrences, plan, communication, conference, discussion, development, service, transaction, test, negotiation, instance, incident, or event, mean to furnish a detailed account of the matters referred to, including the following information:
    a. Its general nature;
    b. The time and place thereof;
    c. A chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof;
    d. The identity of each person who performed any function or who had any role in connection therewith (i.e. speaker, participant, contributor of information, witness, etc), or who has any knowledge thereof, together with a description of each such person's function, role or knowledge;
    e. The identity of each document which refers thereto or which was used, referred to or prepared in the course of or as a result thereof; and
    f. The identity of each communication, whether oral or written, which was a part thereof or which referred thereto.

18. The terms "describe" or description" when used in connection with any calculation, computation, amount or figure means to provide:
    a. A detailed explanation of its meaning;
    b. A detailed explanation of the manner in which it was derived, including an itemization of all subcategories included therein;
    c. The identity of each person who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a description of each such person's function, role, or knowledge;
    d. The identity of each document which refers thereto or which was used referred to or prepared in the course of as a result thereof; and
    e. The identity of each oral communication which occurred in the course of the preparation thereof or which referred thereto.

19. When asked to provide or state a "factual basis" the term "factual basis" means to provide in detail all facts related to the matter, including the following;
    a. Each item of information upon which the allegation, contention, claim, or demand to which it pertains is based, including a full description thereof;
    b. With respect to each such item of information, the identity of each person having knowledge and each source thereof, including each document, communication, act, action, activity, accounting, negotiation, practice, process, occurrence, occasion, course of conduct, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event, audit, calculation, and computation, upon which respondent relies with respect thereto.

20. The terms "identify," identification," or "identity" as applied to a person means to provide:
    a. When used in reference to a natural person: full name; present or last known address (both residence and business and telephone numbers), present or last known business affiliation; and present of last known business positions (including job title and description of job functions, duties, and responsibilities);
    b. When used in reverence to any entity other than a natural person: Its full name; the address and telephone number of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated; the identity of all persons who acted and/or who authorized another to act on its behalf in connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and

    c. In the case of an entity other than a corporation, the identities of its partners or principals or all persons who acted or who authorized another to act on its behalf in connection with the matters referred to.
21. The term "identify," identification," or "identity" as applied to an oral communication means to provide the following information:
    a. By whom it was made and to whom it was directed;
    b. Its specific subject;
    c. The date upon which it was made;
    d. All persons who were present when it was made; and
    e. Whether it was recorded, described, or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.
22. The terms "identify," identification," or "identity" as applied to a written communication or document means to provide the following:
    a. Its nature (e.g. letter, memorandum, telegram, note, drawing, etc.);
    b. Its specific subject;
    c. By whom it was made and to whom it was directed;
    d. The date upon which it was made; and
    e. Who has possession of the original and all copies.
23.. "Generally accepted professional standards" means those industry standards accepted by a significant majority of professionals in the relevant field, and includes those reflected in the standards of care such as those published by the National Commission on Correctional Health Care (NCCHC) for sentenced inmates.
24. The terms "adequate," "appropriate," and "sufficient" refer to standards established by clinical guidelines promulgated by professional organizations in the relevant field.
25. "Medical staff" means medical professional, nursing, certified medical assistant, and or pharmacy staff.
26. "Serious medical condition" shall be construed to mean any condition that the stated facts, symptoms, injuries, diagnosis, and/or impairments, would equate to a serious medical condition under the following standard: Estelle v. Gamble, 429 U.S. 97, 106, ____ S. Ct. ____ (1976) and/or Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994).
27. "MG" shall be construed to mean Medical Grievance, and "EMG" shall mean Emergency Medical Grievance, and these terms are construed under the DDOC Inmate Grievance Procedures 4.4 during the relevant time of this action.
28. The terms "CC Meds" shall mean Williamson' thyroid medications (e.g. Synthroid or Levothyroxine), and the term CCMI" shall mean Chronic-care medication interruption(s) of said CC Meds.
29. Any term and/or words that are not defined herein shall be construed to mean its plain and ordinary usage as defined in a standard dictionary.
30. "IGP 4.4" and "IGP" shall mean the Inmate Grievance Procedure 4.4 authorized by the DDOC for use at DCC and effective during the relevant period.

## INSTRUCTIONS

1. As used herein, the past tense shall include the present tense and the present tense shall include the past tense. The singular shall include the plural and the plural shall include the singular.
2. If any Discovery Request is answered by reference to a group of documents, with respect to each such answer, identify the specific document or documents containing the respect to each such answer, identify the specific document or documents containing the requested information and, if such information is contained in any document exceeding one page in length, include in the identification of said document the number of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in said interrogatories appears in your answer thereto.
3. If you object to any of the Discovery Requests herein, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:
a. Identify the privileged document or communication;
b. Identify the persons who received or have received the privileged document and/or persons present during the privileged communication;
c. Identify the person who made the privileged document or communications;
d. Identify the general subject matter of the privileged document or communication; and
e. State the basis for your claim of privilege with respect to each such document or communication.

