IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON,<br>    Plaintiff,<br>    v.<br>CORRECTIONAL MEDICAL SERVICES, Inc, et al,<br>    Defendants. | )<br>)<br>)   C.A. 06-379-SLR<br>)<br>) |

PLAINTIFF'S REVISED FIRST SET OF COMBINED INTERROGATORIES AND PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT ZIMBAL

COMES NOW, plaintiff, Williamson pursuant to the appropriate Fed. R. Civ. P., Local Rule, and or case authority. Williamson attests that the instant discovery request is made in good faith, not meant to harass, inconvenience, or be overly burdensome to defendants or to delay these proceedings in any manner. Williamson requests defendant Alan Zimbal (Zimbal) to respond to the following interrogatories and produce the following production of documents, where required under the applicable rules, under oath, within thirty-days of the date of service.

## DEFIITIONS

1. If any of these discovery requests cannot be answered completely, answer the discovery request to the extent possible, and specify the reasons for your inability to completely answer.
2. This discovery request is a continuing one. If, after responding, you become aware of nay further information responsive to these (interrogatories, admissions, and/or production of documents); you are required to supplement your answer.
3. "Complaint" shall mean and refer to the Complaint filed by plaintiff in the above captioned action, and action shall be employed interchangeably with complaint.
4. "You" and "Your" means the party to whom these Requests were propounded and includes anyone authorized to or purporting to act on its behalf, including but not limited to officers, directors, employees, successors, parent corporations, subsidiary corporations, attorney, agents, or other representative.
5. "Discovery Requests" means, collectively,    First Set of Interrogatories, Admissions, and Production of Documents Directed to defendant First Correctional Medical, Inc.
6. "FCMI" shall mean First Correctional Medical, Inc, and "FCM" shall mean First Correctional Medical-Delaware, LLC, and "CMS" shall mean Correctional Medical Services, Inc.
7. "DCC" shall mean Delaware Correctional Center, and "DDOC" shall mean Delaware Department of Corrections.
8. "Identify" when used with reference to a natural person means to state his or her full name, present or last known address, present of last known position or business position and address, and position of business affiliation at the time in question.
9. The term "all" includes the word "any" and the word "any" includes "all." The terms "all" and "each" shall be construed as each and all.
10. The terms "communication" or "communications" shall mean and refer to, without limitation, any document, statement, or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters,

telecopys, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

11. The term "document" as used herein is employed in the broadest possible sense under Rule 34 to include any medium upon which information is recorded or preserved, by whomever generated or received, and means without limitation, any written, printed, typed, Photostatted, emailed, photographed, recorded, taped, or otherwise reproduced communication, compilations, or reproductions including computer generated or stored information or date, whether assertedly privileged or not and including all copies or drafts of any document which differs (by annotation or otherwise) in any respect from the original.

12. The term "including" shall be construed to mean "including without any limitation."

13. The terms "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of nay type.

14. The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e. to bring within the scope of the request all response that otherwise might be construed to be outside the scope of the request.

15. The terms "relate" or "relating to" as used herein shall mean concerning, involving, consisting of, alluding to, referring to, appertaining to, regarding, reflecting, evidencing, having any logical or factual connection with or tending to prove or disprove the matter discussed.

16. The terms "you" and "your" shall mean the party to which these requests are directed.

17. The terms "describe" or "description" when used in connection with any act, accounting, action, activity, audit, practice, process, occurrences, plan, communication, conference, discussion, development, service, transaction, test, negotiation, instance, incident, or event, mean to furnish a detailed account of the matters referred to, including the following information:

    a. Its general nature;

    b. The time and place thereof;

    c. A chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof;

    d. The identity of each person who performed any function or who had any role in connection therewith (i.e. speaker, participant, contributor of information, witness, etc), or who has any knowledge thereof, together with a description of each such person's function, role or knowledge;

    e. The identity of each document which refers thereto or which was used, referred to or prepared in the course of or as a result thereof; and

    f. The identity of each communication, whether oral or written, which was a part thereof or which referred thereto.

