IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON,                          :
                                           :
        Plaintiff,                         :
                                           :        C.A. No.: 06-379 SLR
    V.                                     :
                                           :        TRIAL BY JURY OF TWELVE
CORRECTIONAL MEDICAL SERVICES, INC.,       :        DEMANDED
C. MALANEY, DONNA PLANTE, MAGGIE           :
BAILEY, CHUKS IHUOMA, DR. SITTA ALIE,      :
DR. ZIMBAL, MICHELLE ROBINSON,             :
JUANITA CLARK, DENTIST JANE JOE, and       :
FIRST CORRECTIONAL MEDICAL,                :
                                           :
        Defendants.                        :

## DEFENDANT IHUOMA CHUKS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

**TO:**  David W. Williamson, *pro se* Plaintiff.

Pursuant to Fed. R. Civ. P. 33, you are hereby requested to answer all Interrogatories in the space provided beneath each Interrogatory. If there is insufficient space to answer any Interrogatory, the remainder of the answer shall follow on a supplemental sheet.

The Answers to Interrogatories shall be served on all interested parties within thirty (30) days after service of the attached Interrogatories.

These Interrogatories shall be deemed continuing so as to require supplemental Answers between the time answered and the time of trial.

Pursuant to Fed. R. Civ. P. 34, all documents requested to be produced are to be attached to the Answers to Interrogatories. In the event that the requested documents cannot be attached to the Answers to Interrogatories, you are to indicate when and where the requested documents

can be inspected and the reason why they could not be attached to the Answers to Interrogatories.

Pursuant to Fed. R. Civ. P. 26, all Interrogatories shall be answered with the limitation that the answers need not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.

## INSTRUCTIONS FOR INTERROGATORIES

A.      Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences complained of in the pleadings.

B.      Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, the party's attorneys.

C.      If you object to any interrogatory or any portion thereof, specify the Interrogatory and state all reasons for the objection thereto and respond in full to any portion to which you do not object.

D.      If you believe that any of the following interrogatories call for information or documents subject to a claim of privilege, answer or produce so much as is not objected to, state the part of each discovery request to which you raise an objection, and set forth the basis for your claim of privilege with respect to such information as you refuse to give, including a statement identifying the nature of the information withheld.  For each document as to which you claim privilege, set forth the date of the communication, the names of the communicants, names of other parties who participated in, overheard, were sent copies, or became privy to the

communication, the subject matter of the communication, and the capacity in which each communicant was acting at the time of the communication.

E.    All verbs include all tenses.  "All" means "any and all," "any" means "any and all."  "Including" means "including but not limited to."  "Any" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

F.    The singular shall refer to the plural and the plural shall refer to the singular.

G.    These interrogatories shall be deemed to be continuing, so as to require supplemental answers where you or your attorneys come into possession of knowledge or information, responsible to these interrogatories, which has not previously been supplied.  Such supplemental answers are to be served before trial and within a reasonable time after the information or knowledge is obtained.  The date such additional knowledge came into your possession shall be specified, and also the identity of the individual(s) who furnished such additional knowledge or information to the person preparing the information.

H.    These Interrogatories are to be answered pursuant to Federal Rule of Civil Procedure No. 33 within thirty (30) days of service hereof.

I.    Please answer in the space provided after each question, and use supplemental document only if space provided is inadequate.

## DEFINITIONS FOR INTERROGATORIES

A.    "Identify" means when used in reference to:

(1)  A natural person – his or her full name and present or last known business and home address.

(2)  A company, corporation, association, joint venture, sole proprietorship, firm, partnership, or any other business or legal entity not a natural person – its full name now and at

the time in question, and its principal place of business now and at the time in question.

(3)  A document – its character (e.g., letter, memorandum, report, etc.), its title, date, author, addressee, all distributees, and its subject matter.

(4)  Any other thing – a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

When an interrogatory uses the words:  "identify," the party served with the interrogatory must identify all documents, things and persons known to that party or to that party's attorney, and the addresses of all person(s) identified must be set forth.

B.    The term "person" or "persons" include not only natural persons, but also public and private corporations, proprietorships, partnerships, governmental entities, associations, organizations, groups or divisions, plus any departments or units thereof.

