IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID WILLIAMSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-379 SLR |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | |
| CHRISTINE MALANEY, DONNA PLANTE, | : | TRIAL BY JURY OF |
| MARGARET LOVE, CHUKS IHUOMA, DR. | : | TWELVE DEMANDED |
| SITTA C. ALIE, DR. ALAN ZIMBAL, | : | |
| MICHELLE ROBINSON, JUANITA CLARK, | : | |
| DR. CARLA KIONKE and FIRST | : | |
| CORRECTIONAL MEDICAL, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT SITTA GOMBEH-ALIE'S MOTION IN
OPPOSITION TO MOTION TO ENTER DEFAULT JUDGMENT**

COMES NOW, the Defendant Dr. Sitta Gombeh-Alie, by and through her counsel, and hereby Moves this Honorable Court to enter an Order DENYING Plaintiff's Motion for default judgment. In support of her Motion, Defendant offers the following:

1. Defendant Dr. Gombeh-Alie has requested an Enlargement of Time to File a Response to the Motion to Enter Default on September 27, 2007 and in that motion set out facts regarding why the Answer to Complaint of Dr. Gombeh-Alie had not been filed until September 5, 2007. See D.I. 185.

2. Defense counsel wishes to correct paragraph 15 of that Motion in that Dr. Gombeh-Alie was not on vacation in July as counsel indicated. Counsel was confused as to dates and was incorrect to state that Dr. Gombeh-Alie was on vacation in July as a reason why defendant could not have been served with process.

3. However, Dr. Gombeh-Alie does swear that she does not believe she was served with process and she is certain that she was not served at 640 Queen Street, Dover, Delaware on July 26, 2007. See Affidavit of Dr. Sitta Gombeh-Alie attached as exhibit A.

4. One reason Dr. Gombeh-Alie knows she wasn't served at that address is that as of June 30, 2007, Dr. Gombeh-Alie did not work at 640 Queen Street, Dover, Delaware.

5. Federal Rules of Civil Procedure Rule 55 (b) provides: "when a party has failed to appear, plead or otherwise defend, as provided by these Rules, and that fact is made to appear, judgment by default *may* be entered . . . ." [emphasis added]. Whether a default judgment shall issue is in the Court's discretion.

6. The Third Circuit has adopted a policy of disfavoring default judgments and encouraging decisions on the merits. *See Harad v. Aetna Casualty & Surety Company*, 839 F.2d 979, 982 (3d Cir. 1988); *Jones v. Kearney*, 2000 WL 1876433 (D. Del.).

7. The Third Circuit has noted that "a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that '(a)ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245-46 (3d Cir. 1951)).

8. Default is a disfavored manner in which to resolve litigation and Plaintiff has failed to demonstrate any prejudice which would result from allowing this case to proceed on the merits. Additionally, the Defendant respectfully argues that she has plead meritorious defenses and that the delay in responding to the complaint occurred through no fault of the individual defendant. According to the standards for setting aside default judgments, the Defendant

would be entitled to have any default judgment set aside.

9. Plaintiff has failed to identify how he would suffer any prejudice by denying his motion for default judgment. The effect of denial of his motion would be to allow the case to proceed and permit Plaintiff the opportunity to litigate his claim.

10. Furthermore, Plaintiff's claim is based on rights which are not legally cognizable. Plaintiff alleges that he was denied adequate medical treatment and that tests were not performed by Dr. Gombeh Alie that should have been performed. Those claims amount to claims of Medical Negligence, not claims that Dr. Gombeh-Alie was deliberately indifferent to a serious medical need.

11. In order to state a claim for a violation of the Eighth Amendment in a case alleging inadequate medical treatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*citing Trop v.Dulles*, 356 U.S. 86, 101 (1958)).

12. The *Estelle* test has two components, the first of which requires that the plaintiff shows a serious medical need. *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987) (quotations and citations omitted), *cert. denied*, 486 U.S. 1006 (1988). To satisfy the "deliberate indifference" portion of the *Estelle* test, a plaintiff must allege that a defendant either acted with reckless disregard for, or with actual intent to disregard, his medical condition. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). In *Farmer v. Brennan*, the Supreme Court set forth a subjective standard for the purpose of determining deliberate indifference:

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the

       official knows of and disregards an excessive risk to inmate health and safety; the official must be aware of facts from which there could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
511 U.S. 825, 834 (1994).

