IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) | |
| Defendants. | ) | |

RECEIVED OCT - 9 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

PLAINTIFF'S OBJECTION TO AND MOTION TO STIRIKE DEFENDANT ALIE'S REQUEST FOR ENLARGMENT OF TIME TO RESPOND TO WILLIAMSON'S MOTION FOR DEFAULT

Comes Now, Plaintiff, Williamson pursuant to the Fed. R. Civ. P., rule 12 (f), and 15 (a) & (b), and 46, and/or any applicable Del. Local Rules and case authority, and does hereby object to Alie's request for an enlargement of time to respond to Williamson's properly filed motion for default. Williamson offers the following:

(a) Alie's motion for enlargement of time violates the filing requirements of rules 6 (a) and (b); and

(b) Alie's stated facts in support thereof are belied by the record, incongruous, and disingenuous in that she attempts to dupe the Court and usurp established rules of the Court, and Alie's bad faith is impertinent and scandalous. It is supported by misstatements of fact.

Williamson would never oppose any legitimate request for enlargement, even if it were filed late, but Alie's request is not; however, a legitimate request and it is not made in good faith. Thus, Williamson is compelled to oppose it due to the following:

(a) Alie's motion for enlargement of time violates the filing requirements of rules 6 (a) and (b):

1. Counsel for Alie filed on 09-26-07, a request for enlargement of time to oppose motion for default.

2. Counsel claims that Alie's response to the default motion was due by 09-27-07 –within 10 days of docketing....(See D.I. _____ "Alie's Enlargement at item 6).

3. Rule 6 (b) requires a motion for enlargement of time to be filed prior to the due date of the underlying filing, or the Movant must show the Court good cause. Counsel filed for enlargement on 09-26-07 and attempts to dupe the Court with a false claim: that a response to Williamson's default motion was due on 09-27-07. This is inaccurate.

4. Actually, Counsel belatedly filed for the enlargement of time and failed to offer any excusable neglect or good cause whatsoever, but alternatively mistakenly presents the motion for enlargement based on a false premise.

5. For example, Williamson filed his motion for default on 09-04-07 (D.I. 159), (entered on Court's docket on 09-05-07), and when we calculate the ten day filing requirement –not including weekends/ three days for mailing- the due date should have been no later than 09-24-07, and not 9-26-07 or the stated 09-27-07.

6. Thus, Counsel filed for an enlargement late, offered no excusable explanation –except a misstated due date and this clearly violates the filing requirements of this Court.

(c) Alie's stated facts in support thereof are belied by the record, incongruous, and disingenuous in that she attempts to dupe the Court and usurp established rules of the Court, and Alie's bad faith is impertinent and scandalous. It is supported by misstatements of fact.

1

7. Counsel claims an inability to communicate with defendant Alie, for the purpose of opposing Williamson's default, but offers dubious claims of ostensible non-service and an inability to perfect an affidavit.

8. Both claims are belied by the record and/or highly dubious due to an obvious incongruity with the facts.

9. For example, Counsel claims a lack of communication with Alie, which he allegedly needs to perfect said affidavit for Alie's opposition. However, Counsel offers the Court a list of facts which Counsel expects to offer, of which relates to ostensible mistakes or incomplete service on Alie by the U.S. Marshal's Service. These facts as intended/or expected to be offered in opposition to Williamson's default motion, are indeed Alie's personal assertions. Thus, Counsel's claim is preposterous and disingenuous.

10. Moreover, Counsel claims other obligations –Sept. 24, 2007 hearing out of state- as good cause for Alie's inability to respond to Williamson's default motion. This too is disingenuous, because Counsel entered an appearance on Alie's behalf on 09-04-07 (D.I. 159), and within 24 hours filed an Answer to Williamson's Complaint on 09-05-07 (D.I. 162). Clearly, Counsel was not impeded in any way, because Alie filed an Answer, complete with a cross-claim against her co-defendants, etc. Williamson objected to and sought to strike said belated Answer on 09-17-07 (D.I. 172). Alternatively, Counsel should have spent its resources to oppose Williamson's properly filed default, which was pending, Counsel chose not to.

11. Indeed, Counsel is demonstrating a disturbing pattern, because Counsel never sought leave to file the belated Answer or even attempted to show good cause either –same as Counsel did with its request for enlargement of time. Counsel simply ignored the Court Rules and ignored Williamson's default motion, and now Counsel continues with unacceptable impotency and scandalous behavior by filing a bad faith request.

12. Also, Counsel offers confusion as to Alie's name and status and whether Counsel was going to represent her, but this is irrelevant and immaterial, because Counsel straightened out any confusion and entered an appearance as early as 09-04-07, and we know a response to the default motion was not due until 09-24-07.

13. Lastly, returning to the facts offered by Counsel relating to service issues (i.e. that Alie was not personally served by the U.S. Marshal's Service as recorded by the Officer of the Court). This too is dubious. Also, it is preposterous because the 285 U.S. Marshal Forms denotes personal service was made. If it was not made on Alie's person, than who did the Officer of the Court make personal service upon? Are there no identification requirements are verification made by the Marshals? Do they not have procedures for this type of issue? I believe that the U.S. Marshal's Service has completed its function adequately and professionally, and Alie's assertion is dubious. And, it is also immaterial because once again Counsel was on the scene by 09-04-07 long before any response was due to the default motion.

   WHEREFORE, Williamson believes the Court should deny Alie's request for enlargement of time for the above reasons.

David W——                                                    10-1-07
David Williamson, 1181 Paddock Rd. Smyrna, DE 19977           Date

2

CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. Plaintiff's Objection to and Motion to Strike Def.' Alie's Request for Enlargement of Time to Respond to Williamson's Motion for Default

2. N/A

By placing same in a U.S. Mail receptacle on the __3__ day of __October__ 200_7_.

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

N/A

David W——
David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

David W——
Signed as Original