UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | Case No. 06-379 (SLR) |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., CHRISTINE MALANEY, DONNA | ) | |
| PLANTE, MARGARET LOVE (AKA | ) | |
| MAGIE BAILEY), CHUKS IHUOMA, | ) | |
| SITA ALIE, ALAN ZIMBLE [AKA DR. | ) | |
| ZIMBULL], MICHELLE ROBINSON, | ) | |
| JUANTA CLARK, CARLA KIONKE | ) | |
| [AKA JANE DOE DENTIST], and | ) | |
| FIRST CORRECTIONAL | ) | |
| MEDICAL-DELAWARE, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ALAN ZIMBLE, D.D.S.'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Alan Zimble, D.D.S., by and through his undersigned counsel of record, hereby moves this Court for entry of judgment as a matter of law in his favor and against the Plaintiff, thereby dismissing with prejudice all claims against Dr. Zimble. In support of his Motion, Dr. Zimble states as follows:

*UNDISPUTED FACTS:*

Plaintiff David Williamson filed suit against numerous defendants, including Dr. Zimble, alleging, *inter alia*, failure to provide reasonably adequate medical care. (D.I. 2). On September 14, 2007, Plaintiff moved to docket his Second Amended Complaint. (D.I. 170) That pleading alleges that Dr. Zimble "denied, delayed, and/or knowingly provided less efficacious and inadequate medical care with intentional and deliberate indifference to Williamson's known serious medical needs." *Id.* More specifically, Plaintiff alleges

Dr. Zimble failed timely or adequately to treat his periodontal disease and failed to provide Plaintiff with root canal and/or crown for a broken tooth. (D.I. 170, ¶¶150-181)

On July 19, 2007, the Court granted CMS's Motion to Dismiss State Law Medical Claims finding that Plaintiff had failed to comply with the requirements of 18 *Del. C.* § 6853. (D.I. 122) Accordingly, the only claims remaining are the Plaintiff's Eighth Amendment claims.

Plaintiff was seen by Dr. Zimble on four occasions: December 7, 2005; January 11, 2006; February 14, 2006; and February 21, 2006. The notes from those visits are included under seal herewith as Exhibit "A". Those notes reflect the following: On December 7, 2005, Dr. Zimble provided periodontal treatment in the form of Cavitron cleaning. (*Id.*) Williamson alleges that he did not receive the type of "standard cleaning techniques that Williamson is familiar with or expected." (D.I. 170, ¶152). On January 11, 2006, Plaintiff was seen by Dr. Zimble due to having fractured tooth #19. Dr. Zimble's note provides: "#19 (illegible) fractured off, tooth sensitive, told to brush with thermodent and allow pulp to retreat and deposit dentin". (Exhibit A). Plaintiff saw Dr. Zimble again on February 14, 2006. Dr. Zimble's note from that visit provides: "Patient's #19 feeling okay. Asymptomatic. To keep clean until it can be restored (illegible)." (*Id.*) Plaintiff's final visit with Dr. Zimble took place on February 21, 2006. The note from that visit provides: "All okay; let Dr.'s Kionke or Bishop determine if they can restore #19 with very large composite." (*Id.*) On or about February 24, 2006, Plaintiff received a permanent composite restoration to tooth # 19. (Affidavit of Cathy Kionke, D.D.S., Exhibit "B") On that same date, tooth #19 was examined. The nerve of that tooth was deemed healthy and root canal therapy unnecessary. (*Id.*).

*ARGUMENT*

*The Standard for Summary Judgment*

A court shall grant summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As the moving party here, Dr. Zimble bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574 586 n. 10 (1986). Once Dr. Zimble demonstrates an absence of material fact, the burden shifts to Plaintiff to provide "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The Court here should view the underlying facts and all reasonable inferences therefrom in the light most favorable to the Plaintiff. *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

The mere existence of some evidence in support of the Plaintiff, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for Plaintiff on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Here, if Plaintiff fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then Dr. Zimble is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Here, Plaintiff must show: (i) that he had a serious medical need; and (ii) acts or omissions by Dr. Zimble that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff claims two serious medical needs to which

Dr. Zimble was deliberately indifferent: periodontal disease; and a broken tooth[1].
Because Plaintiff cannot show that Dr. Zimble was deliberately indifferent to either
condition, Dr. Zimble is entitled to judgment in his favor as a matter of law.

*Plaintiff's Claim That Dr. Zimble Failed Adequately to Treat his Periodontal Disease Must be Dismissed*

Plaintiff claims that Dr. Zimble failed adequately to address Plaintiff's
periodontal disease by "knowingly render(ing) a less efficacious and inordinately delayed
an 18-month belated cleaning – in response to a diagnosed and recurring perio infection –
not based on valid medical factors but based on non-medical factors (e.g. a lot of people
waiting to be seen today) and flatly stated that Williamson was not going to receive the
'attention' he required." (D.I. 170, ¶¶152, 153).

