IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON )<br>    Plaintiff, )<br>v. )<br>CORRECTIONAL MEDICAL SERVICES, Inc., et al )<br>    Defendants. )<br>) | CA No. 06-379-SLR |

<u>PLAINTIFF'S REPLY TO DEFENDANT GOMBEH-ALIE'S OPPOSITION TO ENTRY OF DEFAULT</u>

Plaintiff, Williamson, replies to defendant Gombeh-Alie's opposition to entry of default judgment (D.I. 195). Williamson submits that Gombeh-Alie's opposition is untimely and without merit.

    First, defendant Gombeh-Alie notes that on 09-27-07, she "requested an Enlargement of Time to file a Response to" Williamson's motion for default (D.I. 195 at item 1). Williamson; however, filed a timely objection to defendant's request for the aforementioned request for enlargement –on or about 10-03-07 (D.I _____), for the following:

    (a) Alie's motion … violate[d] the filing requirements of rule 6 (a) and (b) [because it too was untimely]; and (b) Alie's stated facts in support thereof are belied by the record, incongruous, and disingenuous in that she attempts to dupe the Court and usurp established rules of the Court….(D.I.\_\_\_\_\_).

Unlike defendant's repeated use of conclusory allegations, Williamson supported his objections with facts and/or plausible inferences. Gombeh-Alie failed to respond to any of Williamson's charges; her motion for enlargement was untimely and made in bad faith. Such is the pattern of Gombeh-Alie.

    For example, Gombeh-Alie failed to file a timely Answer and when she did, she did not request leave to do so, nor did she even attempt to explain any good cause to this Court for her belated filing. Williamson pointed out these glaring discrepancies in his objection to and/or seeks leave to respond to defendant Alie's belated Answer to Plaintiff's Complaint on or about 08-31-07 (D.I. \_\_\_\_\_). Then Gombeh-Alie filed an aforementioned untimely and frivolous motion of enlargement of time to oppose the default that she brought upon herself. This time, however, Gombeh-Alie does offer an explanation. It was, however, based on misstatements of fact (i.e. Counsel mistakenly stated the due date to respond to default was 09-27-07, but it actually fell on 09-24-07, and thus the 09-26-07 enlargement motion was untimely), and Gombeh-Alie's other claims were equally incongruous and disingenuous. Williamson also pointed out these glaring discrepancies in his 10-03-07 Objection. Thus, Gombeh-Alie's Answer, motion for enlargement, and opposition to default were all untimely and all failed to show the Court good cause for the unseemliness and/or offered bad faith and incongruous claims.

    Second, Gombeh-Alie's incredible claims (e.g. That she does not believe she was served –despite the U.S. Marshal Forms clearly denoting "personal service" on 07-26-07- are equally without merit and/or they are irrelevant. Williamson incorporates herein his arguments from his 10-03-07 Objection to Allie's Enlargement of Time (See items 6-13). Gombeh-Alie has failed to dispute or refute a single claim Williamson raised therein.

1

Moreover, Gombeh-Alie's claims are irreverent, because Counsel entered an appearance on 09-04-07 (D.I. 159) and within 24 hours on 09-25-07 filed an Answer to Williamson's complaint complete with counter claims against co-defendants. Also, a reply to the default was not due until 09-24-07, a full twenty days after Counsel entered an appearance. In any event, as of 09-04-07, Alie was fully informed of her responsibilities and fully represented by Counsel. Gombeh-Alie's dubious claim of lack of service is irrelevant and disingenuous.

Third, Gombeh-Alie engages in fantasy by stating that "Plaintiff has failed to identify how he would suffer any prejudice by denying his motion for default judgment…." (D.I. 195 at item 9). This is erroneous and easily disposed of, because Williamson explicitly stated in his 09-11-07 "Plaintiff objects to and/or seeks leave to respond to defendant Aloe's belated Answer to Plaintiff's Complaint" (D.I. ____), the following:

> …Williamson faces prejudice if Alie is permitted to thwart well established Court rules and guiding principles that dictate the orderly progression of litigation. For instance, defendant First Correction Medical, Inc (FCMI), -who was Alie's former employer during the relevant period…- has been dismissed for unrelated reasons and the alternate corporation First Correctional Medical-Delaware, LLC (FCM), is insolvent, defunct, and no longer involved with the Delaware Department of Corrections [(DDOC)]. [In fact, FCM no longer has a viable address and no longer exists.] Thus, Williamson's ability to pursue said claims against Alie (i.e. gather facts and relevant information from dismissed defendant employers FCMI and/or defunct and insolvent FCM regarding Alie's employment of and/or realization of FCMI's policy/custom to deny Williamson needed medical care) is greatly impaired…. (Williamson incorporates said 09-11-07 Objection herein).

This too went unanswered by Alie and attempting to imagine that it does not exist does when it clearly does will not make it go away. Gombeh-Alie should have addressed Williamson's claims of prejudice if she truly wished to persuade this Court of her position, but she failed to.

Moreover, Williamson cited therein *Hirtz v. Woma*, 732 F.2d 1178, 1180 (3d Cir 1984) and *United States v. Taylor*, 487 U.S. 326, 335-67, 108 S. Ct. 2416, 2418-19 (1988), in which the High Court held: "discretionary choices are not left to the Court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." Accordingly, the Hirtz Court held that the threshold question in lifting a default is whether defendant raised "a meritorious defense." (*Hertz, supra* at 1180). Gombeh-Alie has not raised a meritorious defense sufficient to satisfy Hertz. Gombeh-Alie has only raised a litany of affirmative defenses –in her untimely Answer- and not a one is supported with specificity, fact, or any legal basis. Quite simply, unsupported allegations are insufficient and Gombeh-Alie has failed to meet her burden. (See *Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir 1985); *Caputo v. Fauver*, 800 F.Supp 168, 171 (D. N.J. 1992) aff'd 995 F.2d 216 (3d Cir 1993; and *Reeves v. Sanderson Plumbing Inc.*, 530 U.S. 133, 150 (2000)).

