IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, ) | |
| Plaintiff, ) | |
| v. ) | C.A. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, ) | |
| Defendants. | |

PLAINTIFF SEEKS LEAVE TO AMEND HIS REARGUMENT

---

Plaintiff, Williamson, pursuant to Fed. R. Civ. P. 59 (e), 60 (b), (1), (3) & (6); and Del. Local rule 7.1.5, does hereby seek leave to file an addendum to his motion for reargument (D.I. 139-140), with newly discovered evidence/authority. The interests of justice and the pursuit of the truth warrant the inclusion of this newly discovered evidence. Williamson requested the Court to reconsider its Order dismissing defendant First Correctional Medical, Inc (FCMI) (D..I. 122), because Williamson would suffer irreparable prejudice and he specifically raised that it was improper to dismiss FCMI because its wholly owned subsidiary First Correctional Medical-Delaware, LLC (FCM), was an alter ego. Williamson does not alter his position, but merely offers newly discovered evidence that will aid the trier of fact with this issue. Williamson is a pro se plaintiff and a friend of the Court; he seeks pleading leniency under *Haines v. Kerner*, 404 U.S. 519 (1972). 2. Rule 60 (b) allows relief for newly discovered evidence, fraud, misrepresentation, and/or any other reason that would justify relief under the doctrine of "equitable remedies." (See *Moolenar v. Gov. of V. Islands*, 822 F.2d 1342, 46 (3d Cir 1987). Williamson submits that the new evidence is highly relevant and appropriate for following reasons:

a. On 1-31-07, FCM belatedly filed –what it ostensibly styled as a "Response to Plaintiff's Motion for Default....s" (D.I. 49);

b. However, FCMI's response was actually an untimely *motion to dismiss* disguised as a response to Williamson's default motion.

c. Williamson filed a timely objection to FCMI's untimely motion to dismiss on 02-15-07.

d. FCMI stated that it never contracted with the Delaware Department of Corrections (DDOC), that First Correctional Medical-Delaware, LLC had, and thus Williamson had named the wrong defendant.

e. During the interim on **3-28-07**, FCMI admitted the following: "... First Correctional Medical Delaware, LLC was a wholly-owned subsidiary of first Correctional Medical, Inc.." (See D.I. 78 at items 2-4 FCMI's response to plaintiff's admissions, at Ex-A at items 2-4).

f. On 7-19-2007, the Court granted FCMI's motion to dismiss (D.I. 122); however, FCMI committed fraud, because it misrepresented its identity and/or relationship with FCM-Del, LLC ("FCM").

g. Whether a defendant has a meritorious defense is a threshold question.

 h. Moreover, the Hirtz Court articulated a caveat pertaining to the very issue relating to the question of the relationship of two seemingly independent and unrelated corporations:

> Although we accept…that the direct marketing of the machine by its foreign manufacturer would provide a defense for [defendant] Woma, but *the relation between the two companies should be weighed as an equitable consideration* in opening the default judgment. *The claim that the wrong party was saddled with the judgment would appear much less compelling in the case of two interrelated corporate entities* fully capable of adjusting any inequities between themselves than in the case of an inadvertently involved, independent party. (See *Hirtz v. Woma Corp*, 732 F.2d 1178, 1181 (3d Cir. 1984) (Foot note 2 at 1181) (emphasis added).

 i. FCMI's admission that it was the sole owner and controlling party over FCM raised a genuine issue of material fact that was pertinent to the threshold question, and Williamson raised the claim that FCM was but an alter ego and supported same with evidence of shared accounts (e.g. cancelled check made out to FCMI of Tucson, Arizona and shared resources (e.g. Medical Forms listing FCMI's address, etc); this warranted a second look into FCMI's relationship with FCM.

 j. Since Williamson filed his motion for reargument, he has uncovered further supporting evidence of FCM's alter ego status, and further evidence of irreparable prejudice if the Court fails to exercise its discretion and equitable powers to right FCMI's malfeasance and fraud.

<u>Additional Evidence of Defendant's Fraud and Prejudice to Plaintiff</u>

1. Relief from judgment or *order* under Fed. R. Civ. P., rule 60 (b) (3), is appropriate in the following:

 i. The moving party possesses a meritorious claim;
 ii. The adverse party engaged in fraud, misrepresentation, or other misconduct; and
 iii. The adverse party's conduct prevented the moving party from fully and fairly presenting its case during trial. (e.g. By not disclosing to the Court or Williamson that FCM was actually an alter ego of FCMI, FCMI committed fraud and undermined the only defense FCMI raised). (See <u>Harley v. Zoesch</u>, 413 F.3d 866, 870 (8th Cir. 2005).

2. First Correctional Medical, Inc (FCMI) of 6861 N. Oracle Rd. Tucson, Arizona, 85737, is an Arizona corporation that is a vendor of medical services. It was FCMI that responded to a Delaware Department of Corrections (DDOC), Request for Proposal that had been published and circulated among Medical Vendors some time in January 1, 2002 and May 2002. FCMI presented **its** proposal and **its** accreditation from the National Commission on Correctional Health Care (NCCHC) when submitting its bid to the DDOC to provide medical care to its inmates. (See WYATT v. FCM, INC., et al, No. 05-655-KAJ).

3. Stanley Taylor, then Commissioner of Corrections for the DDOC, on or about June 17, 2002, entered into an Agreement with First Correctional Medical, Inc. to provide comprehensive medical care for inmates of DDOC. (Id)

4. On or about July 1, 2002, an alter ego –wholly owned subsidiary of FCMI- commenced business as the actual vendor for the medical care being provided to the DDOC, however, *FCMI of Arizona retained control over hospital and specialty care referrals* for the inmates of DDOC and Plaintiff during the relevant period. (Note: that

defendant Alie's countermanded a doctor's Order for Williamson to have outside specialty care (e.g. MRI test on his ACL/knee), and that her countermand was to realize FCMI's custom/policy of cost-avoidance. This matter is specifically germane to Williamson's claims). (Id).

5. At no time prior to July 2005 (FCM's termination) did FCM-Del receive independent accreditation form the NCCHC, and at all times relevant Commissioner Taylor/Bureau Chief Talley relied upon the NCCHC irradiation of the parent and controlling company: FCMI. (Id).

6. Through July 1, 2005, Plaintiff's medical care was being conducted under the direct supervision of defendant Gombeh-Alie who, as Medical Director of FCM, required approval of FCMI of Arizona in order to secure the treatment and specialized/diagnostic care Williamson required, but was denied absent legitimate medical factors. It is believed and therefore averred that Defendant Gombeh-Alie knowingly and intentionally declined to obtain the needed approvals for the serious medical needs of Williamson for reason of unjustified and constitutionally impermissible cost-avoidance practices of FCMI. (Id).

7. FCM is insolvent; it no longer has any viable address for service, and Williamson contacted both of FCMI/FCM's Delaware counsel to determine which one was representing FCM and authorized to accept service of process. Both refused to comment. Williamson requested the same information of FCMI at its Arizona location, and it too refused to disclose any information. Below are the Counsel Williamson contacted on the week of 10-01-07:

| | |
|---|---|
| Daniel L McKenlty, Esq | Dana S. Monzo, Esq |
| Heckler & Frabizzio | White & Williams |
| 800 Delaware Ave., Suite 200 | 824 Market St., Suite 902 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |

8. Thus, FCMI incorporated FCM as an alter ego and maintained complete control over the relevant medical issues that Williamson claimed were denied him in violation of his constitutional rights. FCMI presented a fraudulent defense in support of its motion to dismiss, and had FCMI presented the entire contract –as appropriate under Fed. R. Civ. P, rule 1002- this would have been borne out. Also, there is a genuine issue of material fact regarding the exact relationship between the two corporations, and whether FCM is even a live entity. (See Ex-A, Settlement Offer by FCMI to Williamson in which FCMI admits that FCM is no longer operating). If the Court fails to reverse its dismissal of FCMI, than FCMI will escape liability and Williamson will not be able to bring his meritorious claim against FCM because it no longer exists. Indeed, its existence was precarious and or dubious at best, and it appears that FCMI is making good use of its sham corporation. This would cause a manifest injustice and irreparable prejudice to an innocent plaintiff.

WHEREFORE, in view of the above and relevant filings, Williamson respectfully requests the Court to reverse its Order Dismissing FCMI as the rightful defendant, or alternatively holding a hearing to resolve this genuine issue of material fact.

_David W_____                                              _10-11-07_
David Williamson, 183022, 1181 Paddock Rd. Smyrna, DE 19977         Date

_David Williamson_
Signed as Original

3

CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed below the following true and correct documents:

1. Plaintiff Seeks Leave to Amend His Reargument (D.I. 139-140)

2. N/A

By placing same in a U.S. Mail receptacle on the __15__ day of __Oct__ 200 _7_.

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

Daniel McKently, Esq.
(Counsel for FCM, Inc.)
1225 N. King St., Suite 1100
Wilmington, DE 19809-0397

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

Patrick Rock, Esq.
(Counsel for CMS, Inc.)
913 Market St., #800
Wilmington, DE 19801

N/A

David W——
David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

David W——
David W——
Signed as Original

# EXHIBIT A

LAW OFFICES

## McCULLOUGH & McKENTY, P.A.

BRUCE W. McCULLOUGH (DE, PA)
DANIEL L. McKENTY (DE)
GERALD J. HAGER (DE, PA)
DANA SPRING MONZO (DE, PA)

PARALEGALS
JUSTINA K. BAYLESS
CANDACE E. HOLMES
LAURA B. SPENCE
MARY S. MOONEY

1225 N. KING STREET
SUITE 1100
P.O. BOX 397
WILMINGTON, DE 19899-0397

TEL: (302) 655-6749
FAX: (302) 655-6827

PENNSYLVANIA OFFICE
123 S. Broad Street
Suite 2035
Philadelphia, PA 19109

**Writer's Direct Contact**
Telephone Extension: 81
lspence@mccmck.com
www.mccmck.com

June 25, 2007

Mr. David Williamson
SBI #183022
Delaware Correctional Center
1811 Paddock Road
Smyrna, DE 19977

      RE:    **Williamson v. First Correctional Medical, Inc., et. al.**
                <u>C.A. No. 06-379 (SLR)</u>

Dear Mr. Williamson:

      You are one of many plaintiffs who have filed suit against former employee(s) of First Correctional Medical Delaware, LLC and/or First Correctional Medical Delaware, LLC ("FCM") claiming 42 U.S.C. §1983 violations. As you are aware, FCM has not been the health care provider for the State of Delaware Department of Correction since June 30, 2005. Since that time, FCM has ceased operating in the State of Delaware and is in an extremely precarious financial situation. At this time, a Chapter 7 Bankruptcy Petition is being reviewed by the Board of FCM and will likely be filed in the upcoming weeks.

      FCM is self-insured and provided self-insurance coverage to its various employees. When FCM files bankruptcy, all cases involving the company and its employees will be stayed until the bankruptcy is resolved. There will be no other source of funds to pay any judgments that may be taken against FCM or its former employees.

      In a good faith effort to resolve all outstanding litigation in the State of Delaware, FCM has authorized our firm to settle your case against former FCM employees and/or FCM in the amount

*CONFIDENTIAL OFFER*

*REDACTED PORTION*

Mr. David Williamson
June 25, 2007
Page 2 of 2

    As you are likely aware, settlement discussions are confidential and we expect that you will maintain this communication as such. This offer will remain open for thirty (30) days from the date of this letter. I look forward to hearing from you. Please do not hesitate to contact me with any questions or concerns. I remain,

                          Very truly yours,

                          Gerald J. Hager

GJH/lbs
H:\FILES\DAN\WILLIAMSON (FCM)\Williamson 1 - settlement offer.wpd