IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID WILLIAMSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-379 SLR |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | |
| CHRISTINE MALANEY, DONNA PLANTE, | : | TRIAL BY JURY |
| MARGARET LOVE, CHUKS IHUOMA, DR. | : | OF TWELVE DEMANDED |
| SITTA C. ALIE, DR. ALAN ZIMBAL, | : | |
| MICHELLE ROBINSON, JUANITA CLARK, | : | |
| DR. CARLA KIONKE and FIRST | : | |
| CORRECTIONAL MEDICAL, | : | |
| | : | |
| Defendants. | : | |

DONNA PLANTE'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT DONNA PLANTE

GENERAL OBJECTIONS

A. Defendant Donna Plante ("Answering Defendant") objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B. Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

DE091709.2

C.  Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the terms used therein are vague and ambiguous.

G.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.  Answering Defendant objects to the Interrogatories, including the

DE091709.2

Definitions and Instructions therein, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such interrogatories are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I. Answering Defendant objects specifically to the Definitions and Instructions as overly broad, ambiguous, and unduly burdensome. In responding to Requests for Admission, Interrogatories, or Requests for Production, Answering Defendant will use the ordinary meaning of the words or terms defined in Paragraphs 1-30 of the "Definitions" portion of his Requests for Admission.

J. Answering Defendant objects to the Requests for Admission, Requests for Production and Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Request for Admission, Request for Production or Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request for Admission or Interrogatory is accurate.

K. Answering Defendant's failure to object to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission n a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L. These General Objections are incorporated into each of Answering Defendant's specific Responses to the Requests for Admission, Interrogatories and Request for Production, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any

DE091709.2

subsequent supplementation.

M. Answering Defendant reserves the right to supplement or amend its responses and objections to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission. The fact that Answering Defendant has responded to the Requests for Admission, Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N. To the extent an Answer to an Interrogatory is responsive to any or all other Interrogatories, those Answers are deemed to be incorporated by reference to such other Interrogatories.

O. These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

## ANSWERS TO FIRST SET OF ADMISSIONS DIRECTED TO DONNA PLANTE

1. Admitted that Plante attended a formal grievance hearing relating to Williamson's MG #15453 on 10-06-05.

**RESPONSE:** After reasonably inquiry Defendant is unable to admit or deny the Request.

DE091709.2

Defendant is only able to admit insofar as same is consistent with the grievance records and denied insofar as it is inconsistent with the grievance records. Defendant has no independent knowledge or recollection of the specific hearing referenced to by the Plaintiff.

2. Admitted that the following person also attended the above listed MG hearing: (a) Lee Anne Dunn, (b) Matthalina Wright, (c) Micheal (sic) McCreanor, and/or (d) Nikita Robins of the Delaware Department of Justice (DOJ).

**RESPONSE:** After reasonably inquiry Defendant is unable to admit or deny the Request. Defendant is only able to admit insofar as same is consistent with the grievance records and denied insofar as it is inconsistent with the grievance records. Defendant has no independent knowledge or recollection of the specific hearing referenced to by the Plaintiff.

3. Admitted that item #54 of Williamson's amended complaint (complaint) is substantially accurate as it related to Plante's statements to Williamson at the above listed MG hearing.

**RESPONSE:** After reasonably inquiry Defendant is unable to admit or deny the Request. Defendant has no independent knowledge or recollection of the specific hearing referenced to by the Plaintiff.

4. Admitted that Plante was scheduled to work and/or was present for at the DCC hospital on 11-29-07 (sic) on or before 14:00.

**RESPONSE:** Denied.

DE091709.2

As to objections only:

Marks, O'Neill, O'Brien & Courtney, P.C.

/s/ Patrick G. Rock
Megan T. Mantzavinos, Esquire (ID 3802)
Patrick G. Rock, Esquire (ID 4632)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorneys for Defendant*

DATED: Oct. 18, 2007

DE091709.2

## CERTIFICATE OF SERVICE

I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C. hereby certify that on this 18TH day of Oct, 2007, have served two copies of the attached Defendant Plante's Responses to Requests for Admissions Directed to Plante via First Class Mail upon the Pro Se Plaintiff and Electronic Service upon the following counsel of record, to wit:

David W, Williamson
SBI # 183022
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
*Pro Se*

James Edward Drnec, Esquire
Balick & Balick, LLC
711 North King Street
Wilmington, DE 19801
(302) 658-4265

Daniel L. McKenty, Esquire
Heckler & Frabizzio
800 Delaware Avenue, #200
Wilmington, DE 19801
*Attorneys for Defendant First Correctional Medical*

                              Marks, O'Neill, O'Brien & Courtney, P.C.

By: */s/ Patrick G. Rock*
     Megan Mantzavinos, Esquire (I.D. 3802)
     Patrick G. Rock, Esquire (I.D. 4632)
     913 North Market Street, #800
     Wilmington, DE 19801
     (302) 658-6538
     *Attorney for Defendant*