IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID WILLIAMSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-379 SLR |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | TRIAL BY JURY OF |
| CHRISTINE MALANEY, DONNA PLANTE, | : | TWELVE DEMANDED |
| MARGARET LOVE, CHUKS IHUOMA, DR. | : | |
| SITTA C. ALIE, DR. ALAN ZIMBAL, | : | |
| MICHELLE ROBINSON, JUANITA CLARK, | : | |
| DR. CARLA KIONKE and FIRST | : | |
| CORRECTIONAL MEDICAL, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT PLANTE'S ANSWERS TO PLAINTIFF'S FIRST SET
OF INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Identify and describe Plante – including her professional qualifications – while she was employed with CMS during the relevant period, including her assignment to DCC.

ANSWER: Objection, this Interrogatory is vague and ambiguous. It is unknown what Plaintiff means by "describe" or what the "relevant period" may be. Without waiving objections and subject thereto, I am a nurse.

2. Identify the following persons and verify whether they were the staff who attended Williamson's medical grievance hearing on 10/6/05 for MG #15453:

    (a)    Lee Anne Dunn;

    (b)    Matthalina Wright; and

    (c)    Michael McCreanor.

ANSWER: Objection, this Interrogatory is vague, ambiguous, seeks information not relevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim

DE092455.3

for insufficient grievance procedures. Without waiving objections and subject thereto, Lee Anne Dunn was a person who set up appointments and Matthalina Wright worked as a ward clerk and was a certified nursing assistant. I do not recall who Mr. McCreanor is or what his title was, but I think he was an officer.

3. Identify and produce any and all documents and/or communications relating to and/or in response to the following letters, notices, and/or other medical grievances provided by Williamson on the following dates:

(a) 10/3/05;

(b) 11/9/05;

(c) 3/13/06;

(d) 3/12/06;

(e) 2/9/06; and

(f) 4/19/06.

ANSWER: Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for insufficient grievance procedures. By way of further answer and without waiving objections, I do not recall any grievances or matters related to items (a) and (b) and I did not work at the Delaware Correctional Center after about January 10, 2006.

4. Identify and produce any and all documents and/or communications relating to and/or in response to CMS' Medication Distribution Administration ("MDA"), which may have or was disseminated to Plante – including any specific to DCC and/or modifications to the MDA – during the relevant period.

DE092455.3

**ANSWER:** I do not have any of these documents and I cannot recall what the specific policy for medication distribution was.

5. Identify and describe Plante's relationship and/or responsibilities relating to MG and EMG.

ANSWER: Objection, this Interrogatory is vague and confusing, seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for insufficient grievance procedures. Without waiving objections and subject thereto, I investigated medical grievances and I would pull medical records and speak to the staff. If the grievance was related to medication I would try to refer to the medication administration records and try to find out if the inmate was missing medication. If the patient was missing medications I would try to get the physician to reorder the prescriptions or look into the matter to determine what action needed to be taken. I may also talk to the inmates to determine whether the issue needs to be addressed. I do not recall any specific grievances involving David Williamson.

6. Identify and describe the persons or entity responsible for evaluating and/or screening EMG(s) for any determination of whether the medical complaint constitutes an emergency under the IGP 4.4.

ANSWER: Objection, this Interrogatory is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for inadequate grievance procedures. without waiving objections and subject thereto, a correctional officer would give me grievances to investigate and if I saw any matters that needed immediate attention, I would begin investigating those grievances first. I do not recall David Williamson specifically and while I agree that a patient

DE092455.3

receiving medication that a doctor prescribes is important, not having hypothyroid medication will not typically lead to any immediate serious physical problems and therefore I would probably not consider missing hypothyroid medication to be an emergency situation. If an inmate was missing medication, I would probably try to get the inmate back on track by having the nurse re-order the medication from the pharmacy unless the order was old. If the medication order needed to be reissued, I would ask that of the nurse.

7. Identify and describe any and all acts, actions, or efforts that Plante employs to evaluate and/or screen EMG(s) for valid medical emergencies.

ANSWER: Please see answer to Interrogatory number 6.

8. Identify and describe any and all acts, actions or efforts that Plante employed to address and/or correct the issues referenced in Williamson's notices, letters and medical grievances listed above at items 2 and 3.

ANSWER: Objection, this Interrogatory is vague and confusing, seeks information that is irrelevant and not reasonable calculated to lead to admissible information. Without waiving objections and subject thereto, I don't know what Plaintiff means by "correct the issues." By way of further answer, if an inmate made a grievance and the grievance committee or any appellant review required action, we would refer the matter to the personnel in charge of performing the action. Additionally, I do not recall David Williamson specifically.

9. Produce and describe any and all documents and communications relating to item 8 above.

ANSWER: I do not have any documents.

DE092455.3

10. Identify and verify whether Plante and/or Tinnikka Miller were assigned to and/or working at DCC on 11/11/05 and/or 11/29/05.

**ANSWER**: I may have worked, but I do not recall specifically whether I worked on that day.

11. Identify and produce any and all documents and/or communications relating to and/or in response to communications with the DDOC and/or DCC administration relating to the Don Joy knee brace for Williamson.

ANSWER: I do not recall any such communications or David Williamson.

 

AS TO OBJECTIONS ONLY:
Marks, O'Neill, O'Brien & Courtney, P.C.

By: /s/ Patrick G. Rock
    Megan T. Mantzavinos, Esquire (ID 3802)
    Patrick G. Rock, Esquire (ID 4632)
    913 Market Street, #800
    Wilmington, DE 19801
    (302) 658-6538
    *Attorney for Defendants*

DATED: Oct. 18, 2007

DE092455.3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 06-379 SLR |
| : | |
| CORRECTIONAL MEDICAL SERVICES, INC., : | |
| CHRISTINE MALANEY, DONNA PLANTE, : | TRIAL BY JURY OF |
| MARGARET LOVE, CHUKS IHUOMA, DR. : | TWELVE DEMANDED |
| SITTA C. ALIE, DR. ALAN ZIMBAL, : | |
| MICHELLE ROBINSON, JUANITA CLARK, : | |
| DR. CARLA KIONKE and FIRST : | |
| CORRECTIONAL MEDICAL, : | |
| : | |
| Defendants. : | |

## AFFIDAVIT

STATE OF DELAWARE

KENT COUNTY

BE IT REMEMBERED that on this 11th day of October, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, Donna Plante, personally known to me as such, and being duly sworn according to law, did depose and say that the Defendant's answers to Plaintiff's Interrogatories to Defendant are true and correct to the best of Her knowledge and belief.

_Donna Plante_
Donna Plante

SWORN TO and SUBSCRIBED before me the day and year first above written.

_Norma S. Chalten_
NOTARY PUBLIC

DE092462.1

# CERTIFICATE OF SERVICE

I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C. hereby certify that on this  18TH  day of  Oct , 2007, have served two copies of the attached Defendant Plante's Answers to Plaintiff's Interrogatories and Requests for Production of Documents Directed to Plante via First Class Mail upon the Pro Se Plaintiff and Electronic Service upon the following counsel of record, to wit:

David W, Williamson
SBI # 183022
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
*Pro Se*

James Edward Drnec, Esquire
Balick & Balick, LLC
711 North King Street
Wilmington, DE 19801
(302) 658-4265

Daniel L. McKenty, Esquire
Heckler & Frabizzio
800 Delaware Avenue, #200
Wilmington, DE 19801
*Attorneys for Defendant First Correctional Medical*

                                               Marks, O'Neill, O'Brien & Courtney, P.C.

By:   */s/ Patrick G. Rock*
       Megan Mantzavinos, Esquire (I.D. 3802)
       Patrick G. Rock, Esquire (I.D. 4632)
       913 North Market Street, #800
       Wilmington, DE 19801
       (302) 658-6538
       *Attorney for Defendant*