IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-379 SLR |
| CORRECTIONAL MEDICAL SERVICES, INC., CHRISTINE MALANEY, DONNA PLANTE, MARGARET LOVE, CHUKS IHUOMA, DR. SITTA C. ALIE, DR. ALAN ZIMBAL, MICHELLE ROBINSON, JUANITA CLARK, DR. CARLA KIONKE and FIRST CORRECTIONAL MEDICAL, | : TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | : |

DR. SITTA GOMBEH-ALIE'S
ANSWERS TO PLAINTIFF'S COMBINED FIRST SET OF REQUESTS FOR
INTERROGATORIES AND PRODUCTION OF DOCUMENTS DIRECTED TO
DEFENDANTS IHUOMA CHUKS AND DR. SITTA GOMBEH-ALIE

GENERAL OBJECTIONS

A.   Defendant Dr. Sitta Gombeh-Alie ("Answering Defendant") objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.   Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and

DE091685.2

immunities protecting confidential information from discovery.

C. Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D. Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E. Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F. Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the terms used therein are vague and ambiguous.

G. Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

DE091685.2

H. Answering Defendant objects to the Interrogatories, including the Definitions and Instructions therein, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such interrogatories are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I. Answering Defendant objects to the Requests for Admission, Requests for Production and Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Request for Admission, Request for Production or Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request for Admission or Interrogatory is accurate.

J. Answering Defendant's failure to object to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission in a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

K. These General Objections are incorporated into each of Answering Defendant's specific Responses to the Requests for Admission, Interrogatories and Request for Production, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

L. Answering Defendant reserves the right to supplement or amend its responses and objections to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission. The fact that Answering Defendant has responded to the

Requests for Admission, Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

M.  To the extent an Answer to an Interrogatory is responsive to any or all other Interrogatories, those Answers are deemed to be incorporated by reference to such other Interrogatories.

N.  These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

### DR. GOMBEH-ALIE'S ANSWERS TO FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS DIRECTED TO DR. GOMBEH-ALIE

1.  Identify the persons who attended Williamson's medical grievance hearing for MG #7463 on or about 10-14-04, and produce any and all documents or communications relating to said MG hearing.

**ANSWER:** Defendant objects to this Interrogatory as it is irrelevant and not reasonably calculated to lead to admissible evidence. The Plaintiff has no right to a particular form of grievance procedure and therefore the persons present are not relevant to any of the Plaintiff's claims. Without waiving objection and subject thereto, papers regarding grievance procedures

DE091685.2

and grievance hearings are in the possession of the Department of Corrections. Also, see medical records already produced.

2. Identify and describe the classic and elemental symptoms of an ACL injury are.

**ANSWER:** Objection, this Interrogatory is vague and confusing, overly broad and not reasonably calculated to lead to admissible evidence. Without waiving objections and subject thereto, ACL injuries may manifest themselves in multiple ways and there can be a variety of symptoms for such an injury. By way of further answer and without waiving objections, ACL injuries can have varying degrees of affects on patients or sometimes little or no affect on patients, depending upon the patient and the injury.

3. Identify and describe what the generally accepted professional standards would be as they relate to the classic and elemental symptoms of an ACL injury and/or an ACL injury.

**ANSWER:** Objection, this Interrogatory is vague and confusing, overly broad is not calculated to lead to admissible evidence as Defendant does not know what the Plaintiff means by asking for a description of professional standards regarding an ACL injury. The Interrogatory is also irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff is not making a claim for medical negligence.

4. [1]Identify and describe what a comprehensive knee exam would likely entail for any who exhibited and/or described the classic and elemental symptoms of an ACL injury.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably

---

[1]Plaintiff numbers this Interrogatory as a second Interrogatory Number 3. The Answers are renumbered to follow a sequential pattern.

DE091685.2

calculated to lead to admissible information and is vague and confusing in so far as the Interrogatory assumes there is a condition known as a "classic" ACL injury or that "elemental symptoms" is a medical term. By way of further answer and without waiving objections, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the plaintiff is not making a medical negligence claim.

5. Identify and describe what a comprehensive knee exam would likely entail and or what the generally accepted professional standards are for anyone who exhibited and/or described the symptoms Williamson listed in the complaint at items # 99 (a)-(c) and # 102.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for medical negligence. This Interrogatory is further vague and confusing insofar as the Plaintiff assumes a "one size fits all" diagnosis for knee injuries.

6. Identify and describe any and all acts, treatments, or care Dr. Alie performed and/or administered to Williamson in relation to his ACL injury on the following: (a) 09-28-04 and (b) 11-04-04.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the plaintiff cannot make a claim for medical negligence. This Interrogatory is further objected to as it assumes facts not established by the Plaintiff or that the plaintiff was diagnosed with an ACL injury as opposed to a bruised knee or other knee injury. By way of further answer and without waiving objections and subject thereto, see medical records already produced.

DE091685.2

7. Identify and describe what generally accepted professional standards would entail for any physical therapy and/or strength training for an ACL injury as described above at # 5.

**ANSWER:** Objection, this Interrogatory is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for medical negligence. By way of further answer and without waiving objections and subject thereto, plaintiff assumes incorrectly that the medical community adopts a one-size fits all approach to physical therapy and strength training when some patients do well without any physical therapy or strength training following surgery.

8. Identify and produce any and all documents and communications relating to Williamson's MG #78623 and 37123 (including the persons that attended the hearings).

**ANSWER:** Objection, this Interrogatory is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for improper grievance procedure. By way of further answer and without waiving objections and subject thereto, documents related to an inmates grievances are in the possession of the Department of Corrections.

9. Identify and describe the entities known or formerly known as (a) First Correctional Medical, Inc. (FCMI) and (b) First Correctional Medical-Delaware, LLC (FCM).

**ANSWER:** Objection, this Interrogatory is vague and confusing and it is not known what the Plaintiff means by "describe" or "known" or "formerly known as". Without waiving objections and subject thereto, this Interrogatory is improperly directed to Dr. Gombeh-Alie as she is neither an officer nor a board member of either entity, assuming either entity exists, and should be

directed to either First Correctional Medical, Inc. or First Correctional Medical-Delaware, LLC. By way of further Answer, I don't know what the legal entity is, but I refer to it as First Correctional Medical.

    10.    Identify and describe the following:

(a) Whether FCM was autonomous and/or free of FCMI to pursue alternate business other than the DDOC contract or was that FCM's only available contract during the relevant period;

(b) Whether FCM had its own medical accreditation or whether it merely utilized FCMI's accreditation during the relevant period;

(c) Whether FCM had its own insurance or whether it merely utilized FCMI's insurance policy during the relevant period;

(d) Whether FCM had its own accounting department or whether it merely utilized FCMI's home accounting department during the relevant period;

(e) Whether and to what degree did FCM shared employees, resources, departments, bank accounts, and or other shared resources with its parent FCMI during the relevant period;

(f) Whether and to what degree was FCM independent from FCMI during the relevant period;

(g) Whether and to what degree did FCMI maintain control and/or authority over FCM during the relevant period;

(h) Whether and to what degree did Dr. Alie answer to, was responsible to, and/or was in communication with FCMI during the relevant period;

> (i) Whether and to what degree did FCMI maintain control over and/or supervise Dr. Alie's activities while she worked at DCC during the relevant period; and
>
> (j) Whether and to what degree did Dr. Alie answer to, was responsible to, and/or was in communication with FCM during the relevant period; and
>
> (k) What were Dr. Alie's responsibilities and duties as they related to (a) FCMI and (b) FCM during the relevant period.

**ANSWER:** Objection, this Interrogatory seeks information that is overly broad, unduly burdensome, seeks information that is not relevant and not reasonably calculated to lead to admissible information. This Interrogatory is also vague insofar as it references an undefined "relevant period". Without waiving objection and subject thereto and by way of further answer, subparts (a)-(g) should be directed to either First Correctional Medical, Inc. or First Correction Medical-Delaware, LLC. By way of further answer, and without waiving objections, Dr. Alie was and employee in an independent contractor relationship of First Correctional Medical from 2003 to June 30, 2005. It is unknown whether the proper corporate entity with whom the relationship existed was First Correctional Medical, Inc. or First Correction Medical-Delaware, LLC or another entity. Dr. Alie's title was medical director and her supervisor was Tammy Kastre, MD.

> 11. Identify and describe Dr. Alie's professional qualifications (including whether and to what degree she is qualified to prescribe any particular type of physical therapy and/or strength training).

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information in that the Plaintiff cannot make a claim for medical

DE091685.2

negligence. Without waiving objections and subject thereto, Dr. Alie has earned a medical degree from Northwestern University, Chicago, Illinois and a Masters Degree in Public Health from Yale University.

        AS TO OBJECTIONS ONLY:

        MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

        /s/ Patrick G. Rock

        Megan T. Mantzavinos, Esquire (ID 3802)
        Patrick G. Rock, Esquire (ID 4632)
        913 Market Street, #800
        Wilmington, DE  19801
        (302) 658-6538
        *Attorney for Defendant*

DATED: OCT. 18, 2007

DE091685.2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON, :
:
Plaintiff, :
:
v. : C.A. No. 06-379 SLR
:
CORRECTIONAL MEDICAL SERVICES, INC., :
CHRISTINE MALANEY, DONNA PLANTE, :
MARGARET LOVE, CHUKS IHUOMA, DR. :
SITTA C. ALIE, DR. ALAN ZIMBAL, :
MICHELLE ROBINSON, JUANITA CLARK, :
DR. CARLA KIONKE and FIRST :
CORRECTIONAL MEDICAL, :
:
Defendants. :

## AFFIDAVIT

STATE OF DELAWARE :
:
KENT COUNTY :

BE IT REMEMBERED that on this 15th day of Oct, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, DR. SITTA GOMBEH-ALIE, personally known to me as such, and being duly sworn according to law, did depose and say that she is the Defendant in the above matter and that the Answers to Interrogatories Directed to Defendant by Plaintiff are true and correct to the best of her knowledge and belief.

_____
DR. SITTA GOMBEH-ALIE

SWORN TO and SUBSCRIBED before me the day and year first above written.

_____
NOTARY PUBLIC

DE091702.1

## CERTIFICATE OF SERVICE

I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C. hereby certify that on this 19TH day of OCT, 2007, have served two copies of the attached Defendant Dr. Alie's Responses to Requests for Production of Documents and Interrogatories Directed to Dr. Alie via First Class Mail upon the Pro Se Plaintiff and Electronic Service upon the following counsel of record, to wit:

David W, Williamson
SBI # 183022
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
*Pro Se*

James Edward Drnec, Esquire
Balick & Balick, LLC
711 North King Street
Wilmington, DE 19801
(302) 658-4265

Daniel L. McKenty, Esquire
Heckler & Frabizzio
800 Delaware Avenue, #200
Wilmington, DE 19801
*Attorneys for Defendant First Correctional Medical*

                                              Marks, O'Neill, O'Brien & Courtney, P.C.

By: */s/ Patrick G. Rock*
     Megan Mantzavinos, Esquire (I.D. 3802)
     Patrick G. Rock, Esquire (I.D. 4632)
     913 North Market Street, #800
     Wilmington, DE 19801
     (302) 658-6538
     *Attorney for Defendant*