IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-379 SLR |
| CORRECTIONAL MEDICAL SERVICES, INC., CHRISTINE MALANEY, DONNA PLANTE, MARGARET LOVE, CHUKS IHUOMA, DR. SITTA C. ALIE, DR. ALAN ZIMBAL, MICHELLE ROBINSON, JUANITA CLARK, DR. CARLA KIONKE and FIRST CORRECTIONAL MEDICAL, | : TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | : |

DR. SITTA GOMBEH-ALIE'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANTS DONNA PLANTE, IHUOMA CHUKS, AND DR. SITTA GOMBEH-ALIE

GENERAL OBJECTIONS

A.  Defendant Dr. Sitta Gombeh-Alie ("Answering Defendant") objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

DE091760.2

C.  Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the terms used therein are vague and ambiguous.

G.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.  Answering Defendant objects to the Interrogatories, including the

DE091760.2

Definitions and Instructions therein, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such interrogatories are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I. Answering Defendant objects specifically to the Definitions and Instructions as overly broad, ambiguous, and unduly burdensome. In responding to Requests for Admission, Interrogatories, or Requests for Production, Answering Defendant will use the ordinary meaning of the words or terms defined in Paragraphs 1-30 of the "Definitions" portion of his Requests for Admission.

J. Answering Defendant objects to the Requests for Admission, Requests for Production and Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Request for Admission, Request for Production or Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request for Admission or Interrogatory is accurate.

K. Answering Defendant's failure to object to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission in a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L. These General Objections are incorporated into each of Answering Defendant's specific Responses to the Requests for Admission, Interrogatories and Request for Production, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any

subsequent supplementation.

M. Answering Defendant reserves the right to supplement or amend its responses and objections to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission. The fact that Answering Defendant has responded to the Requests for Admission, Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N. To the extent an Answer to an Interrogatory is responsive to any or all other Interrogatories, those Answers are deemed to be incorporated by reference to such other Interrogatories.

O. These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

## ANSWERS TO FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO DR. SITTA GOMEH-ALIE

1. Admitted that Alie failed to perform the following: (a) the Lachman knee test and/or (b) the valgus stress test for Williamson's right knee injury (ACL injury).

**RESPONSE:** Objection to the substance of the request to the extent the Plaintiff asserts the

DE091760.2

Lachman's tests and/or Valgus Tests were necessary such that it was a failure to administer the tests. By way of further Answer Defendant has made a reasonable inquiry of the medical records and has no independent recollection of the Plaintiff or how he presented for evaluation and treatment and therefore can neither admit nor deny this request.

2. Admitted the following items of the complaint are factually correct as they relate to Williamson's knee related failed and/or collapsing incidents: (a) item #124, and (b) item #127.

**RESPONSE:** Objection to the substance of the request to the extent the Plaintiff asserts the facts that are beyond the knowledge of the Defendant such that she can neither admit nor deny the request. By way of further Answer Defendant has made a reasonable inquiry of the medical records and has no independent knowledge of the allegations in Paragraph Nos. 124 and/or 127.

3. Admitted that Williamson experienced a fall/collapsing injury related to his ACL injury on 2-10-07, of which resulted in Williamson having to be placed under medical observations for the head injury he received.

**RESPONSE:** Objection to the substance of the request to the extent the Plaintiff asserts the facts that are beyond the knowledge of the Defendant such that she can neither admit nor deny the request. By way of further Answer Defendant has made a reasonable inquiry of the medical records and has no independent knowledge of whether the plaintiff fell on February 10, 2007.

4. Admitted that Dr. Alie countermanded a prior doctor's order and/or recommendation for Williamson's ACL injury to have an MRI.

**RESPONSE:** Denied.

5. Admitted that the following is correct: (a) Williamson's ACL injury never healed on its own, (b) That the ACL injury did progressively worsen and/or cause for the damage to the

DE091760.2

knee area (e.g. meniscus discs, etc.), (c) That the ACL injury was permanent, and (d) That the ACL injury had to receive reconstructive surgery to repair.

**RESPONSE:** Objection to the substance of the request to the extent the Plaintiff asserts the facts that are beyond the knowledge of the Defendant such that she can neither admit nor deny the request. By way of further Answer Defendant has made a reasonable inquiry of the medical records and has no independent knowledge of the allegations in the request and is unable to admit or deny this allegation as it is not clear when the Plaintiff sustained the ACL injury for which he had surgery. By way of further answer (a) It is admitted that the Plaintiff injured his knee while playing softball sometime in 2004; (b) Defendant is unable to admit or deny this allegation as the Defendant has no independent knowledge regarding when the ACL injury was incurred for the Plaintiff and such injury could have occurred or advanced at any time preceding or following his softball injury in 2004; (c) Denied; and, (d) Admitted that the Plaintiff had ACL knee surgery in 2007. The remainder of the Request, including that the plaintiff's surgery was "reconstructive surgery", is denied.

AS TO OBJECTIONS ONLY

Marks, O'Neill, O'Brien & Courtney, P.C.

/s/ _____
Megan T. Mantzavinos, Esquire (ID 3802)
Patrick G. Rock, Esquire (ID 4632)
913 Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendants*

DATED: Oct. 18, 2007

DE091760.2

## CERTIFICATE OF SERVICE

I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C. hereby certify that on this  18TH  day of  Oct , 2007, have served two copies of the attached Defendant Dr. Alie's Responses to Requests for Admissions Directed to Dr. Alie via First Class Mail upon the Pro Se Plaintiff and Electronic Service upon the following counsel of record, to wit:

David W. Williamson
SBI # 183022
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
*Pro Se*

James Edward Drnec, Esquire
Balick & Balick, LLC
711 North King Street
Wilmington, DE 19801
(302) 658-4265

Daniel L. McKenty, Esquire
Heckler & Frabizzio
800 Delaware Avenue, #200
Wilmington, DE 19801
*Attorneys for Defendant First Correctional Medical*

                                                Marks, O'Neill, O'Brien & Courtney, P.C.

By:  */s/ Patrick G. Rock*
      Megan Mantzavinos, Esquire (I.D. 3802)
      Patrick G. Rock, Esquire (I.D. 4632)
      913 North Market Street, #800
      Wilmington, DE 19801
      (302) 658-6538
      *Attorney for Defendant*

DE093684.1