IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID WILLIAMSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-379 SLR |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | TRIAL BY JURY OF |
| CHRISTINE MALANEY, DONNA PLANTE, | : | TWELVE DEMANDED |
| MARGARET LOVE, CHUKS IHUOMA, DR. | : | |
| SITTA C. ALIE, DR. ALAN ZIMBAL, | : | |
| MICHELLE ROBINSON, JUANITA CLARK, | : | |
| DR. CARLA KIONKE and FIRST | : | |
| CORRECTIONAL MEDICAL, | : | |
| | : | |
| Defendants. | : | |

### IHUOMA CHUK'S
### ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANTS DONNA PLANTE, IHUOMA CHUKS, AND DR. SITTA GOMBEH-ALIE

### GENERAL OBJECTIONS

A.     Defendant Ihuoma Chuks ("Answering Defendant") objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.     Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

DE091756.1

C.  Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the terms used therein are vague and ambiguous.

G.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.  Answering Defendant objects to the Interrogatories, including the

DE091756.1

Definitions and Instructions therein, insofar as they seek information relevant to

Answering Defendant's defenses on the ground that such interrogatories are premature prior to

the receipt of testimony from Plaintiff as to the basis, if any, of his claims

      I.      Answering Defendant objects specifically to the Definitions and Instructions as

overly broad, ambiguous, and unduly burdensome. In responding to Requests for Admission,

Interrogatories, or Requests for Production, Answering Defendant will use the ordinary meaning

of the words or terms defined in Paragraphs 1-30 of the "Definitions" portion of his Requests for

Admission.

      J.      Answering Defendant objects to the Requests for Admission, Requests for

Production and Interrogatories insofar as they assume the existence of certain facts that do not

exist and the occurrence of certain events that did not occur. Any response by Answering

Defendant to any individual numbered Request for Admission, Request for Production or

Interrogatory is not intended to be, and shall not be construed as, an admission that any factual

predicate stated in the Request for Admission or Interrogatory is accurate.

      K.      Answering Defendant's failure to object to the First Set of Combined

Interrogatories and Requests for Production, and the First Set of Requests for Admission

n a particular ground shall not be construed as a waiver of its right to object on that

ground or any additional ground at any time.

      L.      These General Objections are incorporated into each of Answering Defendant's

specific Responses to the Requests for Admission, Interrogatories and Request for Production,

and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for

Production and are not waived, or in any way limited by, the specific responses or any

DE091756.1

subsequent supplementation.

M.    Answering Defendant reserves the right to supplement or amend its responses and objections to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission. The fact that Answering Defendant has responded to the Requests for Admission, Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N.    To the extent an Answer to an Interrogatory is responsive to any or all other Interrogatories, those Answers are deemed to be incorporated by reference to such other Interrogatories.

O.    These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action.  Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

## ANSWERS TO FIRST SET OF ADMISSIONS DIRECTED TO IHUOMA CHUKS

1.    Admitted that Ihuoma was scheduled to provide a Chronic-care Clinic (Clinic), to Williamson on 11-11-05 and/or 11-29-05, but failed to conduct same and/or failed to reorder Williamson's CC Meds.

DE091756.1

**RESPONSE:**   Denied as stated.

2.      Admitted that Williamson experienced an interruption of his CC Meds. From 12-07-05 until 1-04-06.

**RESPONSE:**   Denied as stated.

3.      The Chronic Care Medication Interruption above at item 2 could have been avoided had Ihuoma Chuks conducted the 11-11-05 and/or 11-29-05 Clinics, and/or simply by placing a reorder for Williamson's CC Meds.

**RESPONSE:** Defendant has made a reasonable inquiry of the medical records and is unable to admit or deny this Request as stated.  Defendant has not recollection of an event that may or may not have occurred on November 11, 2005 or November 29, 2005.

4.      Admitted that the following medical staff were scheduled and/or present at the DCC hospital on 11-29-05 sometime before 13:00: (a) Ihuoma, and (b) Plante.

**RESPONSE:**   Admitted insofar such is reflected in the Plaintiff's medical records.  Denied to the extent inconsistent with the medical records.  Defendant has no independent knowledge of who worked at the DCC hospital on the day indicated.

5.      Admitted that Ihuoma provided a physical exam for Williamson on 03-28-06.

**RESPONSE:**   Admitted insofar as that is consistent with the medical records.  Defendant has no independent recollection of who she gave a physical exam to on March 28, 2006.  To the extent this Request is inconsistent with the medical records, denied.

6.      Admitted that Williamson explained the following to Ihuoma: (a) His current Chronic Care Medication Interruption as of March 28, 2006, (b) His current suffering of resurgence of chronic symptoms, (c) Altman's assurances that the Chronic Care Medication

Interruption Meds. were in the pharmacy as of 03-22-06, and (d) That Williamson was not however, placed on the medication pick up list.

**RESPONSE:** Defendant objects to the substance of this Request and is unable to reasonably admit or deny this Request as she has no independent recollection of conversations that Williamson alleges to have taken place. Therefore, Defendant is unable to admit or deny to this allegation.

7.    Admitted that Ihouma failed to secure Williamson's CC Meds. despite his pleas.

**RESPONSE:** Objection to the substance of this Request as stated.

8.    Admitted that Williamson filed a MG 21201 against Ihuoma for her failure to conduct Williamson's 11-11-05 Clinic prior to Ihuoma's second cancellation of Williamson's Clinic on 11-29-05.

**RESPONSE:** Defendant is unable to admit or deny this allegation as she has no independent recollection on which patients were scheduled to be seen on 11-11-05 or 11-29-05, and has no independent recollection of whether Williamson was late for his scheduled appointment as he alleges. Defendant further states that it is reasonable to believe that Williamson did not appear for his scheduled examination and therefore was denied an exam as other inmates were being seen at that time, but she has made a reasonable inquiry of the medical records and is unable to admit or deny this Request.

9.    Admitted that Williamson filed an addendum to MG 21201 after Ihuoma failed to conduct the 11-29-05 Clinic and he sited adverse action by Ihuoma, which is prohibited under IGP 4.4 as retribution.

**RESPONSE:** The substance of this Request is objected to as stated. Insofar as the Plaintiff

DE091756.1

wishes the Defendant to admit that Williamson filed particular grievances and addendums

thereto, admitted insofar as that is supported by the grievance records.  Defendant has no

independent recollection or knowledge as to what the Plaintiff filed and when regarding

grievances.


AS TO OBJECTION ONLY:

Marks, O'Neill, O'Brien & Courtney, P.C.


By:  /s/ ~~Patrick G. Rock~~

Megan T. Mantzavinos, Esquire (ID 3802)
Patrick G. Rock,  Esquire (ID 4632)
913 Market Street, #800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendant*


DATED: Oct. 18, 2007

DE091756.1

## CERTIFICATE OF SERVICE

I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C. hereby

certify that on this ___18th___ day of ___Oct.___, 2007, have served two copies of the attached

Defendant Ihuoma Chuks Responses to Requests for Admissions Directed to Mrs. Chuks via

First Class Mail upon the Pro Se Plaintiff and Electronic Service upon the following counsel of

record, to wit:

David W, Williamson
SBI # 183022
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
*Pro Se*

Daniel L. McKenty, Esquire
Heckler & Frabizzio
800 Delaware Avenue, #200
Wilmington, DE 19801
*Attorneys for Defendant First Correctional
Medical*

James Edward Drnec, Esquire
Balick & Balick, LLC
711 North King Street
Wilmington, DE 19801
(302) 658-4265

Marks, O'Neill, O'Brien & Courtney, P.C.

By: ___/s/ Patrick G. Rock___
Megan Mantzavinos, Esquire (I.D. 3802)
Patrick G. Rock, Esquire (I.D. 4632)
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

DE093687.1