IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-379 SLR |
| CORRECTIONAL MEDICAL SERVICES, INC., CHRISTINE MALANEY, DONNA PLANTE, MARGARET LOVE, CHUKS IHUOMA, DR. SITTA C. ALIE, DR. ALAN ZIMBAL, MICHELLE ROBINSON, JUANITA CLARK, DR. CARLA KIONKE and FIRST CORRECTIONAL MEDICAL, | : TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | : |

<u>IHUOMA CHUKS'</u>
ANSWERS TO PLAINTIFF'S COMBINED FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT IHUOMA CHUKS

<u>GENERAL OBJECTIONS</u>

A.   Defendant Ihuoma Chuks ("Answering Defendant") objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.   Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

DE091696.1

C.  Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, insofar as the terms used therein are vague and ambiguous.

G.  Answering Defendant objects to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission, including the Definitions and Instructions therein, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.  Answering Defendant objects to the Interrogatories, including the

DE091696.1

Definitions and Instructions therein, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such interrogatories are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I.      Answering Defendant objects specifically to the Definitions and Instructions as overly broad, ambiguous, and unduly burdensome. In responding to Requests for Admission, Interrogatories, or Requests for Production, Answering Defendant will use the ordinary meaning of the words or terms defined in Paragraphs 1-7 of the "Definitions" portion of his Requests for Admission.

J.      Answering Defendant objects to the Requests for Admission, Requests for Production and Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Request for Admission, Request for Production or Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request for Admission or Interrogatory is accurate.

K.      Answering Defendant's failure to object to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission n a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L.      These General Objections are incorporated into each of Answering Defendant's specific Responses to the Requests for Admission, Interrogatories and Request for Production, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any

DE091696.1

subsequent supplementation.

M. Answering Defendant reserves the right to supplement or amend its responses and objections to the First Set of Combined Interrogatories and Requests for Production, and the First Set of Requests for Admission. The fact that Answering Defendant has responded to the Requests for Admission, Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N. To the extent an Answer to an Interrogatory is responsive to any or all other Interrogatories, those Answers are deemed to be incorporated by reference to such other Interrogatories.

O. These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

ANSWERS TO FIRST SET OF INTERROGATORIES AND
PRODUCTION OF DOCUMENTS DIRECTED TO IHUOMA CHUKS

1. Identify and produce any and all documents and communications relating to any order/request made by Ihuoma (sic) on 03-28-06 for Williamson' CC Meds.

**ANSWER:** Please see medical records.

DE091696.1

2.  Identify and describe any and all acts, treatments, or care Ihuoma Chuks administered to Williamson on 08-03-04 relating to his ACL injury.

**ANSWER:** Please see medical records.

3.  Identify and produce any and all documents and communications relating to the above at #2.

**ANSWER:** Please see medical records.

4.  Identify and describe the elastic knee brace that Ihuoma provided to Williamson on 08-03-04, (including any and all manufacture's recommended uses and/or prohibitions, and warnings relating to its use).

**ANSWER:** Objection, this Interrogatory seeks information already in possession of the Plaintiff. Without waiving objections and subject thereto, see medical records.

5.  Identify the persons who attended Williamson's MG hearing for MG #7463 on 10-14-04, and produce any and all documents and/or communications relating to same.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for an inadequate administrative hearing.

6.  Identify and describe Ihuoma's (sic) professional qualifications.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, to be provided.

7.  Identify and describe, and produce any and all documents and communications

relating to the Patella Knee brace (e.g. neoprene knee brace), which was provided of Williamson on or about 05-09-06 by D. Rodweller (including any and all manufacture's recommended uses and/or prohibitions, and warnings relating to its use).

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that is already in the possession of the Plaintiff or available through other more reasonable sources.

8. Identify the persons who conducted screening, intake, and/or provided vitals to the inmate patients, and/or conducted Clinics on 11-29-05 at the DCC hospital from 8:00 to 15:00.

**ANSWER:** Unknown.

AS TO OBJECTIONS ONLY:

Marks, O'Neill, O'Brien & Courtney, P.C.

By: /s/ Patrick G. Rock
Megan T. Mantzavinos, Esquire (ID 3802)
Patrick G. Rock, Esquire (ID 4632)
913 Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendants*

DATED: Oct. 18, 2007

DE091696.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-379 SLR |
| CORRECTIONAL MEDICAL SERVICES, INC., CHRISTINE MALANEY, DONNA PLANTE, MARGARET LOVE, CHUKS IHUOMA, DR. SITTA C. ALIE, DR. ALAN ZIMBAL, MICHELLE ROBINSON, JUANITA CLARK, DR. CARLA KIONKE and FIRST CORRECTIONAL MEDICAL, | : TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | : |

## AFFIDAVIT

STATE OF DELAWARE     :

KENT COUNTY          :

BE IT REMEMBERED that on this  8  day of  October , 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, IHUOMA CHUKS, personally known to me as such, and being duly sworn according to law, did depose and say that she is the defendant in the above matter and that the foregoing answers to Interrogatories are true and correct to the best of her knowledge and belief.

_____
IHUOMA CHUKS

SWORN TO and SUBSCRIBED before me the day and year first above written.

_____
NOTARY PUBLIC

MARJORY L. KLUTKOWSKI
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES JULY 16, 2009

DE091704.1

## CERTIFICATE OF SERVICE

I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C. hereby certify that on this 18TH day of Oct, 2007, have served two copies of the attached Defendant Ihuoma Chuks Responses to Requests for Production of Documents and Interrogatories Directed to Mrs. Chuks via First Class Mail upon the Pro Se Plaintiff and Electronic Service upon the following counsel of record, to wit:

| | |
|---|---|
| David W, Williamson<br>SBI # 183022<br>Delaware Correctional Center<br>1181 Paddock Rd.<br>Smyrna, DE 19977<br>*Pro Se* | James Edward Drnec, Esquire<br>Balick & Balick, LLC<br>711 North King Street<br>Wilmington, DE 19801<br>(302) 658-4265 |
| Daniel L. McKenty, Esquire<br>Heckler & Frabizzio<br>800 Delaware Avenue, #200<br>Wilmington, DE 19801<br>*Attorneys for Defendant First Correctional Medical* | |

                                            Marks, O'Neill, O'Brien & Courtney, P.C.

By:   */s/ Patrick G. Rock*
       Megan Mantzavinos, Esquire (I.D. 3802)
       Patrick G. Rock, Esquire (I.D. 4632)
       913 North Market Street, #800
       Wilmington, DE 19801
       (302) 658-6538
       *Attorney for Defendant*