IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID WILLIAMSON, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-379 SLR |
| CORRECTIONAL MEDICAL SERVICES, INC., CHRISTINE MALANEY, DONNA PLANTE, MARGARET LOVE, CHUKS IHUOMA, DR. SITTA C. ALIE, DR. ALAN ZIMBAL, MICHELLE ROBINSON, JUANITA CLARK, DR. CARLA KIONKE and FIRST CORRECTIONAL MEDICAL, | : | |
| Defendants. | : | |

**DEFENDANT LOVE'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Identify and describe Love's – including her professional qualifications – while she was employed with CMS during the relevant period, and including her assignment to DCC.

ANSWER: Objection, this Interrogatory is vague and ambiguous, seeks information that is irrelevant and not reasonably calculated to lead to admissible information. By way of further answer, it is unknown what is meant by "relevant period." Without waiving objections and subject thereto, I was a Physician's Assistance. After receiving my nursing degree in New York in 1977, I received a bachelor's degree in Health Care Administration in 1984 from St. Joseph's College, in North Windam, Maine. I was in the Air Force and received my Masters Degree in Community Administration and Wellness and Health Promotion in 1994 and then I received my Physician's Assistance Certificate from the University of North Dakota in 1998.

DE092456.3

2.  Identify and produce any and all documents and/or communications relating to and/or in response to CMS' Medication Distribution Administration ("MDA"), which may have or was disseminated to Love – including any specific to DCC and/or modifications to the MDA – during the relevant period.

ANSWER: Objection, this Interrogatory is vague and confusion and it is not known what is meant by "relevant period." Without waiving objections and subject thereto, I do not recall David Williamson. Also, I did not distribute medication. By way of general answer, I would write the medication orders and the order would go to whatever nurse was picking up the orders. Inmates had a specific time to pick up the medication, but not necessarily that day. If the inmate had to pick up the medication they would line up in the "pill line" at the pharmacy and go pick up the medication. If there was an immediate need and if the medicine was available I would get the medication card or ask the nurse to give the medication to the inmate.

3.  Identify and describe Love's relationship and/or responsibilities relating to MG and EMG.

ANSWER: Objection, this Interrogatory is vague and confusing, seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for inadequate grievance procedures. By way of further answer, I do not recall participating in Grievance Committee Hearings.

4.  Identify and describe the persons or entity responsible for evaluating and/or screening EMG(s) for any determination of whether the medical complaint constitutes an emergency under the IGP 4.4.

ANSWER: Objection, this Interrogatory is vague and confusing, seeks information that is

irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for a particular grievance proceeding. Without waiving objections and subject thereto, I do not know who screened any grievances.

5. Identify and describe any criteria that CMS employs to evaluate and/or screen EMG(s) for valid medical emergencies.

ANSWER: Objection, this Interrogatory is vague and confusing, seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for a particular grievance proceeding. Without waiving objections and subject thereto, I do not know who screened any grievances or whether they were screened at all.

6. Identify and describe Love's clinic with Williamson on 8/31/05.

ANSWER: I don't remember David Williamson or any "clinics" that occurred on August 31, 2005. Please see medical records as I have no independent recollection of the clinic.

7. Identify and describe any and all acts, actions or efforts that Love employed to address and/or correct the CCMI that Williamson experienced between 8/27/05 to 9/5/05.

ANSWER: Objection, this interrogatory is vague and confusing, seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, I have no knowledge of what Williamson means by "CCMI" and I do not recall specifically what happened, if anything, from August 27, 2005 to September 5, 2005. By way of further answer and without waiving objections, if a patient was seen and needed medication, I would order it from the pharmacy and the pharmacy would place the plaintiff's name

DE092456.3

on a "Pick Up" list when the medication arrived. If I had some medication to distribute and I was allowed to distribute it, I would probably give it to the patient or give to the nurse to give to the patient.

8. Identify and produce any and all documents and communications relating to and Williamson's medical grievances – including any notes of investigation and/or findings: 15453.

ANSWER: I no longer work at Correctional Medical Services and I do not have any of the records asked for in this Interrogatory. By way of further answer, I did not participate in grievance committee hearings and I do not know what documents exist for that matter.

9. Produce and describe any and all documents and communications relating to Love's clinic with Williamson on 8/31/05 of the "single dose" that Love allegedly dispensed to Williamson – including any and all documentation of said dose, not limited to the lot number, card number, distribution card and date, B.O.L., shipping and product invoice and/or pharmacy invoice or log which depicts the alleged dose and where it was produced from.

ANSWER: See prior answers to Interrogatories and medical records already produced.

10. Describe what factual basis Love made in determining that Williamson's CCMI between 8/27/05 and 9/5/05 only required "one" alleged dose of Levothyroxine from stock?

ANSWER: Objection, this Interrogatory is vague and confusing, seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, I do not recall David Williamson or the single dose of medication to which he refers.

11. Identify and describe what the manufacture's recommended medication distribution and/or maintenance of Levothyroxine and/or any generic or similar product (e.g. Syntrhoid) is.

DE092456.3

ANSWER: Objection, this interrogatory is vague, confusing and ambiguous. Without waiving objections and subject thereto, see the manufacturer's directions if any, as I don't know the answer to this question.

AS TO OBJECTIONS ONLY:
Marks, O'Neill, O'Brien & Courtney, P.C.

By: /s/ Patrick G. Rock
Megan T. Mantzavinos, Esquire (ID 3802)
Patrick G. Rock, Esquire (ID 4632)
913 Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendants*

DATED: OCT. 17, 2007

DE092456.3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

OCT 17 2007

DAVID WILLIAMSON, :
:
    Plaintiff, :
:
v. : C.A. No. 06-379 SLR
:
CORRECTIONAL MEDICAL SERVICES, INC., :
CHRISTINE MALANEY, DONNA PLANTE, : TRIAL BY JURY OF
MARGARET LOVE, CHUKS IHUOMA, DR. : TWELVE DEMANDED
SITTA C. ALIE, DR. ALAN ZIMBAL, :
MICHELLE ROBINSON, JUANITA CLARK, :
DR. CARLA KIONKE and FIRST :
CORRECTIONAL MEDICAL, :
:
    Defendants. :

### AFFIDAVIT

STATE OF DELAWARE

KENT COUNTY

BE IT REMEMBERED that on this 12 day of Oct, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, Margaret Love, personally known to me as such, and being duly sworn according to law, did depose and say that the Defendant's answers to Plaintiff's Interrogatories to Defendant are true and correct to the best of Her knowledge and belief.

_Margaret Love_
Margaret Love

SWORN TO and SUBSCRIBED before me the day and year first above written.

_Cherry L. Thomas_
NOTARY PUBLIC
CHERRY L. THOMAS
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES AUGUST 15, 2008

DE092489.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, | : |
| Plaintiff, | : |
| | : C.A. No.: 06-379 SLR |
| v. | : |
| | : TRIAL BY JURY OF TWELVE |
| CORRECTIONAL MEDICAL SERVICES, INC., | : DEMANDED |
| C. MALANEY, DONNA PLANTE, MAGGIE | : |
| BAILEY, CHUKS IHUOMA, DR. S. ALIE, | : |
| DR. ZIMBULL, MICHELLE ROBINSON, | : |
| JUANITA CLARK, DENTIST JANE JOE, and | : |
| FIRST CORRECTIONAL MEDICAL, | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, **Patrick G. Rock** hereby certify that on OCT. 18, 2007 ___, I electronically filed and Defendant Love's Answers to Interrogatories Directed to Defendant by the Plaintiff with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

James Edward Drnec, Esquire
Balick & Balick, LLC
711 North King Street
Wilmington, DE 19801
(302) 658-4265
*Attorney for Defendant Dr. Zimbull*

Daniel L. McKenty, Esquire
Heckler & Frabizzio
800 Delaware Avenue, #200
Wilmington, DE 19801
*Attorneys for Defendant First Correctional Medical*

DE093774.1

I have served via first class mail two copies of Defendant Love's Answers to Interrogatories Directed to Defendant by the Plaintiff to the Pro Se Defendant:

Mr. David W. Williamson
SBI# 183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

/s/ Patrick G. Rock
Patrick G. Rock, Esquire (I.D. No. 4632)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

DE093774.1