IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WILLIAMSON, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-379 SLR |
| CORRECTIONAL MEDICAL SERVICES, INC., CHRISTINE MALANEY, DONNA PLANTE, MARGARET LOVE, CHUKS IHUOMA, DR. SITTA C. ALIE, DR. ALAN ZIMBAL, MICHELLE ROBINSON, JUANITA CLARK, DR. CARLA KIONKE and FIRST CORRECTIONAL MEDICAL, | : TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | : |

**DEFENDANT CORRECTIONAL MEDICAL
SERVICES, INC.'S RESPONSES TO PLAINTIFF'S
FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

GENERAL OBJECTIONS

A.   Defendant Correctional Medical Services, Inc. ("Answering Defendant") objects to the FOURTH Set of Requests for Production including the Definitions and Instructions therein, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.   Answering Defendant objects to the FOURTH Set of Requests for Production, including the Definitions and Instructions therein, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C.   Defendant objects to the FOURTH Set of Requests for Production, including the

DE092639.3

Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

    D.    Answering Defendant objects to the FOURTH Set of Requests for Production, including the Definitions and Instructions therein, insofar as they seek information protected from disclosure as confidential or proprietary business information.

    E.    Answering Defendant objects to the FOURTH Set of Requests for Production, including the Definitions and Instructions therein, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

    F.    Answering Defendant objects to the FOURTH Set of Requests for Production, including the Definitions and Instructions therein, insofar as the terms used therein are vague and ambiguous.

    G.    Answering Defendant objects to the FOURTH Set of Requests for Production, including the Definitions and Instructions therein, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

    H.    Answering Defendant objects to the FOURTH Set of Requests for Production, including the Definitions and Instructions therein, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such Requests are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

    I.    Answering Defendant objects specifically to the Definitions and Instructions as

DE092639.3

overly broad, ambiguous, and unduly burdensome. In responding to FOURTH Set of Requests for Production, Answering Defendant will use the ordinary meaning of the words or terms in Requests for Production of Documents.

  J. Answering Defendant objects to the FOURTH Set of Requests for Production insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Request for Admission, Request for Production or Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the FOURTH Set of Requests for Production.

  K. Answering Defendant's failure to object to the FOURTH Set of Requests for Production in a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

  L. These General Objections are incorporated into each of Answering Defendant's specific Responses to the FOURTH Set of Requests for Production, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

  M. Answering Defendant reserves the right to supplement or amend its responses and objections to the FOURTH Set of Requests for Production. The fact that Answering Defendant has responded to the FOURTH Set of Requests for Production shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

  N. These responses reflect Answering Defendant's present knowledge, information,

DE092639.3

and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

REQUESTS:

1. Produce and describe any and all documents relating to the (a) ordering; (b) shipping; (c) receiving and/or logging in of Williamson's prescribed thyroid medications (CC Meds) – including any and all B.O.L.'s, shipping invoices and/or product invoices, and/or pharmacy logs or inventories – during the relevant period.

**RESPONSE:** Objection, "relevant period" is vague. This request is further objected to as it seeks information that is irrelevant and not reasonably calculated to lead to admissible information, information the production of which is overly burdensome.

2. Produce and describe any and all documents relating to all supplies of Levothyroxine and/or Synthroid of doses of either .05 mics., .08 mics, and/or .1 mics doses that were either received and/or inventory from July 5 until July 7.

**RESPONSE:** Objection, this request seeks information that is irrelevant and not

DE092639.3

reasonably calculated to lead to admissible information and information the production of which is overly burdensome.

3. Produce and describe any and all documents and communications with or directed to Nikita Robins of the Delaware Center of Justice relating to Williamson's medical grievances and/or the handling of medical grievances during the relevant period.

**RESPONSE:** Objection, "relevant period" is vague. This request is further objected to as it seeks information that is irrelevant and not reasonably calculated to lead to admissible information, information the production of which is overly burdensome.

4. Produce and describe any and all documents and communications relating to Williamson's MG(s): 15453, 21201 and its addendum.

**RESPONSE:** Objection, this Request seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the plaintiff cannot make a claim for an inadequate grievance procedure. Without waiving objections and subject thereto, it is believed that documents related to grievances are in the possession of the Department of Corrections, unless they are in the plaintiffs's medical records already produced.

5. Produce and describe any and all documents and communications relating to Bailey's (a/k/a Love) clinic with Williamson on 8/31/05 of the "single dose" that Bailey allegedly dispensed

DE092639.3

to Williamson – including any and all documentation of said dose not limited to the lot number, card number, distribution card and date, B.O.L., shipping and product invoice, and/or pharmacy invoice or log which depicts the alleged dose.

**RESPONSE**: See medical records. To the extent other records exist, to be provided.

6. Produce and describe any and all documents and communications relating to Williamson's communications, notices and/or medical grievances listed at item 4(a) through (s) of the third set of admissions directed to CMS.

**RESPONSE:** Objection, this Interrogatory is vague and ambiguous, seeks information that is already in the possession of the plaintiff and the production of which is unduly duplicative, overly burdensome, violates the attorney client privilege and the attorney work product doctrine. Without waiving objections and subject thereto, to be provided if any.

7. Produce and describe any and all documents and communications relating to the 11/11/05 and/or 11/29/05 clinics for Williamson, including the "Activity Offender Schedules" for those dates.

**RESPONSE:** Objection, this Request seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, it is unknown what "Activity Offender Schedules" are and it is probably in the possession of the

DE092639.3

Department of Corrections if it exists.

8.  Produce and describe any and all documents and communications relating to MG #21201 (filed 11/14/05).

**RESPONSE:** Objection, this Interrogatory is vague and ambiguous, seeks information that is already in the possession of the plaintiff and the production of which is unduly duplicative, overly burdensome, violates the attorney client privilege and the attorney work product doctrine. Without waiving objections and subject thereto, it is believed that grievance records are in the possession of the Department of Corrections.

9.  Produce and describe any and all documents and communications relating to any correspondence with DCC administrators and/or staff – including Deputy Warden Pierce – relating to Williamson's CC Meds and/or CCMI(s).

**RESPONSE:** Objection, this Interrogatory is vague and ambiguous, seeks information that is already in the possession of the plaintiff and the production of which is unduly duplicative, overly burdensome, violates the attorney client privilege and the attorney work product doctrine. Without waiving objections and subject thereto, to be provided if any.

10.  Produce any and all documents and communications relating to – including the medication pick-up listings for DCC relating to notice to inmates to pick up their KOP meds for the

DE092639.3

dates listed at item 4(a) through (s) of Plaintiff's third set of admissions directed to CMS.

**RESPONSE:** Objection, this Interrogatory is vague and ambiguous, seeks information that is already in the possession of the plaintiff and the production of which is unduly duplicative, overly burdensome, violates the attorney client privilege and the attorney work product doctrine. Without waiving objections and subject thereto, to be provided if any.

11. Produce and describe any and all documents and communications relating to any correspondence with DCC administrators and/or staff – including Deputy Warden Pierce – relating to Williamson's Don Joy ACL knee brace.

**RESPONSE:** Objection, this Interrogatory is vague and ambiguous, seeks information that is already in the possession of the plaintiff and the production of which is unduly duplicative, overly burdensome, violates the attorney client privilege and the attorney work product doctrine. Without waiving objections and subject thereto, to be provided if any.

12. Produce and describe any and all documents, records and communications relating to all of Williamson's clinics for the relevant period.

**RESPONSE:** Objection, this Interrogatory is vague and ambiguous, seeks information that is already in the possession of the plaintiff and the production of which is unduly duplicative, overly burdensome, violates the attorney client privilege and the attorney work product doctrine. Without

DE092639.3

waiving objections and subject thereto, to be provided if any.

    13.    Produce and describe any and all manufacturers product information relating to:

        (a)    Levothyroxine 100 mg; and

        (b)    Synthroid 100 mg.

**RESPONSE:** Objection, this Interrogatory is vague and ambiguous, seeks information that is already in the possession of the plaintiff and the production of which is unduly duplicative, overly burdensome, violates the attorney client privilege and the attorney work product doctrine. Without waiving objections and subject thereto, to be provided if any.

AS TO OBJECTIONS ONLY:
Marks, O'Neill, O'Brien & Courtney, P.C.

By: /s/ Patrick Rock
Megan T. Mantzavinos, Esquire (ID 3802)
Patrick G. Rock, Esquire (ID 4632)
913 Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendants*

DATED: Oct. 19, 2007

DE092639.3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID WILLIAMSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No.: 06-379 SLR |
| v. | : | |
| | : | TRIAL BY JURY OF TWELVE |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | DEMANDED |
| C. MALANEY, DONNA PLANTE, MAGGIE | : | |
| BAILEY, CHUKS IHUOMA, DR. S. ALIE, | : | |
| DR. ZIMBULL, MICHELLE ROBINSON, | : | |
| JUANITA CLARK, DENTIST JANE JOE, and | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, **Patrick G. Rock** hereby certify that on Oct. 19, 2007, I electronically filed and Defendant Correctional Medical Services Responses to Requests for Production of Documents Directed to Defendant by the Plaintiff with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| James Edward Drnec, Esquire | Daniel L. McKenty, Esquire |
| Balick & Balick, LLC | Heckler & Frabizzio |
| 711 North King Street | 800 Delaware Avenue, #200 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 658-4265 | *Attorneys for Defendant First Correctional* |
| *Attorney for Defendant Dr. Zimbull* | *Medical* |

DE093779.1

I have served via first class mail two copies of Defendant Love's Answers to Interrogatories Directed to Defendant by the Plaintiff to the Pro Se Defendant:

Mr. David W. Williamson
SBI# 183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Patrick G. Rock
Patrick G. Rock, Esquire (I.D. No. 4632)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

DE093779.1