IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-379-SLR |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, CHRISTINE MALANEY, | ) | |
| DONNA PLANTE, MARGARET LOVE, | ) | |
| CHUKS IHUOMA, SITTA C. ALIE, | ) | |
| DR. ALAN ZIMBLE, MICHELLE | ) | |
| ROBINSON, JUANITA CLARK, and | ) | |
| DR. CARLA KIONKE, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

At Wilmington this 19th day of October, 2007, having considered the pending

motions;

IT IS ORDERED that:

1. **Motion to Strike**.  Plaintiff's "motion to strike CMS' letter requesting the court

to condone its mpertency [sic]" is **denied**.  (D.I. 130)

2. **Discovery**.  Plaintiff's motions to compel and motion for leave to conduct

limited discovery upon First Correctional Medical, Inc. are **denied** as premature with

leave to renew following entry of the court's scheduling order.  (D.I. 134, 136, 160)

Plaintiff's motion for enlargement of time to respond to discovery is **granted**, there

being no objection by defendants.  (D.I. 197)  Having made said ruling, the court notes

that plaintiff recently filed a second amended complaint naming a new defendant.  That

defendant has not yet been served.  Moreover, a scheduling order has not been

entered, and will not be entered, until all parties have been served and answered or otherwise appeared. Until that time discovery is **stayed**.

3. **Motions for Reconsideration**. The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

4. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

5. Plaintiff's motion for reargument and motion for relief from judgment which the court construes as motions for reconsideration are **denied**. (D.I. 139, 144) Plaintiff's

-2-

motion for leave to supplement motion for reargument is **denied**. (D.I. 206) On July 19, 2007, the court granted First Correctional Medical, Inc.'s ("FCMI") motion to dismiss and gave plaintiff leave to amend his complaint to name the correct First Correctional Medical ("FCM") defendant. (D.I. 121, 122) Plaintiff "believes" this was error, and further, that FCMI's motion to dismiss was improperly filed. (D.I. 139, 144) Plaintiff states that even if the court were to grant the "improperly filed motion to dismiss" he should be granted leave to amend. Id.

6. Essentially, plaintiff disagrees with the court's order which granted FCMI's motion to dismiss. The court has thoroughly reviewed the complaint and the July 19, 2007 memorandum opinion and order. (D.I. 121, 122) There is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration. Finally, the court notes that plaintiff asks that for leave to amend his complaint. The July 19, 2007 order, in paragraph 5, gave plaintiff leave to file a second amended complaint.

7. Plaintiff's motion for reargument or motion for relief from judgment, which the court construes as a motion for reconsideration, is **denied**. (D.I. 141) On July 17, 2007, the court entered an order holding its decision on a motion for injunctive relief in abeyance pending receipt of plaintiff's medical and dental records. (D.I. 119) Plaintiff's motion is frivolous and, further, he has not demonstrated any of the grounds required for reconsideration.

8. Plaintiff's motion for relief from judgment and/or motion for reargument which the court construe as a motion for reconsideration is **denied**. (D.I. 178) Plaintiff's

-3-

motion for leave to supplement motion for relief from judgment is **denied**.  (D.I. 204)

On September 11, 2007, the court denied plaintiff's motion for injunctive relief and

motion to strike CMS' affidavit/supplemental response.  (See D.I. 164)  Plaintiff

"believes the court should reconsider its order" because CMS presented "impertinent

and/or scandalous matter in an attempt to resurrect argument/defenses" waived by

CMS.  (D.I. 178)

9.  Once again, plaintiff disagrees with the court's ruling.  The court has

thoroughly reviewed all documents that were submitted in support of, and in opposition

to, plaintiff's motion for summary judgment.  As with other motions for reconsideration

filed by plaintiff there is no need to correct a clear error of law or fact or to prevent

manifest injustice.  Once again, plaintiff has not demonstrated any of the grounds

necessary to warrant reconsideration.

10.  **In Forma Pauperis on Appeal**.  Plaintiff's motion for leave to proceed in

forma pauperis on appeal is **denied** as **moot**.  (D.I. 151)  The record reflects that on

August 27, 2007, plaintiff voluntarily withdrew his notice of appeal for No. 07-3490 filed

in the United States Court of Appeals for the Third Circuit.  (D.I. 158)

11.  **Entry of Default**.  Plaintiff's request for entry of default against defendant

Sitta Gombeh-Alie, M.D. ("Dr. Alie") is **denied**.  (D.I. 159)  Dr. Alie's motion for

enlargement of time to file response to motion to enter default is **granted**.  (D.I. 185)

The response is deemed filed instanter.  (See D.I. 195)  Plaintiff's motion to strike

defendant Alie's request for enlargement of time to respond to the motion for default is

**denied**.  (D.I. 198)

12. Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b).
A party seeking to obtain a default judgment must first request that the clerk of the court
"enter . . . the default" of the party that has not answered the pleading or "otherwise
defend[ed]," within the time required by the rules or as extended by court order. Fed. R.
Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default
pursuant to Rule 55(b)(2) is within the discretion of the trial court. Hritz v. Woma Corp.,
732 F.2d 1178, 1180 (3d Cir. 1984).

13. Despite the fact that Dr. Alie does not believe she was served with process,
the record reflects that she was served on July 26, 2007. (D.I. 129) Dr. Alie did,
however, belatedly filed an answer to the amended complaint. Accordingly, the court
exercises its discretion and will not enter default or enter a judgment by default
pursuant to Rule 55(a) and (b).

14. **Appointment of Counsel**. Plaintiff's motion for appointment of counsel
(D.I. 166) is **denied** without prejudice. A pro se litigant proceeding in forma pauperis
has no constitutional or statutory right to representation by counsel. See Ray v.
Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57
(3d Cir. 1997). It is within the court's discretion to seek representation by counsel for
plaintiff, and this effort is made only "upon a showing of special circumstances
indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's]
probable inability without such assistance to present the facts and legal issues to the
court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22,
26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)

(representation by counsel may be appropriate under certain circumstances, after a

finding that a plaintiff's claim has arguable merit in fact and law).

15.  After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak,

294 F.3d 492, 499 (3d Cir. 2002).

16.  In his motion for appointment of counsel, plaintiff states his case has legal

and factual merit, his medical condition impairs his ability to present his case, the case

is complex and requires extensive discovery, the case requires a medical expert, the

facts are in dispute and credibility is a key issue, he is unable to afford counsel, and

counsel is needed to effect service on several defendants in the case.  The pending

motion is identical to one filed by plaintiff on January 12, 2007.  (See D.I. 41)  That

motion was denied.  (D.I. 120)  Upon consideration of the record, the court is not

persuaded that appointment of counsel is warranted at this time because plaintiff has

demonstrated an ability to present his claims and there is no evidence that prejudice will

result in the absence of counsel.

17.  Plaintiff has filed a second amended complaint naming a new defendant

who has not yet been served.  (D.I. 170)  Also as noted above, the court has not

entered a scheduling order and discovery is far from complete.  The scheduling order,

-6-

once it is entered, will contain a deadline for filing dispositive motions.  Accordingly,

further motions for appointment of counsel shall be deemed denied without prejudice to

renew should any of plaintiff's claim survive summary judgment.

18.  **Motion to Strike**.  Plaintiff's motion to strike CMS' improper attempt to

resurrect waived defenses is **denied**.  (D.I. 172)

19.  **Motion for Summary Judgment**.  Dr. Alan Zimble's motion for summary

judgment is **denied** as premature with leave to refile after expiration of the discovery

deadline.  (D.I. 201)

UNITED STATES DISTRICT JUDGE

-7-