IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID WILLIAMSON,     :
             :
    Plaintiff,     :
             :
   v.        :  C.A. No. 06-379 SLR
             :
CORRECTIONAL MEDICAL SERVICES, INC., :
CHRISTINE MALANEY, DONNA PLANTE, :
MARGARET LOVE, CHUKS IHUOMA, DR. : TRIAL BY JURY OF
SITTA C. ALIE, DR. ALAN ZIMBAL, : TWELVE DEMANDED
MICHELLE ROBINSON, JUANITA CLARK, :
DR. CARLA KIONKE and FIRST :
CORRECTIONAL MEDICAL, :
             :
    Defendants.   :

**CORRECTIONAL MEDICAL SERVICES, INC., CHRISTINE MALANEY, DONNA PLANTE,
MARGARET LOVE, IHUOMA CHUKS, DR. SITTA GOMBEH-ALIE, MICHELLE ROBINSON, JUANITA
CLARK, AND DR. CARLA KIONKE'S
<u>ANSWER TO SECOND AMENDED COMPLAINT</u>**

   Answering Defendants, by and through their attorneys, Marks, O'Neill, O'Brien & Courtney,

P.C., submit their answer to the complaint in the above-referenced action.

<u>JURISDICTION</u>

1.  To the extent the allegations of this paragraph constitute conclusions of law, no response is

   required and none is made.

<u>PARTIES</u>

2.  Admitted that Plaintiff is proceeding pro se.  Denied the plaintiff is entitled to recover for any

   damages that allegedly occurred by conduct that occurred beyond two years from the date

   of filing the Complaint.

3.  Denied as stated, except admitted that Correctional Medical Services, Inc. (CMS) has

contracted with the State of Delaware to provide medical services from July 1, 2005 to the present.

4.      Denied as stated.  Admitted that Christine Malaney was a former Health Services Administrator from about August 2005 to April 2006.  The remainder of the allegations are denied.

5.      Denied as stated.  Admitted that Donna Plante is a nurse.  The remainder of the allegations are denied.

6.      Denied as stated.  Admitted that Margaret Love is a nurse.  The remainder of the allegation is denied.

7.       Denied as stated.  Admitted that Ihuoma Chuks is a Nurse Practitioner. The remainder of the allegation is denied.

8.      Denied as stated. Admitted that Dr. Sitta Gombeh-Alie is a medical doctor who was employed by both First Correctional Medical and then Correctional Medical Services.

9.      Denied as stated.  Admitted that Michelle Robinson, DMD, is a Dentist.  The remainder of the allegation is denied.

10.     Denied as stated.  Admitted that Juanita Clark was employed by CMS for a time.  The remainder of the allegation is denied.

11.     This allegation is not addressed to Answering Defendants, therefore, no Answer is required to this allegation.  To the extent an answer is required, Denied.

12.     Denied as stated.  Admitted that Dr. Kionke is a dentist.  The remainder of the allegation is denied.

13.     Denied.

DE094330.1

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

## **FACTS**

All preceding paragraphs are incorporated as if set forth fully herein.

14.   Denied.

15.   Denied, including each and every subpart.

16.   Denied, including each and every subpart.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Denied as stated.

21.   Denied as stated.

22.   Denied as stated.

23.   Denied, as stated.

24.   Admitted that Plaintiff received medication on July 27, 2005.  The remainder of the allegations are denied as stated.

25.   Defendants are without sufficient knowledge or information so as to form a belief as to this averment and it is therefore deemed denied.

26.   Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

27.   Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

28.    Denied as stated.

29.    Denied as stated.

30.    Denied.

31.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied..

32.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

33.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied..

34.    Denied as stated.

35.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

36.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied..

37.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

38.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

39.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

40.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

41.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

42.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

43.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

44.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

45.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

46.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

47.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

48.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

49.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

50.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

51.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

52.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

53.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

54.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

55.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

56.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

57.    Denied.

58.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

59.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

60.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

61.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

62.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

63.    Defendants are without sufficient information or knowledge so as to form a belief as to

this averment and it is therefore deemed Denied.

64.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

65.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

66.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

67.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

68.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

69.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

70.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

71.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

72.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

73.     Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

74.     Defendants are without sufficient information or knowledge so as to form a belief as to

this averment and it is therefore deemed Denied.

75.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

76.    Denied.

77.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

78.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

79.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

80.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

81.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

82.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

83.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

84.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

85.    Denied as stated. Admitted that a communication came from Mr. Altman to the Plaintiff iterating some dates that the Plaintiff received medication.

86. Denied.

87. Denied that the Plaintiff was without his medication from March 13, 2006 to March 28, 3006. Defendants are without sufficient information or knowledge so as to form a belief as to the remainder of the Allegation.

88. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

89. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

90. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

91. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

92. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

93. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

94. Denied.

95. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

96. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

97. Defendants are without sufficient information or knowledge so as to form a belief as to

this averment and it is therefore deemed Denied.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

### ANSWER TO COUNT II.  DENIAL OF REASONABLY ADEQUATE CARE.

All preceding paragraphs are incorporated by reference as if set forth fully herein.

98.    Denied.

99.    Denied.

100.   Denied.

101.   Denied.

102.   Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

103.   Admitted that the Plaintiff was examined on August 2, 2004 and an x-ray of his knee was negative.  The remainder of the allegations is denied.

104.   Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

105.   Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

106.   Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

107.   Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

108.   Defendants are without sufficient information or knowledge so as to form a belief as to

DE094330.1

this averment and it is therefore deemed Denied.

109. Denied.

110. Denied.

111. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

112. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

113. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

114. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

115. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

116. Admitted that Correctional Medical Services began a contract on July 1, 2005. Admitted that Dr. Sitta Gombeh-Alie and Nurse Practitioner Ihuoma Chuks were employed with Correctional Medical Services in some capacity following July 1, 2005. Defendants are without sufficient information or knowledge so as to form a belief as to the remainder of the allegations and it is therefore deemed Denied.

117. Denied.

118. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

119. Defendants are without sufficient information or knowledge so as to form a belief as to

this averment and it is therefore deemed Denied.

120. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

121. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

122. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

123. Denied.

124. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

125. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

126. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

127. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

128. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

129. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

130. Admitted that Dr. Durst examined the Plaintiff and provided medical treatment during 2006. Defendants are without sufficient information or knowledge so as to form a belief

as to the remainder of the allegations and it is therefore deemed Denied.

131.    Admitted that Dr. Durst examined the Plaintiff and provided medical treatment during 2006.  Defendants are without sufficient information or knowledge so as to form a belief as to the remainder of the allegations and it is therefore deemed Denied.

132.    Admitted that Dr. Durst examined the Plaintiff and provided medical treatment during 2006.  Defendants are without sufficient information or knowledge so as to form a belief as to the remainder of the allegations and it is therefore deemed Denied.

133.    Admitted that Dr. Durst examined the Plaintiff and provided medical treatment during 2006.  Defendants are without sufficient information or knowledge so as to form a belief as to the remainder of the allegations and it is therefore deemed Denied.

134.    Denied.

135.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

136.    Admitted that the Plaintiff received an MRI on May 8, 2006.  Admitted that Dr. DuShuttle recommended and performed surgery on the Plaintiff's knee.  The remainder of the allegations are denied.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

ANSWER TO COUNT III.  DENIAL OF REASONABLY ADEQUATE MEDICAL CARE.

All preceding paragraphs are incorporated by reference as if set forth fully herein;

137.    Denied.

138.    Denied.

DE094330.1

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied that the Plaintiff was deliberately denied treatment.  Defendants are without

sufficient information or knowledge so as to form a belief as to the remainder of the

allegations and they are therefore deemed Denied.

146.   Denied.

147.   Defendants are without sufficient information or knowledge so as to form a belief as to

this averment and it is therefore deemed Denied.

148.   Denied.

149.   Denied.

150.   This allegation is not addressed to the Answering Defendants and as such no response is

required.  To the extent a response is required, Defendants are without sufficient

information or knowledge so as to form a belief as to this averment and it is therefore

deemed Denied.

151.   Defendants are without sufficient information or knowledge so as to form a belief as to

this averment and it is therefore deemed Denied.

152.   This allegation is not addressed to the Answering Defendants and as such no response is

required.  To the extent a response is required, Defendants are without sufficient

information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

153.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

154.    Denied.

155.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

156.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

157.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

158.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore

deemed Denied.

159.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

160.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

161.    Denied.

162.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

163.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

164.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

DE094330.1

165.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

166.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

167.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

168.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

169.    Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

170.    This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

171.  This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

172.  This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

173.  Denied.

174.  This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

175.  This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

176.  This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

177.  This allegation is not addressed to the Answering Defendants and as such no response is

required. To the extent a response is required, Defendants are without sufficient

information or knowledge so as to form a belief as to this averment and it is therefore

deemed Denied.

178. This allegation is not addressed to the Answering Defendants and as such no response is

required. To the extent a response is required, Defendants are without sufficient

information or knowledge so as to form a belief as to this averment and it is therefore

deemed Denied.

179. This allegation is not addressed to the Answering Defendants and as such no response is

required. To the extent a response is required, Defendants are without sufficient

information or knowledge so as to form a belief as to this averment and it is therefore

deemed Denied.

180. (The Complaint Paragraph number reverts back to paragraph 176. This answer continues

with the sequential numbering). This allegation is not addressed to the Answering

Defendants and as such no response is required. To the extent a response is required,

Defendants are without sufficient information or knowledge so as to form a belief as to

this averment and it is therefore deemed Denied.

181. This allegation is not addressed to the Answering Defendants and as such no response is

required. To the extent a response is required, Defendants are without sufficient

information or knowledge so as to form a belief as to this averment and it is therefore

deemed Denied.

182. This allegation is not addressed to the Answering Defendants and as such no response is

required. To the extent a response is required, Defendants are without sufficient

information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

183.  This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

184.  This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

185.  This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

186.  Denied.

187.  Admitted that Dr. Bishop provided dental care to the plaintiff which consisted of a composite.  As to the remainder of the allegation, Defendants are without sufficient knowledge or information so as to form a belief as to this allegation.

188.  Defendants are without sufficient knowledge or information so as to form a belief as to this allegation.

189.  This allegation is not addressed to the Answering Defendants and as such no response is required.  To the extent a response is required, Defendants are without sufficient

information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

190. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

191. Denied.

192. Denied.

193. Denied.

194. Admitted that Correctional Medical Services was the Health Service provider for the Delaware Department of Corrections at the time of December 1, 2001 and March 11, 2005. The remainder of the allegation is denied.

195. Denied.

196. Denied.

197. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

198. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

199. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

200. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

201. Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

202.  Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

203.  Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

204.  Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

205.  Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

206.  Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

207.  Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

208.  Defendants are without sufficient information or knowledge so as to form a belief as to this averment and it is therefore deemed Denied.

209.  Denied.

210.  Denied.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

## ANSWER TO STATEMENT OF CLAIMS.  FIRST CAUSE OF ACTION.

All preceding paragraphs are incorporated by reference as if set forth fully herein.

211.  (Second Amended Complaint paragraph number is 207.  This answer maintains the sequential numbering.)  Denied including each and every subpart.

DE094330.1

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

## ANSWER TO SECOND CAUSE OF ACTION.

All preceding paragraphs are incorporated herein by reference as if set forth fully herein.

212.    (Second Amended Complaint paragraph number is 208.  This answer maintains the sequential numbering.)  Denied, including each and every subpart.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

## ANSWER TO RELIEF REQUESTED.

All preceding paragraphs are incorporated herein by reference as if set forth fully herein.

A.    Denied that the Plaintiff is entitled to any of the Relief requested.

B.    Denied that the Plaintiff is entitled to an Injunction.

C.    Denied that the Plaintiff is entitled to Damages.

D.    Denied that the Plaintiff is entitled to Punitive Damages.

E.    Denied that the Plaintiff is entitled to other relief.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Some or all of Plaintiff's Claims are barred by the statute of limitations, including, but not limited to, the allegations against Dr. Robinson, Dr. Gombeh-Alie, Juanita Clark, and Correctional Medical Services for events that allegedly occurred from 2000 to June 8,

2004.

3.      Insofar as the Plaintiff has claimed violations of his civil rights based upon agency or the

        doctrine of Respondeat Superior, the Complaint fails to state a cause of action as there is

        no vicarious liability for alleged civil rights violations.

4.      The Complaint fails to state a claim upon which relief can be granted for punitive

        damages.

5.      Plaintiff has failed to exhaust his administrative remedies as to some of all of his claims.

6.      Plaintiff's injuries, if any, are the result of superseding, intervening causes.

7.      Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of

        activities or conduct of persons or entities fro whom the Answering Defendants are not

        responsible and over whom the Answering Defendants had no right or authority or

        control.

8.      Answering Defendants deny that they are liable to the Plaintiff, however, insofar as the

        Answering Defendants are liable to Plaintiff they demand contribution and/or

        indemnification from co-defendants in proportion to their relative degrees of fault.

9.      Some or all of Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

10.     Some or all of Plaintiff's claims are barred by Release.

11.     Some or all of Plaintiff's claims are barred by the doctrines of issue preclusion, *res

        judicata*, claim preclusion, and/or estoppel.

12.     Plaintiff was comparatively and/or contributorily negligent in causing any injuries,

        damages, or losses.

13.     Plaintiff failed to mitigate damages.

DE094330.1

14.     Plaintiff's claims are barred by the Doctrine of Laches.

15.     Plaintiff's claims are barred by waiver.

16.     Defendants actions served a legitimate penological interest.

17.     Defendants are immune from suit pursuant to the Qualified Immunity Doctrine.

18.     Answering Defendants have provided Plaintiff with medical care that was appropriate for

his conditions and which met the applicable standard of care.

19.     Plaintiff cannot assert a claim for medical negligence as the Complaint did not include an

Affidavit of Merit.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable

attorney's fees.

## DENIAL OF ALL CROSS CLAIMS

Defendants deny any and all cross claims that have been or will be made by co-defendants.

WHEREFORE, Defendants demand judgment in their favor plus costs and reasonable

attorney's fees.

_/s/ Patrick G. Rock_

Megan T. Mantzavinos, Esquire (ID 3802)
Patrick G. Rock,  Esquire (ID 4632)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, #800
Wilmington, DE  19801
(302) 658-6538
_Attorney for Defendants_

-

DATED:

## CERTIFICATE OF SERVICE

I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C. hereby

certify that on this _27_ day of _OCT._, 2007, have served two copies of the attached

**Answer to Second Amended Complaint filed on behalf of Correctional Medical Services,**

**Inc., Christine Malaney, Donna Plante, Margret Love, Ihuoma Chuks, Dr. Sitta**

**Gombeh-Alie, Michelle Robinson, Juanita Clark, and Dr. Carla Kionke** via First Class

Mail upon the Pro Se Plaintiff and Electronic Service upon the following counsel of record, to

wit:

David W, Williamson
SBI # 183022
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
*Pro Se*

Daniel L. McKenty, Esquire
Heckler & Frabizzio
800 Delaware Avenue, #200
Wilmington, DE 19801
*Attorneys for Defendant First Correctional*
*Medical*

James Edward Drnec, Esquire
Balick & Balick, LLC
711 North King Street
Wilmington, DE 19801
(302) 658-4265

Marks, O'Neill, O'Brien & Courtney, P.C.

By:  /s/ Patrick G. Rock
Megan Mantzavinos, Esquire (I.D. 3802)
Patrick G. Rock, Esquire (I.D. 4632)
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendants*

DE094672.1