ORIGINAL

NOTICE OF APPEAL TO THE U.S. COURT OF APPEALS, THIRD CIRCUIT

U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Circuit Court Docket No. _____

David W. Williamson,

Plaintiff/Appellant,                                        District Court CA, No. 06-379-SLR

v.

Correctional Medical Services, Inc. et al

Defendants/Appellee (First Correctional Medical, Inc.)

Defendant/Appellee (Correctional Medical Services, Inc)



FILED

NOV 16 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

District Court Judge. Honorable Sue L. Robinson

PD scanned

Notice is hereby given that David Williamson, (Plaintiff/Appellant), appeals to the United States District Court of Appeals for the Third Circuit from the following U. S. District Court's Orders:

I.      As to the dismissal of defendant First Correctional Medical, Inc ("FCMI"):

a)    Order (D.I. 219) (10-23-07): Denying (D.I. 139 & 144) Plaintiff's motions for reargument/relief from judgment from Court's Order D.I. 122 and Denial of (D.I. 206) Plaintiff's leave to supplement D.I. 139;

b)    Order (D.I. 122) (7-19-07) at item 2: Granting (D.I. 49) "First Correctional Medical, Inc.'s ["FCMI"] motion to dismiss....";

c)    Order (D.I. 120) (7-19-07): Denying (D.I. 37 & 42) Plaintiff's motions for default against defendant FCMI.

II.     As to the denial of Plaintiff's TRO/PI and related motions:

a)    Order (D.I. 219) (10-23-07): Denying (D.I. 178) Plaintiff's motion for relief from judgment/reargument from the Court's Order D.I. 164, and Denying (D.I. 204) Plaintiff's motion for leave to supplement motion for relief from judgment D.I. 178, and denying (D.I. 172) Motion to strike, and Denying (D.I. 196) Plaintiff's leave to correct deficiencies of his motion for relief from judgment at D.I. 178; and

b)    Order (D.I. 164) (9-11-07): Denying (D.I. 38 [39-40]) Plaintiff's motion for TRO/PI, and Denying (D.I. 153) Plaintiff's motion to strike defendant's supplemental response D.I. 146.

(See Ex-A Orders: 219, 164, 122, 121, 120, and 119).

David W.

David Williamson, SBI #183022, S-1, 1181 Paddock Rd., Smyrna, DE 19977

11-16-07

Date

## CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff/Appellant, do swear that I have caused to be delivered upon the below listed parties the following true and correct filings:

1. _Notice of Appeal to Third Circuit_

2. _N/A_

3. _N/A_

By placing same in a U.S. Mail receptacle on __16__ day of __November__ 200 _7_.

_David W_
David Williamson

U.S. Court of Appeals
For the Third Circuit
U.S. Courthouse
601 Market St.
Philadelphia, PA 19106

Daniel McKently, Esq.
(Counsel of FCMI)
1225 N. Market St. Suite 1100
Wilmington, De 19809-0397

Patrick Rock, Esq.
(Counsel for CMS, et al)
913 Market St. Suite 800
Wilmington, DE 19801

U.S. District Court
844 King St,
Lock box 18
Wilmington, DE 19801

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| DAVID W. WILLIAMSON, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-379-SLR |
| CORRECTIONAL MEDICAL SERVICES, CHRISTINE MALANEY, DONNA PLANTE, MARGARET LOVE, CHUKS IHUOMA, SITTA C. ALIE, DR. ALAN ZIMBLE, MICHELLE ROBINSON, JUANITA CLARK, and DR. CARLA KIONKE, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

At Wilmington this 14th day of October, 2007, having considered the pending motions;

IT IS ORDERED that:

1. **Motion to Strike**. Plaintiff's "motion to strike CMS' letter requesting the court to condone its mpertency [sic]" is **denied**. (D.I. 130)

2. **Discovery**. Plaintiff's motions to compel and motion for leave to conduct limited discovery upon First Correctional Medical, Inc. are **denied** as premature with leave to renew following entry of the court's scheduling order. (D.I. 134, 136, 160) Plaintiff's motion for enlargement of time to respond to discovery is **granted**, there being no objection by defendants. (D.I. 197) Having made said ruling, the court notes that plaintiff recently filed a second amended complaint naming a new defendant. That defendant has not yet been served. Moreover, a scheduling order has not been

entered, and will not be entered, until all parties have been served and answered or otherwise appeared. Until that time discovery is **stayed**.

3. **Motions for Reconsideration**. The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

4. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

5. Plaintiff's motion for reargument and motion for relief from judgment which the court construes as motions for reconsideration are **denied**. (D.I. 139, 144) Plaintiff's

-2-

motion for leave to supplement motion for reargument is **denied**. (D.I. 206) On July 19, 2007, the court granted First Correctional Medical, Inc.'s ("FCMI") motion to dismiss and gave plaintiff leave to amend his complaint to name the correct First Correctional Medical ("FCM") defendant. (D.I. 121, 122) Plaintiff "believes" this was error, and further, that FCMI's motion to dismiss was improperly filed. (D.I. 139, 144) Plaintiff states that even if the court were to grant the "improperly filed motion to dismiss" he should be granted leave to amend. Id.

6. Essentially, plaintiff disagrees with the court's order which granted FCMI's motion to dismiss. The court has thoroughly reviewed the complaint and the July 19, 2007 memorandum opinion and order. (D.I. 121, 122) There is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration. Finally, the court notes that plaintiff asks that for leave to amend his complaint. The July 19, 2007 order, in paragraph 5, gave plaintiff leave to file a second amended complaint.

7. Plaintiff's motion for reargument or motion for relief from judgment, which the court construes as a motion for reconsideration, is **denied**. (D.I. 141) On July 17, 2007, the court entered an order holding its decision on a motion for injunctive relief in abeyance pending receipt of plaintiff's medical and dental records. (D.I. 119) Plaintiff's motion is frivolous and, further, he has not demonstrated any of the grounds required for reconsideration.

8. Plaintiff's motion for relief from judgment and/or motion for reargument which the court construe as a motion for reconsideration is **denied**. (D.I. 178) Plaintiff's

motion for leave to supplement motion for relief from judgment is **denied**. (D.I. 204) On September 11, 2007, the court denied plaintiff's motion for injunctive relief and motion to strike CMS' affidavit/supplemental response. (See D.I. 164) Plaintiff "believes the court should reconsider its order" because CMS presented "impertinent and/or scandalous matter in an attempt to resurrect argument/defenses" waived by CMS. (D.I. 178)

9. Once again, plaintiff disagrees with the court's ruling. The court has thoroughly reviewed all documents that were submitted in support of, and in opposition to, plaintiff's motion for summary judgment. As with other motions for reconsideration filed by plaintiff there is no need to correct a clear error of law or fact or to prevent manifest injustice. Once again, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration.

10. **In Forma Pauperis on Appeal.** Plaintiff's motion for leave to proceed in forma pauperis on appeal is **denied** as **moot**. (D.I. 151) The record reflects that on August 27, 2007, plaintiff voluntarily withdrew his notice of appeal for No. 07-3490 filed in the United States Court of Appeals for the Third Circuit. (D.I. 158)

11. **Entry of Default.** Plaintiff's request for entry of default against defendant Sitta Gombeh-Alie, M.D. ("Dr. Alie") is **denied**. (D.I. 159) Dr. Alie's motion for enlargement of time to file response to motion to enter default is **granted**. (D.I. 185) The response is deemed filed instanter. (See D.I. 195) Plaintiff's motion to strike defendant Alie's request for enlargement of time to respond to the motion for default is **denied**. (D.I. 198)

-4-

12. Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

13. Despite the fact that Dr. Alie does not believe she was served with process, the record reflects that she was served on July 26, 2007. (D.I. 129) Dr. Alie did, however, belatedly filed an answer to the amended complaint. Accordingly, the court exercises its discretion and will not enter default or enter a judgment by default pursuant to Rule 55(a) and (b).

14. **Appointment of Counsel.** Plaintiff's motion for appointment of counsel (D.I. 166) is **denied** without prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)

-5-

(representation by counsel may be appropriate under certain circumstances, after a

finding that a plaintiff's claim has arguable merit in fact and law).

15. After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak,

294 F.3d 492, 499 (3d Cir. 2002).

16. In his motion for appointment of counsel, plaintiff states his case has legal

and factual merit, his medical condition impairs his ability to present his case, the case

is complex and requires extensive discovery, the case requires a medical expert, the

facts are in dispute and credibility is a key issue, he is unable to afford counsel, and

counsel is needed to effect service on several defendants in the case. The pending

motion is identical to one filed by plaintiff on January 12, 2007. (See D.I. 41) That

motion was denied. (D.I. 120) Upon consideration of the record, the court is not

persuaded that appointment of counsel is warranted at this time because plaintiff has

demonstrated an ability to present his claims and there is no evidence that prejudice will

result in the absence of counsel.

17. Plaintiff has filed a second amended complaint naming a new defendant

who has not yet been served. (D.I. 170) Also as noted above, the court has not

entered a scheduling order and discovery is far from complete. The scheduling order,

-6-

once it is entered, will contain a deadline for filing dispositive motions. Accordingly, further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claim survive summary judgment.

18. **Motion to Strike**. Plaintiff's motion to strike CMS' improper attempt to resurrect waived defenses is **denied**. (D.I. 172)

19. **Motion for Summary Judgment**. Dr. Alan Zimble's motion for summary judgment is **denied** as premature with leave to refile after expiration of the discovery deadline. (D.I. 201)

UNITED STATES DISTRICT JUDGE

-7-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON,                      )
                                          )
          Plaintiff,                      )
                                          )
v.                                        ) Civil Action No. 06-379-SLR
                                          )
CORRECTIONAL MEDICAL                      )
SERVICES, CHRISTINE MALANEY,              )
DONNA PLANTE, MARGARET LOVE,              )
CHUKS IHUOMA, SITTA C. ALIE,              )
DR. ALAN ZIMBLE, MICHELLE                 )
ROBINSON, JUANITA CLARK,                  )
DR. CARLA KIONKE, and FIRST               )
CORRECTIONAL MEDICAL, INC.,               )
                                          )
          Defendants.                     )

## MEMORANDUM ORDER

At Wilmington this 10th day of September, 2007, having reviewed the following

pending motions;

IT IS ORDERED that plaintiff's motion for injunctive relief (D.I. 38) is denied and

plaintiff's motion to strike Correctional Medical Services' ("CMS") affidavit/supplemental

response (D.I. 153) is denied, for the reasons that follow:

1. **Background.** Plaintiff, an inmate at the Delaware Correctional Center, filed

this motion for injunctive relief for CMS to provide four self-medication cards of

Levothyroxine/ multivitamins at the beginning of each medication cycle to treat his

thyroid disease and for CMS to ensure the automatic scheduling of a clinic visit every

ninety days. Plaintiff also seeks an order for CMS to provide reconstructive knee

surgery, a special knee brace, and adequate physical therapy. Finally, plaintiff, who

suffers from periodontal disease, seeks an order requiring CMS to provide standard

dental treatment for periodontal disease and a crown and root canal to repair a broken tooth. (D.I. 38) Defendants CMS, Juanita Clark ("Clark"), Chuks Ihuoma ("Ihuoma"), Alan Zimble ("Dr. Zimble"), and Margaret Love ("Love") ask that the motion be denied. (D.I. 50) They contend that plaintiff's medical needs are being met and that plaintiff's motion does not meet the standard for a preliminary injunction to issue. On July 17, 2007, the court ordered CMS to file plaintiff's medical and dental records for review. (D.I. 119) The records were received on August 9, 2007. (D.I. 146)

2. **Standard of Review**. When considering a motion for a preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion**. Plaintiff suffers from thyroid disease and it requires daily medications. (D.I. 38) He alleges there have been numerous interruptions in the receipt/administration of his thyroid medication and multivitamins which cause a resurgence of his chronic symptoms. The medical records and grievances submitted

-2-

by plaintiff indicate that, at times, plaintiff has not been provided his thyroid medication and multivitamins on a timely basis. The affidavit of Dr. Frederick Van Dusen ("Dr. Van Dusen") states that hypothyroidism is not considered a "serious" disease. (D.I. 146, ex. A) Dr. Van Dusen further states, "it is not [his] medical opinion that lapses in medication are a serious risk or amount to a serious medical need" and that "even if a patient's symptoms were increased with a temporary lapse in medications, such symptoms would be expected to settle to normal when the medications are administered." (Id. at ¶¶ 9, 11) Finally, the medical records indicate that on May 23, 2007, plaintiff picked up his thyroid medication and vitamins and that both were "good" through August 18, 2007. (D.I. 146, ex. B, F) The medical records also indicate that on June 26, 2007, plaintiff wrote a letter to medical personnel noting that, although he was not due for a thyroid clinic, medical took the initiative to reorder his medications. (Id.) It is evident from the medical records that plaintiff is currently receiving his medications as ordered. There is no need for injunctive relief and denial of the motion, as to the medication issue, will not result in irreparable harm.

4. Plaintiff seeks an order for CMS to provide reconstructive knee surgery, a special knee brace, and adequate physical therapy. The medical records indicate that on March 14, 2007, plaintiff underwent a medial and lateral meniscectomony of the right knee with anterior cruciate ligament ("ACL") reconstruction. (D.I. 146, ex. C) Plaintiff was released to return to general population with instructions to wear a knee brace. (Id.) He was released to return to work effective April 19, 2007. (Id.) A consultation report dated April 27, 2007, reported the incision was well-healed, good range of motion, no effusion, no instability, and the ACL was nice, solid and tight. (Id.) Plaintiff

-3-

was prescribed therapy two times per week, for four weeks, consisting of leg lifts and biking. (Id.) Plaintiff was next seen on June 20, 2007. The note indicates that while physical therapy was recommended, plaintiff had yet to receive it. The consulting physician recommended four physical therapy visits, once per week. (Id.) The records indicate physical therapy was scheduled for August 14, 23, and 28, September 4 and 11, 2007. (Id.) The medical records indicate that, with regard to his knee, plaintiff has received all the medical care he sought. Therefore, the court will deny as moot the motion for injunctive relief as to the surgery/physical therapy knee issue.

5. Plaintiff seeks injunctive relief requiring CMS to provide standard dental treatment for periodontal disease. Plaintiff was diagnosed with periodontal disease in 1998. He alleges that CMS refuses to treat active perio-infections and, when it did provide teeth cleaning, the process was substandard. Dental records indicate that on March 2, 1999,[1] plaintiff was referred for periodontal treatment tooth extraction was recommended. (D.I. 146, ex. D) It was noted on that date that periodontal treatment is needed to save plaintiff's dentitions, but the staff where plaintiff was housed was not able to handle that type of treatment. (Id.) Plaintiff has recurring perio abscesses and was advised in 2002 that periodontal surgery was not an option at the prison. (Id.) A referral was written for perio-surgery with an outside periodontist. (Id.)

In December 2004 plaintiff was seen and scheduled for a full mouth x-ray ("FMX"), a tooth partial resection ("TRX") plan, and a Cavitron[2] cleaning. (Id.) Plaintiff

[1]CMS was not the medical provider at that time.

[2]The Cavitron ultrasonic cleaner is a state of the art instrument that has proved to be an extremely successful in removing tartar from both above and below the

presented for a dental examination on March 11, 2005. His tissues appeared healthy and there was no evidence of generalized gum disease. (Id.) Two teeth were extracted on that date. (Id.) Dental records indicate plaintiff was seen in September 2005, received a Cavitron cleaning in December 2005, and was seen in January and February 2006. (Id.) CMS did not provide any dental records subsequent to February 2006.

6. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). It is evident that plaintiff is receiving consistent dental treatment and that his gum condition is being monitored. While plaintiff may not like the type of care he receives, it cannot be said that there is a deliberate indifference to his serious dental need; and plaintiff, therefore, has not demonstrated a likelihood of success on the merits as to this issue. Accordingly, the court will deny the motion for injunctive relieve as to the periodontal disease treatment issue.

7. Plaintiff seeks injunctive relief requiring CMS to provide a crown and root canal to repair a broken tooth. Plaintiff contends that the repair of his broken tooth was with a substandard, temporary, composite repair. The affidavit of Dr. Cathy Kionke, a

gumline. http://www.dentalfind.com/glossary.

dentist employed by CMS, states that on February 24, 2006, plaintiff received a permanent composite restoration to tooth #19 and that, on the same date, the nerve of said tooth was deemed healthy and root canal therapy was unnecessary. (D.I. 50, ex. B, D.I. 146, ex. D) The dental records indicate that plaintiff has received appropriate dental treatment for his broken tooth. Therefore, denial of the motion for injunctive relief, as to the broken tooth/repair issue, will not result in irreparable harm. Nor does it appear that, based upon the facts before the court at this time as to this issue, plaintiff will succeed on the merits.

8. **Conclusion**. The medical and dental records indicate that plaintiff has, and is, receiving medical and dental treatment. Moreover, the voluminous medical records indicate that CMS is providing plaintiff with necessary care and treatment. There is no indication that, at the present time, plaintiff is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

UNITED STATES DISTRICT JUDGE

-6-



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON, )
)
    Plaintiff, )
)
v. ) Civil Action No. 06-379-SLR
)
CORRECTIONAL MEDICAL )
SERVICES, CHRISTINE MALANEY, )
DONNA PLANTE, MARGARET LOVE, )
CHUKS IHUOMA, SITTA C. ALIE, )
DR. ALAN ZIMBLE, MICHELLE )
ROBINSON, JUANITA CLARK, )
DR. CARLA KIONKE, and FIRST )
CORRECTIONAL MEDICAL, INC., )
)
    Defendants. )

### ORDER

At Wilmington this 19th day of July 2007, for the reasons set forth in the memorandum opinion issued this date;

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for enlargement of time (D.I. 60) is **denied** as moot.

2. First Correctional Medical, Inc.'s motion to dismiss (D.I. 49) is **granted.**

3. CMS defendants' motion to dismiss pursuant to title 18 Del. C. § 6853(a)(1) (D.I. 63) is **granted** as to the medical negligence claims.

4. Plaintiff's motions to compel (D.I. 94, 95) are **denied** as moot.

5. Plaintiff is given leave to file a second amended complaint to file an affidavit of merit and to name the correct First Correctional Medical defendant. The amendment shall be filed within sixty (60) days from the date of this order. If an amended complaint is not filed within the sixty day time-frame, the case will proceed on the on the amended

complaint found at D.I. 15.

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT



FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-379-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, CHRISTINE MALANEY, | ) |
| DONNA PLANTE, MARGARET LOVE, | ) |
| CHUKS IHUOMA, SITTA C. ALIE, | ) |
| DR. ALAN ZIMBLE, MICHELLE | ) |
| ROBINSON, JUANITA CLARK, | ) |
| DR. CARLA KIONKE, and FIRST | ) |
| CORRECTIONAL MEDICAL, INC., | ) |
| | ) |
| Defendants. | ) |

David W. Williamson, Delaware Correctional Center, Smyrna, Delaware. Pro se.

Megan Trocki Mantzavinos, Esquire, Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, Delaware. Counsel for Defendants Correctional Medical Services, Inc., Margaret Love, Chuks Ihuoma, and Juanita Clark.

James Edward Drnec, Esquire, Balick & Balick, L.L.C., Wilmington, Delaware. Counsel for Defendant Dr. Alan Zimble.

Daniel L. McKenty, Esquire, McCullough & McKenty, P.A., Wilmington, Delaware. Counsel for Defendant First Correctional Medical, Inc.

## MEMORANDUM OPINION

Dated:  July **19** , 2007
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff David W. Williamson ("Williamson"), an inmate incarcerated at the Delaware Correctional Center ("DCC"), filed this complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) He subsequently filed supplemental and amended complaints. (D.I. 9, 15) Presently before the court are motions to dismiss filed by defendant First Correctional Medical, Inc. ("FCMI"), and by Correctional Medical Services, Inc. ("CMS"), Juanita Clark, Ihuoma Chuks, Alan Zimble, and Margaret Love (collectively, the "CMS defendants"), as well as plaintiff's responses[1] thereto. (D.I. 49, 63, 65, 70, 75) For the reasons set forth below, the court will grant the motions to dismiss. (D.I. 49, 63) Plaintiff will be given leave to file a second amended complaint.

## II. BACKGROUND

Plaintiff alleges a violation of his constitutional rights, including the First, Fifth, Eighth, and Fourteenth Amendments. (D.I. 15) He alleges the defendants are deliberately indifferent to his serious medical needs, retaliated against him for exercising constitutionally protected activities, and violated his right to due process, equal protection, the ban on cruel and unusual punishment, his right to free speech, and the Privileges and Immunities Clauses of Article IV.

The amended complaint consists of three medical issues and is extremely fact specific. Count I alleges plaintiff has a chronic condition[2] known by defendants. Plaintiff

---

[1]Plaintiff filed a motion for extension of time to file a response to CMS' motion to dismiss (D.I. 60) and a few days later filed his reply (D.I. 65). Therefore, the court will deny as moot the motion for an extension of time to file a response.

[2]The amended complaint does not identify the chronic illness, but other court documents indicate plaintiff suffers from hypothryoidism. (D.I. 139)

alleges he requires daily thyroid medication and, from 2001 to the present time, has experienced a pervasive and continuous pattern of unnecessary and harmful medication interruptions. (D.I. 15, Count I, ¶ 15) Plaintiff alleges he placed CMS defendants on notice of his suffering and impairment of daily functions due to the medication issue. Id.

Count II alleges FCMI is believed to have been the contracted health care provider from July 2004 to June 2005, followed by CMS beginning July 2005. (D.I. 15, Count II, at ¶ 98) Plaintiff alleges he placed FCMI and CMS defendants on notice of an acute knee injury involving muscle, tendon and ligament damage as a result of a July 24, 2004 injury. Id. at ¶ 99. Plaintiff alleges defendants were deliberately indifferent to his known serious medical needs by disregarding symptoms suggesting an anterior cruciate ligament tear and denying, delaying or obstructing medical treatment for the condition. Id. at ¶ 100.

Count III alleges CMS defendants are deliberately indifferent to plaintiff's serious medical/dental needs. Id. at ¶ 137. Plaintiff alleges he has periodontal disease, the condition is known to CMS, and CMS has delayed or denied him dental treatment. Id. at ¶ 138. He also alleges he suffered a broken tooth and did not receive standard dental treatment. Id. at ¶¶ 156, 158. Plaintiff seeks declaratory and injunctive relief and compensatory damages.

## III. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a

2

motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the court assumes that all factual allegations in plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

FCMI and CMS both move for dismissal on the basis that plaintiff failed to file a certificate of merit for the medical negligence claims as is required under Delaware law. (D.I. 49, 63) FCMI also moves for dismissal arguing it did not contract with the Delaware Department of Correction ("DOC") to provide healthcare for DOC inmates and, alternatively, the amended complaint fails to state a claim against it as there is no vicarious liability in civil rights actions. (D.I. 49)

**B. Medical Negligence**

FCMI and CMS both move to dismiss any medical negligence claims on the basis that plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Plaintiff argues defendants belatedly filed motions to dismiss and, therefore, they have waived any defenses they may have and their motions should be stricken. Alternatively, plaintiff seeks leave to amend his complaint so he may comply with the Delaware statute.

3

Section 6853(a)(1) provides that no healthcare negligence lawsuit shall be filed in Delaware unless the complaint is accompanied by an affidavit of merit as to each defendant signed by an expert witness. The statute further provides that the court may, upon timely motion of the plaintiff and for good cause shown, grant a single 60 day extension for the time of filing the affidavit of merit. 18 Del. C. § 6853(a)(2).

Plaintiff has not filed the required affidavit and, therefore, the court will grant FCMI and CMS' motions to dismiss the medical negligence claim. Plaintiff, however, will be given leave to file a second amended complaint with an affidavit of merit.

### C. Wrongly Named Defendant

FCMI argues it should be dismissed as a defendant because it did not contract with the DOC to provide medical services as is alleged in the amended complaint. FCMI attached a portion of a contract providing healthcare to the DOC. (D.I. 49, ex. 2) The contract is between First Correctional Medical-Delaware, L.L.C. and the DOC, not FCMI and the DOC. Therefore, it appears plaintiff has named the wrong defendant. Accordingly, the court will grant FCMI's motion to dismiss.[3] Plaintiff will be given leave to amend his complaint to name the correct First Correctional Medical defendant.

### IV. MOTIONS TO COMPEL

Plaintiff filed two motions to compel directed to FCMI in an effort to obtain discovery from it. (D.I. 94, 95) FCMI is not a proper party and will be dismissed from this case. Therefore, the court will deny as moot the motions to compel.

---

[3] The court sees no need to address the alternative issue raised by FCMI; there is no vicarious liability in a civil rights action.

4

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant FCMI and the CMS defendants' motions to dismiss. (D.I. 49, 63) The court will deny as moot plaintiff's motion for enlargement of time. (D.I. 60). The court will also deny as moot plaintiff's motions to compel. (D.I. 94, 95) Plaintiff will be given leave to file a second amended complaint to file an affidavit of merit and to name the correct First Correctional Medical defendant. An appropriate order will be entered.

5

**Other Orders/Judgments**

1:06-cv-00379-SLR Williamson v. Correctional Medical Services Inc. et al
PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 7/19/2007 at 3:06 PM EDT and filed on 7/19/2007
**Case Name:**      Williamson v. Correctional Medical Services Inc. et al
**Case Number:**    1:06-cv-379
**Filer:**
**Document Number:** 121

**Docket Text:**
MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 7/19/07. (rld)

#### 1:06-cv-379 Notice has been electronically mailed to:
Daniel L. McKenty dmckenty@mccmck.com, lspence@mccmck.com
James Edward Drnec jdrnec@balick.com, jzielinski@balick.com
Megan Trocki Mantzavinos mmantzavinos@mooclaw.com
Patrick G. Rock prock@mooclaw.com

#### 1:06-cv-379 Notice has been delivered by other means to:

David W. Williamson
SBI #183022
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=7/19/2007] [FileNumber=417612-0]
[7acd855b750aab08b90dd9f13388a3b90b35ca03b3acb010f2d91ca01872260aac6c
91a8d247375e9a14abee57178866b149ff3851cb91d8a6dcfe32d49f93f3]]

https://ecf.ded.circ3.dcn/cgi-bin/Dispatch.pl?679774279565065      7/19/2007



## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON,                    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  ) Civil Action No. 06-379-SLR
                                        )
CORRECTIONAL MEDICAL                    )
SERVICES, CHRISTINE MALANEY,            )
DONNA PLANTE, MARGARET LOVE,            )
CHUKS IHUOMA, SITTA C. ALIE,            )
DR. ALAN ZIMBLE, MICHELLE               )
ROBINSON, JUANITA CLARK,                )
DR. CARLA KIONKE, and FIRST             )
CORRECTIONAL MEDICAL, INC.,             )
                                        )
            Defendants.                 )

## O R D E R

At Wilmington this 14th day of July, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's requests for default are **denied**. (D.I. 37, 42, 55) Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter. . .the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. See Francis v. Joint Force Headquarters Nat'l Guard, Civ. No. 05-4882(JBS), 2006 WL 2711459 (D.N.J. Sept. 19, 2006). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial

court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Defendants Margaret

Love[1] ("Love"), Chuks Ihuoma ("Ihuoma"), Dr. Alan Zimble[2] ("Zimble"), Juanita Clark

("Clark"), and Correctional Medical Services, Inc., ("CMS") sought, and received, an

extension of time until February 15, 2007, to file an answer or otherwise plead. See

D.I. 37, Jan 8. 2007 order. Defendant First Correctional Medical, Inc. belatedly filed a

motion to dismiss the allegations against it. However, the court exercises its discretion

and will not enter judgment by default pursuant to Rule 55(b)(2).

2. Plaintiff's motion to appoint an expert is **denied**. (D.I. 41)

3. Plaintiff's motion for appointment of counsel (D.I. 43) is **denied** without

prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or

statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477

(3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the

court's discretion to seek representation by counsel for plaintiff, and this effort is made

only "upon a showing of special circumstances indicating the likelihood of substantial

prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such

assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord

Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be

appropriate under certain circumstances, after a finding that a plaintiff's claim has

arguable merit in fact and law).

---

[1]Formerly known as Maggie Bailey.

[2]Formerly known as Dr. Zimbull.

-2-

4. After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak,

294 F.3d 492, 499 (3d Cir. 2002).

5. In his motion for appointment of counsel, plaintiff states his case has legal

and factual merit, his medical condition impairs his ability to present his case, the case

is complex and requires extensive discovery, the case requires a medical expert, the

facts are in dispute and credibility is a key issue, he is unable to afford counsel, and

counsel is needed to effect service on several defendants in the case.

6. It is evident from his filings that plaintiff possesses the ability to adequately

pursue his claims. Upon consideration of the record, the court is not persuaded that

appointment of counsel is warranted at this time. Plaintiff has ably pursued this

litigation: he has successfully amended his complaint (D.I. 9, 15), filed discovery

requests (D.I. 52, 53, 72, 73, ) and filed responses to dispositive motions (D.I. 65, 70).

7. Plaintiff's motion or enlargement of time (D.I. 68) to file a reply to an answer

filed by defendants CMS, Clark, Chuks, Zimble and Love is **denied**. It is not necessary

or required for plaintiff to file a reply to an answer to the amended complaint.

8.  Plaintiff's motions for enlargement of time to respond to discovery requests (D.I. 108, 110) are **granted**.  Plaintiff shall have up to and including August 3, 2007, to file responses to defendants' discovery requests.

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID W. WILLIAMSON,                    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  ) Civil Action No. 06-379-SLR
                                        )
CORRECTIONAL MEDICAL                    )
SERVICES, CHRISTINE MALANEY,            )
DONNA PLANTE, MARGARET LOVE,            )
CHUKS IHUOMA, SITTA C. ALIE,            )
DR. ALAN ZIMBLE, MICHELLE               )
ROBINSON, JUANITA CLARK,                )
DR. CARLA KIONKE, and FIRST             )
CORRECTIONAL MEDICAL, INC.,             )
                                        )
            Defendants.                 )

### MEMORANDUM ORDER

At Wilmington this 17th day of July, 2007, having reviewed the following pending

motions;

IT IS ORDERED that the court's decision on the motion for injunctive relief (D.I.

38) is held in abeyance pending receipt of medical and dental records, plaintiff's

motions for extension of time to file responses (D.I. 59, 66) are denied as moot, and

plaintiff's motion to strike (D.I. 67) is denied, for the reasons that follow:

1. **Background.** Plaintiff, who proceeds pro se and was granted leave to

proceed in forma pauperis, filed a motion for injunctive relief for CMS to provide four

self-medication cards of Levothyroxine/ multivitamins at the beginning of each

medication cycle to treat plaintiff's thyroid disease and for CMS to ensure the automatic

scheduling of a clinic visit every ninety days. Plaintiff also seeks an order for CMS to

provide reconstructive knee surgery, a special knee brace, and adequate physical

therapy. Finally, plaintiff, who suffers from periodontal disease, seeks an order

requiring CMS to provide standard dental treatment for periodontal disease and a crown

and root canal to repair a broken tooth. (D.I. 38)  Defendants Correctional Medical

Service, Inc. ("CMS"), Juanita Clark ("Clark"), Chuks Ihuoma ("Ihuoma"), Alan Zimble

("Dr. Zimble"), and Margaret Love ("Love") ask that the motion be denied. (D.I. 50)

They contend that plaintiff's medical needs are being met and plaintiff's motion does

not meet the standard for a preliminary injunction to issue.

     2. **Standard of Review**. When considering a motion for a preliminary

injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2)

denial will result in irreparable harm; (3) granting the injunction will not result in

irreparable harm to the defendant(s); and (4) granting the injunction is in the public

interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction

may not be used simply to eliminate a possibility of a remote future injury, or a future

invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359

(3d Cir. 1980) (quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d

Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering

irreparable harm at the time the preliminary injunction is to be issued." SI Handling

Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

     3. **Discussion**. The parties have not provided the court with plaintiff's medical

or dental records. Plaintiff describes in detail the difficulties he has had in receiving his

thyroid medication in a timely and consistent manner. CMS defendants contend

plaintiff currently receives his medication in a timely manner. Similarly, CMS

-2-

defendants advise the court that knee surgery has been recommended for plaintiff and is, in fact, scheduled. Plaintiff argues that recommendations were made by an orthopedic surgeon and, to date, CMS has not followed a single medically needed recommendation. Finally, CMS defendants submitted an affidavit indicating a repair of plaintiff's broken tooth. (D.I. 50, ex. B) Plaintiff contends that CMS has not honored his request for a root canal or a permanent crown for his tooth. CMS' response does not address the issue of treatment of plaintiff's periodontal disease.

4. **Conclusion.** Due to the lack of medical records, the court is unable to determine whether plaintiff is entitled to injunctive relief. Therefore, defendant CMS is **ordered** to file with the court, **under seal**, and within twenty-one (21) days from the date of this order, plaintiff's medical and dental records and any information regarding plaintiff's upcoming knee surgery for an in camera inspection by the court.

UNITED STATES DISTRICT JUDGE

-3-

M    O. Williams
SBIa  28022   UNIT   51
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY



02 1A                    $ 05.05⁰
0004808875    NOV 15 2007
MAILED FROM ZIP CODE 19977

U.S. District Court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570