

David Williamson
SBI # 183022
1181 Paddock Rd.
Smyrna, DE 19977

Peter Rock, Esq. (Counsel for CMS. Et al)

Re: Williamson v. CMS, et al, CA No. 06-379-SLR: **Stipulated Statement of Case & Courtesy Copy of Appellant's Issues for the Appeal to Third Circuit** Regarding Order's D.I. 219, 164, and 119.

Mr. Rock, Esq.:

Enclosed please find a certification of the record for the above appeal.

Also, appellate rule 10 (d) provides that the parties may submit an agreed statement of the record on appeal for the Court's review and certification. Accordingly, I have prepared and enclosed a statement of the record for the relevant appeal for your review and agreement. You will note the record is recorded accurately. Therefore, if it is agreeable, please sign the original and return it to me so that I may file it with the Third Circuit Court of Appeals for its review and certification.

Alternatively, if you have legitimate objections to the statement of the record, then please prepare an amended version for my review and agreement at you earliest convenience.

I am hopeful we can stipulate to this formality in a timely and cooperative manner.

Thank you,

David Williamson                                    11-16-07
                                                    Date

FILED
NOV 16 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

C.C.

U.S. Court of Appeals
For the Third Circuit
U.S. Courthouse
601 Market St.
Philadelphia, PA 19106

Patrick Rock, Esq.
(Counsel for CMS, et al)
913 Market St. Suite 800
Wilmington, DE 19801

Daniel McKently, Esq.
(Counsel of FCMI)
1225 N. Market St. Suite 1100
Wilmington, De 19809-0397

James Drnec, Esq.
(Counsel for Zimble)
711 N. King St.
Wilmington, DE 19801



APPEAL TO THE U.S. COURT OF APPEALS, THIRD CIRCUIT

U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

                                           Circuit Court Docket No. _____

David W. Williamson,

Plaintiff/Appellant,                             District Court CA, No. 06-379-SLR

    v.

Correctional Medical Services, Inc. et al

Defendants/Appellee (First Correctional Medical, Inc.)

Defendant/Appellee (Correctional Medical Services, Inc)

                                 District Court Judge: Honorable Sue L. Robinson

STIPULATED STATEMENT OF CASE

     Pursuant to rule 10 (d) of the Appellate Rules, the Parties may submit an Agreed Statement of the Record an Appeal –in lieu of the record as defined in 10 (a)- for the Court's review and Certification. Accordingly, please find below a Statement of the Record as agreed to by the parties to the appeal.

STATEMENT OF RECORD

As to the denial of Plaintiff's TRO/PI and related motions:

1. The parties to the appeal are David W. Williamson (plaintiff/appellant) and First Correctional Medical, Inc (FCMI) (defendant/appellee), and Correctional Medical Services, Inc. (defendant/appellee).

2. This case began in June 2006 and was amended in July 2006 (D.I. 9) adding as a defendant First Correctional Medical, Inc. of Tucson, Arizona.

3. A second amended complaint (D.I. 15) was docketed by the Court on October 6, 2006.

4. The Court directed Williamson September 19, 2006, (D.I. 12) to execute service of process on named defendants.

5. Williamson filed a TRO/PI on 1-12-07 of which sought medical care for Williamson's (1) thyroid condition, (2) torn ACL/Knee injury, (3) chronic periodontal disease, and (4) broken tooth. (D.I. 38, Memorandum D.I. 39, & Exhibits D.I. 40). (Williamson's TRO/PI). In short, Williamson sufficiently supported all four of the prongs the courts consider for a TRO/PI with evidence, affidavits, reports, CMS communications, and medical grievances (i.e. administrative records).

6. CMS's response was filed on 2-01-07 (D.I. 50-51) (CMS's response). In short, CMS failed to dispute –let alone refute- a single claim by Williamson that any of these conditions were serious medical conditions, and CMS failed to dispute/refute Williamson's claims that he would likely experience serious injury absent the requested medical care. Alternatively, CMS hung its hat largely upon a claim that Williamson could not prove that CMS

was deliberately indifferent to his medical needs, and that the medication lapses were alleged, but nevertheless corrected and (the ACL matter is moot). The latter issue (i.e. ACL) is indeed moot now and Appellant does not take issue regarding his knee injury. CMS claimed to have corrected Williamson's chronic-care medication interruptions ("CCMI"), and thus appears to concede that Williamson suffers a serious medical condition that requires appropriate medical care. CMS did claim with "particularity" that Williamson's allegations of repeat and on going CCMI(s) were but "alleged lapses" and that Williamson was "receiving his medications as prescribed." (See CMS's response at B). Also, CMS claimed –for the fourth time- that it has implemented "a new medication administration policy." (new policy). (Id). CMS never challenged Williamson's claims of experiencing a resurgence of chronic symptoms that did cause both tangible residual injuries: *chronic fatigue* and *clinical depression that causes a significant impairment of Williamson's normal daily functions, emotional and mental distress, significant deterioration of his cardiovascular/pulmonary system and physical body, etc.*). CMS's only response was to characterize Williamson's claims of eleven CCMI(s) as "alleged lapses." (Id) However, CMS had all the relevant Keep On Person ("KOP") medication distribution/dosage records (i.e. chronic-care med records), and thus knew its claim was factually incorrect.

7. Also, CMS failed to take issue with Williamson's periodontal claims.

8. On 2-21-07, Williamson flied an objection/motion to strike defendants' opposition (D.I. 67). Therein, Williamson produced an affidavit "medication distribution log" that outlined and supported his claims of CMS causing eleven unnecessary CCMI(s). Williamson also invoked the missing evidence rule that a party who has control of relevant evidence, but fails to produce it shall have an inference drawn that had the party actually produced said evidence, it would have been unfavorable to them. (See McCrary-El v. Shaw, 992 F.2d 809, 812-13 (8th Cir. 1993).

9. The Court Ordered on 8-09-07, that CMS was to produce Williamson's medical records (D.I. 119). Consequently, every one of the CCMI(s) Williamson outlined in his affidavit turned out to be truthful. Indeed, Williamson had only one single med distribution date wrong regarding the "alleged" eleven CCMI(s) and that was only by one day. It did not alter the fact that Williamson experienced a CCMI in any event. (See Ex-A "medical records of KOP med distribution date/doses). Thus, Williamson has not nor did he receive his CC Meds "as prescribed" by the various doctors in contrast to and CMS's unsupported claims (e.g. Williamson was receiving his medications as prescribed, and "alleged lapses"). CMS's claims were undisputedly inaccurate.

10. Also, Williamson's objection/motion to strike requested that pertinent parts of CMS's response be struck (e.g. new med admin policy and dentist Kionke's affidavit. Williamson claimed the former KOP med admin policy was wholly immaterial and misleading. The latter violated F. R.E. because Kionke neither had personal knowledge of nor claimed she reviewed the matters that she attested to. Also, Kionke's affidavit was merely speculative. Williamson again invoked the missing evidence rule of drawing an inference against the controlling party, because CMS could have presented first person affidavits from the treating dentists, but chose not to when CMS filed Kionke's third person affidavit.

11. On 7-02-07, (D.I. 116), Williamson notified the Court that CMS provided an *admission* that effectively nullified its objection to providing Williamson all four KOP med cards (i.e. 120 doses of Levothyroxine and MVT) (i.e. the relief requested in his TRO/PI). CMS admitted that it "must adhere" to any grievance that is "upheld." (See D.I. 103 at item 51). Williamson's medical grievance (# 59170), was "upheld" at the highest level by the Bureau Chief of the D.D.O.C. on 3-15-07. Therein, Williamson –in part- *requested identical relief to that requested in his TRO/PI relating to the KOP self-meds*. Supporting documents were provided to the Court and CMS. CMS still refuses to provide the relief that it admitted CMS "must adhere" to.

12. On July 19, 07, the Court Ordered CMS "to file with the court... plaintiff's medical and dental records and any information regarding plaintiff's upcoming knee surgery...." (D.I. 119 at item 4).

13. On 08-09-07, CMS filed Williamson's medical records with a supplemental response (D.I. 147) to said TRO/PI. Therein, CMS –for the first time- advanced a surprisingly new and materially different defense from the one CMS stated "with particularity" in its prior response to Williamson's TRO/PI request. Specifically, CMS inserted an affidavit by doctor Vandusen ("Vandusen's Aff't") that presented two medical opinions relating to hypothyroidism:

   i. That hypothyroidism is not a "serious medical condition," (though this appears to be a conclusion of law); and

   ii. That medication lapses are no serious risk and symptoms normalize shortly after the meds are resumed, (though this was unsupported and speculative).

14. Williamson objected on 08-16-07 (D.I. 153), because Vandusen's Aff't had the effect of presenting an entirely new and materially different defense, because Vandusen's testimony did not support any of CMS's prior positions, but advanced a new and different defense. Both of Vandusen's assertions are heavily disputed and they are dubious because they are in irreconcilable conflict with Williamson's objective medical records and his experience with the resurgence of hypothyroidism symptoms, and they improperly make a conclusion of law and are general and speculative.

15. The Court permitted Vandusen's affidavit and alternatively denied Williamson's request for a TRO/PI on 9-10-07 (D.I. 164 Order). Williamson believed this was clear error and/or that the Court misapprehended the record or controlling legal standard.

16. Because, CMS, in part, advanced –for the first time- a surprisingly new and materially different defense from the one CMS stated "with particularity" in its prior response to Williamson's TRO/PI request. (i.e. "Vandusen's Aff't."), Williamson filed for relief from judgment and/or reargument on or about 09-18-07 (D.I. 178). In short, Williamson sought relief because of the above and Williamson raised and preserved claims/facts in his objection that supports violations under F.R.E. 403, 602, 702, and F.R. Civ. P., rule 7 (b) (1). Also, Williamson preserved his objections to Kionke's affidavit and argued that it was an abuse of discretion and/or manifest injustice for the Court to deny Williamson's unopposed motion for the appointment of an independent medical expert to assist the trier of fact with this newly disputed medical issue. Also, Williamson incorporated his motion for the appointment

of counsel and memorandum (D.I. 43-44). Exhibits therein supported Williamson's claims of significant impairment of normal daily functions (e.g. both academic and employment related).

17. On 9-30-07, CMS filed "Defendant's Response…." (D.I. 194), to Williamson's Reargument. Therein, CMS raised two objections in opposition to Williamson's Reargument:

    i. That Vandusen's Affidavit ("Vandusen's Aff't), was proper under Court rules and that CMS had sought leave to file it; and

    ii. That Williamson failed to assert any standard of why the motion for reargument should be granted and Williamson "does not indicate which <u>facts or law</u> the Plaintiff alleges the Court misapprehended."

18. On or about 10-09-07 (D.I. 196), Williamson filed for leave to correct any deficiencies and clarify the position of his motion for relief at D.I. 178. In short, Williamson claimed that had Vandusen's Aff't merely been an affidavit that supported CMS's prior "particularly" plead position, then CMS would be correct. However, because CMS employed Vandusen's Aff't as a means to materially alter its prior "particularly" plead position and bring into issue for the first time an argument/defense that CMS did not dispute therein, Vandusen's Aff't was improper. CMS's claims were without merit. Williamson did raise therein both factual and legal errors that he respectfully submits the Court misapprehended. Nevertheless, to the extent that defendants objected to Williamson's pro se deficiencies, Williamson properly sought leave to correct the record and save judicial economy by developing the record properly at the lower Court.

19. On or about 10-15-07, (D.I. 204), Williamson filed for leave to supplement his motion for relief from judgment with newly discovered evidence that refuted Vandusen's dubious medical claims.

20. On 10-23-07 the Court issued an Order (D.I. 219), denying Williamson's relief from judgment (D.I. 178), his motion to strike Vandusen's affidavit (D.I. 153 and164), and his request to supplement motion for relief from judgment (D.I. 204), and his request to correct any deficiencies (D.I.196).

21. Williamson filed a timely Notice of Appeal to the Third Circuit and Williamson took appeal of the lower Court's Orders listed above.

22. The above "Statement of the Record" has been reviewed and stipulated and agreed to by the undersigned Parties to the Appeal and it is now presented to the Court for its review and Certification under rule 10 (d).

### AGRREMENT OF PARTIES

The below listed Parties have reviewed and Agreed to the above statement of the record for appeal to the Third Circuit of Appeal.

| | |
|---|---|
| _____    Date<br>Patrick Rock, Esq.<br>(Counsel for CMS, et al)<br>913 Market St. Suite 800, Wilmington, DE 19801 | _David W_____ 11-16-07<br>David Williamson          Date<br>1181 Paddock Rd.<br>Smyrna, DE 19977, |