APPEAL TO THE U.S. COURT OF APPEALS, THIRD CIRCUIT

U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Circuit Court Docket No. _____

David W. Williamson,

Plaintiff/Appellant,                           District Court CA, No. 06-379-SLR

v.

Correctional Medical Services, Inc. et al

Defendants/Appellee (First Correctional Medical, Inc.)

Defendant/Appellee (Correctional Medical Services, Inc)



District Court Judge: Honorable S...

Pursuant to rule 10 (d) of the Appellate Rules, the Parties may submit an Agreed Statement of the Record for Appeal –in lieu of the record as defined in 10 (a). In addition, Appellant provides the Court with his proposed Issues on Appeal below.

## ISSUES ON APPEAL FROM THE DELAWARE DISTRICT COURT

I. <u>As to the dismissal of defendant First Correctional Medical, Inc ("FCMI"):</u>

1. Whether the lower Court abused its discretion or committed err of law in violation of Fed. R. Civ. P. when the Court permitted FCMI to file and argue a 12 (b) motion to dismiss well after the time for any Answer or Responsive pleading was due despite the following: (1) FCMI made not attempt to show good cause or leave to do so, (2) FCMI's 12 (b) was disguised, but also belatedly filed, as a "Response" to Williamson's motion for default, and (3) FCMI's stated defense was previously waived and/or estopped?

<u>Sub-issues:</u>

a). Whether FCMI showed good cause or other excusable neglect to file a belated 12 (b) motion/defense though FCMI failed to articulate either good cause or any excusable neglect, failed to file a timely responsive pleading, failed to amend any responsive pleading, and failed to request leave from the Court to file a belated 12 (b) defense?

b). Whether FCMI waived the defense of a lack of personal jurisdiction when FCMI failed to preserve same in a timely filed Answer or responsive pleading?

c). Whether the lower Court violated F.R.E. 106, rule of completeness or remainder of written document, when the Court permitted FCMI to present a small and incomplete portion of a contract purportedly to be between First Correctional Medical-Delaware, LLC ("FCM-Del") and the Delaware Department of Corrections ("DOC") in support of its 12 (b) defense, however, failed to consider the remainder of the contract despite Williamson raising a timely objection to same?

d). Whether –assuming arguendo that FCMI's belated 12 (b) defense was proper- FCMI was nevertheless estopped from raising said defense of mistaken identity (i.e. lack of personal jurisdiction because FCMI allegedly did not contract with the DOC, but alternatively FCMI's wholly owned and wholly controlled subsidiary FCM-Del did), because of prior judgment and/or because FCMI accepted personal jurisdiction for similar claims against its wholly owned subsidiary FCM-Del in the De. District Court?

2. Whether the lower Court abused its discretion or committed err of law in lifting/denying Williamson's motion for default against FCMI?

Sub-issues:

a). Whether FCMI presented a meritorious defense sufficient to overcome an entry of default?

b). Whether FCMI's default was willful and, if so, whether FCMI presented good cause sufficient to set aside entry of default?

c). Whether the lower Court's denial/lifting of default against FCMI and/or concurrent grant of FCMI's motion to dismiss from suit exposed Williamson to prejudice (e.g. barring relief through res judicata, collateral estopple, and/or because FCM-Del is insolvent and no longer exists as a viable corporate entity)?

d). Whether FCMI demonstrated good faith relating to the above relevant issues?

3. Whether the lower Court abused its discretion or committed err of law when the Court failed to convert FCMI's belated 12 (b) motion to dismiss to one for summary judgment and consequently failed to apply the correct controlling legal standard when the Court in turn solely replied upon FCMI's extrinsic evidence to grant FCMI's motion?

Sub-issues:

a). Whether FCMI's belated motion to dismiss, which contained extrinsic evidence (e.g. incomplete corporate contract purportedly between FCM-Del and DOC), was actually converted by the Court to one for summary judgment, and it so, whether Williamson was given proper notice of same?

b) Whether Williamson specifically demonstrated that a genuine issue of material fact did exist --such as:

i. FCM-Del was but an alter ego of FCMI;

ii. That FCMI's wholly owned subsidiary FCM-Del is insolvent, and failure to hold FCMI liable will prejudice Williamson;

iii. That FCMI actually maintained complete authority and control over outside specialty medical referrals for FCM-Del (i.e. Williamson's specific claims), which would have precluded summary judgment in favor of FCMI had the correct standard been applied?

c). Whether the lower Court violated F.R.E. 106, rule of completeness or remainder of written document, when the Court permitted FCMI to present a small and incomplete portion of a contract purportedly to be between First Correctional Medical-Delaware, LLC ("FCM-Del") and the Delaware Department of Corrections ("DOC") in support of its 12 (b) defense, however, failed to consider the remainder of the contract despite Williamson raising a timely objection to same?

4. Whether the lower Court abused its discretion, committed err of law, or misapprehended the correct legal standard or material facts when the Court denied the following motions:

i. Motion for Reargument (D.I. 139);

ii. Motion for Relief from Judgment (D.I. 144); and

iii. Motion for leave to Amend Williamson's Reargument (D.I. 206).

Sub-issues:

a). Whether the lower Court abused its discretion and ran afoul of *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)?

b). Whether the lower Court failed to consider newly discovered evidence that was highly relevant and continued to support Williamson's long held averments that a genuine issue of material fact existed as to the question of FCM-Del's alter ego status and FCMI's liability and personal jurisdiction?

3

II. <u>As to the denial of Williamson's TRO/PI and related motions</u>:

1. Whether the lower Court abused its discretion, committed err of law, misapprehended Williamson's claims or the controlling legal standard, and/or made clearly erroneous findings of fact when the Court declared the following in denying Williamson's TRO/PI?

   i. Determined that Williamson "is currently receiving his medications as ordered... and that denial of the motion, as to the medication issue, will not result in irreparable harm." (D.I. 164 at item 3), despite the following:

       a). Despite Williamson's medical records conclusively demonstrating a systemic breakdown in CMS's medication administration (i.e. actual distribution);

       b). Despite Williamson's medical records conclusively demonstrating that continuous and pervasive CCMI(s) have caused Williamson to needlessly suffer a resurgence of acute, chronic hypothyroidism symptoms –including diagnosed with depression secondary to the general medical condition of hypothyroidism, chronic fatigue, painful edema, disfigurement, and mental confusion and impairment; and

       c). Despite Williamson presenting objective evidence of his needless significant impairment of his normal daily functions (e.g. medical records, work and college records, administrative grievance records, and communications with CMS/DOC).

   ii. Denied Williamson's unopposed claims relating to his chronic recurring periodontal infections (D.I. 164 at item 6), and determined that "it is evident that plaintiff is receiving consistent dental treatment ... and plaintiff, therefore, has not demonstrated a likelihood of success on the merits as to [the periodontal] issue." (Id).

   iii. Determined that Williamson did not face a likely risk or significant future harm (i.e. permanent injuries and pain and suffering), despite objective medical records demonstrating a history of acutely painful periodontal infections and repeat permanent tooth loss;

   iv. Determined that Williamson's periodontal disease "is receiving consistent dental treatment," but misapprehended Williamson's actual claims (e.g. That CMS failed to exercise any semblance of professional

4

judgment because CMS alternatively employed a custom/policy to deny adequate dental care which was known to be needed and/or that CMS doggedly continued a course of treatment that it knew was ineffective or created an excessive risk of harm to Williamson), and thus failed to apply the correct legal standard;

v. Determined that Williamson received a "permanent composite restoration of tooth #19 and that, on the same date, the nerve of said tooth was deemed healthy and root canal therapy was unnecessary." (D.I. 164 at item 7); and

vi. Determined that "based on the facts before the Court at this time as to [the broken tooth] issue, plaintiff will succeed on the merits." (Id).

2. Whether the lower Court abused its discretion or committed err of law when it denied Williamson's objection and motion to strike pursuant to F.R.E. 602 and 702 Kionke's third person affidavit?

3. Whether the lower Court abused its discretion or committed err of law when it denied Williamson's objection and motion to strike CMS's supplemental response/Vandusen's affidavit?

a) Sub-issue: Whether the lower Court abused its discretion, committed err of law, or misapprehended Williamson's claims or the controlling legal standard when it permitted defendant CMS to abandon its failed argument/defense, which CMS plead with "particularity" in its response (D.I. 50-51) –relating to Williamson's hypothyroidism claims- for a new and materially different argument/defense without notice and which was a surprise, though Williamson raised a timely objection that supported violations of F.R.E. 403, 602, 702, and F.R.Civ.P.., rule 7(b)(1)?

4. Whether the lower Court abused its discretion or committed err of law when it denied Williamson's unopposed motion for the appointment of an independent medical expert witness to aid the trier of fact with accurate medical information relating to hypothyroidism and periodontal disease; however, permitted CMS to present general medical testimony from Vandusen, which was highly disputed, dubious, general, and speculative, and materially new and different argument/defense, which opened the door for Williamson's renewal for the appointment?

5. Whether the lower Court abused its discretion, committed err of law or misapprehended Williamson's claims or the controlling legal standard when it denied Williamson's motion for relief from judgment?

5

6. Whether the lower Court abused its discretion, committed err of law, or misapprehended Williamson's claims or the controlling legal standard when it denied Williamson leave to supplement his motion for relief from judgment with newly discovered evidence, which refuted Vandusen's dubious, general, and speculative medical opinion?

7. Whether the lower Court abused its discretion or committed err of law when it denied Williamson leave to correct deficiencies in his motion for relief from judgment after defendant CMS raised objections to same?

*David W.*
David Williamson, SBI 183022
W-1, L-12, 1181 Paddock Rd.
Smyrna, DE 19977

11-16-07
Date