IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

```
                                              FILED
DAVID WILLIAMSON                      )
       Plaintiff/Appellant,           )              FEB 20 2008
       v.                             )
CORRECTIONAL MEDICAL SERVICES, Inc. et al  )   CA. No. 06-379-SLR    U.S. DISTRICT COURT
       Defendants/Appellees           )                             DISTRICT OF DELAWARE
                                                        scanned
```

PLAINTIFFF'S OBJECTION TO AND/OR MOTION TO STRIKE DEFENDANT'S REQUEST FOR A
RESTRAINING ORDER REGARDING WILLIAMSON'S NOTICE TO THE COURT DI. 250

---

Plaintiff, Williamson comes now, pursuant to FRCP 12 (f) or any applicable Delaware Local
Rules and requests the Court to strike defendant CMS's Response to Plaintiff's Letter to the Court dated
January 28, 2008 Regarding Alleged Denial of Medication (Related Docket #250), because it is factually
and legally frivolous, and important. Williamson is pro se and he seeks pleading leniency under *Haines v.
Kerner*, 404 U.S. 519 (1972). Williamson offers the following:

1. On 1-28-08, Williamson filed with the Court a *Notice* of Imminent Denial of Daily Hormone
Medications. (D.l. 250) (Notice, hereafter) Williamson merely notified the Court and CMS of a *material
change of circumstances* regarding Williamson's prescription medications. Williamson did not move the
Court for any type of relief or order whatsoever.

2. On 02/12/08, CMS filed what it styled as "Defendant [CMS's] Response to Plaintiff's Letter to the
Court dated January 28, 2008 Regarding Alleged Denial of Medication (Related Docket #250), and CMS
moves the Court for an "Order" to restrain Williamson from filing such communications to the Court. In
effect, what CMS requests from the Court, is a TRO against Williamson. CMS's request is factually and
legally frivolous. It must fail.

3. First, Williamson's communication to the Court is nothing more than a Notice of a material change in
circumstances. Specifically, Williamson notified and documented with the Court and CMS that CMS had
since altered the Medication Administration System-as it relates to Williamson- by eliminating the 30 day
cushion of Chronic Care meds from 120 dose prescription to a 90 dose prescription without notice or
legitimate medical reason. CMS did not dispute Williamson's claim that it had altered the Medication
Administration System. Also, Williamson notified the Court that CMS's act would likely result in
unnecessary med interruptions unless CMS scheduled the requisite Clinic prior to the 90 doses lapsing.
This is a natural inference when viewed against CMS's past pervasive failures to provide prescribed meds
to Williamson uninterrupted. Moreover, this Notice is material because of the following:

   a) Because Williamson claims that CMS repeatedly failed to provide Williamson's daily hormone
      medications without interruption;

1

b) Because the prior prescriptions for 120 doses were followed in agreement with a prior medical grievance;

c) Because Williamson's medical records unequivocally proved the first ten med interruptions *alleged* in his TRO/PI despite the 120 dose lots, thus these cannot be characterized as alleged (See D.I. 147, Ex D at Medication Records); and

d) Because there is no legitimate medical factor for CMS to eliminate the 30 day medication cushion between the Clinic Reorders (i.e. Modify 120 dose lots to only 90 dose lots).

4. There is no authority that would preclude Williamson from notifying the Court of any such material change in circumstances. Indeed, CMS cites no authority whatsoever. CMS requests the Court to issue a restraining order but fails to allege and demonstrate any of the requisite prongs that would support a TRO against Williamson filing such notice. Consequently, CMS's request is legally frivolous. It must fail.

5. What CMS does offer is factually frivolous. For instance, CMS claims that Williamson should be restrained from communicating his "perceived lack of treatment..." because the issue is on Appeal and because there is a "medical grievance procedure" available that Williamson "appears to be bypassing."

First, medical records supplied by CMS unequivocally demonstrate the first ten medication interruptions as fact, not merely alleged or perceived. (See D.I. 147, Ex-D at Medication Records) Thus, the issue now concerns whether Williamson's hypothyroidism experience/symptoms equate to a serious medical condition, and not whether CMS caused the med interruptions. Nevertheless, Williamson did not insert any legal argument concerning whether his hypothyroidism was a serious medical condition, but merely notified the Court of CMS's material change in the Medication Administration System. Consequently, Williamson's notice did not involve any disputed issue on appeal nor did he make legal arguments as defendants misstate to the Court. CMS's statements are factually frivolous.

Second, Williamson exhausted the medical grievance procedure *three times over*: MG #15453, MG #21201, and MG #59170. MG # 15453 referred to the prior agreement to prescribe 120 doses and CMS never disputed this. (See Attachment I ) Also, MG # 59170  was "Upheld" at the highest level of DOC. Therein, it stated under remedy requested: "1. Provide all prescribed *120* doses, 4 cards, at beginning of cycle...2. provide emergency stock supply...within 24 hours of notice of any interruption..." Again, DOC "Upheld" Williamson's MG on 03-15-07. (See Attachment II ). Moreover, CMS stated in response (D.I. 103 at 51) to Williamson's Admissions the following: Admission: "CMS's contractual duties include responsibility for any and all medical and/or emergency grievances...." Response: "... By way of further answer, *CMS must adhere to any grievance that is upheld. "*(See D.I. 103 at 51). The applicable authority (e.g. 1997 (e)), only requires that Williamson exhaust administrative remedies before filing any federal claim. Williamson has done so. CMS has not disputed this fact. No

legal authority requires Williamson to continue to file grievances for a matter already exhausted and now in litigation. Consequently, CMS's request is legally frivolous. It must fail.

Lastly, MG #59170 specifically requested for all 120 doses to be supplied at the beginning of the med cycle. DOC "upheld" Williamson's requested relief. (See Attachment II). CMS in turn admitted that is must adhere to any medical grievance "upheld." CMS has refused to adhere to the "upheld" medical grievance, but moreover, now CMS arbitrarily alters the prior prescription lots of 120 doses to 90 doses. It is another fact that Williamson was receiving prescriptions for 120 doses over the 90 day Clinic cycle. (See Attachment III "medical records" and see D.I. 147, Ex-D "Medical Records"). The 120 dose allotments were in direct response to CMS's failure to provide uninterrupted medications to Williamson. For CMS to abruptly alter this particular point of the Medication Administration System is both note‒ worthy and material to Williamson's claims. CMS however, has no legal or factual basis to request Williamson not provide this Court with pertinent information. CMS's impertinent demand falls to the ground of its own weight and breaks apart. It is clearly frivolous and the Court is warranted in striking it as such.

WHEREFORE, Williamson requests that this Court strike CMS's motion and/or deny it as legally and factually frivolous.

Respectfully,

David Williamson, SBI #183022
1181 Paddock Rd.
Smyrna, DE 19977

_2-15-08_
Date

Dave W ‒‒‒‒
Signed as Original

3

CERTIFICATE OF SERVICE

I, David Williamson, Plaintiff, do swear that I have caused to be delivered upon the defendants listed

below the following true and correct documents:

1. Plaintiff's Objection to and/or motion to strike Defendant's Request for a Restraining Order Regarding Williamsons Notice to the Court, D.I. 250 ,

2. N/A

By placing same in a U.S. Mail receptacle on the  19  day of  February 200 8 .

Megan T. Matzavinos, Esq.
913 N. Market St., Suite 800
Wilmington, DE 19801
(Counsel for CMS. Et al)

McKenty, Daniel, Esq  BAR # 2689
1225 N. King St., Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(Counsel for FCM, Inc.)

James E. Drnec, Esq
711 N. King St.
Wilmington, DE 19801
(Counsel for Dr. A. Zimble)

N/A

N/A

Patrick Rock, Esq.
(counsel for CMS)
913 Market St. #800
Wilm., DE 19801

David Williamson, SBI #183022
1181 Paddock Rd., W-1, L-12
Smyrna, DE 19977

Dave W
Signed as original
Dave W

# ATTACHMENT I

Date: 07/25/2005

Smyrna Landing Road
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

*μ*

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** WILLIAMSON, DAVID W | **SBI#** : 00183022 | **Institution** : DCC | |
| **Grievance #** : 15453 | **Grievance Date** : 07/15/2005 | **Category** : Individual | |
| **Status** : Unresolved | **Resolution Status :** | **Resol. Date** : | |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 07/01/2005 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier L, Cell 12, Single | | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims there was an agreement via grievance concerning refilling of chronic medications. He claims he was not provided with a 120 day supply of chronic care meds or scheduled within 90 days for a doctors refill approval and thus face yet another interruption. Inmate claims on 7-1-05 he was on the list for chronic care appt but it was cancelled and that he was not given the 120 day supply of meds. Inmate claims he wrote chronic care but still did not receive meds.

**Remedy Requested** : Provide new card or stock supplies of Levoxyl and accompanying multiv. and correct this repeat behavior as per agreement.

### INDIVIDUALS INVOLVED

| Type | SBI# | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** YES | **Date Received by Medical Unit :** 07/22/2005 |
| **Investigation Sent :** 07/22/2005 | **Investigation Sent To** : Dunn, Lee Anne |
| **Grievance Amount :** | |

$2$

Page 1 of 2

Smyrna Landing Road
**SMYRNA DE, 19977**
Phone No. 302-653-9261

# INFORMAL RESOLUTION

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** WILLIAMSON, DAVID W | **SBI#** : 00183022 | **Institution** : DCC |
| **Grievance #** : 15453 | **Grievance Date** : 07/15/2005 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 07/01/2005 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier L, Cell 12, Single | |

### INFORMAL RESOLUTION

**Investigator Name** : Dunn, Lee Anne                 **Date of Report** 07/22/2005

**Investigation Report :**

**Reason for Referring:**

He received his medications on 7/17/05.
cms will follow the medication administration
system to avoid a report of a lapse
in medicine.

Refund to Sgt
Unresolved.

**Offender's Signature:** _____

**Date** : 7-28-05

**Witness (Officer)** _____ Larry A Linton cms

13-2

# Grievance Appeal Form

This must be completed and returned to the IGC within 3 days of receipt of the
Warden/Designee/MGC Decision

**Grievant:** David Williamson          **SBI#:** 00187022

**Housing Unit:** W 1 L-12          **Case#:** 15453

**Date:** *Thursday, October 06, 2005* Due Date: *Saturday, October 09, 2005*

This form is to be used Only in the event of a decision appeal. Please specify the reason for the appeal in
the space below.
/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\/\

This timely Appeal follows a Level Two C.M.S.-
Medical Grievance Hearing (CMS-MGH, hereafter). The griev-
ance (#15453) cited both Current and On-going – Repeat
Interruptions in Receiving Prescribed Chronic Care Medications
(RIRPCCM, hereafter). Remedy requested was two-fold:
(i) Provide Grievant with the meds, and (ii) "Correct this
repeat behavior ...." C.M.S. failed to address the problem
of RIRPCCM and abused the grievance process.
   At the CMS-MGH, CMS representative (D. Plante
)(i) Explicitly refused to address Grievant's
legitimate and on-going problem of RIRPCCM, and
instead "toyed" with Grievant namely by playing games
with semantics, which was employed to support their unten-
able, narrow reading of the grievance; (ii) CMS represenative,
however, Conveniently disregarded material issues, namely:
a) Grievance itself; (b) Finding by its own representative at
the first Informal Hearing; (c) Determination by Grievance

If you need additional space, attach 8.5" X 11" size sheets of paper.

-1-

Chairperson who dismissed a subsequent grievance as "Duplicate" of the instant Grievance #15453; and (d) Subsequent AIRPCCM, of which has occurred over the past three consecutive months; and finally, (iii) CMS, in its corperate entity, and through its personnel have Explicitly engaged in customs and procedures, and encouraged a culture and attitudinal approach that evinces deliberate indifference to Grievant's serious medical needs.

Grievant will now specifically address the three points made above in support of the instant Appeal:

i. Explicitly refused to address Grievant's legitimate and on-going problem of AIRPCCM : Grievant specifically articulated- in his grievance- repeated interruptions with receiving his prescribed chronic care meds of which are of an on-going nature. Grievant specifically requested, in part, that CMS "Correct this repeat behavior." The fact that Grievant also requested that he be supplied the meds to cure the immediate medication interruption does not absolve CMS from having to correct the problem of repeat interruptions. In fact, the July 05, interruption was simply the most recent episode of an on-going problem, and the effective date of CMS accepting the contract to provide "adequate" health care to grievant and others.

Subsequently, Grievant pulled out his documentation and proceeded to outline the three consegutive medication interuptions- actually Grievant never did receive one of the two prescribed meds on two of these occasions- but Grievant was immediately "Silenced" by cms representative

( ) and explicitly stated that the Board would not consider any other med interruptions subsequent to the July 05, episode. With much condescension, she proceeded to read the Grievance Report version of the grievance, however, highlighting the request for the 30 day cards (i.e. meds) but disregarding the overall request to correct the repeat behavior (e.g. RIRPCCM).

Grievant stated the July 05 episode was merely an incidence of the actual problem, which is and continues to be repeat and unnecessary interruptions in receiving his meds; that Grievant was, in fact, currently out despite having a doctor's order for the meds - good until Nov. 05. She then jumped up and stated very sarcastically and with disdain: "Make sure you write this down too! That I'm going above and beyond for you - I'm going to call the pharmacy to see if your meds are in." She then stated to her colleagues that "He's not writing it down, see!" Evidently providing, belatedly, chronic care meds to Grievant who has suffered three consecutive interruptions and was currently out of his meds is "going above and beyond" CMS's duty.

Consequently, Ms. Nikita Probins, C.J.S. advocate joined the group. CMS rep. was unsuccessful at contacting their pharmacy and directed Grievant to leave the hearing. Grievant protested that his problem has yet to be addressed, but was still ejected and told to wait.

As a result of the Board's narrow reading and shameless play with the semantics of the grievance, the problem of RIRPCCM was never addressed and the issue was knowingly distorted in an effort to create the appearance that Grievant got all he wanted when he was eventually provided a 30 day med card in late July.

Instead of addressing Grievant's legitimate problem, CMS and its personnel would rather play shenanigans with semantics, abuse the grievance process and squander an opportunity to attend to Grievant's serious medical needs. Moreover, the Board's treatment and reading of the issue is unsupported. The hearing amounted to an avoidance session.

ii. CMS representative conveniently disregarded material issues with their narrow reading of the grievance:

a) The grievance itself states "... still did not receive meds" and gave the July episode as an example of the problem — the on-going and repeat problem with medication interruptions. It requested to "Provide new card or stock supplies ... and correct this repeat behavior ...." The fact is Grievant did not receive his card until 7·27·05, however, the CMS pharmacy had logged his meds in <u>five days earlier</u> yet refused to dispense them. Grievant sent notification prior to running out, during the twelve-day interruption and even filed the instant grievance and despite having full knowledge of Grievant's med interruption, CMS still held the meds an additional five days before dispensing them. Moreover, this blatantly indifferent behavior continued to repeat itself the following two refills. These facts were disregarded by the Board.

b) Mr. Linton, cms rep. at the first Informal Grievance Hearing on 7·28·05 read the unambiguous grievance and acknowledged the overall problem in his recommendation: "He received his medications on 7·27·05 CMS will follow the medication administration system to <u>avoid a repeat of the lapse in medicine.</u>" The Board

also disregarded this fact (i.e. acknowledgement to "avoid repeat" lapses) when it refused to address the *RIRPCCMs* and merely treat the July episode as an isolated incident and avoid the problem altogether.

c) CMS rep ( "D. Plante    " ) indicated that they would alternatively deal with "other" grievances as they came up - the intrince was that Grievant should complete and file more grievances for subsequent episodes like the ones in Aug. and Sept. 05. Naturally this would be inefficient and a waste of valuable resources; however, Grievant did indeed file a timely grievance to document the consecutive August 05, interruption ( # 17197). This grievance was quickly recognized by the Grievance Chair and summarily dismissed as a " Duplicate Grievance" of # 15453. Thus both Mr. Linton and D.O.C. Grievance Chairperson recognized that the instant grievance ( # 15453) addressed not just the July 05, episode, but the subsequent on-going and repeat interruptions in meds. In fact, Grievant is precluded from grieving this duplicate issue. The purpose of the administrative grievance procedure is to give Notice to an offending party and an Opportunity to correct the offense. It is not in place to be misused by the offending party to delay or avoid legitimate problems and Grievant should not have to continue to suffer his serious medical condition - untreated and aggrivated because CMS chooses to abuse the grievance procedure. We are at the final phase of the grievance procedure and CMS has made its intentions clear. Grievant need not be precluded or further delayed in seeking appropriate redress in the courts. Grievant continues to needlessly suffer repeat med interruptions that

adversely affects his normal daily functions and ability to pursue and maintain his health. (See "Notice Letter" which was mailed to Dr. Alie on or about 7-22-05, at A-1).

(D) ~~the~~ Subsequent AIRPCCM of which have continued to needlessly occur for three consecutive months: Grievant experienced a <u>twelve-day med interruption</u> (July 15 to July 27, 05), however, the CMS pharmacy possessed his meds on July 22, 05 yet failed to dispense them. again experienced a <u>nine-day med interruption</u> (Aug 27 to Sept. 5, 05), however, during this period CMS personnel, Maggie _____) Nurse Assistant verified that the pharmacy had "Stock Supplies" of the Levothyroxine on 8-31-05 but refused to dispense any to Grievant and stated: " It's not my problem, you'll have to wait!" (See Affidavit A-2). In fact, Grievant was never placed on the "Med-Pick Up List" when he finally received one of two cards on 9-5-05. Once again the pharmacy possessed this one med, but failed to alert Grievant, instead he came in for Blood Work and pleaded for a new nurse to check for him and he got them in this fashion. experienced a <u>one-day med interruption</u> (Oct. 5 to Oct 6, 05) and again only received them because Grievant attended the grievance hearing. Despite the pharmacy possessing—and specifically aware of the lapse— they again failed to place Grievant's name on the Med Pick Up List. (See "list" A-3). Had Grievant not been at the hearing it is no telling when he would have been permitted to receive the meds that were interrupted.

All three of these consecutive interruptions occurred during the doctor's authorized med refill period that spanned from July 15, 05 to Nov 15, 05 (120 DAYS). All three

interruptions CMS recieved Notice prior to Grievant running out of his chronic care meds, Notice after and during the lapses, and on all three episodes CMS actually possessed these meds (and or alternative Stock Supplies in Sept.); however, failed to dispense them or notify Grievant via Med Pick Up List in a timely fashion. This behavior is unnecessary and unacceptable, and it evinces a deliberate indifference to Grievant's serious medical needs.

iii. Lastly, CMS in its corperate entity, and through its personnel have Explicitly engaged in customs and procedures, and encouraged a culture and attitutinal approach that evinces a deliberate indifference to Grievant's serious medical needs:

Items above at one and two demonstrate that CMS by and through various personnel have adequate Notice and Knowledge of those AIRPCCM that Grievant contin- ues to experience, that CMS has repeatedly failed to correct the problem despite this knowledge and notice, and despite actually possessing the meds - in a timely fashion; that CMS refuses to address the problem and instead engages in avoidance techniques and abuses the grievance procedure forcing Grievant to needlessly suffer; and, according to Nurses Cathy _____ and Crystal _____ employs a policy for "Nonformulary" drugs where despite a doctor's approval, these drugs (mnie) are subjected to another round of scrutiny by "Regional" for nonmedical criterial vis "Cost." Grievant was informed of this "Regional" policy of final authorization on Oct. 4, 05 when Grievant was mistakenly called in for

-7-

a Sick-Call visit in response to Grievant sending in a
request / notice that he would run out of his meds
in "seven" days. No sick call visit was required, of
course. The only thing that was required was for
Grievant to receive his prescribed meds, however,
Cathy and Crystal attempted to justify why Grievant
was not going to receive his meds by informing
him that they were not "Formulary". And
just because the doctor authorized them didn't
mean I was going to receive them, they still
had to be authorized by "Regional." Grievant inquired
what "Regional" scrutinized the already approved meds
for and the reply as stated by Cathy _____
was flatly and unequivically: "Cost."

   Thus it appears that a policy is employed by
CMS to second guess the medically based orders
of a doctor by a detached body somewhere in
"Regional" and based not on medical criteria but on
nonmedical factors.

   Note that Grievant has been prescribed the
generic version of Synthroid as a chronic care med
for about four years, albeit infrequently.


   In conclusion, as stated above, CMS has made its
position clear — to engage in deliberate indifference to
grievant's serious medical needs- and it has abused the
grievance procedure and squandered its opportunity to
correct the problem in a timely and meaningful fashion.
Grievant / Appellant should not continue to be denied meaning-
full Redress and requests a Finding that the Administrat-
ive Grievance Procedure has been Exhausted.

Annie Williams

# CERTIFICATE OF SERVICE

I David Williamson do certify and attest that I have filed this Medical Grievance Appeal in a timely fashion by placing an original copy in W-building's Grievance Box no later than Oct. 8th, 2005.

_David W_____
David Williamson

_____ Date:
W-Bldg. Officer Witnessed

**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

# GRIEVANCE INFORMATION - Appeal

| OFFENDER GRIEVANCE INFORMATION | | | | |
|---|---|---|---|---|
| **Offender Name :** WILLIAMSON, DAVID W | **SBI#** | : 00183022 | **Institution** | : DCC |
| **Grievance #** : 15453 | **Grievance Date** : 07/15/2005 | | **Category** | : Individual |
| **Status** : Unresolved | **Resolution Status :** | | **Inmate Status :** | |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 07/01/2005 | | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier L, Cell 12, Single | | | |

### APPEAL REQUEST

This timely appeal follows a level two CMS- Medical grievance hearing (CMS-MGH, hereafter). The grievance cited both current and on-going-repeat interruptions in receiving prescribed chronic care medications (RIRPCCM, hereafter). Remedy requested was two-fold: (i) provide grievant with the meds, and (ii) "Correct this repeat behavior..." CMS failed to address the problem of EIEPCCM and abused the grievance process.

At the CMS-MGH, CMS representative (  ) (i) Explicitly refused to address Grievant?s legitimate and on-going problem of RIRPCCM, and instead "toyed" with grievant namely by playing games with semantics, which was employed to support their untenable, narrow reading of the grievance; (ii) CMS representative, however, conveniently disregarded material issues, namely: a) grievance itself; (b) finding by it's own representative at the first informal hearing; (c) determination by grievance chairperson who dismissed a subsequent grievance as "Duplicate" of the instant grievance 15453; and (d) subsequent RIRPCCM, of which has occurred over the past three consecutive months; and finally, (iii) CMS, in it's corporate entity, and through it's personnel have explicitly engaged in customs and procedures, and encouraged a culture and attitudinal approach that evinces deliberate indifference to Grievant?s serious medical needs.

Grievant will now specifically address the three points made above in support of the instant appeal:

i. Explicitly refused to address Grievant?s legitimate and on-going problem of RIRPCCM: Grievant specifically articulated in his grievance repeated interruptions with receiving his prescribed chronic care meds of which are of an on-going nature. Grievant specifically requested, in part, that CMS "Correct this repeat behavior." the fact that grievant also requested that he be supplied the meds to cure the immediate medication interruption does not absolve CMS from having to correct the problem of repeat interruptions. Con't

### REMEDY REQUEST

In fact, the July 05, interruption was simply the most recent episode of an on-going problem, and the effective date of CMS accepting the contract to provide "adequate" health care to grievant and others.

subsequently, Grievant pulled out his documentation and proceeded to outline the three consecutive medication interruptions - actually Grievant never did receive one of the two prescribed meds on two of these occasions - but Grievant was immediately "silenced" by CMS representative (  ) and explicitly stated that the board would not consider any other med interruptions subsequent to the July 05, episode. With much condescension, she proceeded to read the grievance report version of the grievance, however, highlighting the request for the 30 day cards (i.e. meds) but disregarding the overall request to correct the repeat behavior (i.e. RIRPCCM)

Note: Appeal is 13 pages long. IGC Merson is forwarding copy to BGO via State Mail. Sent 10-12-2005.

Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# GRIEVANCE INFORMATION - BGO

| OFFENDER GRIEVANCE INFORMATION | | | |
|---|---|---|---|
| **Offender Name :** WILLIAMSON, DAVID W | **SBI#** : 00183022 | **Institution** : DCC | |
| **Grievance #** : 15453 | **Grievance Date** : 07/15/2005 | **Category** : Individual | |
| **Status** : Unresolved | **Resolution Status :** | **Inmate Status :** | |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 07/01/2005 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier L, Cell 12, Single | | |

| REFERRED TO | | |
|---|---|---|
| **Due Date :** | **Referred to:** | **Name:** |

**Type of Information Requested :**

| DECISION | | |
|---|---|---|
| **Date Received :** 10/12/2005 | | |
| **Decision Date :** | **Vote :** | |
| **Comments :** | | |

**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

# GRIEVANCE INFORMATION - MGC

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** WILLIAMSON, DAVID W | **SBI#** : 00183022 | **Institution** : DCC |
| **Grievance #** : 15453 | **Grievance Date** : 07/15/2005 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 07/01/2005 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier L, Cell 12, Single | |

## MGC

**Date Received :** 08/04/2005     **Date of Recommendation:** 10/12/2005

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| Staff | | Dunn, Lee Anne | Uphold |
| Staff | | Wright, Matthalina | Uphold |
| Staff | | McCreanor, Michael | Abstain |

### VOTE COUNT

| | | |
|---|---|---|
| **Uphold :** 2 | **Deny :** 0 | **Abstain :** 1 |

### TIE BREAKER

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| | | | |

### RECOMMENDATION

Hearing held 10-6-2005
Uphold
Inmate will be placed on pill call to prevent missed medication.

D Plante RN - uphold

# ATTACHMENT I I

**DEPARTMENT OF CORRECTION**
**Bureau of Prisons**
**245 McKee Road**
**Dover, Delaware 19904**

~~March 12, 2007~~ D-INF, Ward 3

**Inmate WILLIAMSON DAVID W**
**SBI # 00183022**
**DCC  Delaware Correctional Center**
**SMYRNA DE, 19977**

**Dear DAVID WILLIAMSON:**

We have reviewed your Grievance Case # 59170 dated 07/30/2006.

Based upon the documentation presented for our review, we uphold your appeal request.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by
BOP Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,

**Richard Kearney**
**Bureau Chief**

D.I. 103 cms response to
admissions .... item 51.

"cms's contractual duties include
responsibility for any and all medical
and/or emergency medical grievances..."
    Response: "... By way of
further answer, cms must adhere
to any grievance that is upheld."

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

**Date:** 03/15/2007

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** WILLIAMSON, DAVID W | **SBI#** : 00183022 | **Institution** : DCC |
| **Grievance #** : 59170 | **Grievance Date** : 07/30/2006 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status :** Level 3 | **Resol. Date** : 03/15/2007 |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 07/30/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg D/Infirmary, Ward, Cell 3, Single 1 | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims: Deliberate indifference to my known serious medical needs by CMS by employing / permitting a custom / policy of repeatedly denying / delaying the distribution of chronic care meds for non medical reasons. Tenth consecutive interruption on 7/30/06.

**Remedy Requested** : 1. Provide all prescribed 120 doses, 4 cards, at beginning of cycle to limit interruptions. 2. provide emergency stock supply of chronic care meds within 24 hors of notice of any interruption; and provide damages.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** YES | **Date Received by Medical Unit :** 08/08/2006 |
| **Investigation Sent** : 08/08/2006 | **Investigation Sent To** : Rodweller, Deborah |
| **Grievance Amount :** | |

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

## INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|

**Offender Name :** WILLIAMSON, DAVID W

**Grievance #** : 59170

**Status** : Resolved

**Grievance Type:** Health Issue (Medical)

**IGC** : Merson, Lise M

**SBI#** : 00183022

**Grievance Date** : 07/30/2006

**Resolution Status:** Level 3

**Incident Date** : 07/30/2006

**Institution** : DCC

**Category** : Individual

**Inmate Status :**

**Incident Time :**

**Housing Location :** Bldg D/Infirmary, Ward, Cell 3, Single 1

| INFORMAL RESOLUTION | | |
|---|---|---|

**Investigator Name** : Rodweller, Deborah                    **Date of Report** 08/08/2006

**Investigation Report :** inmate states" my medications were 9 days late". next level

**Reason for Referring:**

**Offender's Signature:** _____

**Date** : _____

**Witness (Officer)** : _____

DCC  **Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 03/15/2007

# GRIEVANCE INFORMATION - IGC

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** WILLIAMSON, DAVID W | **SBI#**        : 00183022 | **Institution**    : DCC |
| **Grievance #**    : 59170 | **Grievance Date**  : 07/30/2006 | **Category**    : Individual |
| **Status**        : Resolved | **Resolution Status :** Level 3 | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date**    : 07/30/2006 | **Incident Time :** |
| **IGC**        : Merson, Lise M | **Housing Location :** Bldg D/Infirmary, Ward, Cell 3, Single 1 | |

## IGC

**Medical Provider:**                       **Date Assigned**

**Comments:**


[x] **Forward to MGC**            [ ]    **Forward to Medical Provider**    [ ]    **Warden Notified**

[ ] **Forward to RGC**                **Date Forwarded to MGC :**        08/11/2006

[ ] **Offender Signature Captured**        **Date Offender Signed**        :

**DCC  Delaware Correctional Center**                **Date:** 03/15/2007
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

# GRIEVANCE INFORMATION - Appeal

## OFFENDER GRIEVANCE INFORMATION

| | | | | |
|---|---|---|---|---|
| **Offender Name :** WILLIAMSON, DAVID W | **SBI#** | : 00183022 | **Institution** | : DCC |
| **Grievance #** : 59170 | **Grievance Date** | : 07/30/2006 | **Category** | : Individual |
| **Status** : Resolved | **Resolution Status :** Level 3 | | **Inmate Status :** | |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** | : 07/30/2006 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg D/Infirmary, Ward, Cell 3, Single 1 | | | |

### APPEAL REQUEST

Appeal arrived 10/9/2006. Appeal accepted, Cpl Merson did not collect grievances/appeals due to being out on leave. Aopeal states: Grievant filed emergency medical grievance #59170 because the newest incident - an 8 day chronic care medication interruption  was the 10th consecutive chronic care medication interruption  between July 05 and July 06, and despite  repeated assurances by CMS to correct the continuous yet unnecessary problem (which is documented in a prior completed medical grievance #15453) CMS has intentionally refused to correct the chronic care medication interruptions. In fact, CMS has flatly refused to implement any reasonable corrected measure - flatly refused to provide grievant with his doctors prescribed meds in a timely and appropriate. Moreover, CMS has intentionally falsified medical records in Grievant¿s medical file in a bad faith attempt to fabricate a semblance of corrective action and or to manufacture  a defense to CMS's deliberate indifference to Grievant¿s known serious medical condition. The DOC  is knowledgeable of  these on-going  and pervasive chronic care medication interruptions by virtue of medical grievance #15433 and the instant medical grievance 59170, and it is clear CMS refuses to correct the problem - and now CMS is engaged in falsifying Grievant¿s medical records. These acts demand immediate corrective action to preclude further suffering and further constitutional violations.

### REMEDY REQUEST

# GRIEVANCE INFORMATION - BGO

## OFFENDER GRIEVANCE INFORMATION

**Offender Name :** WILLIAMSON, DAVID W    **SBI#** : 00183022    **Institution** : DCC
**Grievance #** : 59170    **Grievance Date** : 07/30/2006    **Category** : Individual
**Status** : Resolved    **Resolution Status :** Level 3    **Inmate Status :**
**Grievance Type:** Health Issue (Medical)    **Incident Date** : 07/30/2006    **Incident Time :**
**IGC** : Merson, Lise M    **Housing Location :** Bldg D/Infirmary, Ward, Cell 3, Single 1

## REFERRED TO

**Due Date :** 10/18/2006    **Referred to:** Person    **Name:** Welch, James

**Type of Information Requested :**
Grievant reports meds supply issue.

**Response to Information Requested :**

## DECISION

**Date Received :** 10/10/2006

**Decision Date :** 12/07/2006    **Vote :** Uphold

**Comments** :

Ensure medications are provided as ordered. Ensure CCC occurs every 90 days. lab work needs to be reviewed by MD and followed up on.

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261
Date: 03/15/2007

## GRIEVANCE INFORMATION - Bureau Chief

### OFFENDER GRIEVANCE INFORMATION

**Offender Name :** WILLIAMSON, DAVID W    **SBI#** : 00183022    **Institution** : DCC
**Grievance #** : 59170    **Grievance Date** : 07/30/2006    **Category** : Individual
**Status** : Resolved    **Resolution Status :** Level 3    **Inmate Status :**
**Grievance Type:** Health Issue (Medical)    **Incident Date** : 07/30/2006    **Incident Time :**
**IGC** : Merson, Lise M    **Housing Location :** Bldg D/Infirmary, Ward, Cell 3, Single 1

### DECISION

**Decision Date:** 03/12/2007    **Vote :** Uphold

**Comments :**

## GRIEVANCE INFORMATION - MGC

### OFFENDER GRIEVANCE INFORMATION

**Offender Name :** WILLIAMSON, DAVID W    **SBI#** : 00183022    **Institution** : DCC
**Grievance #** : 59170    **Grievance Date** : 07/30/2006    **Category** : Individual
**Status** : Resolved    **Resolution Status:** Level 3    **Inmate Status :**
**Grievance Type:** Health Issue (Medical)    **Incident Date** : 07/30/2006    **Incident Time :**
**IGC** : Merson, Lise M    **Housing Location :** Bldg D/Infirmary, Ward, Cell 3, Single 1

### MGC

**Date Received :** 08/11/2006    **Date of Recommendation:** 09/29/2006

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| Staff | | Eller, Gail | Uphold |
| Staff | | Heddinger, Brenda | Uphold |
| Staff | | Gordon, Oshenka | Uphold |
| Staff | | McCreanor, Michael | Abstain |

### VOTE COUNT

| Uphold : 3 | Deny : 0 | Abstain : 1 |
|---|---|---|

### TIE BREAKER

| Person Type | SBI # | Name | Vote |
|---|---|---|---|

### RECOMMENDATION

Hearing Held 9/28/2006.
Uphold: Check with pharmacy about medications if need order get MD to write order & schedule to see MD.



FM: DAVID WILLIAMSON
SBI# 183012    UNIT S-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



$ 02.67⁰
0004006926    FEB 19 2008
MAILED FROM ZIP CODE 19977

U.S. District Court
844 King St.
Lockbox 18
Wilmington, DE 19801-3507