IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-379-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14TH day of May, 2009, having considered plaintiff David Williamson's ("plaintiff") pending motions;

IT IS ORDERED that:

1. **Motion for Extension of Time.** Plaintiff's motion for extension of time to file a reply to defendant Correctional Medical Services' ("defendant") response to plaintiff's motion for leave to renew is **denied**. (D.I. 286)

2. **Motion for Leave to Renew.** Plaintiff's motion for leave to renew his motions to compel discovery is **granted** in part and **denied** in part. (D.I. 263) Plaintiff wishes to renew motions to compel found at Docket Items 94, 95, 134, and 136. On July 19, 2007, the court denied as moot the motions to compel found at D.I. 94 and 95. The order did not allow plaintiff to renew the motions. (D.I. 121, 122.) The motions found at Docket Items 94 and 95 are not renewed.

3. On October 23, 2007, the court denied as premature two motions to compel found at Docket Items 134 and 136. The order provided for renewal of the motions following entry of the court's scheduling order. (D.I. 219) The court entered its

scheduling order on February 9, 2009. (D. I. 259) Therefore, the motions are renewed and the court will address the motions to compel found at Docket Items 134 and 136.

4. Plaintiff also moves the court to allow him to propound interrogatories upon dismissed defendant First Correctional Medical, Inc. to assist him in serving defendant First Correctional Medical Delaware, LLC. This portion of the motion is denied. The court has entered a separate supplemental service order for service of First Correctional Medical Delaware, LLC.

5. **Motion to Compel - D.I. 134**. Plaintiff takes exception to many of defendant's objections and responses to requests for admissions and seeks relief pursuant to Fed. R. Civ. P. 36 and 37. (*See* D.I. 102, 103, 136) He seeks to compel answers to the objectionable requests. The motion is **granted** in part and **denied** in part. (D.I. 134)

6. Defendant's objections to the requests for admission are that (1) the request calls for an expert opinion; (2) the request is a conclusion of law; (3) after reasonable inquiry defendant has insufficient information to either admit or deny the request; (4) the request is vague and incapable of being admitted or denied; (5) the request contains a term that renders the request vague; and (6) the request cannot be admitted or denied due to undefined terms. Plaintiff contends the objections are made in bad faith and are only supported by mere rhetorical statements and lack factual foundation. Defendant responds that its denials are stated with specificity, the objections contain a reason, and plaintiff uses incorrect Rules of Civil Procedure to challenge responses to requests that could neither be admitted nor denied.

7. Federal Rule of Civil Procedure 36 provides that a party may serve requests for admissions upon an opposing party. "The purpose of [r]equests for [a]dmission is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial." *Guinan v. A.I. duPont Hosp. for Children*, Civ. No. 08-228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008) (citation omitted). A request "should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *United Coal Companies v. Powell Constr. Co.*, 839 F.2d 958, 967-68 (3d Cir. 1988).

8. The requesting party "may not present . . . a broad and non-specific [r]equest for [a]dmissions of facts." *McCarthy v. Darman*, Civ. No. 07-CV-3968, 2008 WL 2468694, at *2 (E.D. Pa. June 17, 2008) (citations omitted). Once a party has answered a request, the requesting party may seek a judicial determination of the sufficiency of the answers. *Guinan*, 2008 WL 938874 at *1 (citing *United States v. Lorenzo*, Civ. No. 89-6933, 1990 WL 83388, at *1 (E.D. Pa. June 14, 1990)). In evaluating the sufficiency of the answers, the court should consider: (1) whether the denial fairly meets the substance of the request; (2) whether good faith requires that the denial be qualified; and (3) whether any "qualification" which has been supplied is a good faith qualification. *Id.* (citation omitted). Answers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions rather than the 'essential truth' contained therein are impermissible and must be amended." *Id.* (citations omitted).

9. The requesting party may object to a request for admission by stating its objection. Fed. R. Civ. P. 36(a)(5). Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case. *Lehmann v. Harner*, 31 F.R.D. 303, 303 (D. Md. 1962). Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. *United Coal Cos.*, 839 F.2d at 967-68. The use of only the word "denied" is often sufficient under the rule. *Langer v. Monarch Life Ins., Co.*, 966 F.2d 786, 803 (3d Cir. 1992). A denial of a Rule 36 request for admission simply leaves the denied proposition in dispute for trial. *Id.* at 805.

10. The majority of plaintiff's requests seek to have defendant admit or deny conclusions of law regarding plaintiff's medical and dental conditions and treatment. Plaintiff contends that many of defendant's objections are improper and it could have responded after reviewing plaintiff's medical records. While defendant objected to virtually all of the requests, in many of them, it also either admitted or denied the request. (D.I. 102, ¶¶ 7-9, 11, 13, 16, 25, 27, 32, 39, 42-44, 47, 51, 54-56, 58-60, 61; D.I. 103, ¶¶ 2-4, 15-21, 23, 24, 26-30, 36, 37, 40, 42-48, 53-55, 63, 66, 70, 72, 77, 79, 81, 84, 85, 93)

11. Certain requests were objected to as they called for expert opinions and after a reasonable inquiry defendant was unable to admit or deny a request. (D.I. 102, ¶¶ 1-6, 9-10, 12, 14-15, 17-25, 26, 28-31, 34, 37-38, 49; D.I. 103, ¶¶ 6, 8-14, 22, 50, 67) In other instances, defendant objected solely on the grounds that after a reasonable inquiry, it was not able to admit or deny the request. (D.I. 102, ¶¶ 33, 35, 36, 40, 41, 45, 46, 48, 50, 52, 53, 57, 61; D.I. 103, ¶¶ 19-21, 33-35, 51, 76, 82, 83, 86-

90, 94, 96-98) Initially, the court notes that the parties have until June 9, 2009 to complete discovery and, to date, no experts have been identified. Rule 36(a)(4)'s requirement of "reasonable inquiry" extends to third parties, if there exists sworn deposition testimony of such third party. *See Diederich v. Department of Army*, 132 F.R.D. 614, 620 (S.D.N.Y. 1990) (Rule 36(a)'s requirement of "reasonable inquiry" does not extend to third parties, absent sworn deposition testimony of such third party) (other citations omitted).

12. The court sustains the majority of defendant's objections based upon expert testimony and reasonable inquiry. The court notes that most of the requests required defendant to obtain responses from third parties. It does not appear that, at the time the requests for admission were served upon defendant, experts had been identified or there were sworn statements or testimony from parties or witnesses. Defendant objected to the following requests on the same grounds, but the requests either did not require an expert opinion or were directed to defendant and not a third party: D.I. 102, ¶¶ 22, 48; D.I. 103, ¶¶ 51, 82, 94, 96. The court overrules the foregoing objections. Defendant shall provide amended responses to the foregoing requests within thirty days from the date of this order.

13. Defendant objected to certain requests on the grounds that they asked for conclusions of law. (*See* D.I. 102, ¶¶ 13, 25, 39, 42-44, 47, 51, 54-56, 58-60, 62; D.I. 103, ¶¶ 16-17, 23, 24, 26-30, 36, 37, 40, 42-48, 53-54, 58-62, 64, 65, 68, 69, 71, 73, 75, 80, 91, 92, 95, 99-110) It is well established that a request as to a pure matter of law is not permitted. *See Diederich,* 132 F.R.D. at 617; *Government Employees Ins. Co. v. Benton*, 859 F.2d 1147, 1148-49 n.3 (3d Cir.1988). Additionally, one party

cannot demand the other party admit the truth of a legal conclusion. *Disability Rights Council of Greater Wash. v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006) (citations omitted).

14. The court sustains the majority of defendant's objections based upon conclusions of law. Defendant, however, both denied and objected to requests on the issue of whether plaintiff exhausted his administrative remedies. Defendant incorrectly states that plaintiff bears the burden of proof of exhaustion of administrative remedies. An inmate's failure to exhaust under PLRA is an affirmative defense, and the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199 (2007). Moreover, failure to exhaust administrative remedies must be pled and proved by defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Therefore, the court overrules defendants' objections to D.I. 102, ¶¶ 13, 39 and D.I. 103, ¶ 26. Defendant shall provide amended responses to the foregoing requests within thirty days from the date of this order.

15. Finally, several of the requests were objected to on the grounds that the request itself was vague, a term in the request rendered the request vague, or there were undefined terms. (D.I. 102, ¶¶ 38; D.I. 103, ¶¶ 1, 3, 5, 7, 19-21, 31, 32, 38, 39, 41, 52, 56, 57, 74, 78). To compel answers to vague and indefinite questions capable of more than one interpretation and which require an explanation thwarts the purposes of Rule 36(a). *Zen Investments LLC v. Unbreakable Co.*, Civ. No. 93-6733, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) (citation omitted). A party is not required to

respond to a request containing vague or ambiguous statements. *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 107 (D. Del. 2002) (citation omitted).

16. The court sustains the majority of defendant's objections based upon vagueness or undefined terms. The court overrules the vagueness and undefined objections to certain requests and common terms; specifically objections to the terms: "part or all," "normally," "and/or," "healthcare provider," "refused," and "denied." Therefore, defendant shall provide amended responses to the following requests within thirty days from the date of this order: D.I. 103, ¶¶ 1, 31, 32, 38, 39, 41, 56, 74, 78.

17. **Motion to Compel - D.I. 136**. Plaintiff moves to compel defendant to "correct" its frivolous and incomplete answers to interrogatories and requests for production of documents. (*See* D.I. 71, 72, 79, 136) The motion is **granted** in part and **denied** in part. (D.I. 136) Plaintiff served a first set of interrogatories upon defendant on February 14, 2007, and defendant answered the interrogatories on March 12, 2007. (D.I. 71) The discovery contained thirty-six interrogatories. (D.I. 71) Plaintiff served a combined second set of requests for interrogatories and production of documents on defendant on February 28, 2007, and defendant answered the discovery requests on March 30, 2007. (D.I. 79) The combined second set contained twenty-nine interrogatories and/or requests for production. Plaintiff served a combined third set of requests for interrogatories and production of documents on defendants on March 12, 2007. (D.I. 72) Defendant objected to the third discovery request as exceeding the number allowed by the Federal Rules of Civil Procedure and the local rules of this court. (D.I. 101)

18. Plaintiff alleges that the responses were made in bad faith in that they are broad, conclusory, unsupported, lack specificity, wholly fanciful and/or frivolous. He contends that an extension of time was allowed for defendant to "correct" its responses. In the meantime, he served additional interrogatories upon defendant. According to plaintiff, defendant answered two out of twenty-nine interrogatories and did not produce any documents in response to the request to produce. The court has reviewed defendant's answers and, while there were some objections, defendant answered the following interrogatories: D.I. 71, ¶¶ 1-4, 8-24, 27-36; D.I. 79, ¶¶ 2, 3, 6, 9, 13, 15-17, 26, 27, 29.

19. Rather than serve separate interrogatories and requests for production of documents pursuant to Fed. R. Civ. P. 33 and 34, plaintiff combined interrogatories and requests for production of documents into a single discovery pleading. Plaintiff's failure to serve separate discovery requests is his undoing. Pursuant to Fed. R. Civ. P. 33, unless plaintiff obtains leave from the court, he may serve upon another party no more than twenty-five written interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a). Additionally, at the time plaintiff served the discovery requests, the local rules of this court provided that a party could propound no more than fifty interrogatories to another party. L.R. 26.1(b) (effective Jan. 1, 1995, amended June 30, 2007). Plaintiff did not seek leave of this court, yet he propounded far more than the allowed fifty interrogatories. Defendant stated its objection to numerosity once plaintiff reached the maximum of allowable interrogatories.

20. The court has reviewed defendant's objections to the interrogatories and combined discovery requests and sustains the majority of the objections. The court

however, overrules the following objections as they are not well-taken: D.I. 71, ¶¶ 5, 6, 7, 25, 26. In a few of the objectionable interrogatories, defendant indicates that it will supplement its answer. Defendant shall either provide amended answers or, if it has not already done so, supplement its answers to the foregoing interrogatories within thirty days from the date of this order.

21. Plaintiff has filed an inordinate number of discovery requests. He is placed on notice that, at this time, the court will not consider further discovery motions. In the future, should plaintiff file discovery motions, they will be placed on the docket but the court will neither review the motions nor rule upon them. Plaintiff is further advised to carefully review the Federal Rules of Civil Procedure and pertinent case law before serving additional requests for admissions upon defendants.

_____
UNITED STATES DISTRICT JUDGE