4. If, for reasons other than a claim of privilege, you refuse to admit or deny any request for admission herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a judicial determination of the propriety of such refusal.
5. Rules 33, 34, and 36, and any other applicable rules regarding discovery of the Federal Rules of Civil Procedure are hereby incorporated herein by reference.
6. Each Definition and Instruction above shall be fully applicable to each Discovery Request herein.
7. These Discovery Requests are considered to be continuing in character, and whenever additional information responsive to them, but not supplied in answer of them is obtained or becomes known to defendants, it shall be supplied in writing under oath.
8. With respect to each Discovery Request, keep a record of and report in the response to each the identity of each person who supplied information used in the preparation of the answer.
9. Unless otherwise stated or clearly implied form a particular Discovery Request, the relevant time frame for these Discovery Requests is from 01-01-2003 through and including the time when the answers to those Discovery Requests or any supplement thereto is served.
10. These Definitions and Instructions shall apply to all subsequent discovery requests directed to any defendant who is a party to this action and is incorporate therein as referenced.

## FISRT SET OF ADMISSIONS DIRECTED TO PLANTE on

1. Admitted that Plante attended a formal grievance hearing relating to Williamson's MG #15453 10-06-05.
2. Admitted that the following persons also attended the above listed MG hearing: (a) Lee Anne Dunn, (b) Matthalina Wright, (c) Micheal McCreanor, and/or (d) Nikita Robins of the Delaware Department of Justice (DOJ).
3. Admitted that item #54 of Williamson's amended complaint (complaint) is substantially accurate as it relates to Plante's statements to Williamson at the above listed MG hearing.
4. Admitted that Plante was scheduled to work and/or was present for at the DCC hospital on 11-29-07 on or before 14:00.

## FISRT SET OF ADMISSIONS DIRECTED TO IHUOMA

1. Admitted that Ihuoma was scheduled to provide a Chronic-care Clinic (Clinic), to Williamson on 11-11-05 and/or 11-29-05, but failed to conduct same and/or failed to reorder Williamson's CC Meds [CCMI]. *(thyroid meds)*
2. Admitted that Williamson experienced an <u>interruption</u> of his CC Meds from 12-07-05 until 1-04-06.
3. The CCMI above at item 2 could have been avoided had Ihuoma conducted the 11-11-05 and/or 11-29-05 Clinics, and/or simply be placing a reorder for Williamson's CC Meds. *("CCMI" means Chronic-care med interrup.)*
4. Admitted that the following medical staff were scheduled and/or present at the DCC hospital on 11-29-05 sometime before 13:00: (a) Ihuoma, and (b) Plante.
5. Admitted that Ihuoma provided a physical exam for Williamson on 03-28-06.
6. Admitted that Williamson explained the following to Ihuoma: (a) His current CCMI as of 03-28-06, (b) His current suffering of resurgence of chronic symptoms, (c) Altman's assurances that the CC Meds were in the pharmacy as of 03-22-06, and (d) That Williamson was not however, placed on the medication pick up list.
7. Admitted that Ihuoma failed to secure Williamson's CC Meds despite his pleas.
8. Admitted that Williamson filed a MG 21201 against Ihuoma for her failure to conduct Williamson's 11-11-05 Clinic prior to Ihuoma's second cancellation of Williamson's Clinic on 11-29-05.
9. Admitted that Williamson filed an addendum to MG 21201 after Ihuoma failed to conduct the 11-29-05 Clinic and he sited adverse action by Ihuoma, which is prohibited under IGP 4.4 as retribution.

4

## FISRT SET OF ADMISSIONS DIRECTED TO ALIE

1. Admitted that Alie failed to perform the following: (a) the Lachman knee test and/or (b) the valgus stress test for Williamson's right knee injury (ACL injury).
2. Admitted the following items of the complaint are factually correct as they relate to Williamson's knee related failing and/or collapsing incidents: (a) item #124, and (b) item #127.
3. Admitted that Williamson experienced a fall/collapsing injury related to his ACL injury on 02-10-07, of which resulted in Williamson having to be placed under medical observations for the head injury he received.
4. Admitted that Alie countermanded a prior doctor's order and/or recommendation for Williamson's ACL injury to have an MRI.
5. Admitted that the following is correct: (a) Williamson's ACL injury never healed on its own, (b) That the ACL injury did progressively worsen and/or cause further damage to the knee area (e.g. meniscus discs, etc.), (c) That the ACL injury was permanent, and (d) That the ACL injury had to receive reconstructive surgery to repair.

_David W_____                                              9-18-07
David Williamson, SBI #183022                                Date
W-1, L-12, 1181 Paddock Rd.
Smyrna, DE 19977

CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. Plaintiff's first set admissions directed to def's Plante, Ihuoma Chuks, and Alie.

2. Plaintiff's combined first set of interrogatories & production of documents directed to Chuks and Alie.

By placing same in a U.S. Mail receptacle on the __18__ day of __Sept.__ 200_7_.

~~Daniel McKently, Esq.~~
~~(Counsel for FCM, Inc.)~~
~~1225 N. King St., Suite 1100~~
~~Wilmington, DE 19809-0397~~

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

N/A

David W——
David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977