18. The terms "describe" or description" when used in connection with any calculation, computation, amount or figure means to provide:

    a. A detailed explanation of its meaning;

    b. A detailed explanation of the manner in which it was derived, including an itemization of all subcategories included therein;

    c. The identity of each person who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a description of each such person's function, role, or knowledge;

    d. The identity of each document which refers thereto or which was used referred to or prepared in the course of as a result thereof; and

   e. The identity of each oral communication which occurred in the course of the preparation thereof or which referred thereto.
19. When asked to provide or state a "factual basis" the term "factual basis" means to provide in detail all facts related to the matter, including the following;
   a. Each item of information upon which the allegation, contention, claim, or demand to which it pertains is based, including a full description thereof;
   b. With respect to each such item of information, the identity of each person having knowledge and each source thereof, including each document, communication, act, action, activity, accounting, negotiation, practice, process, occurrence, occasion, course of conduct, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event, audit, calculation, and computation, upon which respondent relies with respect thereto.
20. The terms "identify," identification," or "identity" as applied to a person means to provide:
   a. When used in reference to a natural person: full name; present or last known address (both residence and business and telephone numbers), present or last known business affiliation; and present of last known business positions (including job title and description of job functions, duties, and responsibilities);
   b. When used in reverence to any entity other than a natural person: Its full name; the address and telephone number of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated; the identity of all persons who acted and/or who authorized another to act on its behalf in connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and
   c. In the case of an entity other than a corporation, the identities of its partners or principals or all persons who acted or who authorized another to act on its behalf in connection with the matters referred to.
21. The term "identify," identification," or "identity" as applied to an oral communication means to provide the following information:
   a. By whom it was made and to whom it was directed;
   b. Its specific subject;
   c. The date upon which it was made;
   d. All persons who were present when it was made; and
   e. Whether it was recorded, described, or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.
22. The terms "identify," identification," or "identity" as applied to a written communication or document means to provide the following:
   a. Its nature (e.g. letter, memorandum, telegram, note, drawing, etc.);
   b. Its specific subject;
   c. By whom it was made and to whom it was directed;
   d. The date upon which it was made; and
   e. Who has possession of the original and all copies.
23.. "Generally accepted professional standards" means those industry standards accepted by a significant majority of professionals in the relevant field, and includes those reflected in the standards of care such as those published by the National Commission on Correctional Health Care (NCCHC) for sentenced inmates.
24. The terms "adequate," "appropriate," and "sufficient" refer to standards established by clinical guidelines promulgated by professional organizations in the relevant field.
25. "Medical staff" means medical professional, nursing, certified medical assistant, and or pharmacy staff.

10. These Definitions and Instructions shall apply to all subsequent discovery requests directed to any defendant who is a party to this action and is incorporate therein as referenced.

## COMBINED INTERROGATORIES / PRODUCTION OF DOCUMENTS

1. Identify and describe any dental treatment that Zimbal provided and/or administered to Williamson on the following dates:
    a. 12/07/05,
    b. 1-11-06,
    c. 2-14-06, and
    d. 2-21-06.

2. Identify and describe the medical/dental factors that Zimbal relied upon regarding the treatments provided and/or administered to Williamson on the following dates:
    e. 12/07/05,
    f. 1-11-06,
    g. 2-14-06, and
    h. 2-21-06.

3. Identify and produce any and all documents relating to the generally accepted professional standards for treating the following –including any recommendations made by the National Commission on Correctional Health Care (NCCHC):
    a. Periodontal infection;
    b. An abscessed tooth;
    c. Periodontal disease;
    d. A broken tooth, which is sheared down to the gum line.

4. Identify and produce any and all documents of generally accepted professional standards regarding any health risks relating to periodontal disease and periodontal infections.

5. Identify and produce any and all documents, writings upon which you/or your attorney intends to rely in any way at trial.

6. Identify and describe Zimbal's current relationship with CMS.

Respectfully,

*David W*                                                                      9-10-07

David Williamson, SBI #183022                                                  Date
1181 Paddock Rd.
Smyrna, DE 19977

From: David Williamson
I# 183022    UNIT W-1 S.L C-21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570