C.    "Document" means any papers, writings, things, or records of any type or source of authorship in Plaintiff's possession, custody or control, or of which Plaintiff has knowledge, wherever located, however produced or reproduced, and whether a draft, original or  copy.  By way of illustration and not limitation, the term "documents" shall include memoranda of telephone conversations or interviews, minutes, summaries or other records of any meetings, discussions or conferences; as well as other notes, reports, records, data, memoranda, insurance policies, correspondence, notebooks, scrapbooks, diaries, minutes, summaries, financial statements, ledgers, magnetic tape or other sound recordings, telegrams, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer printouts, computer records, computer discs, computer tapes, photographs, photograph negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications,

and any other retrievable intelligence, however, recorded, memorialized or preserved. Any original or copy containing thereon or having attached thereto any alterations, notes, comments, or other material not included in each other original or copy shall be deemed a separate document within the foregoing definition.

D.    Where the context allows, the terms "and" and "or" shall mean "and/or," the plural of a word shall include the singular, the singular of a word shall include the plural, the past tense of a verb shall include the present, the present tense of a verb shall include the past, and the masculine shall include the feminine, so as in all cases to require the broadest response.

E.    "Relate" or "relating" means, in addition to the customary and usual meaning of these terms, discuss or discussing, refer or referring, mention or mentioning, reflect or reflecting, pertain or pertaining, assess or assessing, record or recording, comprise or comprising, consist of or consisting of, evaluate or evaluating, analyze or analyzing, in whole or in part, directly or indirectly.

F.    "You" shall mean Plaintiff, David Williamson and any agent or person purporting to act on your behalf.

G.    "Defendant" shall mean Ihuoma Chuks, or any of the Defendants identified in Plaintiff's Complaint and subsequent Amendments as well as their agents and employees or persons acting or purporting to act on their behalf.

H.    To the extent an identification of a document is sought herein and it was, but is no longer, in your possession, or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of. In each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, the contents of the document, and the person who authorized the transfer, destruction or other disposition of the documents.

I.      If any information called for by an interrogatory herein is withheld because you claim that such information is contained in a privileged document or communication:

        (1)    Identify each such document or communication;

        (2)    State the basis upon which the privilege is asserted;

        (3)    State the paragraph of the interrogatory to which each such document and communication is responsive; and

        (4)    Identify each person (other than the attorneys representing Defendant in this action) to whom the contents of each such document and communication has heretofore been disclosed, either orally or in writing.

J.      "Premises" or "property" shall mean the Delaware Correctional Center and/or any other location wherein you alleged acts were performed making defendant(s) liable to you.

K.      "Incident" shall mean the incident alleged in Plaintiff's Complaint and any amendments thereto to have occurred on during the time incorporated in the pleadings.

## INTERROGATORIES

1.  Give the names and last known addresses of all other persons who have knowledge of the facts alleged in the pleadings.

    ANSWER:

2.  If you contend that your civil rights have been violated, please identify each action performed by Ihuoma Chuks that you claim constitutes a violation, when the action was

performed, what civil right or rights were violated by such action, and state all facts upon which you base each claim of violation.

**ANSWER:**

3. State your employers' name and address, dates of employment, and location of employment from 1997 to the present.

**ANSWER:**

4. If you have been convicted of, or plead guilty to, any crime, please state the date of conviction or plea, the Court where the judgment or plea was entered, and the crime for which you were convicted or plead, and the sentence imposed for such conviction or plea.

**ANSWER:**

5. Please list all doctors and/or health care professionals who treated or examined you from 1990 to the present, stating their names, addresses, phone numbers, specialties, if any, and the symptoms for which you treated with each doctor or health care professional.

**ANSWER:**

6. If you attribute any physical, mental or emotional injuries to the claimed violations of your civil rights, please identify each such injury, the area of your body affected and how it was affected and date when such area of your body became affected.

**ANSWER:**

7. If you have received treatment from any healthcare provider for any injury you attribute to the alleged violation of your civil rights please identify the healthcare provider, the dates upon which you received treatment and the charges incurred to date.

**ANSWER:**

DE092153.1

8. Please identify each person who has assisted you in preparation of any pleadings (including these Answers to Interrogatories) in the above litigation, indicating the person or persons' name(s), address(es), phone number(s) and describe in detail how they assisted you in preparing any pleadings.

**ANSWER:**

9. What educational instruction have you received from 1990 to the present, indicating which institution offered the education, the subject matter in which you received education, and the date of receiving of any such education.

**ANSWER:**

10. If you are claiming the right to receive money, please indicate the amount of money you are claiming and detail how you arrived at that amount.

**ANSWER**:

11. If you have ever been a party in any other civil lawsuits, either as a plaintiff or defendant, please indicate the Court which adjudicated the case, a general description of the claims that involved you and how those claims resolved and when they resolved.

**ANSWER**:

12. State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and, as to each, state the dates of initial employment, the date or dates of any reports, letters or other writings prepared by such person, a brief description of such writing (as two page letter, three page report, etc.) and the names and addresses of all persons having copies of them.

ANSWER:

13. With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state:

    (a)     the subject matter on which the expert is expected to testify;

    (b)     the substance of the facts and opinions to which the expert is expected to testify;

    (c)     a summary of the grounds for each such opinion.

ANSWER:

14. Insofar as you intend to introduce into evidence any expert testimony concerning past or future loss of income or earning power or the present value of a sum of money concerning a future loss or expense and such evidence will be introduced through an expert economist or actuary, state the name and address of such expert and, as to each such person named, state a specific description of the losses for which such calculations are being made (as for instance, present value of the loss of future earnings, present value of future medical expenses, etc.) and describe in detail precisely the manner in which the person reached his conclusions showing the mathematical calculations involved and insofar as such person has prepared any report, memoranda, or any other matter in writing showing in whole or in part his conclusions or the facts on which such conclusions were based, state the date of such writing and the names and addresses of persons having copies of it.

ANSWER:

15. Please list all witnesses who will testify at trial, stating their names, ages, addresses, employment or occupation, phone numbers, relationship to you, and the facts of which they are expected to testify.

ANSWER:

16.  If you claim that Ihuoma Chuks violated any statute, State or Federal, or any regulation, code requirements or other mandatory instruction from any government authority whatsoever, specify in sufficient detail to enable the defendant to locate such statute, regulation, rule, code provision or mandatory instruction, the authority issuing it, and describe specifically the manner in which it was violated.

ANSWER:

17.  If you claim the right to recover in this litigation for any damage to any property of any kind whatsoever, describe such property damage in detail and the manner in which it was damaged, the amount you claim the right to recover as a result of such damages and the manner in which you calculated that amount.

ANSWER:

18.  State whether you are willing to execute a written medical authorization to inspect the records of hospitals and doctors who have rendered any medical treatment as a result of this accident.  If the answer is "yes", please execute two copies of the medical authorization attached to these interrogatories.

ANSWER:

19.  Give the names and addresses of all doctors or health care professionals who have been your family physician and dental care providers either at the present time or in the past and the years in which said doctors or professionals treated you, as well as the ailments for which said family physician or professional treated you or attended you.

ANSWER:

20.  Have you had an operations during your lifetime?  If so, state the type of operation; the date when the operation was performed; the name and address of the physician who performed the operation and the name and address of the hospital where the operation was performed.

ANSWER:

21.    In general terms, please described your routine dental practices for the past five
       years.

ANSWER:

22.  Please list every administrative petition or request filed by you or on your behalf for each claim that is the subject of this lawsuit, indicate when it was filed and with which administrative body or authority, the subject matter of the petition or request, the final disposition of the petition or request and the date of the final disposition.

ANSWER:

23.  Please indicate whether you have any remuneration, money, income, or benefits from any defendant you have sued in this litigation and indicate what you received, if money, what amounts, the date of receipt of the remuneration, money, income, or benefits, and the payor of the remuneration, money, income, or benefits.

ANSWER:

24.     As for each action you allege was performed by Ihuoma Chuks, please indicate

what damages, injuries, or claims you allege were proximately caused by the

action.

ANSWER:

Marks, O'Neill, O'Brien & Courtney, P.C.

By: _____

Patrick G. Rock, Esquire (I.D. No. 4632)
Megan T. Mantzavinos, Esquire (I.D. No. 3802)
913 North Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendant*

DATED: 9/27/07

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON,                              :
                                               :
          Plaintiff,                           :
                                               :
                                               :    C.A. No.: 06-379 SLR
          V.                                   :
                                               :    TRIAL BY JURY OF TWELVE
CORRECTIONAL MEDICAL SERVICES, INC.,           :    DEMANDED
C. MALANEY, DONNA PLANTE, MAGGIE               :
BAILEY, CHUKS IHUOMA, DR. SITTA ALIE,          :
DR. ZIMBAL, MICHELLE ROBINSON,                 :
JUANITA CLARK, DENTIST JANE JOE, and           :
FIRST CORRECTIONAL MEDICAL,                    :
                                               :
          Defendants.                          :

## <u>VERIFICATION AS TO ANSWERS</u>

I hereby declare under penalty of perjury that the attached Plaintiff's Answer to Interrogatories Directed to Plaintiff by Ihuoma Chuks are true and correct.

_____          _____
David W. Williamson                                      Date

# AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
## IN ACCORDANCE WITH 45 CFR 164.508(a)

Patient Name:_____

Date of Birth_____ Social Security No._____

1. I authorize the use or disclosure of the above named individual's health information as described below.
2. The following individual or organization is authorized to make the disclosure:

_____

Address: _____

3. The type and amount of information to be used or disclosed is as follows: (include dates where appropriate)
☐ complete file of entire chart
☐ incoming and outgoing correspondence
☐ problem list
☐ medication list

☐ list of allergies
☐ immunization record
☐ most recent history and physical
☐ most recent discharge summary

☐ laboratory results         from (date) _____ to (date) _____
☐ x-ray and imaging reports  from (date) _____ to (date) _____
☐ consultation reports       from (doctors' names) _____
☐ other _____
_____

4. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5. This information may be disclosed to and used by the following individual or organization: **Representative of Marks, O'Neill, O'Brien & Courtney, 913 N. Market St., Suite 800, Wilmington, DE 19801** for the purpose of: information pertaining to pending civil litigation.

6. I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the Records Custodian of the health care provider listed in Paragraph (2) above. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event or condition: _____. If I fail to specify an expiration date, event or condition, this authorization will expire in 180 days.

7. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.

8. I understand that a photocopy of this signed authorization is as valid as the original.

_____         _____
Signature of Patient or Legal Representative              Date

_____         _____
If Signed by Legal Representative, Relationship to Patient    Signature of Witness

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON,          :
                                   :

        Plaintiff,          :

                                   :     C.A. No.: 06-379 SLR

        v.                   :

                                   :     TRIAL BY JURY OF TWELVE

CORRECTIONAL MEDICAL SERVICES, INC.,  :     DEMANDED

C. MALANEY, DONNA PLANTE, MAGGIE     :

BAILEY, CHUKS IHUOMA, DR. S. ALIE,     :

DR. ZIMBULL, MICHELLE ROBINSON,     :

JUANITA CLARK, DENTIST JANE JOE, and  :

FIRST CORRECTIONAL MEDICAL,      :

                                   :

        Defendants.      :

---

## CERTIFICATE OF SERVICE

---

I, Patrick G. Rock hereby certify that on September 27, 2007, I electronically filed Ihuoma

Chuks Interrogatories Directed to Plaintiff with the Clerk of Court using CM/ECF which will send

notification of such filing(s) to the following:

James Edward Drnec, Esquire         Daniel L. McKenty, Esquire
Balick & Balick, LLC               Heckler & Frabizzio
711 North King Street             800 Delaware Avenue, #200
Wilmington, DE 19801            Wilmington, DE 19801
(302) 658-4265                  *Attorneys for Defendant First Correctional*
*Attorney for Defendant Dr. Zimbull*    *Medical*

I have served same via first class US mail, postage prepaid, two copies to the Pro Se

Defendant:

Mr. David W. Williamson
SBI# 183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977


/s/ Patrick G. Rock
Patrick G. Rock, Esquire (I.D. No. 4632)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

DE085638.1