13. "Thus, under this prong, a prisoner must show not only that the official knew of the serious medical need, but also that he or she consciously disregarded it." *Waller v. O'Day*, Civ. A. No. 96-45 RRM, McKelvie, J., slip op. at 9 (D. Del. 1996)(citation omitted). Plaintiff fails to identify an act or omission with deliberate indifference performed by Dr. Gombeh Alie that would state a claim under the Eighth Amendment. As *Estelle* explains, "mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Estelle*, *supra*, n. 21. *See also*, *Fitzgerald v. Septer*, 1998 U.S. Dist. LEXIS 23397, C.A. No. 97-663-JJF at 2 (D. Del. July 27, 1998) (holding that claim alleging mere dissatisfaction with medical care administered to prisoner is insufficient to support cognizable claim under §1983).

14. Plaintiff's claim is non-meritorious *ab initio.* He cannot possibly establish that the delay in responding to his complaint has prejudiced his ability to litigate or recover. Moreover, Defendant has appeared and plead defenses to plaintiff's claims; therefore plaintiff's claim for default judgment is moot.

**WHEREFORE**, for the herein above reasons, Defendant respectfully requests that this Court enter an Order DENYING Plaintiff's Motion for Default Judgment against Dr. Sitta Gombeh-Alie.

                Respectfully Submitted,
                Marks, O'Neill, O'Brien & Courtney, P.C.

By:  */s/ Patrick G. Rock, Esquire*
       Megan T. Mantzavinos, Esquire (ID No. 3802)
       Patrick G. Rock, Esquire (ID No. 4632)
       913 North Market Street, #800
       Wilmington, DE 19801
       (302) 658-6538
       *Attorney for Defendant Dr. Gombeh-Alie*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID WILLIAMSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No.: 06-379 SLR |
| V. | : | |
| | : | TRIAL BY JURY OF TWELVE |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | DEMANDED |
| C. MALANEY, DONNA PLANTE, MAGGIE | : | |
| BAILEY, CHUKS IHUOMA, DR. S. ALIE, | : | |
| DR. ZIMBULL, MICHELLE ROBINSON, | : | |
| JUANITA CLARK, DENTIST JANE JOE, and | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF MOTION**

TO:  David Williamson  
　　　SBI #183022, W-1, L-12  
　　　1181 Paddock Road  
　　　Smyrna, DE 19977

　　　James Edward Drnec, Esquire  
　　　Balick & Balick, LLC  
　　　711 North King Street  
　　　Wilmington, DE 19801  
　　　(302) 658-4265  
　　　*Attorney for Defendant Dr. Zimbull*

Daniel L. McKenty, Esquire  
Heckler & Frabizzio  
800 Delaware Avenue, #200  
Wilmington, DE 19801  
*Attorneys for Defendant First Correctional Medical*

PLEASE TAKE NOTICE that the attached motion in opposition to enter default will be heard at the convenience of the court before the honorable Sue L. Robinson, the Judge assigned to this case.

DE092788.1

Marks, O'Neill, O'Brien & Courtney, P.C.


By: */s/ Patrick G. Rock, Esquire*
    Megan T. Mantzavinos, Esquire (ID No. 3802)
    Patrick G. Rock, Esquire (ID No. 4632)
    913 North Market Street, #800
    Wilmington, DE 19801
    (302) 658-6538
    *Attorney for Defendant Sitta Gombeh-Alie*

DE092788.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, : | |
| : | |
| Plaintiff, : | |
| : | C.A. No.: 06-379 SLR |
| v. : | |
| : | TRIAL BY JURY OF TWELVE |
| CORRECTIONAL MEDICAL SERVICES, INC., : | DEMANDED |
| CHRISTINE MALANEY, DONNA PLANTE, : | |
| MARGARET LOVE, CHUKS IHUOMA, DR. S. : | |
| ALIE, DR. ALAN ZIMBAL, MICHELLE : | |
| ROBINSON, JUANITA CLARK, DR. CARLA : | |
| KIONKE and FIRST CORRECTIONAL : | |
| MEDICAL, : | |
| : | |
| Defendants. : | |

_____
**ORDER**
_____

HAVING READ THE DEFENDANT'S MOTION to Enlarge Time to File Response to Motion to Enter Default and Any Responses thereto, IT IS ORDERED, that the Defendant shall have until _____, 2007, to file a Response to the Motion to Enter Default against Dr. Sitta Gombeh-Alie.

_____          _____
Date                                                                               J.

DE092086.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, : | |
|       Plaintiff, : | |
| V. : | C.A. No.: 06-379 SLR |
| : | TRIAL BY JURY OF |
| CORRECTIONAL MEDICAL SERVICES, INC., : | TWELVE DEMANDED |
| C. MALANEY, DONNA PLANTE, MAGGIE : | |
| BAILEY, CHUKS IHUOMA, DR. S. ALIE, : | |
| DR. ZIMBULL, MICHELLE ROBINSON, : | |
| JUANITA CLARK, DENTIST JANE JOE, and : | |
| FIRST CORRECTIONAL MEDICAL, : | |
|       Defendants. : | |

**AFFIDAVIT**

STATE OF DELAWARE    :
                     :
COUNTY OF KENT       :

BE IT REMEMBERED that on this 4th day of Oct, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, Sitta Gombeh-Alie, MD, personally known to me as such, and being duly sworn according to law, did depose and say as follows based on personal knowledge:

1. I am over the age of eighteen and competent to make this Affidavit.

2. I am a medical doctor who has worked as an independent contractor for First Correctional Medical from about 2003 to June 30, 2005 and for Correctional Medical Services at the Delaware Correctional Center (DCC) in Smyrna, Delaware from July 1, 2005 to about November 2006.

3. After my professional relationship with Correctional Medical Services ended in November 2006, I began working for Family Health in Dover, Delaware.

{DE091458.1}                                1

While working at Family Health in Dover, Delaware, I worked at the Dover Walk-In Clinic located on 640 Queen Street, Dover, Delaware.

4. I stopped working at the Dover Walk-In Clinic as of June 30, 2007, when I began to work as a resident at a local hospital.

5. I was never served with any legal papers regarding David Williamson at 640 Queen Street, Dover, Delaware.

6. Due to my work as a doctor at the prison I have been sued by a number of inmates for various reasons, but I have never been held liable in any cases.

7. I had received paperwork in the mail regarding this lawsuit, but I thought it related to another lawsuit and I thought the firm of McCullough and McKenty was handling the lawsuit for me.

8. I did not realize that I had to answer the lawsuit filed by David Williamson until Patrick Rock, Esquire, wrote to me and told me that a Motion for a Default had been filed.

9. I do not believe I was ever served the Complaint or Summons at any address and I am certain that I was never served any paperwork at 640 Queen Street, Dover, Delaware.

10. I have not been deliberately indifferent to any of Mr. Williamson's serious medical needs and I have valid defenses to the claims against me.

The above information is true and correct to the best of my knowledge and belief.

_____
Sitta Gombeh-Alie, MD.

SWORN TO and SUBSCRIBED before me the day and year first above written.

_____Jane C. Paradise_____, NOTARY PUBLIC

JANE C. PARADISE
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES
February 23, 2009

{DE091458.1}                                    2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID WILLIAMSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No.: 06-379 SLR |
| v. | : | |
| | : | TRIAL BY JURY OF TWELVE |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | DEMANDED |
| CHRISTINE MALANEY, DONNA PLANTE, | : | |
| MARGARET LOVE, CHUKS IHUOMA, DR. S. | : | |
| ALIE, DR. ALAN ZIMBAL, MICHELLE | : | |
| ROBINSON, JUANITA CLARK, DR. CARLA | : | |
| KIONKE and FIRST CORRECTIONAL | : | |
| MEDICAL, | : | |
| | : | |
| Defendants. | : | |

_____

**CERTIFICATE OF SERVICE**
_____

I, **Patrick G. Rock** hereby certify that on **October 8, 2007,** I electronically filed a Notice of Motion/ Motion in Opposition to Motion to Enter Default Against Dr. Sitta Gombeh-Alie with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| James Edward Drnec, Esquire | Daniel L. McKenty, Esquire |
| Balick & Balick, LLC | Heckler & Frabizzio |
| 711 North King Street | 800 Delaware Avenue, #200 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 658-4265 | *Attorneys for Defendant First Correctional* |
| *Attorney for Defendant Dr. Zimbal* | *Medical* |

I have served via first class mail two copies of the Defendant's Answer to Complaint to the *Pro Se* Plaintiff:

DE092787.1

Mr. David W. Williamson
SBI# 183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

                                                */s/ Patrick G. Rock*
Patrick G. Rock, Esquire (I.D. No. 4632)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant Gombeh-Alie*

DE092787.1