As stated above, Dr. Zimble saw the Plaintiff four times over a ten week period
(December 7, 2005- February 21, 2006). Plaintiff does not dispute that, on the first visit,
Dr. Zimble examined and provided treatment for Plaintiff's alleged periodontal disease in
the form of Cavitron treatment[2]. (D.I. 170, ¶ 152; Exhibit A). Plaintiff alleges instead

---

[1] Dr. Zimble does not waive his right to defend this suit on the grounds that neither of these is a
"serious medical condition".

[2] The Cavitron ultrasonic cleaner is a state of the art instrument that has proved to be an
extremely successful tool in removing tartar from both above and below the gumline. Instead of
scaling your teeth with bulky metal hand scalers, the cavitron ultrasonic cleaner is a blunt tip that
uses oscillating sound waves to gently vibrate the tartar away from your teeth. The Cavitron unit
is so gentle that it can even be used to administer deep cleaning and gum therapy, many times
without the need for anesthetic. Having your teeth cleaned with the Cavitron unit is a safe,
effective, and painless alternative to traditional cleaning methods. A Cavitron vibrates at the
speed of sound, so quickly that you can hardly feel any movement this ultrasonic method is a
more pleasant alternative. **The main advantages of this type of cleaning procedure are listed
below:** Speed, reliability, and labor-savings that are not associated with manual and mechanical
cleaning methods
- Increased productivity
- Quality control
- Reduced workplace stress

that the Cavitron was not the type of cleaning that he was "familiar with or expected",

and that it was "less efficacious" (D.I. 170, ¶¶152, 153), but provides no expert medical

opinion to support his claim that the cleaning provided by Dr. Zimble was "substandard".

In fact, in the dental industry, the Cavitron is recognized as superior to the type of

treatment with which Plaintiff claims familiarity. (fn. 1, *supra*; Affidavit of Alan Zimble,

D.D.S., Exhibit "C").    Plaintiff is entitled to adequate medical care, not to direct the type

of care he receives:

> However, "a prisoner has no right to choose a specific form
> of medical treatment," so long as the treatment provided is
> reasonable. *Poole v. Taylor*, 466 F.Supp.2d 578, 589
> (D.Del.2006) (citing *Harrison v. Barkley*, 219 F.3d 132,
> 138-140 (2d Cir.2000)). An inmate's claims against
> members of a prison medical department are not viable
> under § 1983 where the inmate receives continuing care,
> but believes that more should be done by way of diagnosis
> and treatment and maintains that options available to
> medical personnel were not pursued on the inmate's behalf.
> *Estelle*, 429 U.S. at 107, 97 S.Ct. 285. Moreover,
> allegations of medical malpractice are not sufficient to
> establish a constitutional violation. *White v. Napoleon*, 897
> F.2d 103, 108-109 (3d Cir.1990); *Spruill v. Gillis*, 372 F.3d
> at 235. *Mere disagreement as to the appropriate treatment
> is insufficient to state a constitutional violation. Spruill*,
> 372 F.3d at 235.

*See Blackston v. Correctional Medical Services, Inc.*, --- F.Supp.2d ----, 2007 WL

2325210 * 3 (D.Del., August 16, 2007) (emphasis supplied) (granting summary judgment

in favor of medical provider and against plaintiff/prisoner); accord *Pecoraro v.*

*Correctional Medical Services*, 2007 WL 1560302 at *4 (D.N.J., May 25, 2007)[3] (stating

prisoner's subjective dissatisfaction with his dental care, and not a deliberate withholding

---

- A cleaning mechanism that utilizes environmentally friendly chemistry. *See*
http://www.dentalfind.com/glossary (emphasis in the original).

[3] Unreported decision are included as Exhibit "D".

or delay of treatment as alleged in the Complaint, is not in itself indicative of deliberative indifference) (citing *Andrews v. Camden County,* 95 F.Supp.2d 217, 228 (D.N.J.2000)).

There is no genuine issue of material fact in dispute: On December 7, 2005, Dr. Zimble saw the Plaintiff for the first time. He examined the Plaintiff, reviewed his dental record and x-rays, and provided a Cavitron treatment, which is recognized in the dental field as an appropriate, if not superior, form of tooth and sub-gum cleaning. There are no facts of record, disputed or otherwise, which Plaintiff can show to persuade the Court that Dr. Zimble was deliberately indifferent to Plaintiff's periodontal issue on December 7, 2005 or at any other visit. To the contrary, he recognized and treated it. Entry of judgment as a matter of law in Dr. Zimble's favor is appropriate.

*Plaintiff's Claim That Dr. Zimble Failed Adequately to Treat his Broken Tooth Fails to Demonstrate Deliberate Indifference*

Plaintiff next claims that Dr. Zimble was deliberately indifferent with respect to the repair of a broken tooth. Dr. Zimble first saw Plaintiff regarding this tooth (#19) on January 11, 2006. (Exhibit A). Dr. Zimble instructed the Plaintiff to brush with sensitive-tooth formula toothpaste, and determined to observe the Plaintiff to allow the pulp to retreat before effecting further treatment. The purpose for doing so is to prepare the tooth for restoration by allowing the dentin to retreat within the tooth, and to become sclerotic, thus reducing sensitivity. The nerve was never exposed. (Zimble Aff., Exhibit C). On February 14, 2006, Dr. Zimble saw Plaintiff again, and noted that "#19 feeling okay. Asymptomatic. To keep clean until it can be restored (illegible)." (Exhibits A, C). One week later, on February 21, 2006 Dr. Zimble noted that Drs. Kionke and Bishop would try to restore the tooth with a "very large composite". (*Id.*) The tooth was

6

restored three days later. (Kionke Aff., Exhibit B). Plaintiff claims that he was entitled to a crown and/or root canal. Plaintiff received a composite restoration. Again, as stated above, Plaintiff is entitled to appropriate treatment for his condition, not necessarily the treatment that he chooses or prefers. *See Blackston v. Correctional Medical Services, Inc., supra,* 2007 WL 2325210 * 3 (quoting *Poole v. Taylor,* 466 F.Supp.2d 578, 589 (D.Del.2006) (citing *Harrison v. Barkley,* 219 F.3d 132, 138-140 (2d Cir.2000)). As in *Blackston,* Plaintiff here can present nothing to contradict medical records establishing that he received "numerous dental examinations and treatments to resolve routine problems, as well as emergency concerns." *Blackston, supra,* at *3.

Because Plaintiff can show no genuine issue of material fact to dispute that he received adequate medical care from Dr. Zimble, Dr. Zimble is entitled to entry of judgment in his favor as a matter of law.

*CONCLUSION*

WHEREFORE, for the foregoing reasons, Defendant Alan Zimble, D.D.S. respectfully requests entry of judgment as a matter of law in his favor and against Plaintiff.

BALICK & BALICK, LLC

_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant
Alan Zimble, D.D.S.

Date:   October 15, 2007

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

DAVID W. WILLIAMSON,    )
             )  Case No. 06-379 (SLR)
    Plaintiff,   )  JURY TRIAL DEMANDED
  v.        )
             )
CORRECTIONAL MEDICAL SERVICES, )
INC., CHRISTINE MALANEY, DONNA )
PLANTE, MARGARET LOVE (AKA  )
MAGIE BAILEY), CHUKS IHUOMA,  )
SITA ALIE, ALAN ZIMBLE [AKA DR. )
ZIMBULL], MICHELLE ROBINSON,  )
JUANTA CLARK, CARLA KIONKE  )
[AKA JANE DOE DENTIST], and   )
FIRST CORRECTIONAL     )
MEDICAL-DELAWARE, LLC.    )
             )
    Defendants.   )

# SEALED DOCUMENT
# FOR DOCKET ITEM # 201
# EXHIBIT A

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-379 SLR |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | TRIAL BY JURY OF TWELVE |
| | ) | DEMANDED |
| INC., C. MALANEY, DONNA PLANTE, | ) | |
| MAGGIE BAILEY, CHUKS IHUOMA, | ) | |
| DR. S. ALIE, DR. ZIMBULL, MICHELLE | ) | |
| ROBINSON, JUANITA CLARK, | ) | |
| DENTIST JANE DOE and FIRST | ) | |
| CORRECTIONAL MEDICAL, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF CATHY KIONKE, D.M.D

I, CATHY KIONKE, D.M.D., in my capacity as dentist employed by Correctional Medical Services, Inc. ("CMS"), being duly sworn according to law, depose and say on behalf of CMS as follows:

1.      I am a resident of the State of Delaware.

2.      I am employed by CMS as a dentist in the Dental Department located at Delaware Correctional Center in Smyrna, DE.  In connection with my position at CMS, I have personal knowledge of the matters set forth herein.

3.    On February 24, 2006, Mr. Williamson received a permanent composite restoration to tooth #19. On the same date, the nerve of tooth #19 was deemed healthy and no root canal therapy was deemed necessary.

4.    True and correct copies of all relevant dental records have been attached to Defendant's Response to the Motion for Temporary Restraining Order.

CATHY KIONKE, D.M.D

SWORN TO AND SUBSCRIBED before me, a Notary Public, this 1st day of February, 2007.

Notary Public

OSMAN SAMMANDER
Notary Public
State of Delaware
My Comm. Expires June 14 2008

WS01 1520898v1

# Exhibit C

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | Case No. 06-379 (SLR) |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., CHRISTINE MALANEY, DONNA | ) | |
| PLANTE, MARGARET LOVE (AKA | ) | |
| MAGIE BAILEY), CHUKS IHUOMA, | ) | |
| SITA ALIE, ALAN ZIMBLE [AKA DR. | ) | |
| ZIMBULL], MICHELLE ROBINSON, | ) | |
| JUANTA CLARK, CARLA KIONKE | ) | |
| [AKA JANE DOE DENTIST], and | ) | |
| FIRST CORRECTIONAL | ) | |
| MEDICAL-DELAWARE, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF ALAN ZIMBLE D.D.S. IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| COUNTY OF KENT | ) |

I, Alan Zimble, D.D.S., do attest as follows:

1.    I am over 18 years of age and competent to make this affidavit.

2.    I received  a D.D.S. from Temple University in 1957.  I received further training, education and certifications from Seton Hall University and New York University in the areas of Orthodontics, Periodontics, and Restorative Dentistry.  I have provided dental services in private practice, in the Armed Forces and in the Delaware Prison System.

3.    On December 7, 2005, January 11, 2006, February 14, 2006 and February 21, 2006, I provided dental treatment for the Plaintiff in the above-referenced action.  These were the only occasions on which I treated the Plaintiff, based on review of the records

and my recollection.

4.      On December 7, 2005, I performed a cleaning on the Plaintiff using the Cavitron, which, as a cleaning tool, is superior to manual scraping and scaling in that the Cavitron is more effective, quicker and, unlike manual scraping and scaling, causes no damage to the tooth structure.

5.      I next examined and treated Plaintiff on January 11, 2006 for a broken #19 tooth. The nerve in tooth #19 was not exposed.  I determined that the Plaintiff was not in any immediate medical danger and determined that it was best to wait to observe the Plaintiff's condition.  The purpose for waiting was to see whether the dentin (the layer between the enamel and the nerve) would retreat in to the tooth and become insensitive such that it would be more suitable for a composite repair.

6.      I saw and examined Plaintiff again on February 14, 2006.  By this time tooth # 19 was asymptomatic.  I instructed Plaintiff to keep it clean until it could be restored.

7.      On February 21, 2006 I saw Plaintiff and determined to allow Drs. Kionke and/or Bishop to try to perform a composite restoration.

8.      At all times my treatment of the Plaintiff was proper and appropriate under the circumstances.

Further the Affiant Sayeth Not.

_____
Alan Zimble, D.D.S.

Signed 10/4/2007

Cynthia M Zimble
Notary Public
State Of Delaware
My Commission Expires Oct. 24, 2008

# Exhibit D

Westlaw.

499 F.Supp.2d 601

Page 1

499 F.Supp.2d 601
**(Cite as: 499 F.Supp.2d 601)**

Blackston v. Correctional Medical Services, Inc.
D.Del.,2007.

United States District Court,D. Delaware.
Richard I. BLACKSTON, Plaintiff,
v.
CORRECTIONAL MEDICAL SERVICES, INC.,
Defendant.
**Civ No. 06-448-SLR.**

Aug. 16, 2007.

**Background:** Inmate brought action against
correctional medical services company, alleging
Eighth Amendment violations due to inadequate
dental care. Company moved for summary
judgment.

**Holding:** The District Court, Robinson, J., held
that company did not exhibit deliberate indifference
to inmate's serious medical needs.

Motion granted.
West Headnotes
**[1] Sentencing and Punishment 350H ⟨⟩1546**

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in
General
     350HVII(H) Conditions of Confinement
       350Hk1546 k. Medical Care and
Treatment. Most Cited Cases
In order to set forth cognizable Eighth Amendment
claim, inmate must allege: (1) serious medical need,
and (2) acts or omissions by prison officials that
indicate deliberate indifference to that need.
U.S.C.A. Const.Amend. 8.

**[2] Sentencing and Punishment 350H ⟨⟩1546**

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in
General
     350HVII(H) Conditions of Confinement
       350Hk1546 k. Medical Care and
Treatment. Most Cited Cases
Prison official is "deliberately indifferent" to
serious medical need if he knows that prisoner faces
substantial risk of serious harm and fails to take
reasonable steps to avoid harm. U.S.C.A.
Const.Amend. 8.

**[3] Sentencing and Punishment 350H ⟨⟩1546**

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in
General
     350HVII(H) Conditions of Confinement
       350Hk1546 k. Medical Care and
Treatment. Most Cited Cases
Prison official may manifest deliberate indifference
to serious medical need by intentionally denying or
delaying prisoner's access to medical care.
U.S.C.A. Const.Amend. 8.

**[4] Sentencing and Punishment 350H ⟨⟩1546**

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in
General
     350HVII(H) Conditions of Confinement
       350Hk1546 k. Medical Care and
Treatment. Most Cited Cases
Prisoner has no Eighth Amendment right to choose
specific form of medical treatment, so long as
treatment provided is reasonable. U.S.C.A.
Const.Amend. 8.

**[5] Sentencing and Punishment 350H ⟨⟩1546**

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in
General
     350HVII(H) Conditions of Confinement

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

499 F.Supp.2d 601                                                                 Page 2

499 F.Supp.2d 601
(Cite as: 499 F.Supp.2d 601)

350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate's Eighth Amendment claims against members of prison medical department are not viable under § 1983 where inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on inmate's behalf. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

[6] Sentencing and Punishment 350H ⟪⟫1546

350H Sentencing and Punishment
    350HVII Cruel and Unusual Punishment in General
        350HVII(H) Conditions of Confinement
            350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate's allegations of medical malpractice are not sufficient to establish Eighth Amendment violation. U.S.C.A. Const.Amend. 8.

[7] Sentencing and Punishment 350H ⟪⟫1546

350H Sentencing and Punishment
    350HVII Cruel and Unusual Punishment in General
        350HVII(H) Conditions of Confinement
            350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate's mere disagreement as to appropriate medical treatment is insufficient to state Eighth Amendment violation. U.S.C.A. Const.Amend. 8.

[8] Sentencing and Punishment 350H ⟪⟫1546

350H Sentencing and Punishment
    350HVII Cruel and Unusual Punishment in General
        350HVII(H) Conditions of Confinement
            350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate who sued correctional medical services company, alleging inadequate dental care following tooth extractions, failed to establish that company exhibited deliberate indifference to his serious medical needs, as required to maintain Eighth Amendment claim; inmate's medical records

established that he had received dental examinations and treatments to resolve routine problems as well as emergency concerns. U.S.C.A. Const.Amend. 8.

*602 Richard I. Blackston, Pro se Plaintiff.
Eric Scott Thompson, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE, for Defendant.

ROBINSON, District Judge.

## I. INTRODUCTION

Plaintiff Richard I. Blackston filed this 42 U.S.C. § 1983 action alleging that defendant Correctional Medical Services, Inc. ("CMS") provided inadequate dental care in violation of the Eighth Amendment. (D.I.2) Defendant CMS has moved for summary judgment.[FN1] (D.I.11) Although afforded ample opportunity and notice, plaintiff has not filed responsive papers. (D.I.14, 15) For the reasons that follow, defendant's motion will be granted.

> FN1. Because defendant referred to matters outside the pleadings, its motion to dismiss is being treated as a motion for summary judgment. *See*Fed.R.Civ.P. 12(b)(6); (D.I.15).

## II. BACKGROUND

In April 2006, while incarcerated at the Howard Young Correctional Institution, plaintiff had two molar teeth extracted. (D.I. 2; D.I. 12, ex. 4) During the extraction process, plaintiff informed the treating dentist that he was experiencing severe pain in his front, left tooth ("front tooth"), apparently because of a cavity. According to plaintiff, the dentist advised that there was "an unwritten policy prohibit[ing] any fillings from being placed in inmates' teeth without the inmate having at least 6 months served inside of the facility." (D.I. 2 at ¶ 2) Plaintiff's request to examine the policy was denied.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

499 F.Supp.2d 601
**(Cite as: 499 F.Supp.2d 601)**

In May 2006, plaintiff filed an inmate grievance and request for proper care of his front tooth with the " Commissioner of *603 Corrections." FN2 (*Id.* at ¶ 3; D.I. 12, exs. 2, 4) Because his front tooth pain was severe, plaintiff requested emergency dental treatment. (D.I.12, ex. 4) Plaintiff informs that the grievance was returned to the Inmate Grievance Committee without a hearing; however, a dental appointment was scheduled. (*Id.*)

> FN2. Defendant submitted medical records that briefly reference two of plaintiff's grievances: "Grievance discussion # 52565 "; and "Signed off on grievances # 52565 and # 49685". (D.I.12, ex. 2) Neither party submitted: (1) copies of the grievances in issue; (2) grievance log records; or (3) additional documentation regarding the grievances. (*See* D.I. 12, ex. 3 at 6-7, procedure for medical grievances). Without this documentation, the factual background herein is based on an integration of plaintiff's claims with defendant's exhibits.

In June 2006, plaintiff filed a second grievance with Warden Raphael Williams. Plaintiff was advised that the Inmate Grievance Committee found his complaint was non-grievable. (*Id.* at ¶ 7) Plaintiff submitted a third grievance to the Department of Correction Bureau Chief. Although he did not receive a response to the grievance, plaintiff was scheduled for another dental appointment.

During a July 12, 2006 dental appointment, plaintiff's bottom left molar was removed. An informed consent for the extraction of his tooth form bearing plaintiff's signature was dated July 12, 2006. (D.I.12, ex. 4) After complaining that his front tooth problems were not addressed, plaintiff was told this would be treated at a later time. (D.I. 2 ¶ 11) On July 13, 2006, plaintiff informed the deputy warden of his dental problems. (*Id.* at ¶ 12)

Medical records reflect that during the next few months, plaintiff received additional dental treatment. (D.I.12, exs.2, 4) Four of his teeth were extracted, with his consent, in November 2006. As a

result, plaintiff did not have any remaining top teeth. Fabrication of dentures was scheduled to commence in January 2007. (D.I.12, ex. 4)

### III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Kaucher v. County of Bucks,* 455 F.3d 418 (3d Cir.2006).

"Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough *604 evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

499 F.Supp.2d 601
**(Cite as: 499 F.Supp.2d 601)**

265(1986).

### IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendant asserts that summary judgment is warranted because plaintiff failed to exhaust his administrative remedies before filing this action as mandated by the Prison Litigation Reform Act (" PLRA").[FN3] (D.I.11) Although plaintiff claims to have filed three grievances, defendant submits that he failed to file an appeal on any decision rendered. (D.I.11) Defendant also notes that plaintiff signed off on two grievances. (D.I.12, ex. 2)

> FN3. 42 U.S.C. § 1997e(a) provides that " [n]o action shall be brought with respect to prison conditions under [§ 42 U.S.C. § 1983] by a prisoner until such administrative remedies as are available are exhausted."

Under the PLRA, exhaustion is mandatory and prisoners must exhaust administrative remedies for any claim that arises within the prison, regardless of any limitations on the kind of relief available through the grievance process, before filing suit in federal court. *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The purpose of the exhaustion requirement is "(1)to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." *Spruill v. Gillis,* 372 F.3d 218, 227 (3d Cir.2004).

The United States Supreme Court has concluded that exhaustion means proper exhaustion, e.g., "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."

*Woodford v. Ngo,* ---U.S. ----, ----, 126 S.Ct. 2378, 2384, 165 L.Ed.2d 368 (2006). The Third Circuit has stated that, the "determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." *Spruill v. Gillis,* 372 F.3d 218, 222 (3d Cir.2004).

Failure to substantially comply with requirements of the grievance system may result in a procedural default of that claim. *Id.* at 227-32. "Defendants must plead and prove failure to exhaust as an affirmative defense." It must be pleaded and proven by defendants. *Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir.2002); *Brown v. Croak* 312 F.3d 109, 111 (3d Cir.2002).

The record reflects that plaintiff filed grievances regarding his dental care; however, what transpired after the grievances were filed is not clear. While there are references to two grievances to which plaintiff "signed off", neither party has provided copies of the grievances nor information reflecting the outcome of any hearings or actions taken. For this reason, the court will deem the administrative remedies exhausted and will review the merits of plaintiff's claim.

### B. Eighth Amendment Claim

[1][2][3] The Eighth Amendment proscription against cruel and unusual punishment**605** requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble,* 429 U.S. 97, 103-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In order to set forth a cognizable claim, an inmate must allege (I) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104, 97 S.Ct. 285; *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

499 F.Supp.2d 601
**(Cite as: 499 F.Supp.2d 601)**

L.Ed.2d 811 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-105, 97 S.Ct. 285.

[4][5][6][7] However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Poole v. Taylor*, 466 F.Supp.2d 578, 589 (D.Del.2006) (citing *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir.2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle*, 429 U.S. at 107, 97 S.Ct. 285. Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-109 (3d Cir.1990); *Spruill v. Gillis*, 372 F.3d at 235. Mere disagreement as to the appropriate treatment is insufficient to state a constitutional violation. *Spruill*, 372 F.3d at 235.

[8] Considering the uncontroverted record at bar against *Estelle* and its progeny, the court finds that plaintiff's claims do not rise to an Eighth Amendment violation. Significantly, plaintiff has presented nothing to contradict medical records establishing that he received numerous dental examinations and treatments to resolve routine problems, as well as emergency concerns. (D.I.12, ex. 4) He received treatment for accompanying problems, consented to the removal of several teeth, and is scheduled to have dentures fabricated.

Furthermore, to the extent that plaintiff relies on the theory of respondent superior to hold defendant, a corporation, liable, he has failed to allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir.1989): *Miller v. Correctional Med. Sys., Inc.*, 802 F.Supp. 1126, 1132 (D.Del.1992): *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir.2003).

## V. CONCLUSION

For the reasons stated, defendant's motion for summary judgment is granted. An appropriate order shall issue.

At Wilmington this 16th day of August, 2007, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Defendant's motion for summary judgment is granted. (D.I.11)

2. Defendant's motion to deem dispositive motion unopposed and enter judgment is denied as moot. (D.I.16)

3. The Clerk of Court is directed to enter judgment for defendant and against plaintiff.

D.Del.,2007.
Blackston v. Correctional Medical Services, Inc.
499 F.Supp.2d 601

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                              Page 1

Slip Copy, 2007 WL 1560302 (D.N.J.)
**(Cite as: Slip Copy)**

**Pecoraro** v. Correctional Medical Services
D.N.J.,2007.
        Only the Westlaw citation is currently
        available.NOT FOR PUBLICATIONJoseph
        **PECORARO**, Plaintiff,
        v.
CORRECTIONAL MEDICAL SERVICES, et al.,
        Defendants.
        **Civil Action No. 07-2338 (RMB).**

        May 25, 2007.

Joseph **Pecoraro**, Leesburg, NJ, Plaintiff pro se.

BUMB, District Judge.
**\*1** Plaintiff Joseph **Pecoraro** ("**Pecoraro**"),
currently confined at the Bayside State Prison in
Leesburg, New Jersey, seeks to bring this action *in
forma pauperis* pursuant to 42 U.S.C. § 1983,
alleging violations of his constitutional rights.
Based on his affidavit of indigence and the absence
of three qualifying dismissals within 28 U.S.C. §
1915(g), the Court will grant plaintiff's application
to proceed in *forma pauperis* pursuant to 28 U.S.C.
§ 1915(a) (1998) and order the Clerk of the Court
to file the Complaint.

At this time, the Court must review the Complaint
pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to
determine whether it should be dismissed as
frivolous or malicious, for failure to state a claim
upon which relief may be granted, or because it
seeks monetary relief from a defendant who is
immune from such relief. For the reasons set forth
below, the Court concludes that the Complaint
should be dismissed.

                          I.

**Pecoraro** brings this civil rights action against

defendants, Correctional Medical Services ("CMS")
and CMS Department Head at Bayside State Prison
("BSP"), B. Eckman. (Complaint, Caption and ¶¶
5b, c). The following factual allegations by plaintiff
are taken from the Complaint and are accepted for
purposes of this screening only. The Court has
made no findings as to the veracity of plaintiff's
allegations.

In March 2007, **Pecoraro** went to a dentist at BSP
for treatment of pain in his four teeth. He was told
that his teeth needed to be extracted. The dentist
attempted to extract **Pecoraro's** teeth, but plaintiff
was in too much pain. **Pecoraro** was told that he
would need to see an oral surgeon, and the earliest
appointment would be no sooner than June 2007. In
the interim, **Pecoraro** was prescribed "Tylenol 3"
and Motrin for pain. **Pecoraro** claims that the
medication does not relieve his pain, and that he has
received inadequate care. (Compl., ¶ 9).

**Pecoraro** seeks compensatory and punitive
damages for pain and suffering and infliction of
emotional distress. (Compl., "Relief Requested").

                          II.

The Prison Litigation Reform Act ("PLRA"),
Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66
to 1321-77 (April 26, 1996), requires a district
court to review a complaint in a civil action in
which a prisoner is proceeding in *forma pauperis* or
seeks redress against a governmental employee or
entity. The Court is required to identify cognizable
claims and to *sua sponte* dismiss any claim that is
frivolous, malicious, fails to state a claim upon
which relief may be granted, or seeks monetary
relief from a defendant who is immune from such
relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a *pro se*
complaint, the Court must be mindful to construe it
liberally in favor of the plaintiff. *Haines v. Kerner,*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2007 WL 1560302 (D.N.J.)
**(Cite as: Slip Copy)**

404 U.S. 519, 520-21 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992). The Court must " accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."*Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997). The Court need not, however, credit a *pro se* plaintiff's " bald assertions" or "legal conclusions." *Id.*

**\*2** A complaint is frivolous if it "lacks an arguable basis either in law or in fact."*Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is " frivolous" is an objective one. *Deutsch v. United States,* 67 F.3d 1080, 1086-87 (3d Cir.1995).

A *pro se* complaint may be dismissed for failure to state a claim only if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines,* 404 U.S. at 521 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Milhouse v. Carlson,* 652 F .2d 371, 373 (3d Cir.1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v.. Hernandez,* 504 U.S. 25, 34 (1992); *Alston v. Parker,* 363 F.3d 229 (3d Cir.2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); *Grayson v. Mayview State Hospital,* 293 F.3d 103, 108 (3d Cir.2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); *Shane v. Fauver,* 213 F.3d 113, 116-17 (3d Cir.2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); *Urrutia v. Harrisburg County Police Dept .,* 91 F.3d 451, 453 (3d Cir.1996).

### III.

Plaintiff brings this action pursuant to 42 U.S.C. §

1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255-56 (3d Cir.1994).

Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."*Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (citations omitted). *Accord Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293-96 (3d Cir.1997); *Baker v. Monroe Twp.,* 50 F.3d 1186, 1190-91 (3d Cir.1995).

### IV.

**\*3** In his Complaint, **Pecoraro** alleges that defendants CMS and Eckman have denied prescribed dental care for the treatment and extraction of plaintiff's teeth.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.*Estelle v. Gamble,* 429 U.S. 97, 103-04 (1976); *Rouse v. Plantier,* 182 F.3d 192 (3d Cir.1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2007 WL 1560302 (D.N.J.)
**(Cite as: Slip Copy)**

must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle,* 429 U.S. at 106;*Natale v. Camden County Correctional Facility,* 318 F.3d 575, 582 (3d Cir.2003).

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor,* 316 F.3d 257, 272-73 (3d Cir.2003)(internal quotations and citations omitted); *see also Monmouth County Correctional Institutional Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir.1987), *cert. denied,*486 U.S. 1006 (1988).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. *See Natale,* 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan,* 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden County,* 95 F.Supp.2d 217, 228 (D.N.J.2000); *Peterson v. Davis,* 551 F.Supp. 137, 145 (D.Md.1982), *aff'd,*729 F.2d 1453 (4th Cir.1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."*White v. Napoleon,* 897 F.2d 103, 110 (3d Cir.1990)."Courts will disavow any attempt to second-guess the propriety or adequacy of a

particular course of treatment ... [which] remains a question of sound professional judgment."*Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.*Estelle,* 429 U.S. at 105-06;*White,* 897 F.3d at 110.

**\*4** The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *See Rouse,* 182 F.3d at 197. The court has also held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.*Atkinson,* 316 F.3d at 266. *See also Monmouth County Correctional Institutional Inmates,* 834 F.2d at 346 ( "deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); *Durmer v. O'Carroll,* 991 F.2d 64 (3d Cir.1993); *White v. Napoleon,* 897 F.2d 103 (3d Cir.1990).

Here, **Pecoraro** alleges that he has been denied recommended oral surgery and more effective pain medication for his teeth. **Pecoraro** admits that he was seen by a dentist in March 2007, and that the dentist attempted to extract plaintiff's teeth, but could not due to plaintiff's pain. **Pecoraro** further admits that he was given pain medication and was told that he needed to have an oral surgeon perform the extraction. However, an oral surgeon would not be available until June 2007, several months away.

Based on these allegations, the Court finds that **Pecoraro** might be able to support a claim of serious medical need, if, in fact, he can show that oral surgery for his condition was prescribed by doctors. However, **Pecoraro** has not demonstrated the second prong necessary to establish a denial of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2007 WL 1560302 (D.N.J.)
**(Cite as: Slip Copy)**

medical care claim-he has not shown deliberate
indifference by the defendants, CMS and Eckman.

**Pecoraro** admits that he has received dental care in
March 2007, and that he has been given pain
medication. He also concedes that oral surgery was
offered, but not as quickly as he wants it. Thus,
based on these facts, as confirmed by plaintiff's
allegations in to his Complaint, **Pecoraro** cannot
show that defendants have intentionally refused to
provide the recommended dental care. Nor can he
demonstrate that defendants delayed dental care for
non-medical reasons. Rather, it is the unavailability
of the oral surgeon until June 2007, a matter of
several months, that displeases plaintiff. Finally,
**Pecoraro** has not shown that defendants have
actually prevented him from receiving
recommended dental treatment. *See Rouse,* 182
F.3d at 197. **Pecoraro** admittedly has been
prescribed pain medication, but the type of
medication is not to his satisfaction. The dentist also
attempted to extract the painful teeth, but plaintiff's
discomfort terminated that effort, allegedly making
oral surgery necessary and plaintiff is now awaiting
that surgery. Therefore, it is only **Pecoraro's**
subjective dissatisfaction with his dental care, and
not a deliberate withholding or delay of treatment
alleged in the Complaint, which is not in itself
indicative of deliberate indifference. *See Andrews,*
95 F.Supp.2d at 228.

**\*5** Accordingly, this Court finds no deliberate
indifference by defendants to plaintiff's serious
medical need on the facts alleged by plaintiff at this
time that would rise to the level of an actionable
violation of constitutional dimension under 42
U.S.C. § 1983. Accordingly, the Complaint will be
dismissed without prejudice to plaintiff filing a new
action pleading facts sufficient to support a claim of
deliberate indifference as set forth above.

For the reasons stated above, the Court will dismiss
the Complaint, in its entirety, for failure to state a
claim at this time, pursuant to 28 U.S.C. §§
1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate
Order follows.

D.N.J.,2007.
Pecoraro v. Correctional Medical Services
Slip Copy, 2007 WL 1560302 (D.N.J.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## <u>CERTIFICATE OF SERVICE</u>

I, James E. Drnec, hereby certify that on this date, I served on the parties below in the manner indicated, copies of the Defendant Alan Zimble, D.D.S.'s Motion for Summary Judgment.

.

## <u>VIA FIRST CLASS MAIL</u>

Patrick G. Rock, Esquire
Megan Trocki Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801


David W. Williamson
SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James E. Drnec
James E. Drnec   (#3789)

Dated: October 15, 2007