Lastly, Gombeh-Alie makes a belated and improper attempt to argue a 12 (b) (6) defense (i.e. failure to state a claim that warrants relief), in her opposition (D.I. 195 at item 10-14). First, Alie did chose not to file

2

a proper motion to dismiss under 12 (b) (6), and if she felt so confident she should have prior to filing her Answer. Gombeh-Alie did not nor could she, because it is nevertheless without merit.

For example, Counsel characterizes Williamson's claims against Gombeh-Alie as follows: Williamson "alleges that he was denied adequate medical treatment and that tests were not performed and that Williamson's allegations equate to a "mere difference of opinion." (D.I 195 at items 10-13). Counsel's characterization is devoid of reality and merely based on wishful thinking. It contains marked omissions of key facts and it is no surprise that it is purposely ambiguous.

In short, it is undisputed that Williamson suffered an acutely painful emergency episode in which the ACL of Williamson's right knee ruptured. Williamson rightfully claimed that his normal daily functions were substantially impaired and that he suffered excruciating pain over a prolonged period, and that his ability to walk or climb stairs was substantially impaired, and that the injury untreated exposed Williamson to falling or collapsing incidents. All have been borne out by Williamson's medical records and/or the incident reports that are also part of the record. (See *Tillery v. Owens*, 719 F. Supp. 1256, 1286 (W.D Pa. 1989) aff'd 907 F.2d 418 (3d Cir 1990); *Jackson v. Fauver*, 334 F. Supp. 2d 697, ____ (D.N.J. 2004) (condition that threatens one's ability to walk, even if reversible, is unquestionably a serious medical matter)). (Williamson incorporates his complaint herein D.I. 15, and his TRO/PI D.I. 49-50). Williamson also claimed that a doctor who had examined Williamson's acute ACL injury had Ordered an MRI test due to Williamson exhibiting the classic and elemental symptoms of a torn ACL. (Medical Records also bear this out). A serious medical need is one that has been diagnosed by a doctor as needed treatment. (See *Monmouth County Corr' Inst' v. Lanzaro*, 843 F.2d 326, 347 (3d Cir 1987). Gombeh-Alie, however, subsequently countermanded the doctor's prior **Order for treatment,** despite Williamson still suffering –weeks later- massive swelling, grinding, and abrupt buckling of his knee, and acute pain and instability of same). (i.e. classic and elemental symptoms of an ACL injury). Alie did not conduct an exam, though, and she did not perform any of the requisite tests that are mandated for any preliminary diagnosis of an injured ACL (e.g. Lachman test or the valgus stress test – neither of which require any special equipment). Alie performed a mock exam and her countermand of the doctor's informed Order was not based on any legitimate medical factors or any semblance or exercise of professional judgment. Williamson claimed alternatively that Gombeh-Alie was employing FCMI's custom/policy of cost avoidance particularly for outside consultations or services. (See *Tillery, supra* at 418). A doctor prescribed a course of action that was warranted by legitimate medical factors and Gombeh-Alie countermanded it for non-medical factors. (See *Young v. Harris*, 509 F. Supp. 1111, 1113-1114 (1981) (failure to provide prescribed treatment stated cause of action). Williamson clearly plead a cognizable claim...

In fact, after CMS became the medical vendor and Williamson had experienced two falling/collapsing incidents he was seen by doctor Durst. Williamson articulate the same exact symptoms to Durst that he repeated articulated to Gombeh-Alie, and Durst immediately stated that it sounds like a "classic ACL injury." Durst Order the needed MRI and it promptly revealed that Williamson had a completely ruptured ACL. CMS

3

was forced to clean up Gombeh-Alie and FCMI's deliberate indifferent and it provided Williamson with the required reconstructive surgery for same. (Medical Records bear out same).

Additionally, Gombeh-Alie's culpability is solidified when after Williamson received a promise –via medical grievance- to have Alie perform a comprehensive knee exam and prescribe strength training and physical therapy, she nevertheless treated Williamson with contempt and scorn, and alternatively performed a repeat mock exam. Williamson was scheduled to return in six weeks with Alie for the strength training and physical therapy, and any necessary follow up, but Alie never did follow through on the scheduling, and never did prescribe the strength training or physical therapy. This was in direct conflict with the grievance agreement. (Record bears this out too). Records demonstrate that Gombeh-Alie met Williamson twice, but no treatment is recorded at all; alternatively she countermanded an informed Order for Williamson to receive an MRI absent any legitimate medical factors, and she violated the grievance agreement and refused to see Williamson again despite the re-scheduling and despite the grievance agreement. Clearly, Williamson's claims are cognizable; however, Gombeh-Alie is grabbing at straw dogs.

WHERFORE, for the reasons above, the Court should grant Williamson's motion for default against Gombeh-Alie, and alternatively deny her several bad faith filings. Default should be entered and a hearing on damages scheduled.

_David W_____    10-10-07
David Williamson,                    Date
183022, S-1, C-21
1181 Paddock Rd.
Smyrna, DE 19977

CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. Plaintiff's Reply to Defendant Gombeh-Alie's Opposition to Entry of Default.

2. N/A

By placing same in a U.S. Mail receptacle on the __15__ day of __Oct__ 200__7__.

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

N/A

David W____
David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

David W____
Signed as Original

I/M: David Williamson
SBI# 183022    UNIT S.I C-21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570

RECEIVED
OCT 16 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE